UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEX MARTINEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 20-2726 (APM)<br>)<br>)<br>)<br>)<br>)<br>) |

### DECLARATION OF PETE R. ACOSTA

I, Pete R. Acosta, hereby state as follows:

1.　I am currently the Director of Trusted Traveler Programs, Admissibility and Passenger Programs, Office of Field Operations (OFO), U.S. Customs and Border Protection (CBP), U.S. Department of Homeland Security (DHS). I began my career with the U.S. Immigration and Naturalization Service in 1996, specifically assigned at that time to Los Angeles International Airport. In 2007, I transferred to a position in CBP Headquarters in Washington, D.C. I was then the Director of the Immigration Advisory, Joint Security, and OFO Police Liaison Officer Programs for the period spanning from 2014 through 2017. Since October 2017, I have been employed in my current role as the Director of Trusted Traveler Programs.

2.　In my role as Director of Trusted Traveler Programs, I am responsible for establishing policy to ensure that individuals who apply for participation in one of CBP's Trusted Traveler Programs (TTPs) meet all appropriate qualifications for the program and do not pose a risk to the United States. I am therefore responsible for executing the mission of CBP and, in particular, OFO. The CBP mission includes the enforcement of the customs, immigration, and agriculture laws of the United States and hundreds of other laws on behalf of numerous federal

agencies. OFO is the primary CBP office responsible for securing the U.S. border at ports of entry (POEs) and preclearance locations outside the United States, while facilitating lawful international trade and travel. Among other things, OFO is responsible for coordinating and conducting the enforcement activities of CBP at POEs to deter and prevent terrorists and criminals from entering the United States. TTPs are a key part of CBP's law enforcement mission and are designed specifically to facilitate lawful travel by low-risk individuals.

3. I am familiar with the complaint filed in *Martinez v. U.S. Customs and Border Protection*, Civ. A. No. 20-02726 (APM) (D.D.C.) and Plaintiff Alex Martinez's claims therein.

4. The purpose of this declaration is to provide background on CBP's TTPs and Mr. Martinez's applications for NEXUS.

### A. CBP Trusted Traveler Programs

5. The Admissibility and Passenger Programs Office (APP) within OFO is responsible for overseeing the Trusted Traveler Programs Office. The Trusted Traveler Programs Office is responsible for the operation of all aspects of the TTPs, including determining policy for eligibility.

6. TTPs are voluntary membership programs operated by CBP that provide pre-approved, low-risk travelers with facilitated processing into the U.S. through dedicated lanes and kiosks. CBP operates the following TTPs: Global Entry; NEXUS; Secure Electronic Network for Travelers Rapid Inspection (SENTRI); and the trusted traveler/trusted shipper program, Free and Secure Trade (FAST) for commercial drivers.

7. Enrollment in these programs enables CBP to expedite the inspection process for pre-vetted low-risk travelers, allowing CBP to focus resources toward providing additional scrutiny to individuals who present a higher risk. Low-risk travelers are directed to dedicated

lanes or kiosks, as applicable, for facilitated processing (unless the traveler has items to declare, there is a specific enforcement issue to address, or he/she is chosen for a selective or random secondary referral for further processing).

8.       NEXUS, a bilateral arrangement between CBP and the Canada Border Services Agency (CBSA),[1] allows its members traveling between the U.S. and Canada to take advantage of facilitated processing by U.S. and Canadian officials through dedicated processing lanes at land border ports of entry.  NEXUS members may use NEXUS kiosks when entering Canada via a U.S. airport and Global Entry kiosks when entering the U.S. via precleared flights departing from Canadian airports.  Facilitated processing is also available at marine ports of entry.  NEXUS is a reciprocal program that requires that applicants be interviewed by officers from both CBP and the CBSA and approved independently by each agency.

9.       All applicants for NEXUS membership must complete and submit an online application and submit payment of a non-refundable application fee.  CBP processes the applicant's information and checks the information against various government databases.  Both Canada and the U.S. conduct risk assessments.  The applicant must clear vetting by both countries in order to receive conditional approval for NEXUS.  A conditionally approved NEXUS applicant may then schedule an in-person interview with CBP and CBSA officers. The final approval for NEXUS membership is contingent on the final decisions regarding the joint CBP/CBSA vetting of the application, the submission of fingerprints, and the results of the joint CBP/CBSA interview.  The memberships are valid for five years, after which the member must re-apply and undergo additional vetting.  In addition, all members are vetted against a set of law enforcement

---

[1] *See* 8 U.S.C. § 1753.

databases on a recurrent basis, which could also identify information that may lead to the revocation of membership.

10. Eligibility criteria for NEXUS are set forth by Federal Register Notices and by regulation.[2] CBP also publishes these criteria on its website.[3]

11. Absent any disqualifying factors, U.S. citizens, U.S. nationals, and U.S. lawful permanent residents (LPRs), Canadian citizens, Canadian lawful permanent residents and Mexican nationals who are members of Mexico's trusted traveler program are eligible to apply for membership in the NEXUS program.

12. Individuals may be denied membership in NEXUS if CBP, at its sole discretion, determines that the traveler is not sufficiently low risk or otherwise does not meet program requirements. An individual may meet application eligibility criteria, *i.e.*, be a U.S. or Canadian citizen or a U.S. or Canadian LPR[4] and possess a valid passport, but may not qualify for membership based on a risk assessment. Both the U.S. and Canada must approve a NEXUS application. Denial of an application by either country will prevent an individual from participating in the NEXUS program. For CBP, the disqualifying factors include but are not limited to:

> (i) The applicant provides false or incomplete information on the application;
>
> (ii) The applicant has been arrested for, or convicted of, any criminal offense or has pending criminal charges or outstanding warrants in any country;

---

[2] *See* 8 C.F.R. § 235.12; Utilization of Global Entry Kiosks by NEXUS and SENTRI Participants, 75 Fed. Reg. 82202, December 29, 2010.
[3] Eligibility criteria for NEXUS can be found at https://www.cbp.gov/travel/trusted-traveler-programs/nexus/nexus-eligibility.
[4] Mexican nationals who are members of Mexico's trusted traveler program, Viajero Confiable, are also eligible to apply for NEXUS membership. As this case regards a Canadian citizen, the eligibility criteria discussed herein do not include requirements for Mexican nationals.

(iii) The applicant has been found in violation of any customs, immigration, or agriculture regulations, procedures, or laws in any country;

(iv) The applicant is the subject of an investigation by any federal, state, or local law enforcement agency in any country;

(v) The individual is inadmissible to the U.S. under applicable immigration laws or regulations, including applicants with approved waivers of inadmissibility or parole documentation;

(vi) The applicant is known or suspected of being or having been engaged in conduct constituting, in preparation for, in aid of, or related to terrorism; or

(vii) The applicant cannot satisfy CBP of his or her low-risk status or meet other program requirements.[5]

13. Approximately 9.6 million travelers are currently enrolled in CBP's TTPs. NEXUS members enjoy the privilege of expedited customs and, as applicable, immigration, clearance when traveling between Canada and the United States, in many cases with very limited interaction with a CBP Officer.

14. A thorough background check ensures that only individuals who present as low risk are approved for NEXUS membership and that the membership is not taken advantage of by those individuals engaged in criminal activity or attempting to evade detection by CBP Officers.

15. CBP determines whether the applicant meets eligibility requirements for membership by conducting an in-person interview and checking the information supplied by the applicant against information contained in various law enforcement databases. These steps are necessary to verify whether, *inter alia*, an applicant has any prior arrests or convictions, pending charges, or is under investigation by any federal, state, or local law enforcement agency. CBP uses the interview to inform its low-risk determination. If CBP determines that an applicant is not

---

[5] *See* Utilization of Global Entry Kiosks by NEXUS and SENTRI Participants, 75 Fed. Reg. 82202, December 29, 2010; 8 C.F.R. § 235.12(b)(2).

qualified for membership, CBP will deny the application. Further, CBP conducts recurrent vetting for all enrolled members and will revoke an individual's membership if CBP becomes aware that disqualifying factors exist for a current TTP member (*e.g.*, a member becomes a subject of an investigation or commits a customs violation). The denial of an application or revocation of membership in NEXUS alone has no effect on the individual's ability to travel between the U.S. and Canada.

16.     If an applicant believes that CBP's decision is based on incomplete or incorrect information, he or she may submit a request for reconsideration by the CBP Ombudsman. The Ombudsman will review the decision to deny or revoke membership and any additional information the applicant wishes to submit and will decide whether approval or reinstatement is warranted.

### B.  Mr. Martinez's NEXUS Applications

17.     Mr. Martinez submitted his initial application for NEXUS membership on February 13, 2019. His application was conditionally approved following initial vetting, and he became eligible to schedule a joint CBP/CBSA interview at an Enrollment Center. During the interview at the Enrollment Center on November 12, 2019, Mr. Martinez claimed that he had been unemployed since 2012 and that he was working for free to uncover cross border corruption worth 2 billion dollars. Mr. Martinez also claimed he needed a NEXUS card because he wanted to collect his 2 billion dollars. CBP denied his application on November 15, 2019, after additional supervisory review of his application and the letters Mr. Martinez submitted to CBP. CBP was not assured of Mr. Martinez's low-risk status and concluded that Mr. Martinez should not be granted NEXUS membership since CBP could not determine how he financially supports himself or the purpose of his entry into the U.S. Due to a technical anomaly, CBP was not able to retrieve

the archived denial letter from its systems. However, because submission of a request for reconsideration can only occur after a TTP application is denied, and the applicant is notified of the option to do so via their online TTP account, CBP can be assured that the denial notification occurred.

18. Mr. Martinez submitted a request for reconsideration to the Ombudsman on November 15, 2019. The CBP Ombudsman reviewed Mr. Martinez's application on December 11, 2019, and sustained the decision made at the Enrollment Center. *See* Exhibit 1. This decision was communicated to Mr. Martinez via a letter dated December 11, 2019. Exhibit 1.

19. Mr. Martinez reapplied for NEXUS membership on December 14, 2019. CBP denied this application on September 16, 2020, after conducting a risk assessment. *See* Exhibit 2. CBP determined that Mr. Martinez did not qualify as low risk based on information in Mr. Martinez's pending application as well as the assessing officers' comments regarding Mr. Martinez's previous February 13, 2019 application. This decision was communicated to Mr. Martinez via a letter dated September 16, 2020. Exhibit 2.

20. Mr. Martinez submitted another request for reconsideration to the Ombudsman on September 17, 2020. After reviewing the application and reasons for denial, the Ombudsman sustained the denial on September 20, 2020. *See* Exhibit 3. This decision was communicated to Mr. Martinez via a letter dated September 20, 2020. Exhibit 3. As previously stated, denial of a NEXUS membership does not preclude Mr. Martinez from entering the U.S.

21. I declare that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on this __5th___ day of April, 2021.

/s/ _____
Pete R. Acosta
Director, Trusted Traveler Programs
Admissibility and Passenger Programs
Office of Field Operations
U.S. Customs and Border Protection

Exhibit 1

 Print

 NEXUS

Dec 11, 2019

ALEX MARTINEZ


RE: Your NEXUS Program Membership # **PII**

Dear ALEX MARTINEZ:

Thank you for your interest in the NEXUS program of U.S. Customs and Border Protection (CBP).

A review of your membership by the CBP Ombudsman has been completed. Based on the information you provided, it has been determined that no change is warranted at this time. Please be mindful that being denied from participating in the NEXUS program does not prohibit you from being able to travel.

If you do not know why you were denied, then you will need to submit a request for personal records to the CBP/Freedom of Information Act (FOIA) Division, in accordance with federal privacy laws. For additional information about filing a FOIA request with CBP, please visit our website: http://www.cbp.gov/site-policy-notices/foia. Additional program information is available through the Trusted Traveler Program (TTP) application website: https://ttp.dhs.gov.

Sincerely,

Ombudsman
U.S. Customs and Border Protection

 LEP

Exhibit 2

Print

NEXUS

Sep 16, 2020

NTC-P TTV
--
Sterling, VA 20164
US

ALEX MARTINEZ
P.O. Box 30054 Brookfield P.O., 181 Bay Street
Toronto, ON M5J0A5
CA

RE: Your NEXUS Program Membership #PII

Dear ALEX MARTINEZ:

Thank you for your application to the NEXUS program of U.S. Customs and Border Protection (CBP).

NEXUS is a voluntary program available to travelers that pass a comprehensive background investigation. Applicants found to be ineligible for NEXUS participation may still be permitted to enter into the United States although they will not be permitted to use the NEXUS dedicated lanes.

We regret to inform you that your membership in NEXUS has been disapproved for the following reason(s):

Other
    You do not meet the program eligibility requirements.

If you believe the decision was based upon **inaccurate or incomplete information**, you may be eligible to request reconsideration through the Trusted Traveler Program application website: https://ttp.dhs.gov/.

Reconsideration Requests and attachments to the Ombudsman should be in English and must include the following details:

1. Date of denial and denial reason(s) from this letter
2. Summary of information to further clarify a record or explain an incident or arrest;
3. Court disposition documentation in PDF format for all arrests or convictions, even if expunged; and/or
4. Other supporting documentation you feel may influence the Ombudsman's decision. Supported formats: PDF, DOCX, DOC, PNG, JPEG, and GIF.

The review by the Ombudsman will be based on the information provided by you and should include any information to further clarify a record, explain an incident or arrest, or show the disposition of criminal charges. Please remember that the following circumstances may make you ineligible for participation:

1. Providing false or incomplete information on the application;
2. Convictions for any criminal offense or pending criminal charges to include outstanding warrants;
3. Violations of any customs, immigration, or agriculture regulations or laws in any country;
4. Inadmissibility to the United States under immigration laws;

LEP

   5. Receipt of a criminal pardon from any country; or
   6. Other circumstances that indicate to CBP that you have not qualified as "low risk."

In addition to this letter, you may receive an additional letter concerning your NEXUS application from Canada Border Services Agency.

CBP is committed to the fair, impartial and respectful treatment of all members of the trade and traveling public, and has memorialized its commitment to nondiscrimination in existing policies, including the February 2014 CBP Policy on Nondiscrimination in Law Enforcement Activities and all other Administered Programs.

Sincerely,


Supervisor, NEXUS Enrollment Center
U.S. Customs and Border Protection

Exhibit 3

Print

NEXUS

Sep 20, 2020

ALEX MARTINEZ
P.O. Box 30054 Brookfield P.O., 181 Bay Street
Toronto, ON M5J0A5
CA

RE: Your NEXUS Program Membership #PII

Dear ALEX MARTINEZ:

Thank you for your interest in the NEXUS program of U.S. Customs and Border Protection (CBP).

A review of your membership by the CBP Ombudsman has been completed. Based on the information you provided, it has been determined that no change is warranted at this time. Please be mindful that being denied from participating in the NEXUS program does not prohibit you from being able to travel.

If you do not know why you were denied, then you will need to submit a request for personal records to the CBP/Freedom of Information Act (FOIA) Division, in accordance with federal privacy laws. For additional information about filing a FOIA request with CBP, please visit our website: http://www.cbp.gov/site-policy-notices/foia. Additional program information is available through the Trusted Traveler Program (TTP) application website: https://ttp.dhs.gov.

Sincerely,

Ombudsman
U.S. Customs and Border Protection

