UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEX MARTINEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-cv-02726 (APM) |
| | ) |
| UNITED STATES CUSTOMS | ) |
| AND BORDER PROTECTION, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

**I.**

Plaintiff Alex Martinez, proceeding pro se, challenges Defendant U.S. Customs and Border Protection's ("CBP") denial of two applications to participate in the NEXUS program—a program that affords expedited processing to qualified travelers at designated ports of entry in the United States and Canada. Construing his complaint liberally, Martinez advances a claim under the Administrative Procedure Act ("APA"), challenging the denial of his NEXUS applications as arbitrary and capricious, and he seeks damages both under the APA and for common law torts of "trespass" and "negligence." *See* Pl.'s Compl., ECF No. 1, at 5; Pl.'s Reply Mem., ECF No. 17 [hereinafter Pl.'s Reply], at 12; *see also Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999) ("Courts must construe *pro se* filings liberally."). CBP moves to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim. *See* Def.'s Mot. to Dismiss, ECF No. 15 [hereinafter Def.'s Mot.]; Def.'s Mem. of P&A in Support of Def.'s Mot., ECF No. 15-1 [hereinafter Def.'s Mem.].

For the reasons stated below, Defendant's Motion is granted in part and denied in part. This case will proceed only on Martinez's APA claim for injunctive relief.

## II.

### A.

CBP contends that the court lacks jurisdiction to hear Plaintiff's APA claim because the decision to grant or deny acceptance into the NEXUS program is committed to agency discretion by law and therefore is not judicially reviewable. *See id.* at 7–8. The court cannot agree.

Judicial review is available if "the agency itself has provided a meaningful standard for the agency to follow in exercising" its discretion. *Block v. SEC*, 50 F.3d 1078, 1082 (D.C. Cir. 1995) (citing *Heckler v. Chaney*, 470 U.S. 821, 833 (1985)). The agency may provide "judicially manageable standards . . . in formal and informal policy statements and regulations." *Physicians for Soc. Resp. v. Wheeler*, 956 F.3d 634, 643 (D.C. Cir. 2020) (quoting *Steenholdt v. FAA*, 314 F.3d 633, 638 (D.C. Cir. 2003)). Here, CBP promulgated a regulation identifying seven factors that may disqualify an applicant's eligibility for its Global Entry program. 8 C.F.R. § 235.12(b)(2) (2020) ("Disqualifying factors"). Those same factors apply to eligibility for the NEXUS program. *See* Utilization of Global Entry Kiosks by NEXUS and SENTRI Participants, 75 Fed. Reg. 82202-01 (Dec. 29, 2010); U.S. Customs and Border Prot., NEXUS Eligibility, https://www.cbp.gov/travel/trusted-traveler-programs/nexus/nexus-eligibility (May 3, 2017). CBP's eligibility factors are "self-imposed constraints" that supply a judicially manageable standard for review. *See Ctr. for Auto Safety v. Dole*, 846 F.2d 1532, 1534 (D.C. Cir. 1988).

CPB relies on *Roberts v. Napolitano, see* Def.'s Mem. at 7, in which the court held with respect to the Global Entry Program that the enabling "statute's silence on [applicable criteria] indicates that Congress committed to the defendants the sole discretion to determine eligibility

2

guidelines and evaluate applicants" and therefore the plaintiff's denial was not judicially reviewable.  792 F. Supp. 2d 67, 73–74 (D.D.C. 2011).  But *Napolitano* was decided before the Global Entry regulations became final, *see id.* at 71, and since then courts have reviewed Global Entry denials because the "eligibility criteria and disqualifying criteria [ ] set forth in the regulation" provide a judicially manageable standard, *McLean v. Morgan*, No. 20-2145-JWB, 2020 WL 5094683, at *6 (D. Kan. Aug. 28, 2020).  As in *McLean*, the court here "has law to apply . . . as [CBP's] regulation clearly sets forth factors which the agency will consider in denying participation."  *Id.*  Accordingly, CBP's motion to dismiss Martinez's APA claim for injunctive relief is denied.

## B.

The court dismisses Martinez's other claims for relief.  First, Martinez's claims for money damages under the APA, *see* Pl.'s Compl. at 5 (seeking "punitive damages"); Pl.'s Reply at 12 (seeking "consequential damages"), are foreclosed by the plain text of the statute.  *See* 5 U.S.C. § 702 (authorizing only those actions "seeking relief other than money damages").  Second, to the extent Martinez states a cognizable tort claim, Martinez "does not indicate that he exhausted his administrative remedies."  *Hickman v. Libr. of Cong.*, 74 F. Supp. 3d 329, 331 (D.D.C. 2014) (citing 28 U.S.C. § 2675).  The Federal Tort Claims Act's "requirement of filing an administrative complaint with the appropriate agency prior to instituting an action [is] jurisdictional."  *Simpkins v. D.C. Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997).  As a jurisdictional provision, Martinez has "the initial burden of pleading administrative exhaustion in [his] complaint."  *T.H. v. District of Columbia*, 255 F. Supp. 3d 55, 58–59 (D.D.C. 2017) (citing Fed. R. Civ. P. 8(a)(1)).  Because Martinez failed to plead administrative exhaustion, CBP's motion to dismiss Martinez's tort claims is granted.

## III.

For the foregoing reasons, Defendant's Motion to Dismiss is granted in part and denied in part.

Dated: November 11, 2021

Amit P. Mehta
United States District Judge