UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ALEX MARTINEZ,            )<br>                          )<br>     Plaintiff,         )<br>                          )<br>     v.                   )<br>                          )<br>U.S. CUSTOMS AND BORDER   )<br>PROTECTION,               )<br>                          )<br>     Defendant.           )<br>                          ) | Civil Action No. 20-2726 (APM) |

### REPLY IN SUPPORT OF DEFENDANT'S MOTION
### FOR SUMMARY JUDGMENT AND OPPOSITION TO
### PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

Defendant U.S. Customs and Border Protection ("CBP") established in its Motion for Summary Judgment (ECF No. 27) that it is entitled to judgment on the only claim remaining in this case—the claim that Plaintiff Alex Martinez ("Plaintiff") asserted under the Administrative Procedure Act ("APA")—because the administrative record supports CBP's denial of Plaintiff's applications to participate in its NEXUS program due to Plaintiff's failure to assure CBP of his low-risk to national security, a necessary requirement for participation. Plaintiff's Responses[1] fail to undermine the rational connection between CBP's determination and the reasons for the denial of his applications to participate. Instead, to support his eligibility to participate, Plaintiff: (1) provides evidence from outside the administrative record on how he financially supports himself;

---

[1] "Plaintiff's Responses" refer to (1) "Plaintiff's Memorandum in Opposition and Cross-Motion for Summary Judgment to the Defendant's Motion for Summary Judgment"; and (2) "Reply to the Order of Justice Amit P. Mehta of January 18th, 2022; Summary Judgment in Support of Plaintiff's Opposition and Cross-Motion for Summary Judgment." ECF Nos. 30, 31, 32. For ease of reference, where CBP references Plaintiff's Responses, it refers to them as Response No. 1 and Response No. 2.

(2) cites to his lack of a criminal record and alleged ability to work in positions of public trust; (3) references information he told CBP and believes was taken out of context; and (4) complains that the clarifying Declarations of Pete R. Acosta and Matthew S. Davies of CBP submitted in support of summary judgment contained inaccuracies and did not include the phrase "under penalty of perjury."[2]

Plaintiff's arguments do nothing to undermine CBP's showing that the administrative record supports its denial of Plaintiff's applications to participate in the NEXUS program. First, Plaintiff has provided no basis for this Court to consider new and unconsidered record evidence pertaining to his income. Second, Plaintiff's alleged work in a position of public trust does nothing to show that Plaintiff satisfied CBP of his low-risk status prior to his applications to participate in the NEXUS program being denied. Third, the administrative record reflects that, in making its determinations, CBP took into consideration its refusal to accept information Plaintiff attempted to provide regarding what he claimed to be evidence he claims he was told to provide by "the Montana United States Customs and Border Protection Agents" and the information that Plaintiff states CBP took out of context. Finally, Plaintiff has failed to rebut with clear evidence CBP's showing that the declarations simply clarify information contained in the administrative record. And contrary to Plaintiff's suggestion, the clarifying declarations should be considered because they substantially comply with the verification requirements of 28 U.S.C. § 1746, despite not

---

[2] Plaintiff also complains about CBP being granted an extension of time, *albeit* with his consent, to file Defendant's Motion for Summary Judgment and that he is entitled to damages. Resp. No. 1 at 1, 8-10. Regarding the first issue, Plaintiff offering his consent to the extension of time that CBP requested and the Court granted, *see* Jan. 11, 2022 Order (ECF No. 26), renders that issue irrelevant to the Court's resolution of this case. As to Plaintiff's claim of entitlement to damages, the Court has already dismissed Plaintiff's claim for money damages under the APA. *See* Nov. 11, 2021 Order (ECF No. 20) at 3.

including the phrase "under penalty of perjury." Accordingly, CBP requests that the Court grant Defendant's Motion for Summary Judgment and deny Plaintiff's cross motion.

## ARGUMENT

CBP explained that Plaintiff asserts his APA claim under 5 U.S.C. § 706(2)(A), which "authorizes a reviewing court to set aside agency actions that are 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.'" Def.'s Mem. (ECF No. 27-1) at 9 (quoting 5 U.S.C. § 706(2)(A)). Specifically, Plaintiff seeks review of CBP's denial of his applications to participate in its NEXUS program, that allows expedited clearance for pre-approved, low-risk travelers upon arrival in the United States at certain places of entry. *Id*. at 1-2, 8. CBP properly exercised its discretion to deny Plaintiff's applications to participate in the NEXUS program based on Plaintiff's failure to assure CBP of his low-risk status, a determination supported by the administrative record, which reflects, among other things: (1) Plaintiff stating that CBP's inquiries were excessive; (2) Plaintiff's failure to provide his source of income; (3) CBP's inability to discern the reason for Plaintiff's travel to the United States; and (4) an assessment based on CBP officer discretion informed by training, knowledge, and experience. *Id*. at 10-11.

Plaintiff claims that how he financially supports himself is not a requirement to participate in the NEXUS program and now purports to provide evidence of his income to undermine CBP's decisions to deny his applications. Resp. No. 1 at 7-8. Plaintiff, however, misunderstands the standard of review for APA actions. "Judicial review of agency action under the APA is generally confined to the administrative record," *Cape Hatteras Access Pres. Alliance v. Dep't of Interior*, 667 F. Supp. 2d 111, 114 (D.D.C. 2009) (citing 5 U.S.C. § 706), which is "[o]rdinarily . . . comprised of those documents that were before the administrative decision maker[,]" *id*. (citing *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)) (other citation

omitted), unless a party "'can demonstrate unusual circumstances justifying departure' from the general rule that review is limited to the administrative record," *see Nat'l Mining Ass'n v. Jackson*, Civ. A. No. 10-1220, 2011 U.S. Dist. LEXIS 156991, at *12 (D.D.C. Sept. 14, 2011). The information he now seeks to provide is not contained in the administrative record that CBP considered when making its decision to deny Plaintiff's NEXUS applications and Plaintiff has failed to provide unusual circumstances that justify supplementing the record with his newly submitted evidence.

Further, it is of no moment that Plaintiff disagrees with CBP's determination because he contends that he "has no Criminal Record, National Security File and Vulnerable Sector file and can work on National Security and Financial Issues and care for the Elderly and Children in a position of 'Public Trust[.]" Resp. No. 1 at 5. CBP is authorized to deem an individual ineligible to participate in the NEXUS program if an applicant "[c]annot satisfy CBP or [the] Canada Border Services Agency of [his] low-risk status," at the time of his application. *See* https://www.cbp.gov/travel/trusted-traveler-programs/nexus/nexus-eligibility (last accessed February 9, 2022); *see also* Utilization of Global Entry Kiosks by NEXUS and SENTRI Participants, 75 Fed. Reg. 82202, December 29, 2010; 8 C.F.R. § 235.12(b)(2). This is a discretionary determination, and the administrative record reflects that CBP exercised its discretion to determine that Plaintiff did not assure CBP of his low-risk to national security based on its understanding and conscience. *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 266-67 (1954) ("[I]f the word 'discretion' means anything in a statutory or administrative grant of power, it means that the recipient must exercise his authority according to his own understanding and conscience.").

Plaintiff's complaint about CBP's refusal to accept information he claimed he was "'told' to provide by the Montana United States Customs and Border Protection Agents" and statements he believes were taken out of context, Resp. No. 1 at 7, Resp. No. 2 at 5-7, do not change the outcome. As CBP established, it took into consideration Plaintiff's attempt to provide information on a USB drive that he claimed contained evidence that CBP refused to accept and Plaintiff's statement regarding his purposes for entry into the United States being for leisure. *See* Def.'s Mem. at 4-5. Given the bewildering nature of the information provided, CBP made the determination that Plaintiff failed to satisfy CBP of his low-risk status. *Id*. at 4-5, 9-11. Plaintiff quibbles that he did not state during a CBP interview that he needed a NEXUS card to collect his two billion dollars but rather was "seeking 2.5 Billion dollars in Costs and Damages for the terror that occurred" in the United States and Canada, Resp. No. 2 at 7, but Plaintiff's belated assertion is at best immaterial and at worst baffling. Indeed, Plaintiff does not dispute that he informed a CBP officer that he was seeking two billion dollars in the context of an interview for a NEXUS card. Further, Plaintiff's citation in support of what he claims is an inconsistency regarding his statement about two and half billion dollars purports to be within a decision dated May 31, 2019, regarding a motion for extension of time by a judge sitting on the Court of Appeal of Alberta, Canada, and is not contained in the administrative record. Notably, the judge states in that decision that Plaintiff is "unemployed and is impecunious," details the nature of Plaintiff's claim and identifies Plaintiff's matter as "a total abuse of our process" where the respondents were "put to significant legal costs to answer these suits consistently found to be meritless." Resp. No. 2 at 36-38. The judge also precludes Plaintiff from filing further documents without permission. *Id*. at 37. Thus, the decision, even if considered, supports the denial rather than the granting of Plaintiff's applications to participation in the NEXUS program.

Finally, Plaintiff mistakenly claims that the Court should not consider the clarifying Declaration of Pete R. Acosta and the clarifying Declaration of Matthew S. Davies because of inaccuracies in the declarations and of the declarants' failure to include in their respective declarations that they declare the statements in their declaration to be true "under penalty of perjury." Resp. No. 2 at 7. The declarations merely clarify the information that is in the administrative record and was before CBP at the time of decision. In total, Plaintiff has failed to provide clear evidence of the administrative record's inaccuracy. And at the end of each declaration the declarants use the qualifying phrase "I declare that the foregoing is true and correct to the best of my knowledge, information, and belief," which "substantially compl[ies] with the verification requirements of [28 U.S.C. ]§ 1746." *Hainey v. Dep't of Interior*, 925 F. Supp. 2d 34, 41 (D.D.C. 2013) (quoting *Am. Mgmt. Servs., LLC v. Dep't of the Army*, 842 F. Supp. 2d 859, 868 n.6 (E.D. Va. 2012)) (finding that affirmation that statements were "to the best of my knowledge" sufficient to satisfy 28 U.S.C. § 1746).

## CONCLUSION

For the foregoing reasons, the Court should grant Defendant's Motion for Summary Judgment and deny Plaintiff's cross-motion.

\*     \*     \*

Dated: February 11, 2022
       Washington, DC

                                        Respectfully submitted,

                                        MATTHEW M. GRAVES, D.C. Bar #481052
                                        United States Attorney

                                        BRIAN P. HUDAK
                                        Acting Chief, Civil Division


                                        By:       /s/ *Michael A. Tilghman II*
                                        MICHAEL A. TILGHMAN II
                                        D.C. Bar #988441
                                        Assistant United States Attorney
                                        555 Fourth Street, NW
                                        Washington, DC 20530
                                        (202) 252-7113
                                        Michael.Tilghman@usdoj.gov

                                        *Attorneys for the United States of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of February 2022, I will cause a true and correct copy of the foregoing to be sent by email and on the 14th day of February 2022 will cause a true and correct copy of the foregoing to be sent by First Class Mail, postage paid, to:

>Alex Martinez
>P.O. Box 30054
>181 Bay Street
>Toronto, Ontario
>Canada
>case_am_072015@aol.com

>*/s/ Michael A. Tilghman II*
>Michael A. Tilghman II
>Assistant United States Attorney
>U.S. Attorney's Office for the District of Columbia