Thursday, June 2nd, 2022

Clerk of the Court
The United States District Court for the District of
Columbia
333 Constitution Avenue, N.W.
Washington D.C. 20001
United States of America

Telephone : (202) 354-3120
Filing by E-mail : DCDml_Intake@dcd.uscourts.gov

Let this be filed.



2022.06.09
13:19:57 -04'00'

*Sent via: E-Mail (COVID-19)*

**Re:**    ***Filing; Plaintiff's Motion to Adduce New Evidence, Plaintiff's Cross-Motion Reply,
Reply to the Order for Summary Judgment in Support of the Plaintiff's Opposition and
Cross-Motion for Summary Judgment, Reply to the Answer of Michael A. Tilghman II,
Plaintiff's Reply Memorandum to the Order of the United States District Judge; Amit
P. Mehta of April 05th, 2021 [Alex Martinez and United States Customs and Border
Protection][The United States District Court for the District of Columbia File Number:
120-CV-02726_UNA][20-CV-2726 (APM)]]]***

Dear Clerk of the Court,

Please find enclosed for filing, the Plaintiff's Motion to Adduce New Evidence under rule LCvR
5.2, Filing of Discovery Requests and Responses, Local Rules of the U.S. District Court for the
District of Columbia (5/31/2022) for the case of Alex Martinez vs. United States Customs and
Border Protection.  Please be advised that the Form and Template had to be modified to suit the
filing of this Motion as there is no other Form and Template for new evidence.

Should you have any questions or concerns; please do not hesitate to contact me by mail; or, by
e-mail at: case_am_072015@aol.com

Sincerely,

Alex Martinez
AM/am

Enclosure:    i.    Plaintiff's Motion to Adduce New Evidence

ii.    Rule LCvR 5.2, Filing of Discovery Requests and Responses, Local Rules
of the U.S. District Court for the District of Columbia (5/31/2022)

Alex Martinez  P.O. Box 30054 Brookfield P.O.  181 Bay Street  Toronto, Ontario M5J 0A5  Canada
E-mail : case_am_072015@aol.com

Page 1 of 1

AO 243 (Rev. 09/17)

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | of Columbia | |
|---|---|---|---|
| Name *(under which you were convicted)*: <br> Alex Martinez | | | Docket or Case No.: <br> 20-CV-2726 (APM) |
| Place of Confinement: <br> None - Only Motion Forms & Templates Available | | Prisoner No.: <br> N/A | |
| UNITED STATES OF AMERICA <br><br> v. | | Movant *(include name under which convicted)* <br> Alex Martinez v. US Customs and Border Protection | |

### MOTION

1.  (a) Name and location of court which entered the judgment of conviction you are challenging:

    Clerk of the Court, The United States District Court for the District of Columbia
    333 Constitution Avenue, N.W., Washington D.C. 20001
    United States of America, Telephone : (202) 354-3120

    (b) Criminal docket or case number (if you know): 20-CV-2726 (APM)

2.  (a) Date of the judgment of conviction (if you know): _____

    (b) Date of sentencing: _____

3.  Length of sentence: _____

4.  Nature of crime (all counts):



5.  (a) What was your plea? (Check one)

    (1) Not guilty ☐         (2) Guilty ☐         (3) Nolo contendere (no contest) ☐

6.  (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?



6.  If you went to trial, what kind of trial did you have? (Check one)   Jury ☐   Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☐

AO 243 (Rev. 09/17)

8.   Did you appeal from the judgment of conviction?        Yes ☐        No ☐

9.   If you did appeal, answer the following:

(a)  Name of court: _____

(b)  Docket or case number (if you know): _____

(c)  Result: _____

(d)  Date of result (if you know): _____

(e)  Citation to the case (if you know): _____

(f)  Grounds raised:

(g)  Did you file a petition for certiorari in the United States Supreme Court?        Yes ☐        No ☐

If "Yes," answer the following:

(1)  Docket or case number (if you know): _____

(2)  Result: _____

(3)  Date of result (if you know): _____

(4)  Citation to the case (if you know): _____

(5)  Grounds raised:

10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

Yes ☐        No ☐

11.  If your answer to Question 10 was "Yes," give the following information:

(a)  (1)  Name of court: _____

(2)  Docket or case number (if you know): _____

(3)  Date of filing (if you know): _____

AO 243 (Rev. 09/17)

(4)   Nature of the proceeding: _____

(5)   Grounds raised:

(6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐      No ☐

(7)   Result: _____

(8)   Date of result (if you know): _____

(b)   If you filed any second motion, petition, or application, give the same information:

(1)   Name of court: _____

(2)   Docket of case number (if you know): _____

(3)   Date of filing (if you know): _____

(4)   Nature of the proceeding: _____

(5)   Grounds raised:

(6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐      No ☐

(7)   Result: _____

(8)   Date of result (if you know): _____

(c)   Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)   First petition:      Yes ☐      No ☐

(2)   Second petition:      Yes ☐      No ☐

(d)   If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

AO 243 (Rev. 09/17)

12.   For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.  Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Motion to Adduce New Evidence on the grounds that several new police reports have been filed that will lead to international charges and the protection of the United States of America.

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

It has been uncovered that the rogue officers, officials and organizations involved in this case have damaged the Plaintiff, Alex Martinez since he was a child as a result of Police and Military errors and injustice in Canada and the United States of America.  The attached police reports and evidence must be filed with the Court as it is believed that the new evidence will lead to the successful resolution of this case and file and save innocent lives and protect the Borders of the United States of America.

(b)  **Direct Appeal of Ground One:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐     No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

(c)  **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐     No ☐

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐     No ☐

AO 243 (Rev. 09/17)

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐   No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)  **Direct Appeal of Ground Two:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☐

AO 243 (Rev. 09/17)

 (2) If you did not raise this issue in your direct appeal, explain why:

**(c) Post-Conviction Proceedings:**

 (1) Did you raise this issue in any post-conviction motion, petition, or application?

  Yes ☐  No ☐

 (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

 (3) Did you receive a hearing on your motion, petition, or application?

  Yes ☐  No ☐

 (4) Did you appeal from the denial of your motion, petition, or application?

  Yes ☐  No ☐

 (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

  Yes ☐  No ☐

 (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

 (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

AO 243 (Rev. 09/17)

**GROUND THREE:** _____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)  **Direct Appeal of Ground Three:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐        No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

(c)  **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐        No ☐

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐        No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐        No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐        No ☐

AO 243 (Rev. 09/17)

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

**GROUND FOUR:** _____

_____

(a)   Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

(b)   **Direct Appeal of Ground Four:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

_____

(c)   **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☐

(2)   If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐      No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐      No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐      No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this

issue:

_____

13.   Is there any ground in this motion that you have <u>not</u> previously presented in some federal court?  If so, which
ground or grounds have not been presented, and state your reasons for not presenting them:

Most of the Police Reports are new and considered new evidence for the Courts.

_____

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?          Yes ☐          No ☑

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a)  At the preliminary hearing:

   (b)  At the arraignment and plea:

   (c)  At the trial:

   (d)  At sentencing:

   (e)  On appeal:

   (f)  In any post-conviction proceeding:

   (g)  On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?          Yes ☐          No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          Yes ☐          No ☐

   (a)  If so, give name and location of court that imposed the other sentence you will serve in the future:

   (b)  Give the date the other sentence was imposed: _____

   (c)  Give the length of the other sentence: _____

   (d)  Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?          Yes ☐          No ☐

AO 243 (Rev. 09/17)

18.   TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
   A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
      (1)   the date on which the judgment of conviction became final;
      (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
      (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:

That the Defendent' response be Dismissed and that the damages and award be raised from $25,000,000.00 to 57,000,000.00 millio dollars and that all records be expunged and investigations and legal actions be stopped immediately.

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____6/2/2022_____ .
                                                                                (month, date, year)

Executed (signed) on _____6/2/2022_____ (date)

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

WINNIPEG POLICE SERVICE SUMMARY INCIDENT REPORT

**REPORT NUMBER: E210029462**



## INCIDENT INFORMATION

| INCIDENT CODE | INCIDENT TYPE | INITIAL | X | DATE/TIME STARTED | DATE/TIME ENDED | DATE/TIME REPORTED |
|---|---|---|---|---|---|---|
| 2170 | Damage/Mischief to Property Under | SUPP | | 1973-01-16 05:00 AM | 2021-12-13 11:00 AM | 2021-12-13 12:31 PM |

| REPORT FILED FROM | TRACKING NUMBER | LOCATION OF OCCURRENCE | | APPROVED BY: |
|---|---|---|---|---|
| *** | T21032921 | 352 BELMONT AVENUE, WINNIPEG, MB | | *** |

| LOCATION TYPE | THEFT TYPE | METHOD OF ENTRY | METHOD OF EXIT | PT OF ENTRY | PT OF EXIT | ENTRY LOC |
|---|---|---|---|---|---|---|
| Unknown | | | | | | |

## PERSON LISTINGS

| | TYPE | LAST NAME | FIRST NAME | MIDDLE NAME | DOB | RACE | SEX | DRIVER LIC NO | LIC ST |
|---|---|---|---|---|---|---|---|---|---|
| 1 | VPR | Martinez | Alex | | *** | | * | | |
| | SSN | ETHNICITY | RESIDENT | EYE COLOR | HAIR COLOR | AGE | HEIGHT | WEIGHT | CELL PHONE |
| | | | | | | | | | |
| | EMAIL | | | RESIDENCE ADDRESS | | | | HOME PHONE | |
| | case_am_072015@aol.com | | | *** | | | | *** | |
| | EMPLOYER NAME | | | BUSINESS ADDRESS | | | | BUSINESS PHONE | |
| | | | | *** | | | | | |

## NARRATIVE

To whom it may concern;

The following is the results of a Canadian Security Intelligence investigation where several Police Officers, Officials, government employees and their third parties have been identified in committing Fraud, Embezzlement, Theft, Homicide, Sexual Assault, Sexual violations against children, Robbery, Extortion, Criminal Harassment, Uttering threats, Indecent/Harassing communications, Breaking and entering, Identity theft and identity fraud, Public Mischief and Other property crime violations, Child pornography, Pedophilia, Administration of justice violations, Federal Statute violations and Drug and Medical violations.

Other crimes and Torts identified; include, Attempted Murder, Acceleration of Death, Infanticide, Corruption, Conspiracy, Intentional Torts, Torts of Negligence, Strict Liability, Land and Product Liability, Economic Torts, and New Torts.

You are required under law to investigate and pursue and prosecute all those involved in the body of the letters.  You cannot reject; or, ignore this report and must also prosecute and investigate all of the third parties involved in Canada, the United States, Chile, Spain and other international partners and bodies.

Most of the work has already been done and now as part of your investigation and prosecution; you are required to recover, seize and return to Alex Martinez all of the Monies, Assets and Property given, gifted, donated, stolen and earned by any person and individual, organization, government, Church and State involved in this case

You have 30 days to complete this investigation and the recovery of all of the Proceeds of Crime.  When finished; please contact me by e-mail at case_am_072015@aol.com and not by phone as I cannot be reached by phone.

Sincerely,

Alex Martinez

 - Was the incident captured on video surveillance? = [Unknown]

## INCIDENT IMAGE

**REPORT NUMBER: E210029462**

| INCIDENT IMAGE |
|---|



Canadian        Service
Security        canadien du
Intelligence    renseignement
Service         de sécurité

Our file: 116-2016-189

SEP 2 3 2016

Mr. Ilich Alex Martinez
102A - 1075 Bay Street
Toronto, Ontario
M5S 2B2

Dear Mr. Martinez,

This refers to your *Privacy Act* request of September 15, 2016, received in our office on
September 16, 2016.

Based on information contained in your request, please be advised that personal information bank
**CSIS PPU 045 - Canadian Security Intelligence Service Investigational Records** was searched on
your behalf. The Governor-in-Council has designated this information bank an exempt bank pursuant
to section 18 of the *Privacy Act* . If the type of information described in the bank did exist, it would
qualify for exemption under section 21 (as it relates to the efforts of Canada towards detecting,
preventing or suppressing subversive or hostile activities), or 22(1)(a) and/or (b) of the *Act*.

You may use the contact information located in the footer to contact us should you wish to obtain
clarification concerning your request. Please provide the file number at the top of this letter in any
subsequent correspondence. If you would like us to conduct additional searches, I invite you to
consult our CSIS Web site at www.csis.gc.ca or the Treasury Board Web site at
www.Infosource.gc.ca, on how to file a complete personal information request.

Please be advised that you are entitled to complain to the Privacy Commissioner concerning the
processing of your request. In the event you decide to avail yourself of this right, your notice of
complaint should be addressed to: Privacy Commissioner of Canada, 30 Victoria Street, 1st floor,
Gatineau, Quebec, K1A 1H3

Yours truly,

Coordinator
Access to Information
and Privacy
Attachments

Canadä

P.O. Box 9732, Station "T", Ottawa, Ontario K1G 4G4   C.P. 9732, Succursale "T", Ottawa (Ontario) K1G 4G4
Tel: (613) 231-0107   1-877-995-9902   Fax: (613)842-1221

REPORT NUMBER: E210029462

## INCIDENT IMAGE

Canadian Security
Intelligence Service

Service canadien du
renseignement de sécurité



Our file: 116-2020-573

Alex Martinez
181 Bay Street
Post Office Box: 30054 Brookfield PO
Toronto, Ontario
M5J 0A5

MAR 1 7 2021

Dear Alex Martinez :

This refers to your *Privacy Act* request of February 17, 2021, for **"To whom it may concern; This request is an extension to an internal investigation and case that was done in tandem with the past Director of the Canadian Security Intelligence Services, Michel Coulombe and that has been transferred to the current Director, David Vigneault. The internal and Professional Standards investigations are coming to an end for a very successful case and seeing as the matter is before the Courts; all the information and details of their work need to be aggregated and passed along to me for submission. Therefore; please provide all information, records, investigation files, officers notes, audio, video, photo, telephone and surveillance records from all sources within Canada and Internationally, under my name and in the possession of the Canadian Security Intelligence Services (CSIS). This includes all records and files from all databases and other sources. Seeing as it is such a big case; please begin the search from my date of birth which is January 16th, 1973. It is important that as much information as possible be provided; for our success in Court is dependent on the quality of the information provided from this request and seeing as so many CSIS Agents have dedicated their skill, careers and lives, it is necessary to win; for they deserve it. Thank you and I look forward to your cooperation. Regards; Alex Martinez case_am_072015@aol.com"**, received in our office on February 17, 2021.

Based on information contained in your request, please be advised that personal information bank listed below was searched on your behalf with the following results:

**Canadian Security Intelligence Service Investigational Records** (CSIS PPU 045) - The Governor-in-Council has designated this information bank an exempt bank pursuant to section 18 of the *Privacy Act*. Further to subsection 16(2) of the *Act*, we neither confirm nor deny the existence of the requested information. If the type of information described in the bank did exist, it would qualify for exemption under section 21 (as it relates to the efforts of Canada towards detecting, preventing or suppressing subversive or hostile activities), or 22(1)(a) and/or (b) of the *Act*.

In accordance with the Treasury Board of Canada Secretariat Directive on Privacy Requests and Correction of Personal Information, I am enclosing a copy of the Duty to Assist Principles for your convenience.

You may use the contact information located in the footer to contact us should you wish to obtain clarification concerning your request. Please provide the file number at the top of this letter in any subsequent correspondence. If you would like us to conduct additional searches, I am enclosing herewith a copy of the Service's chapter in Info Source which describes the various other personal information banks maintained by the Service, along with a personal information request form. This, as well as additional information about access to information and privacy can be found at the CSIS portal on the Canada.ca website at https://www.canada.ca/en/security-intelligence-service/corporate/transparency/access-to-information-and-privacy.html.

Please be advised that you are entitled to complain to the Privacy Commissioner concerning the processing of your request. In the event you decide to avail yourself of this right, your notice of complaint should be addressed to: **Privacy Commissioner of Canada, 30 Victoria Street, 1st floor, Gatineau, Quebec, K1A 1H3.**

Yours truly,

Head, Disclosures 1
Access to Information and Privacy

Encl.

Canada

P.O. Box 9732, Station "T", Ottawa, Ontario K1G 4G4   C.P. 9732, Succursale "T", Ottawa (Ontario) K1G 4G4
**Tel: (613) 231-0107   1-877-995-9903   Fax: (613) 842-1271**

**REPORT NUMBER: E210029462**

---

**INCIDENT IMAGE**



Commissariat
à la protection de la
vie privée du Canada

Office of the
Privacy Commissioner
of Canada

Mr. Alex Martinez
P.O. Box 30054 Brookfield P.O. 181 Bay Street
Toronto ON M5J 0A5

**PROTECTED**

JUL – 6 2021

Our File: PA-059786
CSIS File: 116-2020-573

Dear Mr. Martinez:

    This is in response to your correspondence received on 2021-04-29 wherein you complained that the Canadian Security Intelligence Service (CSIS) denied you access to your personal information by not providing any records in response to your request made under the *Privacy Act* (CSIS file 116-2020-573). Given the wording of your request, the CSIS searched for records containing your personal information within its personal information bank CSIS PPU 045.

    I wish to inform you that for security reasons, the CSIS has adopted the policy of refusing to neither confirm nor deny whether an individual's personal information is within CSIS PPU 045. The CSIS relies on section 16(2) of the *Privacy Act* to not disclose whether personal information concerning a requestor exists.

    CSIS PPU 045 is an exempt bank. For your reference, you may wish to consult Exempt Personal Information Bank Order, No. 14 (CSIS) online at http://laws-lois.justice.gc.ca/eng/regulations/SOR-92-688/FullText.html, which designates the information bank in question as an exempt bank on the basis of section 21 and paragraphs 22(1)(a) and (b) of the *Privacy Act*.

    Section 16(2) of the *Privacy Act* states that a government institution is not required to reveal whether personal information exists. Section 16(1) states that the institution must indicate the sections of the *Privacy Act* which could reasonably be used to exempt such information if it did exist. As required by section 16(1), the CSIS has indicated that if information were to exist it could reasonably be expected to be exempted under one or more of sections 21 and/or 22(1)(a) or (b) of the *Privacy Act*. The *Privacy Act* also prohibits the Office of the Privacy Commissioner from either confirming or denying the existence of requested records, where the institution has relied on section 16(2). My Office is of the stance that the CSIS has correctly cited these provisions in its response and dealt with your request appropriately and in accordance with the *Privacy Act*.

---

30 rue Victoria, 1ᵉʳ étage  |  30 Victoria Street, 1ˢᵗ Floor
Gatineau (Québec) K1A 1H3
Sans frais/Toll free 1-800-282-1376 Tél./Tel: 819-994-5444 Téléc./Fax: 819-994-5424 www.priv.gc.ca

REPORT NUMBER: E210029462

---

**INCIDENT IMAGE**

- 2 -

The decision of the Federal Court of Appeal in *Ruby v. Canada (Solicitor General)*, [2000] 3 F.C. 589 confirms the right of a government institution under section 16(2) to not disclose whether personal information concerning a requestor exists. The court stated that merely revealing the existence or non-existence of information is in itself an act of disclosure: a disclosure that the requestor is or is not the subject of an investigation. The court further concluded that the *Privacy Act* strikes the right balance between the government institution's duty to disclose and its power to refuse disclosure, including disclosure of the very existence of personal information.

Therefore, the response provided by the CSIS in refusing to reveal whether your personal information exists in PPU 045 would be in accordance with the requirements of the *Privacy Act*. Under the circumstances, we consider that the CSIS properly responded to your request and that it did not contravene your access rights in this case. Accordingly, the complaint is **not well-founded**.

Section 41 of the *Privacy Act* provides a right to apply to the Federal Court of Canada for review of the decision of a government institution to refuse to provide access to personal information. You should be aware that an application under section 41 is limited to establishing that you have been denied a right of access. Having now received this report, you have the right to apply to the Federal Court under section 41 for review of the decision of the CSIS. Such an application should name the appropriate Minister responsible for the CSIS as respondent and it must be filed with the Court within 45 days of receiving this letter. Should you wish to proceed to the Court, we suggest you contact the Court's Registry Office nearest you. Their locations are listed in the Court's website at https://www.fct-cf.gc.ca/ and a telephone number for the registry office nearest you should be listed in your telephone directory's blue pages.

You should also be aware that the Court has discretion to order that the costs of the other party be paid by you where the Court is of the view that this is appropriate. While this does not happen often, it is a possibility of which you should be aware. Conversely, the Court may order that your costs be paid where the Court finds that your application raises an important new principle.

For additional information on Federal Court applications, please check the Fact Sheet, Section 41 of the *Privacy Act* - Court Review of Refusals to Give Access to Personal Information, found on this Office's website at https://www.priv.gc.ca/en/privacy-topics/privacy-laws-in-canada/the-privacy-act/federal-court-applications-under-the-privacy-act/.

30 rue Victoria, 1er étage | 30 Victoria Street, 1st Floor
Gatineau (Québec) K1A 1H3
Sans frais/Toll free 1-800-282-1376 Tél./Tel: 819-994-5444 Téléc./Fax: 819-994-5424 www.priv.gc.ca

**REPORT NUMBER: E210029462**

| INCIDENT IMAGE |
| --- |

- 3 -

This concludes this Office's investigation of your complaint.  If you have any questions about this letter, please do not hesitate to contact Brad Carrier, the Senior Privacy Investigator who investigated this complaint at 1-800-282-1376.

Sincerely,

Jason Trudeau
Manager
*Compliance, Intake and Resolution
Directorate*

30 rue Victoria, 1ᵉʳ étage  |  30 Victoria Street, 1ˢᵗ Floor
Gatineau (Québec)  K1A 1H3
Sans frais/Toll free 1-800-282-1376  Tél./Tel: 819-994-5444  Téléc./Fax: 819-994-5424  www.priv.gc.ca

WINNIPEG POLICE SERVICE SUMMARY SUPPLEMENT REPORT

**REPORT NUMBER: E210029462-0**



## INCIDENT INFORMATION

| INCIDENT CODE | INCIDENT TYPE | | INITIAL SUPP | DATE/TIME STARTED | DATE/TIME ENDED | DATE/TIME REPORTED |
|---|---|---|---|---|---|---|
| **SR** | **Supplemental Report** | | X | **1973-01-16 12:01 AM** | **2021-12-17 03:11 PM** | **2021-12-17 04:21 PM** |

| REPORT FILED FROM | TRACKING NUMBER | LOCATION OF OCCURRENCE | | APPROVED BY: |
|---|---|---|---|---|
| ***  | **T21033429** | **352 BELMONT AVENUE, WINNIPEG, MB** | | *** |

| LOCATION TYPE | THEFT TYPE | METHOD OF ENTRY | METHOD OF EXIT | PT OF ENTRY | PT OF EXIT | ENTRY LOC |
|---|---|---|---|---|---|---|
| | | | | | | |

## PERSON LISTINGS

| | TYPE | LAST NAME | FIRST NAME | MIDDLE NAME | DOB | RACE | SEX | DRIVER LIC NO | LIC ST |
|---|---|---|---|---|---|---|---|---|---|
| 1 | **REP** | **Martinez** | **Alex** | | *** | | * | | |
| | SSN | ETHNICITY | RESIDENT | EYE COLOR | HAIR COLOR | AGE | HEIGHT | WEIGHT | CELL PHONE |
| | | | | | | | | | |
| | EMAIL **case_am_072015@aol.com** | | RESIDENCE ADDRESS *** | | | | HOME PHONE *** | | |
| | EMPLOYER NAME | | BUSINESS ADDRESS *** | | | | BUSINESS PHONE | | |

## NARRATIVE

Four of the major crimes discovered are Child pornography, Pedophilia, Infanticide and Acceleration of Death.  As a lead and update, some of the organizations participating in the crimes committed are the Canadian Forces and Military Police, Health Sciences Center, Manitoba Medical, Alberta Health Services, British Columbia Ministry of Health, Vancouver Police, Calgary Police, Winnipeg Police Services, Communications Security Establishment, Royal Canadian Mounted Police Services and others.  Other individuals and suspects with information and the images and files on this case since I was a child are:  Dr, Quillon, Dr. Garber, Dr. Frank Navarro, Sandra Navarro, Oscar Navarro, Karl Schlosser, Michael James Troschuk, Kevin Niel, Todd Neil, Bernard Abrenica, Andy Asperin, Marco Bevelaqua, Pablo Hidalgo, Jeffrey Bromley, Kelly Bromley, James Bromley and Wayne Landgraff of Winnipeg Manitoba.  Due to the nature of the crimes committed and the recovery of assets that need to occur a restraining and no contact Order must be put in place effective immediately as they cannot go near me; or, my family and children.

These images and records have been circulated internationally and throughout several governments.  Therefore you are required to contact and seek the removal of the images and records and recover all of the monies and assets and other proceeds of crime immediately.  The governments listed are; the governments of Spain, Italy, France, Belgium, United States of America, Romania, Ukraine, Israel, Russia, Chile, Argentina, Honduras, Nicaragua and others.

Other organizations are the Vatican, INTERPOL Archdiocese of Canada and Toronto and the Saint Joseph's Oratory of Mount Royal and Montreal, University of Winnipeg, University of Manitoba and Others.  As per the others that have been identified, you will have to carry on and contact them as well for the recovery and removal of the illegal records and files.

WINNIPEG POLICE SERVICE SUMMARY SUPPLEMENT REPORT

**REPORT NUMBER: E210029462**



### INCIDENT INFORMATION

| INCIDENT CODE | INCIDENT TYPE | INITIAL SUPP | DATE/TIME STARTED | DATE/TIME ENDED | DATE/TIME REPORTED |
|---|---|---|---|---|---|
| SR | Supplemental Report | X | 1973-01-16 12:00 AM | 2022-02-05 02:00 PM | 2022-02-05 02:44 PM |

| REPORT FILED FROM | TRACKING NUMBER | LOCATION OF OCCURRENCE | | APPROVED BY: |
|---|---|---|---|---|
| *** | T22004597 | 352 Belmont AVENUE, Winnipeg, MB | | *** |

| LOCATION TYPE | THEFT TYPE | METHOD OF ENTRY | METHOD OF EXIT | PT OF ENTRY | PT OF EXIT | ENTRY LOC |
|---|---|---|---|---|---|---|
| | | | | | | |

### PERSON LISTINGS

| | TYPE | LAST NAME | FIRST NAME | MIDDLE NAME | DOB | RACE | SEX | DRIVER LIC NO | LIC ST |
|---|---|---|---|---|---|---|---|---|---|
| 1 | REP | Martinez | Alex | | *** | | * | | |

| SSN | ETHNICITY | RESIDENT | EYE COLOR | HAIR COLOR | AGE | HEIGHT | WEIGHT | CELL PHONE |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

| EMAIL | RESIDENCE ADDRESS | HOME PHONE |
|---|---|---|
| case_am_072015@aol.com | *** | *** |

| EMPLOYER NAME | BUSINESS ADDRESS | BUSINESS PHONE |
|---|---|---|
| | *** | |

### NARRATIVE

It was advised that Police Reports had to be issued for the following individuals and organizations for their role and involvement in the manufacture of a false allegation and criminal negligence as it has resulted into a massive 'Service' and government Fraud that must have been stopped at the moment that it was uncovered that it was false in 2008.

It is a legal requirement for anyone from any of these organizations to stop it; otherwise they are subject to arrest and prosecution as it has caused a substantial amount of loss and property damage to Canada, The United States of America and other foreign nations.

Department of Defense – The Honourable Harjit Sajjan, Department of Justice – Jody Wilson-Raybould, Ralph Goodale, Communications Security Establishment - Jean-Pierre Plouffe , Royal Canadian Mounted Police Service, Canadian Security Intelligence Services, Revenue Canada, Office of the Attorney General – Marieke Bouchard, Minister of Public Safety,  Courts of Manitoba, Federal Court of Canada, Supreme Court of Canada, Air Canada, Standard Aero, Bombardier, Boeing, Governments of Chile, Argentina, Norway, Iceland, Philippines, Spain, France, Israel, Italy,  United States of America, Mexico, Honduras, Guatemala, El Salvador, Columbia, Japan, Taiwan, China, Korea, Russia, Maldova, Sweden, Finland and their embassies and consulates in Manitoba.

Due to the complexity of the case and the damage that has occurred; it is being copied to third parties for their use and for investigation.  Therefore; you will be required to follow through and investigate and recover all of the property and assets that belong to me and that must be returned.

Alex Martinez

**From:** case_am_072015@aol.com,
**To:** filingscanning@ottawapolice.ca,
**Subject:** Re: Police Report; City of Winnipeg Police Services! Re: Update; Sunday, January 23rd, 2022 Re: [EXTERNAL] We Have a Problem; the Toronto PD will Not Accept the Police Report and Charge for Fraud; Whereas you Will. Can you Proceed? Re: Additional Evidence; Letter from C.S.I.S. Fwd: New Police Report to Investigate a Service and Government Fra
**Date:** Mon, Jan 31, 2022 9:45 am

---

Hello and good morning!

Upon further investigation; seeing you have a permanent report number from the City of Winnipeg Police Service; you are required to accept the case.  There is no need for us to connect by phone first.

In addition; you have all of the pertinent information and evidence and more than the officers in Winnipeg; therefore, please proceed and prosecute, arrest and recover all property, assets and monies that belong to me.

If you do not; then you will be seen as to be absconding and using the telephone as a barrier to justice; as no one is ever available and responding to messages and etc.

It is a shame that this comes up and is used this way; however, it has been done already and is the basis for the charges on the Courts as they are ignoring their responsibilities and duties; which constitutes a Service Fraud.

With that being the case; if this does not work and on that premise, then you can be charged as well for Fraud.

If it is that important that we speak; then the line should be monitored and have an attendant assigned to it for 24 hours as in the time between that the report was made and now; more crime and damage could have been done.

Therefore; my suggestion is that you carry on now and send confirmation.  That is the best that can be done under these circumstances.

Alex Martinez
case_am_072015@aol.com


-----Original Message-----
From: Alex Martinez <case_am_072015@aol.com>
To: filingscanning@ottawapolice.ca <filingscanning@ottawapolice.ca>
Sent: Sun, Jan 30, 2022 7:50 pm
Subject: Re: Police Report; City of Winnipeg Police Services! Re: Update; Sunday, January 23rd, 2022 Re: [EXTERNAL] We Have a Problem; the Toronto PD will Not Accept the Police Report and Charge for Fraud; Whereas you Will. Can you Proceed? Re: Additional Evidence; Letter from C.S.I.S. Fwd: New Police Report to Investigate a Service and Government Fra

Hello;

For your information; another message was left for you today.  Tomorrow; I am busy with the Office of the Independent Police Review Director in Court and will not be available to try again until later in the week.  With luck we will connect on my next attempt assuming that I can get through; as I have not been able to at this point, no matter how many times I call.

Regards,


Alex Martinez
case_am_072015@aol.com


-----Original Message-----
From: Alex Martinez <case_am_072015@aol.com>
To: filingscanning@ottawapolice.ca <filingscanning@ottawapolice.ca>
Sent: Wed, Jan 26, 2022 2:13 pm

Re: Police Report; City of Winnipeg Police Services! Re: Update; Sunday...                    https://mail.aol.com/webmail-std/en-ca/PrintMes:

Subject: Re: Police Report; City of Winnipeg Police Services! Re: Update; Sunday, January 23rd, 2022 Re: [EXTERNAL] We Have a Problem; the Toronto PD will Not Accept the Police Report and Charge for Fraud; Whereas you Will. Can you Proceed? Re: Additional Evidence; Letter from C.S.I.S. Fwd: New Police Report to Investigate a Service and Government Fra

Hello;

Several attempts were made to contact you and your line is busy and you cannot be reached.

Therefore; please proceed with the case with the expectation that you are prosecuting and charging those listed in the reports and those that arise out of any other investigation that is in connection to this case.

You need to be directed to do this as you have all been found to be inferior Police Services, organizations and of character.  Therefore; please do as you have been directed and follow the law and Rules and recover all monies and assets and have them returned to me ASAP.

Sincerely,


Alex Martinez
case_am_072015@aol.com


-----Original Message-----
From: Alex Martinez <case_am_072015@aol.com>
To: filingscanning@ottawapolice.ca <filingscanning@ottawapolice.ca>
Sent: Tue, Jan 25, 2022 7:07 pm
Subject: Re: Police Report; City of Winnipeg Police Services! Re: Update; Sunday, January 23rd, 2022 Re: [EXTERNAL] We Have a Problem; the Toronto PD will Not Accept the Police Report and Charge for Fraud; Whereas you Will. Can you Proceed? Re: Additional Evidence; Letter from C.S.I.S. Fwd: New Police Report to Investigate a Service and Government Fra

Hello and good day!

My hope is that everything is carrying along well today.  Seeing as you were given all of the information that you need; I did not make a point of calling today, which I am sure you are fine with.

As an additional comment and for safety, please be advised that there are Military Investigators involved as someone had gone and damaged the United States and other International Air Force and Navy and spread and circulated false and misleading information and records.

That is why you were advised not to harass, intimidate and bully, but rather to complete the work and pursue the case and charges Administratively and comply with the Arrest that is required to stop the crimes being committed in the case.

Everything is getting peaceful and stabilizing around me at the moment and for the safety of those doing internal investigations; you should be aware of what is occurring.

If you find any records and activity from the Canadian Military, Navy and Air Force; or, other similar organization that is involved, please stop them immediately and seize all of the evidence and lay charges.

In the meantime; if you have any questions; or, concerns, please do not hesitate to contact me by return e-mail at: case_am_072015@aol.com

Sincerely,


Alex Martinez
case_am_072015@aol.com

-----Original Message-----
From: Alex Martinez <case_am_072015@aol.com>
To: filingscanning@ottawapolice.ca <filingscanning@ottawapolice.ca>
Sent: Mon, Jan 24, 2022 6:19 am
Subject: Police Report; City of Winnipeg Police Services! Re: Update; Sunday, January 23rd, 2022 Re: [EXTERNAL] We
Have a Problem; the Toronto PD will Not Accept the Police Report and Charge for Fraud; Whereas you Will. Can you
Proceed? Re: Additional Evidence; Letter from C.S.I.S. Fwd: New Police Report to Investigate a Service and Government
Fra

Hello and good morning!

As requested a message was left with your office this morning.  It was there that you were informed that the case was
accepted by the City of Winnipeg Police Services.  The reports are attached for you and for your information.

There is also some correspondence with the Chief of Police and their Professional Standards Unit; which is in connection
to other aspects of the case and that they never responded.

You will see that some of the correspondence and material is about my Mother and Brother and how they had been
reported missing.  Do not worry about that, because they surfaced and have recently been found.

Maybe their reports will solve both our problems and you can carry on with that information.  If that is the case; please let
me know.

Regards,


Alex Martinez
case_am_072015@aol.com



-----Original Message-----
From: Alex Martinez <case_am_072015@aol.com>
To: filingscanning@ottawapolice.ca <filingscanning@ottawapolice.ca>
Sent: Sun, Jan 23, 2022 3:28 pm
Subject: Update; Sunday, January 23rd, 2022 Re: [EXTERNAL] We Have a Problem; the Toronto PD will Not Accept the
Police Report and Charge for Fraud; Whereas you Will. Can you Proceed? Re: Additional Evidence; Letter from C.S.I.S.
Fwd: New Police Report to Investigate a Service and Government Fra

Hi;

If you contacted the Prime Minister and their office and they stopped, you should know that things
are improving because of it.  So keep going.  They have to be stopped for internal conflict, illegal
behaviour and actions and the scandal that ensued.

As for myself; I am facing deadlines and that is my priority this weekend, as I am having to fix
errors and problems that were identified in the Courts of Ontario that is in Lieu of our hearing.  In
addition I have other issues that need to be raised with you and your Police force and I need time
to gather that information.  Therefore; it will be better to deal with it tomorrow and during working
hours; so you can expect a call from me then.

With this aside; the scandal and Fraud seems to stem from action from the NSA in Canada and the
United States and other countries.  Please place an Order to shut them all down too and let us see
if they go.

Once that is done and all the other Police and Military forces are closed, we should be finished.

Plus; I want to give the King's Office time to coordinate their activities and to review materials sent to them; which was sent over the weekend and therefore; I am not sure how much time they have had to review and act on it.  Therefore; I must be patient with them as well.

So; you see how everything the Police and Military are doing in resolving the cases is an inconvenience and jeopardizes me and the case because of having to call it in and take steps that should not be necessary.  Therefore; it is a problem for me and obviously you too as you might be anxious for me to call and discuss this, but not for me at the moment as you know and understand, due to the competing priorities that I have for today.

Alex Martinez
case_am_072015@aol.com



On Saturday, January 22, 2022, 2:54:34 PM EST, Alex Martinez <case_am_072015@aol.com> wrote:


Hi;

Further to my message below; if you find that the Prime Minister, Minister of Public Safety, Defense; or, someone in their offices will not stop and comply, please prosecute, charge and arrest them as well.

It could be that they are trapped themselves and need charges to get out of their own commitments; because many people are benefiting and advancing by appearing as though they hate me.  They are also doing it to obtain money, prizes and other luxury items from private backers and investors from private companies.

This occurred at the L'Oratoire Saint-Joseph du Mont-Royal with Warren Buffet and Microsoft and Apple.  It was uncovered as part of the Pedophilia and Child Pornography sting on them as images and videos of us were believed to have been found and created by them.

Therefore, he may need to be charged to keep money and to prove loyalty.  It is complicated, because it is being backed by very powerful people and ethnic groups, like the Israelis, Germans, Americans, Dutch, British, Belgian, Chilean and other Police and Militaries and the Vatican.  However; it is illegal and considered to be a "Hate Crime," and "Vigilantism" and can cause death and murder out of the greed and public movement that is created.  This is because they commit to giving huge amounts of money and it is done frivolously and for that it becomes a trap due to the public pressure associated with it.

They are simply not allowed to do it and if you can charge a Prince, a Queen, the Queen's Privy Council and the Governor General, then you can charge and arrest them as well.  The Prime Minister knows and understands this and will likely walk himself into jail if he has to, so that you keep laughing, but at the same time send the message that he himself is affected in unusual ways and has to stop and be honest.

He could be under pressure by a Political group, a Terrorist group and etc.  I know you understand; so just carry on and do it and recover the money and assets and return them to me; especially from them and the Archdiocese and L'Oratoire Saint-Joseph du Mont-Royal; as they got too much money for it and it is a massive crime to do.

The call will be placed when it is convenient and seeing as you have everything in writing and with the supporting evidence there is no rush for me to call; I know that.  Imagine; how is this done by not submitting and providing the documented evidence first..  In addition things have to be coordinated with the Kings Offices first as well, which is being done, so please be patient and I will try to call it in when I make time.  It is a burden and not a reliable and trusted way of doing it.  I had a bad experience when I had to call it in to the Toronto Police Department; so I am in some ways expecting the same garbage.

Have a good weekend and I will be in touch soon.

Re: Police Report; City of Winnipeg Police Services! Re: Update; Sunday...                    https://mail.aol.com/webmail-std/en-ca/PrintMes

Alex Martinez
case_am_072015@aol.com


-----Original Message-----
From: Alex Martinez <case_am_072015@aol.com>
To: filingscanning@ottawapolice.ca <filingscanning@ottawapolice.ca>
Sent: Fri, Jan 21, 2022 3:58 pm
Subject: Re: [EXTERNAL] We Have a Problem; the Toronto PD will Not Accept the Police Report and Charge for Fraud;
Whereas you Will. Can you Proceed? Re: Additional Evidence; Letter from C.S.I.S. Fwd: New Police Report to Investigate
a Service and Government Fra

Hi;

One last thing in the event that you are not an expert and you are dealing with ethnic issues and someone ignores you
and gives you trouble; or, even says you have a mental health issue, you can tell them that in the realm of Kings and
Queen's; Germany, Israel, India, Italy and some others; no longer have 'Kings' and Empires.

They have all been dissolved and taken over by me and my people and therefore; they have no power and authority in
that regard.  I am the Citizen that now owns them and oversees them along with Her Majesty the Queen of England and
the King of France; which is the highest at the moment, and below me if I were a King.  This is just in case you uncover
that you are dealing with people with mental health issues.

This is in the vent that you uncover a ethnic scandal involving this; or, a crazy person, so that you do not get lied too and
confused.

A Judge; or, someone from the Vatican and Military can be an expert at this and will get you to back down if you do not
know because they will make you appear to be mentally ill.  But it exists and there are very complicated laws to it.

This was all sorted out with the Canadian Military.  They helped me clarify it with their experts; so you can arrest on the
spot in this case and issue if they are committing Fraud and using issues of King and Queens to do it.  So go ahead and
do it if you need too and tell them to just shut up; because you can arrest a Prince; or, Queen, if you need to if it involves
issues of Royal Families and Kings and Queens; as wild as that may sound.

Tell them that they are playing a very dangerous game that they cannot win if they commit Fraud and Crimes in this regard
and since they think it is a Joke in their own minds; that is why I say to just tell them to shut up and to put their hands up
and to put the handcuffs on themselves, because they cannot carry on.

So you see; I get it, it can be funny and especially to them; but fundamentally, it is not a joke.  They can go to jail for life in
Canada and face the Death penalty in the United States of America for Treachery and Treason against the Queen; which
is in the Affidavit and accepted.

So I know you get it; so see what is going on, and hopefully you can stop it.  If you don't know, because it is an issue that
involves the King of France; even the Prime Minister and his office can be stopped and arrested for Fraud.

So; it was funny; but not really anymore and if they are getting money from it, please get it back and make arrangements
to transfer it to me and if the Prime Minister wants to carry on; tell him that you cannot, because I said I wanted him and
them to stop.

He will get it and understand and you will uncover that I have been working with him and his group for a long time and that
he has an issue with this case 'internally;' which is part of our internal investigation; because he is being undermined and
sabotaged and back stabbed over it.

Check and you will see that him and his office know about this and what is happening and need it stopped too; because
he has been framed over this case.  He might jump for joy and hug you and help you right away; so it could be a good
experience for you, but tell him I need the money and I need it right away.

Bye and have a good afternoon.

Alex Martinez

2/1/2022, 1:32

case_am_072015

-----Original Message-----
From: Alex Martinez <case_am_072015@aol.com>
To: filingscanning@ottawapolice.ca <filingscanning@ottawapolice.ca>
Sent: Fri, Jan 21, 2022 3:08 pm
Subject: Re: [EXTERNAL] We Have a Problem; the Toronto PD will Not Accept the Police Report and Charge for Fraud; Whereas you Will. Can you Proceed? Re: Additional Evidence; Letter from C.S.I.S. Fwd: New Police Report to Investigate a Service and Government Fra

Hello;

Your message was just received and I will give it a try; however, I am tied up at the moment preparing for some cases and one is in Washington, USA and the other for some of the same parties in the *Divisional Court* of the Superior Court of Justice in Ontario; file number: CVD-TOR-53-20JR

If you do not know; we already have a Judicial Review with the Office of the Independent Police Review Director for the same thing as they Rejected other reports for a CASE THAT IS AN "INTERNAL INVESTIGATION" WITH AT THAT POINT; THE OFFICE OF THE CHIEF JUSTICE OF THE SUPREME COURT OF CANADA.

That was put in Capital letters so that you can get a sense for the magnitude of the scandal and corruption in this case; because it was all done with the involvement of the investigators of the Supreme Court of Canada and other Police forces.  Therefore; it is impossible to fail!  You simply cannot; since the case was discovered to be an error and corrected and apologized for.

You simply cannot get it wrong; therefore, it was decided that anyone involved has to be Prosecuted and maybe since they cannot Charge and Prosecute themselves; that is why they will not accept the cases and keep rejecting it.  Which; I get it, can be funny and I have a good sense of humour, but something wrong happened and now it has to go through, because I need the money and we uncovered a very bad conspiracy and crime that severely affects foreign governments and that is why several embassies are involved and the matter has been escalated above Her Majesty the Queen to the Office of the King of France; who must have it stopped, cancelled and paid immediately.

Therefore; those participating from Her Majesty the Queen can be Prosecuted and Charged; such as from the Office of the Queen' Privy Council and the Senate and the Governor General' Office.

It is a disaster in that way; just so you understand and someone must do it and arrest the people in the Courts for not in some cases processing and stamping files and assigning a file number.

It can be something that simple; but it sure is now considered a serious offense.

Therefore; I will get to it and call the Centre as soon as I can and hopefully, they are open over the weekend; because it will be a lengthy conversation and call.

Just so that it is clear too; the Toronto PD are not bad either and I do not know why they will not accept the reports and the Chief's are good too.  Mark Saunders; I believe woke me up at the Airport to inform me that the World Bank is looking for me; as they were assisting in the investigation at one point; so it doesn't make sense that the reports are being rejected and that they will not do the work.  I could not recognize Chief Saunders; so it is not clear if it was him; or, not.

Therefore; something is wrong and to do that for a hand full of people; makes no sense whatsoever.

That is the background for the case and the test now is; who do you go to?  Because Charges must be laid and monies and assets must be recovered; as it is the law and it was not respected.  Maybe the Office of the Chief is being intimidated for Political reasons and they know they must do it, but cannot.  Do you understand?  Maybe they are afraid!

If led by the Chief Justice of the Supreme Court and their investigators, then they are doing such bad work that we believe that a conspiracy consists that involve spying at the Israeli and German government level and in their jobs; which is illegal and they cannot do this and this is why those governments are involved; because they are not Citizens and they are doing it in their Countries; which is extremely illegal.

It affects their National Security and the National Security of Canada and that is why it has to be done.

Re: Police Report; City of Winnipeg Police Services! Re: Update; Sunday...                https://mail.aol.com/webmail-std/en-ca/PrintMes

It is to say that they have caused Terrorism and crimes in Israel, Germany, the United States of America and other nations for participating and not stopping it; so there is no choice now but to deal with it; because it is not funny and instead a sick and deranged joke done by a mastermind that with a lot of legal experience; like a Judge.  It is to say that after all; it was uncovered that they made the whole thing up and now they are caught as they were doing it under the pretense and guise of a joke and a comedy that plays out in their own minds.

Due to this and just so that you are aware; the Office of the King will know and if it someone from their level and office; or, higher is responsible, you will have to let me know as there is already an internal investigation in the highest Kings Office on earth; because it is being done and supported by a Rogue staff and employee that is doing something against their own Citizen, because I come from that background.  I am am a Citizen from the highest on earth and they are required under law to stop, support me, prosecute and compensate me under these circumstances when it is fraud.

Look into it and you will see; so it is very strange what is occurring.  They say that there have been cases where in a Queen case a Queen employee; like an Ambassador, might do something senseless and out of the scope of their laws because it does not affect their Citizens; or, because they have the discretion to do it because they have the latitude to do it as they can in some cases do it at a "Whim."  But not when it is their Citizen.

They must protect their Citizen and an example of it is that what if it were you and you are British; or, French and Belgian in Canada.  The Office of the King with the Jurisdiction from England, France and Belgium; would have to Prosecute, Pay and Charge when Fraud occurs.  It is the law for them and if they do not do it; then they can be charged and prosecuted.

You get it?  It is a complicated one.  I will send them a copy of this; so that you can get some support and hopefully that will assist you in Prosecuting those involved.

Bye and thank you!

Alex Martinez
case_am_072015@aol.com

-----Original Message-----
From: Filing.Scanning <filingscanning@ottawapolice.ca>
To: Alex Martinez <case_am_072015@aol.com>
Sent: Fri, Jan 21, 2022 7:54 am
Subject: RE: [EXTERNAL] We Have a Problem; the Toronto PD will Not Accept the Police Report and Charge for Fraud; Whereas you Will. Can you Proceed? Re: Additional Evidence; Letter from C.S.I.S. Fwd: New Police Report to Investigate a Service and Government Fra

Unclassified

Unclassified

Hello,

We require a permanent report number in order to process the information you submitted.  Please re-submit your email and attachments if/when a permanent report number is provided to you by the Call Centre and be sure to include the permanent report number in the subject line of the email.

Please note that the information contained in your email related to the Temporary Report Number will not be retained.

Re: Police Report; City of Winnipeg Police Services! Re: Update; Sunday...                    https://mail.aol.com/webmail-std/en-ca/PrintMes

If you have any questions regarding the status of the online report you submitted, you may call the Call Centre @ (613) 236-1222 X 7300.

Thanks,
Filing/Scanning

---

**From:** Alex Martinez <case_am_072015@aol.com>
**Sent:** Thursday, January 20, 2022 1:47 PM
**To:** Filing.Scanning <filingscanning@ottawapolice.ca>
**Subject:** [EXTERNAL] We Have a Problem; the Toronto PD will Not Accept the Police Report and Charge for Fraud; Whereas you Will. Can you Proceed? Re: Additional Evidence; Letter from C.S.I.S. Fwd: New Police Report to Investigate a Service and Government Frau...

**Caution:This Email is from an EXTERNAL source. Ensure you trust this sender before clicking on any links or attachments. The Original Sender of this email is case_am_072015@aol.com**

To whom it may concern;

We have a problem!  The Toronto PD will not accept the Police Report and prosecute for Fraud.  The reports were done online and by phone and they still rejected them; which they cannot.  Therefore; we suspect and perceive this as evidence of corruption, conspiracy and further evidence of Fraud.

A complaint was filed to the Office of the Independent Police Review Director (O.I.P.R.D.) and they attempted to justify exercising poor discretion and judgment by stating that it is out of "Public Interest;" which it cannot be; especially now that the case involves acts of Pedophilia and the circulation of Child Pornography.

They might believe that the justification is because it is a "Queen" case; but it cannot be, because I have a Her Majesty the Queen case in the Supreme Court of Canada (Alex Martinez v. Her Majesty the Queen, et al., File Number: 38563 [scc-csc.ca]) and therefore; they cannot use that for protection and to deny access; or, to reject a report out of National Security issues.

Once a Queen case is in the Courts; everything must stop and be discovered.  In addition; they as an organization and operation; support me as they are well aware that the case is a Fraud and therefore they cannot participate in it for any reason whatsoever.  Especially since anyone involved can be charged and prosecuted for Treachery and Treason against the Queen; which is stated in the Affidavit.

In addition; for exercising poor discretion and judgment and for not doing their jobs a complaint has been filed with the Ministry of Attorney General of Ontario, which is attached, as they oversee the operation of the (O.I.P.R.D.).

Therefore; out of national interested and security please proceed with an investigation and prosecute those in the Court and the Police who continue to not comply with the Criminal Code of Canada while in their positions, role; or, on duty.

Thank you!

Sincerely,


Alex Martinez
case_am_072015@aol.com


-----Original Message-----
From: Alex Martinez <case_am_072015@aol.com>
To: filingscanning@ottawapolice.ca <filingscanning@ottawapolice.ca>
Sent: Tue, Jan 4, 2022 6:58 am
Subject: Additional Evidence; Letter from C.S.I.S. Fwd: New Police Report to Investigate a Service and Government Fraud In the Supreme Court of Canada! Please Pursue and Prosecute Now and Return All Monies, Assets and Proceeds of Crime! Re: Report File Number T21019910; Re: Attached is the Evidence For

Re: Police Report; City of Winnipeg Police Services! Re: Update; Sunday...                    https://mail.aol.com/webmail-std/en-ca/PrintMes

This Case and Report! Fwd: Your Online Police Report T21019910 Has Been Submitted

To whom it may concern;

For additional information and evidence for the successful prosecution of every person and organization involved and the recovery of all assets, monies and proceeds of crime; please refer to the attached letters from the Canadian Security Intelligence Services.  It does not only outline and identify the crimes and issues of this case now; but also, since I was a child.  Therefore; you will be able to prosecute and charge for medical abuse, pedophilia, voyeurism, child pornography, acceleration of death and other very serious crimes that have occurred to me and my family.

You will also be able to use it to prosecute the Courts, Justices, Staff and Officers for not only Service and Government Fraud; but also for violations of the Criminal Code against me and Her Majesty; which include Treason,Treachery and matters involving violations of The Canadian Charter of Rights and Freedoms and the Canadian Bill of Rights.

Good luck and please move quickly on this.

Should you have any questions; or, concerns, please contact me by return e-mail at:
case_am_072015@aol.com

Sincerely;


Alex Martinez
case_am_072015@aol.com


-----Original Message-----
From: Alex Martinez <case_am_072015@aol.com>
To: filingscanning@ottawapolice.ca <filingscanning@ottawapolice.ca>
Sent: Mon, Jan 3, 2022 6:20 pm
Subject: New Police Report to Investigate a Service and Government Fraud In the Supreme Court of Canada! Please Pursue and Prosecute Now and Return All Monies, Assets and Proceeds of Crime! Re: Report File Number T21019910; Re: Attached is the Evidence For This Case and Report! Fwd: Your Online Police Report T21019910 Has Been Submitted

To whom it may concern;

Please see the attached New Police Report and evidence in connection to this case.  The Service and Government Fraud have gotten worse and the Toronto PD keep rejecting the reports; when they are required to accept them, as per your e-mail message below.

It is very clear that they must under the law accept the report and if you do not know; like you and your Police, other Police forces are now accepting more complicated cases online as well.

This one is particularly important; because the evidence is included as attachments; which they need.  This was part of a big issue when the report for file number: T21019910 was later phoned in at their request and not taken seriously because the evidence could not be included.  This was subsequently reported to the Office of the Chief of Police for the Toronto PD; where they were asked to investigate and initiate disciplinary action.

Therefore; you will have to lead them and pursue both cases and ask them to send me confirmation that they have accepted both reports and  numbers; T21019910 and T22000285

Due to this problem; if you do not know, the Toronto PD has been listed in a Court case in the Supreme Court of Canada and for no reason; which is also part of an internal investigation and that is why the Office of the Chief is so helpful and accommodating as they also desperately need this case to stop; for it has endangered their Police officers and Police force.

The former Police Chief; Mark Saunders was particularly affected by it and so is the current Police Chief and therefore; there is a vested interest in all of us to prosecute the Court and their Officers for being remiss of their

Re: Police Report; City of Winnipeg Police Services! Re: Update; Sunday...                    https://mail.aol.com/webmail-std/en-ca/PrintMes

duties.  It is cases like this where the court fails to make a proper decision and award and do not prosecute in a child death case; or, a case simply falls apart and is dismissed for no reason; when it is very clear that a crime has occurred.  Therefore; please pursue it and lead the Toronto PD as Her Majesty also supports the internal investigation and clearly the Toronto PD in this case are plagued with issues and problems in their "Reporting" system, procedures and processes.

Thank you and please advise if you have any further questions and concerns as I am available by return e-mail at: case_am_072015@aol.com

Sincerely;

Alex Martinez
case_am_072015@aol.com

-----Original Message-----
From: Alex Martinez <case_am_072015@aol.com>
To: Filing. Scanning <filingscanning@ottawapolice.ca>
Sent: Tue, Nov 9, 2021 3:54 pm
Subject: Report File Number T21019910; Re: Attached is the Evidence For This Case and Report! Fwd: Your Online Police Report T21019910 Has Been Submitted

To whom it may concern;

The Ottawa Police responded and advised that the matter must be forwarded to the Toronto Police; as that is my place of residence.

This was my understanding; and a copy of the report was filed several days ago; however, out of an internal investigation they were found to fail the process, as their Online Reporting system went offline when the report was filed and to my knowledge; it has not been restored as of yet.

In addition; we have found them to be remiss of their duties and afraid to take on the case; or, simply not capable and at a level where they can be successful at not colluding and being impartial and prosecuting those at the Court.

It could be the same for your Police as based on this report, you could be inept and a failure as well and prefer to participate in the homosexual misconduct, pedophilia and child pornography discovered in the Police and Government, because that is the direction that you are going.

Therefore; the case is being transferred to them.  In the meantime; the file number they provided is: T21019910

They did not say; or, indicate whether it is temporary; or, not.  Let us hope that it is done properly this time; however, and for the moment, the action and response of your Police services and office is not only deemed a failure; but in connection to a very serious Constitutional Violation case.

Since the case is a Constitutional Violation and well known mistake, that has been corrected; every police and military and national security organization in Canada and internationally; must stop all actions and investigations and monitoring on me and my family and extended family.

It is the law and if it continues; then your Officers, Police Force and Military are subject to action and prosecution.  Therefore; please do a search and make sure that every Police, Military, National Security and other organization and third party have stopped completely; for you are required legally to do so.

Regards;

Alex Martinez
case_am_072015@aol.com

Re: Police Report; City of Winnipeg Police Services! Re: Update; Sunday...                    https://mail.aol.com/webmail-std/en-ca/PrintMes

On Tuesday, November 9, 2021, 10:18:47 AM EST, Filing. Scanning <filingscanning@ottawapolice.ca> wrote:

Protected B

Hello,

We require a permanent report number in order to process the information you submitted.  Please re-submit your email and attachments if/when a permanent report number is provided to you by the Call Centre and be sure to include the permanent report number in the subject line of the email.

Please note that the information contained in your email related to the Temporary Report Number will not be retained.

If you have any questions regarding the status of the online report you submitted, you may call the Call Centre @ (613) 236-1222 X 7300.

Thanks,
Filing/Scanning

---

**From:** Alex Martinez <case_am_072015@aol.com>
**Sent:** Monday, November 08, 2021 6:06 PM
**To:** Filing.Scanning <filingscanning@ottawapolice.ca>
**Subject:** Attached is the Evidence For This Case and Report! Fwd: Your Online Police Report T21019910 Has Been Submitted

To whom it may concern;

Please see the attached; which is evidence for this Online Police Report.

Should you have any questions; or, concerns, please do not hesitate to contact me by return e-mail at: case_am_072015@aol.com

Sincerely;

Alex Martinez
case_am_072015@aol.com

-----Original Message-----
From: OnOttawaPs@coplogic.com
To: case_am_072015@aol.com
Sent: Mon, Nov 8, 2021 5:57 pm
Subject: Your Online Police Report T21019910 Has Been Submitted

Thank you, your online police report has been submitted.  It will be reviewed within the next 24 hours.

Temporary report #: T21019910.

Next steps:
-   Your report is approved/processed and will be assigned a permanent report #
-   Your report is not complete and we require more details; or
-   Your report was not approved due to not meeting the online reporting criteria (link to OPS webpage)

Not all reports are assigned for investigation.  The information is compiled in a database to help identify patterns and trends in order to assist in strategic and proactive policing in our neighborhoods. You may or may not be contacted depending on the nature of your complaint, or if more information is required.

You may want to pursue the matter through the courts (the criminal investigation is looking to identify the subject and charge them, the police cannot recover money lost).  Link to FAQ (Civil vs Criminal)

After a court proceeding, should the judge find the subject guilty, there is no guarantee that restitution is part of the sentencing.

Report to Canadian Anti-Fraud Centre, especially for out of country frauds at www.antifraudcentre-centreantifraude.ca [antifraudcentre-centreantifraude.ca] or 1-888-495-8501.

The decision to investigate your complaint will be based on the following factors:
A-   Solvability factors
B-   Amount of loss
C-   Number of complaints received
D-   Consultation with the Crown Attorney when required

You may or may not receive a call back from an investigator based on the above solvability factors.

Should you have pictures or files to attach to your report, please retain them and further direction will be provided to you once your file is reviewed and approved.  Videos must be burned on a DVD or saved on a USB stick and kept until requested by the investigating officer.

http://www.ottawapolice.ca/en/contact-us/FAQs-about-Online-Reporting.asp

Thank you for using our online reporting system.

The Ottawa Police Service (OPS) is committed in providing a quality customer service experience.  We are conducting a brief survey to gather feedback on the OPS online reporting system.  Please take a few minutes of your time to complete.  We thank you for your input.

Please click on the below link to begin the survey:

https://chkmkt.com/OPS_Online_Reporting_2019 [chkmkt.com]

Online Reporting Unit

Ottawa Police Service

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

Protected B

**From:** case_am_072015@aol.com,
**To:** paul.crampton@fct-cf.ca, fc_reception_cf@cas-sat.gc.ca,
**Cc:** filingscanning@ottawapolice.ca,
**Subject:** Re: You are Remiss and Negligent! Please Investigate! Re: What is Happening with These Cases? Why Are They Not Filed! Re: Why Has This Not Been Processed? Re: You are taking too long to respond and file these cases! Fwd: Registry Failure; There has been No Response; or, File Number Assigned! Why? Fw: For Filing; No File, 3rd Complaint and Requisition for the Office of the Chief Administrator, Alex Martinez v. Canadian Security Intelligence Service & Canada Revenue Agency Fwd: No Response and Confirmation of Filing from W. Sawtell - Fwd: e-mailed documents; No, You are Wrong!!! Under COVID-19 and the Practice Directions it was advised to file by E-mail!
**Date:** Sat, Feb 5, 2022 10:50 am

Attention the Honourable Paul S. Crampton;

Charges have been requested against you and the Staff for a Service Fraud for not processing the cases through the Ottawa Police and other Police Forces.

The Office of the Independent Police Review Director is being charged as well for not fulfilling their mandate and duties and for their participation in the Fraud as well.

You were part of the Internal Investigation and therefore; this should not have happened.

You are liable and culpable for damages.  Please comply!

Alex Martinez
case_am_072015@aol.com


On Monday, January 31, 2022, 7:26:36 PM EST, Alex Martinez <case_am_072015@aol.com> wrote:


To whom it may concern;

Re:      Registry; Ottawa
         The Cases Have Defaulted, For Filing, 4th Complaint and Requisition for the Office of the Chief Administrator
         Cases: Alex Martinez v. Canadian Security Intelligence Service & Alex Martinez v. Canada Revenue Agency

Why have you not processed and filed these cases?  It was filed properly and by e-mail; which was permitted and a requirement at the time.  For your errors and mistakes; please remove the Fees.  You cannot charge Fees if you did not process the files and case properly, on time and in accordance to the Rules.

Therefore; you are remiss of your duties and subject to a Complaint and Investigation and therefore request that the Honourable Paul Crampton and his office investigate and issue an Award, damages and Costs as this case has Defaulted as a result of the negligence of the Court Registry and their Officers.

Alex Martinez
case_am_072015@aol.com


-----Original Message-----
From: Alex Martinez <case_am_072015@aol.com>
To: fc_reception_cf@cas-satj.gc.ca <fc_reception_cf@cas-satj.gc.ca>
Sent: Sun, Jan 9, 2022 12:45 pm
Subject: What is Happening with These Cases? Why Are They Not Filed! Re: Why Has This Not Been Processed? Re: You are taking too long to respond and file these cases! Fwd: Registry Failure; There has been No Response; or, File Number Assigned! Why? Fw: For Filing; No File, 3rd Complaint and Requisition for the Office of the Chief Administrator,

Alex Martinez v. Canadian Security Intelligence Service & Canada Revenue Agency Fwd: No Response and Confirmation of Filing from W. Sawtell - Fwd: e-mailed documents; No, You are Wrong!!! Under COVID-19 and the Practice Directions it was advised to file by E-mail!

To whom it may concern;

Re:     Registry; Ottawa
        The Cases Have Defaulted, For Filing, 3rd Complaint and Requisition for the Office of the Chief Administrator
        Cases: Alex Martinez v. Canadian Security Intelligence Service & Alex Martinez v. Canada Revenue Agency

These cases were filed properly and no file number has been assigned.  Now it is too late.

Please contact me to discuss payment and compensation and resolution to these cases.

Alex Martinez
case_am_072015@aol.com


On Thursday, December 9, 2021, 6:26:28 PM EST, Alex Martinez <case_am_072015@aol.com> wrote:


To whom it may concern;

Re:     Registry; Ottawa
        For Filing; 3rd Complaint and Requisition for the Office of the Chief Administrator
        Cases: Alex Martinez v. Canadian Security Intelligence Service & Alex Martinez v. Canada Revenue Agency

Everything was submitted and filed properly.  Why has the File Number not been assigned?  The documents were entered by e-mail which is required and permissible during the Pandemic.

Please respond and justify the delay; as you cannot avoid and ignore me.  If you do not; then you are subject a another complaint and prosecution for a "Service Fraud."

Alex Martinez
case_am_072015@aol.com



-----Original Message-----
From: Alex Martinez <case_am_072015@aol.com>
To: fc_reception_cf@cas-satj.gc.ca <fc_reception_cf@cas-satj.gc.ca>
Sent: Thu, Nov 25, 2021 5:18 pm
Subject: You are taking too long to respond and file these cases! Fwd: Registry Failure; There has been No Response; or, File Number Assigned! Why? Fw: For Filing; No File, 3rd Complaint and Requisition for the Office of the Chief Administrator, Alex Martinez v. Canadian Security Intelligence Service & Canada Revenue Agency Fwd: No Response and Confirmation of Filing from W. Sawtell - Fwd: e-mailed documents; No, You are Wrong!!! Under COVID-19 and the Practice Directions it was advised to file by E-mail!

To whom it may concern;

Re:     Registry; Ottawa
        For Filing; 3rd Complaint and Requisition for the Office of the Chief Administrator
        Cases: Alex Martinez v. Canadian Security Intelligence Service & Alex Martinez v. Canada Revenue Agency

You are taking too long to respond and file these cases!  There is no excuse for this as they were filed properly and the payment was made on time as well.

Now you are deemed to have 'Defaulted' and must issue compensation for the damage and loss that has occurred.

Re: You are Remiss and Negligent! Please Investigate! Re: What is Happ...                  https://mail.aol.com/webmail-std/en-ca/PrintMess

Alex Martinez
case_am_072015@aol.com


-----Original Message-----
From: Alex Martinez <case_am_072015@aol.com>
To: fc_reception_cf@cas-satj.gc.ca <fc_reception_cf@cas-satj.gc.ca>
Sent: Thu, Nov 11, 2021 10:09 am
Subject: Registry Failure; There has been No Response; or, File Number Assigned! Why? Fw: For Filing; No File, 3rd
Complaint and Requisition for the Office of the Chief Administrator, Alex Martinez v. Canadian Security Intelligence
Service & Canada Revenue Agency Fwd: No Response and Confirmation of Filing from W. Sawtell - Fwd: e-mailed
documents; No, You are Wrong!!! Under COVID-19 and the Practice Directions it was advised to file by E-mail!

To whom it may concern;

Re:     Registry; Ottawa
        For Filing; 3rd Complaint and Requisition for the Office of the Chief Administrator
        Cases: Alex Martinez v. Canadian Security Intelligence Service & Alex Martinez v. Canada Revenue
Agency

There has been no activity, reply and movement on these cases; or, a file number assigned, when the
payment has been sent.  Now it is too late to assign one.

Please advise and respond with an update and information.

Regards,


Alex Martinez
case_am_072015@aol.com


----- Forwarded Message -----
**From:** Alex Martinez <case_am_072015@aol.com>
**To:** fc_reception_cf@cas-satj.gc.ca <fc_reception_cf@cas-satj.gc.ca>
**Sent:** Friday, October 29, 2021, 3:53:25 PM EDT
**Subject:** For Filing; No File, 3rd Complaint and Requisition for the Office of the Chief Administrator, Alex Martinez v.
Canadian Security Intelligence Service & Canada Revenue Agency Fwd: No Response and Confirmation of Filing from W.
Sawtell - Fwd: e-mailed documents; No, You are Wrong!!! Under COVID-19 and the Practice Directions it was advised to
file by E-mail!

To whom it may concern;

Re:     Registry; Ottawa
        For Filing; 3rd Complaint and Requisition for the Office of the Chief Administrator
        Cases: Alex Martinez v. Canadian Security Intelligence Service & Canada Revenue Agency

Please find enclosed for filing the 3rd Complaint to the Office of the Chief Administrator as the Registry has failed to
process my Applications for the Canadian Security Intelligence Service and the Canada Revenue Agency.

Mr. Wayne Sawtell and Macena have failed in their duties and are remiss and therefore; you are required to investigate
and discipline and  suspend; or, terminate their employment for the issues, problems and delays that have occurred
that have jeopardized the cases of Alex Martinez v. Canadian Security Intelligence Service and Alex Martinez v.
Canada Revenue Agency.

For these issues and delay; the Court is now required to issue a Default Judgment to me; the Applicant, Alex Martinez

for the delays, problems and issues that have resulted from what has occurred.

The terms of the Damages and Costs requested have been outlined in the Affidavits and therefore; please refer to them to determine the compensation required for this case.

Sincerely,

Alex Martinez
case_am_072015@aol.com

-----Original Message-----
From: Alex Martinez <case_am_072015@aol.com>
To: wayne.sawtell@cas-satj.gc.ca <wayne.sawtell@cas-satj.gc.ca>; fc_reception_cf@cas-satj.gc.ca <fc_reception_cf@cas-satj.gc.ca>
Sent: Fri, Oct 29, 2021 1:06 pm
Subject: No Response and Confirmation of Filing from W. Sawtell - Fwd: e-mailed documents; No, You are Wrong!!! Under COVID-19 and the Practice Directions it was advised to file by E-mail!

Dear Mr. Sawtell;

Have you filed the documents and created the file numbers as required?  You have not sent confirmation as requested.

This is seen as a performance issue and the sign of a lack of couth and character and professional conduct as required for your role; as you are a public servant and required to "serve, bow and obey;" when there is a rule and protocol in place that you cannot break and violate in the same way as a Police Officer; when there is no offense and crime.

Thus a formal complaint and Court Martial is qualified as this juncture; if there is no response and you refuse to cooperate.

Alex Martinez
case_am_072015@aol.com

-----Original Message-----
From: Alex Martinez <case_am_072015@aol.com>
To: Sawtell, Wayne <wayne.sawtell@cas-satj.gc.ca>; fc_reception_cf@cas-satj.gc.ca <fc_reception_cf@cas-satj.gc.ca>
Sent: Thu, Oct 28, 2021 12:58 pm
Subject: Re: e-mailed documents; No, You are Wrong!!! Under COVID-19 and the Practice Directions it was advised to file by E-mail!

Hello Mr. Sawtell;

Further to this are you aware of what happened with Mr. Macena, the other Court Registry Officer?

He rejected a filing that was done by Electronic Filing because there is no file number and when there is no file number; you cannot file anything but the Application.

Therefore; it all was sent back to the Registry, which you have because it has to be filed by e-mail.

Thus you are required to file everything that you have manually and create file numbers and then following that; with the new file numbers all future filings can be done by e-filing now that the e-filer is fixed.

However, based on the current Practice Directions, this is not required and for this reason you must file everything that was sent by e-mail now!

Please do it today and send confirmation.  Complaints about your performance and inability to do your job properly have already been filed; because these are not cases that can fail for any reason; or, for any person.

Alex Martinez
case_am_072015@aol.com

On Wednesday, October 27, 2021, 7:00:05 PM EDT, Alex Martinez <case_am_072015@aol.com> wrote:


Hello Mr. Sawtell;

At the time due to COVID-19 and the practice directions; which are still in place, we were advised to file by e-mail.  Therefore, you must accept it now; while another complaint is filed against you for poor performance issues to the Office of the Chief Administrator for a Court Martial.

There are big implications to what you suggest and therefore; it is not appropriate and cannot be done.

Please confirm tomorrow morning that it is filed on this basis while the complaint is entered; as your removal from this case is being sought.

Alex Martinez
case_am_072015@aol.com

On Wednesday, October 27, 2021, 3:57:06 PM EDT, Sawtell, Wayne <wayne.sawtell@cas-satj.gc.ca> wrote:


Hello Mr. Martinez,

The Federal Court Registry is in receipt of 6 pdf documents e-mailed by you. One set of 3 names the CRA in a new proceeding and the other set of 3 names CSIS in a new proceeding. However, no such proceedings have been filed by you. Please use the Federal Court e-filing portal to initiate any new proceedings and to file documents on established proceedings.

Yours,

*Wayne Sawtell*

Wayne Sawtell
Registry Officer / Agent du greffe
Federal Court / Cour fédérale
90 Sparks St. / 90, rue Sparks
Ottawa, ON K1A 0H9

WINNIPEG POLICE SERVICE SUMMARY SUPPLEMENT REPORT

**REPORT NUMBER: E210029462**



## INCIDENT INFORMATION

| INCIDENT CODE | INCIDENT TYPE | INITIAL | DATE/TIME STARTED | DATE/TIME ENDED | DATE/TIME REPORTED |
|---|---|---|---|---|---|
| SR | Supplemental Report | SUPP  X | 1973-01-16 12:00 AM | 2022-02-10 06:00 AM | 2022-02-10 05:47 PM |
| REPORT FILED FROM | TRACKING NUMBER | LOCATION OF OCCURRENCE | | | APPROVED BY: |
| *** | T22005318 | 352 Belmont AVENUE, Winnipeg, MB | | | *** |
| LOCATION TYPE | THEFT TYPE | METHOD OF ENTRY | METHOD OF EXIT | PT OF ENTRY | PT OF EXIT | ENTRY LOC |

## PERSON LISTINGS

| | TYPE | LAST NAME | FIRST NAME | MIDDLE NAME | DOB | RACE | SEX | DRIVER LIC NO | LIC ST |
|---|---|---|---|---|---|---|---|---|---|
| 1 | REP | Martinez | Alex | | *** | | * | | |
| | SSN | ETHNICITY | RESIDENT | EYE COLOR | HAIR COLOR | AGE | HEIGHT | WEIGHT | CELL PHONE |
| | EMAIL | | RESIDENCE ADDRESS | | | | HOME PHONE | | |
| | case_am_072015@aol.com | | *** | | | | *** | | |
| | EMPLOYER NAME | | BUSINESS ADDRESS | | | | BUSINESS PHONE | | |
| | | | *** | | | | | | |

## NARRATIVE

Hello again everyone!  My hope is that everyone is well.

It appears that we are making progress in finding whom and where files have been circulated throughout the world.  Thank you for this.  Since it is a Her Majesty the Queen case in the Courts; it is very important that you do a thorough search and stop it everywhere.  Therefore; you will have to expand the list of embassies to contact to the embassy of Russia, Germany, Ireland, Australia, New Zealand, Somalia, Jordan, Saudi Arabia, Nigeria, Zimbabwe and others that you can find in the Middle East and Africa.  It is no joke; links were found to the African Security Council and that they have images, records and videos that constitute Pedophilia and Child Pornography from the City of Winnipeg Police Service, the Province and other Police forces.  It is terrible; but you have to do it and retrace your steps and have someone apologize as it was spread all over the earth.  Furthermore; in addition to Fraud charges, please pursue Treason and Treachery charges as per the case of Alex Martinez v. Her Majesty the Queen, et al. on all organizations and officers and officials involved including the Department of National Defense; who can also be charged for Fraud.  You unfortunately will have to do that too and see if you can do the same to the Ottawa and Toronto PD and the Office of the Independent Police Review Director and Justice Corbett from the Courts of Ontario.  We just found out that they are violating the laws under the pretence of a QUEEN and KING investigation; which is not true and they cannot do.   If you do not know Treason and Treachery charges is a lifetime in jail in Canada and the death penalty in the United States.  The Courts in the United States are pursuing the charges there.  Good luck.  This is your opportunity to turn the case around and do things right!  Have a good night!

Alex

Re: File No 562/20 Martinez v. Office of the Independent Police Review...          https://mail.aol.com/webmail-std/en-ca/PrintMes

   **From:** case_am_072015@aol.com,
      **To:** Morvarid.Shojaei@ontario.ca, SCJ-CSJ.Divisional@ontario.ca,
      **Cc:** Ambika.Rana2@ontario.ca, dcorbett@judicom.ca,
 **Subject:** Re: File No 562/20 Martinez v. Office of the Independent Police Review Director
   **Date:** Thu, Feb 10, 2022 6:20 pm

Hello again!

You are using "QUEEN" and "KING" to violate all of the laws and dismiss cases and you cannot!

Check what is happening with Alex Martinez v. Her Majesty the Queen and you will see that you face treason, fraud and treachery charges if you do this.

You cannot do it and therefore; you have to destroy all of the images, photos, records and files that you obtained illegally and under their pretense.

Do you know that they themselves have been affected by this case and by people doing this?  I am not kidding either and the QUEEN is not the highest authority in the world; or, Canada and therefore you can be charged if you use this as an excuse to break laws and make queer and strange decisions.

What are you going to do and say now?  How are you going to explain yourselves?  You cannot; so now what?  Think about it!

Alex Martinez
case_am_072015@aol.com


-----Original Message-----
From: Alex Martinez <case_am_072015@aol.com>
To: Morvarid.Shojaei@ontario.ca <Morvarid.Shojaei@ontario.ca>; SCJ-CSJ.Divisional@ontario.ca <SCJ-CSJ.Divisional@ontario.ca>
Cc: Ambika.Rana2@ontario.ca <Ambika.Rana2@ontario.ca>
Sent: Thu, Feb 10, 2022 6:00 pm
Subject: Re: File No 562/20 Martinez v. Office of the Independent Police Review Director

Hello;

Was this not the issue in the Application Record for the OIPRD?  They were asked to make a small amendment in a gentlemanly way and they refused.  Is that normal?

Based on this practice and philosophy the Courts should disregard the comment of Counsel below.

It causes errors in the Registry and in the judicial process and that is why Counsel is concerned and on this basis, he should have made the Amendments requested without hesitation if it is in the Rules and he expects the Registry to do the same now.

That is why; there could be a problem in the decision making process and operation of the Courts and that is why it is being Appealed and this is evidence of it for Justice Corbett; as it proves that my request is reasonable and a common practice that is adhered to internationally and to have it dismissed is a sign of a disease in the Courts that must be stopped.

Think about it; because you are wasting the courts time along with mine and this is evidence that I am wholly correct in my position and with my intentions of addressing the problem as I know with certainty that you have documents that have been misplaced and lost because they have not been titled properly and referenced as per the Rules.

This is not to criticize; but to point out that I am not wrong in my decision to raise the issue and submit an Appeal.

Also; if by chance the Courts decision and the OIPRD's decision is to dismiss the case under the pretense that it is a

Re: File No 562/20 Martinez v. Office of the Independent Police Review...                    https://mail.aol.com/webmail-std/en-ca/PrintMes

"Queen case;" you cannot and if you do, then you are subject to Fraud charges as it does not qualify for a Queen investigation and it cannot be supported as such by their office; or, any other office. This is as per the case of Alex Martinez v. Her Majesty the Queen and therefore, you face treason and treachery charges if you continue on this basis.

Therefore; you have no explanation for dismissing the cases; or, cause if it is not a Queen case.

Do you understand? Now you must prove why you are doing it and you cannot use 'Queen;' or, King to substantiate it.

Alex Martinez
case_am_072015@aol.com


-----Original Message-----
From: Shojaei, Morvarid (MAG) <Morvarid.Shojaei@ontario.ca>
To: SCJ-CSJ Divisional <SCJ-CSJ.Divisional@ontario.ca>; case_am_072015@aol.com <case_am_072015@aol.com>
Cc: Rana, Ambika (MAG) <Ambika.Rana2@ontario.ca>
Sent: Thu, Feb 10, 2022 2:22 pm
Subject: RE: File No 562/20 Martinez v. Office of the Independent Police Review Director

Good afternoon,

I would like to bring to your attention that the file number noted on the decision is the temporary number that had been assigned to this matter earlier. To my understanding, the file number is 562/20 – which is referenced above.

Thank you very much,


**Morvarid Shojaei** (*she/her*)
Counsel
Office of the Independent Police Review Director
655 Bay Street, 10th  Floor
Toronto, Ontario, M7A 2T4
T: (437) 990-7645
Morvarid.shojaei@ontario.ca | www.oiprd.on.ca


This e-mail message and any attachments are intended only for the above mentioned recipient(s) and may contain information that is confidential and solicitor-client privileged. If you have received this message in error, please notify me immediately and delete this e-mail and any attachments without viewing, copying, distributing or disclosing its contents.


**From:** SCJ-CSJ Divisional <SCJ-CSJ.Divisional@ontario.ca>
**Sent:** February 9, 2022 1:20 PM
**To:** case_am_072015@aol.com; Shojaei, Morvarid (MAG) <Morvarid.Shojaei@ontario.ca>
**Subject:** File No 562/20 Martinez v. Office of the Independent Police Review Director

Good Afternoon,

**\*This email is not for correspondence and is being used to give notice of a Divisional Court release only\***

Attached please find a copy of the decision for the above mentioned matter.

<u>Please acknowledge receipt by return email.</u>

**<u>If you have any questions or concerns about this or any other matter, please contact the Toronto Divisional Court at <u>scj-csj.divcourtmail</u>@<u>ontario.ca</u>.</u>**

Sincerely,

**Taylor MacIver**
**Divisional Court Toronto**
**130 Queen Street West**
**Osgoode Hall – Room 174**
**Toronto, Ontario**
**M5H 2N5**
**Phone: (416) 327-5100**
**Fax: (416) 327-5549**

WINNIPEG POLICE SERVICE SUMMARY SUPPLEMENT REPORT

**REPORT NUMBER: E210029462**



## INCIDENT INFORMATION

| INCIDENT CODE | INCIDENT TYPE | INITIAL SUPP | | DATE/TIME STARTED | DATE/TIME ENDED | DATE/TIME REPORTED |
|---|---|---|---|---|---|---|
| SR | Supplemental Report | | X | 1973-01-16 12:00 AM | 2022-02-19 01:30 PM | 2022-02-19 01:51 PM |

| REPORT FILED FROM | TRACKING NUMBER | LOCATION OF OCCURRENCE | | APPROVED BY: |
|---|---|---|---|---|
| *** | T22006524 | 352 Belmont AVENUE, Winnipeg, MB | | *** |

| LOCATION TYPE | THEFT TYPE | METHOD OF ENTRY | METHOD OF EXIT | PT OF ENTRY | PT OF EXIT | ENTRY LOC |
|---|---|---|---|---|---|---|
| | | | | | | |

## PERSON LISTINGS

| | TYPE | LAST NAME | FIRST NAME | MIDDLE NAME | DOB | RACE | SEX | DRIVER LIC NO | LIC ST |
|---|---|---|---|---|---|---|---|---|---|
| 1 | REP | Martinez | Alex | | *** | | * | | |
| | SSN | ETHNICITY | RESIDENT | EYE COLOR | HAIR COLOR | AGE | HEIGHT | WEIGHT | CELL PHONE |
| | | | | | | | | | |
| | EMAIL | | RESIDENCE ADDRESS | | | | HOME PHONE | | |
| | case_am_072015@aol.com | | *** | | | | *** | | |
| | EMPLOYER NAME | | BUSINESS ADDRESS | | | | BUSINESS PHONE | | |
| | | | *** | | | | | | |

## NARRATIVE

Continued - Part II

The Canadian Military, Forces and the Military Police Complaints Commission could have been responsible for suspending the benefits and they know that they must be charged for the crimes and offenses that they committed as it was explained to them because of the investigation and charges against the Department of National Defense and The Honourable Harjit Sajjan and others.

You should expect their full and complete cooperation as a private meeting was provided to them to meet and discuss compensation and other matters with the Prime Minister and his office; which they failed and ignored their duty to follow through on and compensate for in this scandal.  Due to this; their failure could be due to a combination of issues from the Military Police Complaints Commission, Forces and the Department of Defense and the Office of the Prime Minister and therefore; if it is someone from the Office of the Prime Minister and the Governor General; then you will have to arrest the individuals from those offices as well.

What a case you have now; as due to international issues and pressure, you will have to arrest those at fault in the Office of the Prime Minister and other departments that are responsible for the damage and crimes that occurred in this case.

Good luck and please advise when you are ready to return the money and property to me from Microsoft, Apple and any other company, media outlet and person involved and responsible for the crimes and damages that occurred.

Alex Martinez

WINNIPEG POLICE SERVICE SUMMARY SUPPLEMENT REPORT

**REPORT NUMBER: E210029462**



## INCIDENT INFORMATION

| INCIDENT CODE | INCIDENT TYPE | INITIAL SUPP | DATE/TIME STARTED | DATE/TIME ENDED | DATE/TIME REPORTED |
|---|---|---|---|---|---|
| SR | Supplemental Report | X | 1973-01-16 12:00 AM | 2022-02-19 01:00 PM | 2022-02-19 01:34 PM |

| REPORT FILED FROM | TRACKING NUMBER | LOCATION OF OCCURRENCE | | APPROVED BY: |
|---|---|---|---|---|
| *** | T22006522 | 352 BELMONT AVENUE, WINNIPEG, MB | | *** |

| LOCATION TYPE | THEFT TYPE | METHOD OF ENTRY | METHOD OF EXIT | PT OF ENTRY | PT OF EXIT | ENTRY LOC |
|---|---|---|---|---|---|---|
| | | | | | | |

## PERSON LISTINGS

| | TYPE | LAST NAME | FIRST NAME | MIDDLE NAME | DOB | RACE | SEX | DRIVER LIC NO | LIC ST |
|---|---|---|---|---|---|---|---|---|---|
| 1 | REP | Martinez | Alex | | *** | | * | | |

| | SSN | ETHNICITY | RESIDENT | EYE COLOR | HAIR COLOR | AGE | HEIGHT | WEIGHT | CELL PHONE |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

| EMAIL | RESIDENCE ADDRESS | HOME PHONE |
|---|---|---|
| case_am_072015@aol.com | *** | *** |
| EMPLOYER NAME | BUSINESS ADDRESS | BUSINESS PHONE |
| | *** | |

## NARRATIVE

As a reminder; there is no telephone number and therefore; all correspondence must be by e-mail.  The number used is because the Online Police Reporting system will not let me bypass it without filling in the field.  Also; seeing as Child Pornography, Pedophilia, Infanticide and other crimes have been discovered in the Police, Military and Canadian and United States Government; the dates of the incidents for the reports have been set as my Date of Birth (DOB).

Thank you for your work and efforts with investigating this case.  If you are not aware; we believe that it may have led to the loss of employment of Peter John Sloly; Chief of Police for the Ottawa Police Department for absconding and for not pressing charges and prosecuting the Federal Court staff and employees of the Federal Court of Canada, the Privy Council of Canada and the others involved for Fraud and other crimes; as this case affects the Office of the Prime Minister.

For this; you are required to continue prosecuting and recovering all assets and monies obtained in this case as they are considered proceeds of crime that belong to me.

Therefore; please add and include for investigation and prosecution, the Military Police Complaints Commission, Canadian Forces, Canada Border Service Agency and any other person, individual and organization involved and connected to this case.  You will also have to include the Canada Revenue Agency and the Canadian Security Intelligence Services as they did not respond and file Affidavits in the Federal Courts of Canada in a case where they committed Fraud and other crimes as they cancelled by Canada Recovery Benefits (CRB) illegally as I qualify and now must pay the full amount that would have been paid during the course of the program and for damages and undue suffering.  There are already Prosecutors on this case and file which you will have to connect with to arrest those responsible.   System deficient - -see Part II in next report.

WINNIPEG POLICE SERVICE SUMMARY SUPPLEMENT REPORT

**REPORT NUMBER: E210029462**



## INCIDENT INFORMATION

| INCIDENT CODE | INCIDENT TYPE | INITIAL | | DATE/TIME STARTED | DATE/TIME ENDED | DATE/TIME REPORTED |
|---|---|---|---|---|---|---|
| SR | Supplemental Report | SUPP | X | 1973-01-16 12:00 AM | 2022-02-20 03:00 PM | 2022-02-20 03:05 PM |

| REPORT FILED FROM | TRACKING NUMBER | LOCATION OF OCCURRENCE | | APPROVED BY: |
|---|---|---|---|---|
| *** | T22006601 | 352 Belmont AVENUE, Winnipeg, MB | | *** |

| LOCATION TYPE | THEFT TYPE | METHOD OF ENTRY | METHOD OF EXIT | PT OF ENTRY | PT OF EXIT | ENTRY LOC |
|---|---|---|---|---|---|---|
| | | | | | | |

## PERSON LISTINGS

| | TYPE | LAST NAME | FIRST NAME | MIDDLE NAME | DOB | RACE | SEX | DRIVER LIC NO | LIC ST |
|---|---|---|---|---|---|---|---|---|---|
| 1 | REP | Martinez | Alex | | *** | | * | | |
| | SSN | ETHNICITY | RESIDENT | EYE COLOR | HAIR COLOR | AGE | HEIGHT | WEIGHT | CELL PHONE |
| | | | | | | | | | |
| | EMAIL | | | RESIDENCE ADDRESS | | | | HOME PHONE | |
| | case_am_072015@aol.com | | | *** | | | | *** | |
| | EMPLOYER NAME | | | BUSINESS ADDRESS | | | | BUSINESS PHONE | |
| | | | | *** | | | | | |

## NARRATIVE

Hello;

The next procedural steps in the case are to charge the following:

TC Canada Trust, MBNA Bank & Presidents Choice Financial for Fraud, Negligence, Breach of Trust, Unlawful Collection and Disclosure of personal information and privacy, criminal harassment and other crimes.

For the Office of the Prime Minister; the charges have to be extended to the Prime Ministers, which puts pressure on them to stop and cooperate and for you to pursue and charge those that are directly responsible.  You can tell them not to worry as the Charges can be dropped once those that committed the crimes are apprehended.  The reasons for this are that it was uncovered that a military group that is comprised of several nations including the USA, Columbia, Venezuela, Honduras, Mexico and others were put together illegally to kill me and other members of my family.

It is not only Justin Trudeau that has to be charged for this; but also the other Prime Ministers, involved; such as Steven Harper and Brian Mulroney.

Check to see if it involves Ben Mulroney too; because he may have been implicated.  As for Justin Trudeau; he appointed the Rt. Hon. Richard Wagner, P.C, Chief Justice of the Supreme Court of Canada who is Charged for Fraud and Negligence; for making decisions in bad faith in this case and that is how the charges stick to him and that is how Chief Justice Wagner and the others in the Supreme Court of Canada that are colluding will be dealt with and pressured to stop and compensate this case.

We believe that they are hiding in the offices of these people and because they caused international terrorism by forming multinational military groups; they must be found and arrested and this is the best way of doing it.

**REPORT NUMBER: E210029462**

WINNIPEG POLICE SERVICE SUMMARY SUPPLEMENT REPORT

**REPORT NUMBER: E210029462**



## INCIDENT INFORMATION

| INCIDENT CODE | INCIDENT TYPE | INITIAL SUPP | DATE/TIME STARTED | DATE/TIME ENDED | DATE/TIME REPORTED |
|---|---|---|---|---|---|
| SR | Supplemental Report | X | 1973-01-16 12:00 AM | 2022-02-20 03:00 PM | 2022-02-20 03:15 PM |

| REPORT FILED FROM | TRACKING NUMBER | LOCATION OF OCCURRENCE | | APPROVED BY: |
|---|---|---|---|---|
| *** | T22006602 | 352 Belmont AVENUE, Winnipeg, MB | | *** |

| LOCATION TYPE | THEFT TYPE | METHOD OF ENTRY | METHOD OF EXIT | PT OF ENTRY | PT OF EXIT | ENTRY LOC |
|---|---|---|---|---|---|---|
| | | | | | | |

## PERSON LISTINGS

| | TYPE | LAST NAME | FIRST NAME | MIDDLE NAME | DOB | RACE | SEX | DRIVER LIC NO | LIC ST |
|---|---|---|---|---|---|---|---|---|---|
| 1 | REP | Martinez | Alex | | *** | | * | | |
| | SSN | ETHNICITY | RESIDENT | EYE COLOR | HAIR COLOR | AGE | HEIGHT | WEIGHT | CELL PHONE |
| | | | | | | | | | |
| | EMAIL | | RESIDENCE ADDRESS | | | | HOME PHONE | | |
| | case_am_072015@aol.com | | *** | | | | *** | | |
| | EMPLOYER NAME | | BUSINESS ADDRESS | | | | BUSINESS PHONE | | |
| | | | *** | | | | | | |

## NARRATIVE

Hello;

Also charge, Morvarid Shojaei and Carla Concalves of the Office of the Independent Police Review Director and Monica Rahman, Andrew Swan and Marieke Bouchard of the Attorney General's Offices for the Federal and Provincial governments for their role and participation in Fraud and Negligence and have them disbarred for it by informing the Upper Law Society of Canada.

This all has to be done; because too many deaths have occurred.  There is also property damage that affects the "State" of Canada and this is why it is so serious and charges have to be levied against all those involved and responsible; not only for their role, but for also not stopping it and compensating and exercising discretion properly which is a requirement in their profession.

You must also find and prosecute the Senators responsible in the Senate.  The Senate was contacted and they did not respond and therefore; they have people that are deemed to be "suspects" in this case; just like the Office of the Governor General.

At the centre of this, because they have links to the City of Winnipeg Police Service and the Office of the Governor General of Canada are Jim (James) Bromley, Jeffrey Bromley and Kelly Bromley and believe that they were the ones to cause the majority of the damage and crimes that occurred by forming these groups and therefore; you will have to prosecute and arrest them as well.  They are also believed to have participated in the Pedophilia and Child Pornography and medical abuse that was uncovered against me and my brother and his children. Therefore; you must check them as well as they are connected to Microsoft, Apple and Coca Cola; who have monies and assets from this case that must be recovered because they are considered illegal and proceeds of crime, even if it is gifted.

**REPORT NUMBER: E210029462**

**From:** case_am_072015@aol.com,
**To:** sencom@sen.parl.gc.ca,
**Subject:** Complaint to Parliament and the Senate of Canada
**Date:** Thu, Nov 4, 2021 1:37 am

To whom it may concern;

A complaint needs to be filed as crime, embezzlement, fraud and the Doctrine of Res Judicata has been found to fail in the Courts of Canada.

The Judicial Council of Canada and the Office of the Commissioner for Federal Judicial Affairs has also failed to properly address and investigate complaints as the same person accused of failing in their duty and mandate in the Supreme Court of Canada is in charge of the Judicial Council of Canada; The Honourable Richard Wagner.

Therefore; there is a conflict of interest that needs to be investigated for they failed to make a proper decision and finding for a case that is a Government of Canada Negligence case that has been corrected and apologized for.

In addition; would you please provide the contact person and Coordinator for a Freedom of Information request; or, whom it needs to be sent and filed with?

Thank you!

Sincerely;

Alex Martinez
case_am_072015@aol.com

WINNIPEG POLICE SERVICE SUMMARY SUPPLEMENT REPORT

**REPORT NUMBER: E210029462**



## INCIDENT INFORMATION

| INCIDENT CODE | INCIDENT TYPE | | INITIAL SUPP | | DATE/TIME STARTED | DATE/TIME ENDED | DATE/TIME REPORTED |
|---|---|---|---|---|---|---|---|
| SR | Supplemental Report | | | X | 1973-01-16 12:00 PM | 2022-02-20 09:00 PM | 2022-02-20 09:29 PM |

| REPORT FILED FROM | TRACKING NUMBER | LOCATION OF OCCURRENCE | | APPROVED BY: |
|---|---|---|---|---|
| *** | T22006624 | 352 Belmont AVENUE, Winnipeg, MB | | *** |

| LOCATION TYPE | THEFT TYPE | METHOD OF ENTRY | METHOD OF EXIT | PT OF ENTRY | PT OF EXIT | ENTRY LOC |
|---|---|---|---|---|---|---|
| | | | | | | |

## PERSON LISTINGS

| | TYPE | LAST NAME | FIRST NAME | MIDDLE NAME | DOB | RACE | SEX | DRIVER LIC NO | LIC ST |
|---|---|---|---|---|---|---|---|---|---|
| 1 | REP | Martinez | Alex | | *** | | * | | |
| | SSN | ETHNICITY | RESIDENT | EYE COLOR | HAIR COLOR | AGE | HEIGHT | WEIGHT | CELL PHONE |
| | | | | | | | | | |
| | EMAIL | | RESIDENCE ADDRESS | | | | HOME PHONE | | |
| | case_am_072015@aol.com | | *** | | | | *** | | |
| | EMPLOYER NAME | | BUSINESS ADDRESS | | | | BUSINESS PHONE | | |
| | | | *** | | | | | | |

## NARRATIVE

This other complaint is in connection to the Pedophilia and Child Pornography discovered in the Police, Hospitals and Church in Canada, the United States of America and internationally.  Since it was reported to all of the parties involved and there has been no response and reply; a Police report must be filed for an investigation.

With those pictures and evidence and medical abuse; the intent was to steal and take our sanctity and it was funded by several high profile companies and individuals such as Warren Buffet and Bill and Melinda Gates.  An endowment of $80 Million dollars was paid to the Saint Joseph's Oratory of Mount Royal in Montreal; which we discovered was for a hate crime and campaign against me and my family which involved and supported Pedophilia, Child Pornography and infanticide for religious and Police issues and reason.  In the process, highly illegal activity, videos and pictures were made and created which must be seized and destroyed and the money and all of the property returned to me.

Therefore; please prosecute and charge everyone involved and return all of the money to me now!  They cannot have that money if they committed such sick and heinous crimes since they did not respond and take the opportunity that was given to resolve the problem.  For not responding; they now are now deemed suspicious and suspects that you must pursue.

The organizations and individual named are the Vatican, Archdiocese of Canada, Archdiocese of Toronto, Montreal Police Department and the Sûreté du Québec.  You will also have to investigate and prosecute for the illegal use of Police and Military Sprays and Aerosols and explosives as they were caught several times and now have many records and files that prove and substantiate all of the attempts that were made on my life and my family's lives who have small children.

Veuillez transmettre le message suivant au père Michael DeLaney, SCC,...                              https://mail.aol.com/webmail-std/en-ca/PrintMes

|  | |
|---|---|
| **From:** | case_am_072015@aol.com, |
| **To:** | ddecelles@osj.qc.ca, |
| **Subject:** | Veuillez transmettre le message suivant au père Michael DeLaney, SCC, pour résolution! Please forward the following CSC for resolution! |
| **Date:** | Wed, Jan 12, 2022 5:17 pm |
| **Attachments:** | Update September 21st, 2021 Actualización 21 de septiembre de 2021.pdf (59K), Buon Natale e Buone Feste da Alex Martinez per i Papi e il Vaticano! Merry Christmas and Happy Holidays from Alex M (20K) |

Chère Danielle Decelles, Conseillère en communications, Service des communications;

Veuillez transmettre le message suivant au père Michael DeLaney, SCC, pour résolution, car il n'y a aucun courriel répertorié pour communiquer directement avec lui et son bureau et envoyer une confirmation une fois terminé.

Merci!

Sincèrement,

Alex Martinez
case_am_072015@aol.com

================================================================================

Dear Danielle Decelles, Communications Consultant, Communications Service;

Please forward the following message to Father Michael DeLaney, CSC for resolution as there is no e-mail listed to communicate with him and his office directly and send confirmation when complete.

Thank you!

Sincerely,

Alex Martinez
case_am_072015@aol.com

================================================================================

Cher Père Michael DeLaney, CSC;

Je m'appelle Alex Martinez et j'ai été la personne à signaler une éclosion et une attaque à l'Oratoire Saint-Joseph du Mont-Royal il y a près de deux ans au Service de police de Montréal et à d'autres personnes; lorsque j'habitais dans la région.
À ma connaissance; notre implication a été un succès et tout le personnel et les bénévoles touchés ont été sauvés; ou, en cours de rétablissement.  Mon intérêt pour l'Église, c'est que ma tante, était une religieuse internationale et que notre famille est impliquée dans la religion depuis des siècles et que sa commune et son organisation, je crois, ont visité, supervisé et sont impliquées dans l'Oratoire Saint-Joseph du Mont-Royal.

Pour cette raison, lorsque les abus, les épidémies et les attaques ont été découverts, je l'ai immédiatement signalé.  Au cours des enquêtes et de mon propre travail privé et des affaires qui impliquent les Normes professionnelles et les enquêtes internes des fonctionnaires de police et de justice au Canada, j'ai appris que je suis moi-même victime d'abus, de pédophilie, de pornographie juvénile, d'infanticide et de harcèlement, tout comme ma famille et mes enfants.

Ce qui s'est produit, c'est que grâce aux dossiers de la police et du gouvernement, il a été découvert que mon frère, ses enfants et moi-même sommes victimes de crimes au sein de votre organisation; ce qui fait partie d'une affaire de négligence criminelle et de fraude au Canada.
Nous croyons qu'il y a une composante religieuse en raison de mes antécédents familiaux et de ma lignée et c'est ainsi que nous avons été violés et que l'Oratoire Saint-Joseph du Mont-Royal et l'Archidiocèse de Toronto se sont retrouvés avec nos dossiers, images, vidéos et dossiers.

Ces informations ont été obtenues illégalement et doivent être supprimées.  En outre et conformément à la

correspondance ci-jointe avec le Pape François et le Vatican; nous devons également être indemnisés pour les dommages et les infractions qui se sont produits.
Par conséquent, veuillez enquêter et répondre afin que nous puissions discuter d'un règlement et d'un accord.  Cet accord devra inclure les responsables des États-Unis d'Amérique, car les vidéos, images, fichiers et enregistrements y ont également été diffusés et distribués illégalement.  De plus, ceux qui nous ont maltraités et harcelés viennent également des États-Unis d'Amérique et plusieurs églises et organisations y ont également participé.

Pour aggraver l'affaire, nous avons découvert qu'une énorme somme d'argent avait été offerte et donnée pour financer les attaques et les abus que nous avons également subis; comme les 80 millions de dollars donnés par Warren Buffet, qui est directement impliqué dans mon cas et les abus.

Nous avons été informés que l'argent a servi à fabriquer des allégations et à créer une campagne de haine publique; ce qui constitue un crime haineux, du voyeurisme et du vigilantisme.

Tout cela est un comportement et une conduite hautement illégaux et basés sur ce que nous savons avec la participation du Pape et du Vatican; il est considéré comme une attaque et une tentative de détruire et de prendre notre sainteté et pour le positionnement politique et l'avancement au sein de l'Église et du Vatican qui est fait par propagande, scandale, critique, allégations de fabrication, délimitation et vol.
Comme nous le comprenons; la même chose s'est produite avec des membres de Microsoft et avec la Fondation Gates; ou, Melinda Gates, qui aurait fait la même chose et fait des dons à l'église de la Madonna della Difesa au 6800 avenue Henri Julien, Montréal, Québec, Canada H2S 2V4.

Cet argent doit me être restitué car il s'agit d'un comportement et d'une conduite "extrêmement" illégales qui ont complètement détruit ma vie et ma carrière.

Ils ont dit que le comportement est si malade et dérangé que toute l'allégation et la question ont été fabriquées et créées spontanément avec des personnes spécialisées dans la fabrication d'allégations sexuelles à des fins lucratives et pour des avancées politiques dans leur carrière.
Par conséquent, vous devez enquêter dès maintenant et me contacter afin que nous puissions résoudre ce problème rapidement, car il n'y a pas eu de réponse de l'Archidiocèse du Canada, Son Eminence le Cardinal Gérald C. Cardinal Lacroix, Archidiocèse de Toronto et du Diocèse catholique, Primat du Canada; ce qui est, comme vous en conviendrez, suspect et considéré comme un aveu de culpabilité en matière judiciaire et judiciaire.

Sincèrement;

Alex Martinez
case_am_072015@aol.com

=================================================================================

Dear Father Michael DeLaney, CSC;

My name is Alex Martinez and I was the individual to report an outbreak and attack on the Saint Joseph's Oratory of Mount Royal nearly two years ago to the Montreal Police Department and others; when I lived in the area.

To my knowledge; our involvement has been a success and all of the staff and volunteers affected have been saved; or, in the process of recovering.  My interests in the Church is that my Aunt; was an International Nun and our family has been involved in Religion for centuries and her commune and organization I believe has visited, oversees and is involved in the Saint Joseph's Oratory of Mount Royal.

For this reason when the abuse, outbreaks and attacks were uncovered, I reported it immediately.  Out of the process of the investigations and my own private work and cases which involve the Professional Standards and Internal Investigations of the Police and Justice Officials in Canada; I learned that I am a victim to abuse, Pedophilia, Child Pornography, Infanticide and harassment myself and so is my family and children.

What has occurred is that through Police and Government records, it has been uncovered that my brother and his children and I are victims to crimes within your organization; which is part of a Criminal Negligence and Fraud case in Canada.

We believe that there is a religious component to it due to my family background and lineage and that was how we were violated and the Saint Joseph's Oratory of Mount Royal and the Archdiocese of Toronto ended up with our files, images, videos and records.

This information was obtained illegally and must be removed.  In addition and as per the attached correspondence with Pope Francis and the Vatican; we are also owed compensation for the damages and trespasses that have occurred.

Therefore; please investigate and respond so that we may discuss a settlement and agreement.  This agreement will need to include those responsible from the United States of America; as the videos, images, files and records were circulated and distributed there illegally as well.  Furthermore; those that abused and harassed us are from the United States of America as well and that several churches and organizations participated there too.

To worsen the matter; we uncovered that a tremendous amount of money was gifted and donated to fund attacks and the abuse that we were subjected too; such as the 80 million dollars donated by Warren Buffet, who is directly involved in my case and abuse.
We have been advised that the money was used to manufacture allegations and to create a public hatred campaign; which constitutes a hate crime, voyeurism and vigilantism.

This is all highly illegal behaviour and conduct and based on what we know with the involvement of the Pope and Vatican; it is deemed to be an attack and attempt to destroy and take our sanctity and for political positioning and advancement within the church and Vatican that is done out of propaganda, scandal, criticism, manufacturing allegations, delineation and theft.

As we understand it; the same has occurred with members of Microsoft and with the Gates Foundation; or, Melinda Gates, who is believed to have done the same thing and made donations to The Church of the Madonna della Difesa at 6800 Henri Julien Ave, Montreal, Quebec, Canada  H2S 2V4.

This money must be returned to me as it is "extremely" illegal behaviour and conduct that has occurred that has completely destroyed my life and career.

They have said that the behaviour is so sick and deranged that the entire allegation and issue was manufactured and created spontaneously with people who specialize in the manufacture of sexual allegations for profit and political advancements in their careers.

Therefore; you must investigate now and contact me so that we can have this resolved quickly as there has been no response from the Archdiocese of Canada, His Eminence Cardinal Gérald C. Cardinal Lacroix, Archdiocese of Toronto and the Catholic Diocese, the Primate of Canada; which is as you would agree suspicious and considered an admittance of guilt in Court and Judicial matters.

Sincerely;

Alex Martinez
case_am_072015@aol.com

**From:** case_am_072015@aol.com,
**To:** info@salastampa.va,
**Subject:** Update September 21st, 2021, Actualización 21 de septiembre de 2021, Aggiornamento 21 settembre 2021 Re: Hola Papa Francis! Se adjunta una Copia del Mensaje Enviado a la Arquidiócesis de Toronto para su Información y Registros - In allegato una copia del Messaggio inviato all'Arcidiocesi di Toronto per vostra informazione e documentazione Fwd: Investigation and Complaint!
**Date:** Tue, Sep 21, 2021 8:49 am

Hello to Pope Francis and everyone at the Salas Tampa;

Due to the circumstances that the Churches and employees at the Vatican are committing indecent acts against children and acts of pedophilia and child pornography; on behalf of third parties, the Police and others, please advise them that they cannot go near me, the children and my family.

My niece, nephew, brother and I are victims to attacks by these people as they targeted our genitals and misused video, photo and surveillance equipment to create and distribute Child Pornography.
For this, the Italians, Israeli, Germans and French and their communities here in Canada and the United States are now known for this sick and heinous behaviour; so they have to stay away from the children until such time that they investigate and treat the children and us medically for the crimes that were committed.

What imbecile and fool would have this happen after all that we have done to uncover and restore the errors and Crimes that have occurred. You must terminate and remove all those involved and that colluded with these people and organizations.
Therefore; there is no way that your people and groups can be trusted and allowed near us for any reason at all.  In addition; they cannot interfere and disrupt and prevent us from accessing and entering any church and program that they might have.  This includes food and other programs for those in need; especially after what has been done to financially suppress and destroy me and all of you that supported me while I uncover the crimes that have occurred.

In addition; please be advised that any delay in payment and response is deemed to be an admittance of guilt; for this should be a top priority to respond too and compensate for.  Therefore; please tell the Emissary and the Archdiocese of Toronto, so that they take care of this responsibility immediately; otherwise they will be seen to be supporting the actions and conduct of the Police and government that got them accused, prosecuted and in so much trouble.

At this stage; you would have to be insane to carry on doing what the Police and others ask you to do and to delay things on their behalf after the errors and problems that they caused.  I am willing to bet that you have several good men and woman in custody and in jail as a result of listening and taking orders and advice from the Police, the Attorney General and people who simply do not care about what happens to them and the church.

So please get someone to handle this quickly and if you are tired; assign and delegate it to someone else whom I can correspond and communicate with over this issue and problem.  In my mind, this will help you and me to get this done quickly.

Have a nice day!

Sincerely;

Alex Martinez
case_am_072015@aol.com
_____
Hola al Papa Francisco y a todos en Salas Tampa;

Debido a las circunstancias en que las Iglesias y los empleados del Vaticano están cometiendo actos indecentes contra los niños y actos de pedofilia y pornografía infantil; en nombre de terceros, la Policía y otros, por favor avíseles que no pueden acercarse a mí, a los niños y a mi familia.

Mi sobrina, sobrino, hermano y yo somos víctimas de los ataques de estas personas, ya que atacaron nuestros genitales y usaron indebidamente equipos de video, fotografía y vigilancia para crear y distribuir Pornografía Infantil.

Por ello, los italianos, israelíes, alemanes y franceses y sus comunidades aquí en Canadá y los Estados Unidos son ahora conocidos por este comportamiento enfermo y atroz; por lo que tienen que mantenerse alejados de los niños hasta el momento en que investiguen y traten a los niños y a nosotros médicamente por los crímenes que se cometieron.

Qué imbécil y tonto haría que esto sucediera después de todo lo que hemos hecho para descubrir y restaurar los errores y Crímenes que han ocurrido.  Usted debe terminar y eliminar a todos los involucrados y que conspiraron con estas personas y organizaciones.

Por lo tanto, no hay manera de que su gente y grupos puedan ser confiados y permitidos cerca de nosotros por ninguna razón en absoluto. Además, no pueden interferir y perturbar e impedir que accedamos y entre a cualquier iglesia y programa que puedan tener.  Esto incluye alimentos y otros programas para aquellos que lo necesitan; especialmente después de lo que se ha hecho para suprimirme y destruirme financieramente a mí y a todos ustedes que me apoyaron mientras descubro los crímenes que han ocurrido.

Además, tenga en cuenta que cualquier retraso en el pago y la respuesta se considera una admisión de culpabilidad; para esto debe ser una prioridad para responder también y compensar.  Por lo tanto, por favor, informe al Emisario y a la Arquidiócesis de Toronto, para que se hagan cargo de esta responsabilidad de inmediato; de lo contrario, se verá que están apoyando las acciones y la conducta de la Policía y el gobierno que los acusaron, procesaron y tuvieron tantos problemas.

En esta etapa, usted tendría que estar loco para seguir haciendo lo que la policía y otros le piden que haga y retrasar las cosas en su nombre después de los errores y problemas que causaron.  Estoy dispuesto a apostar que usted tiene varios buenos hombres y mujeres en custodia y

en la cárcel como resultado de escuchar y recibir órdenes y consejos de la Policía, el Fiscal General y personas que simplemente no se preocupan por lo que les sucede a ellos y a la iglesia.

Así que por favor consiga a alguien para manejar esto rápidamente y si usted está cansado; asignar y delegar a alguien más con quien pueda corresponder y comunicarse sobre este tema y problema.  En mi mente, esto nos ayudará a ti y a mí a hacer esto rápidamente.

¡Que tengas un buen día!

Sinceramente;

Alex Martinez
case_am_072015@aol.com
_____
Ciao a Papa Francesco e a tutti al Salas Tampa;

A causa delle circostanze in cui le Chiese e i dipendenti del Vaticano stanno commettendo atti indecenti contro i bambini e atti di pedofilia e pedopornografia; per conto di terzi, della Polizia e di altri, si prega di avvisare loro che non possono avvicinarsi a me, ai bambini e alla mia famiglia.

Mia nipote, nipote, fratello ed io siamo vittime di attacchi da parte di queste persone che hanno preso di mira i nostri genitali e hanno abusato di video, foto e apparecchiature di sorveglianza per creare e distribuire materiale pedopornografico.

Per questo, gli italiani, israeliani, tedeschi e francesi e le loro comunità qui in Canada e negli Stati Uniti sono ora noti per questo comportamento malato e atroce; quindi devono stare lontani dai bambini fino a quando non indagano e curano i bambini e noi medicalmente per i crimini che sono stati commessi.

Quale imbecille e sciocco vorrebbe che questo accadesse dopo tutto quello che abbiamo fatto per scoprire e ripristinare gli errori e i crimini che si sono verificati.  È necessario terminare e rimuovere tutti coloro che sono coinvolti e che colluso con queste persone e organizzazioni.  Pertanto; non c'è modo che le tue persone e i tuoi gruppi possano essere fidati e ammessi vicino a noi per qualsiasi motivo.  Inoltre; non possono interferire e disturbare e impedirci di accedere e di entrare in qualsiasi chiesa e programma che potrebbero avere.  Questo include cibo e altri programmi per chi è nel bisogno; specialmente dopo ciò che è stato fatto per sopprimere e distruggere finanziariamente me e tutti voi che mi avete sostenuto mentre scopro i crimini che si sono verificati.

Inoltre; si prega di notare che qualsiasi ritardo nel pagamento e nella risposta è considerato un'ammissione di colpa; per questo dovrebbe essere una priorità assoluta rispondere anche e compensare.  Pertanto, informi l'Emissario e l'Arcidiocesi di Toronto, affinché si prendano immediatamente cura di questa responsabilità; altrimenti si vedranno sostenere le azioni e la condotta della Polizia e del governo che li ha accusati, perseguiti e in così tanti guai.

In questa fase; dovresti essere pazzo per continuare a fare ciò che la Polizia e gli altri ti chiedono di fare e ritardare le cose per loro conto dopo gli errori e i problemi che hanno causato.  Sono disposto a scommettere che avete diversi buoni uomini e donne in custodia e in prigione come risultato di ascoltare e prendere ordini e consigli dalla polizia, dal Procuratore generale e da persone che semplicemente non si preoccupano di ciò che accade a loro e alla chiesa.

Quindi, per favore, chiedi a qualcuno di gestirlo rapidamente e se sei stanco; assegnalo e delegalo a qualcun altro con cui posso corrispondere e comunicare su questo problema e problema.  Nella mia mente, questo aiuterà voi e me per ottenere questo fatto in fretta.

Buona giornata!

Sinceramente;

Alex Martinez
case_am_072015@aol.com


-----Original Message-----
From: Alex Martinez <case_am_072015@aol.com>
To: info@salastampa.va <info@salastampa.va>
Sent: Wed, Sep 15, 2021 2:55 pm
Subject: Hola Papa Francis! Se adjunta una Copia del Mensaje Enviado a la Arquidiócesis de Toronto para su Información y Registros - In allegato una copia del Messaggio inviato all'Arcidiocesi di Toronto per vostra informazione e documentazione Fwd: Investigation and Complaint!

Hello to Pope Francis and everyone at the Salas Tampa;

Below is a copy of the correspondence sent to the Archdiocese of Toronto for your information and to intervene if necessary.

You know my financial situation after all of the abuse that has occurred and must remind you that it is a top priority at the moment.  With this in mind, it just occurred to me that they may be able to help you reach an agreement and compensation plan with the Canadian and American governments for what has occurred to us all.

Have a wonderful day!

Sincerely,

Alex Martinez

case_am_072015@aol.com

_____

Hola al Papa Francisco y a todos en la Sala sTampa;

A continuación se muestra una copia de la correspondencia enviada a la Arquidiócesis de Toronto para su información y para intervenir si es necesario.

Usted conoce mi situación financiera después de todo el abuso que ha ocurrido y debe recordarle que es una prioridad en este momento.  Con esto en mente, se me acaba de ocurrir que pueden ayudarle a llegar a un acuerdo y un plan de compensación con los gobiernos de Canadá y Estados Unidos por lo que nos ha ocurrido a todos.

Que tengas un día maravilloso!

Sinceramente,


Alex Martinez
case_am_072015@aol.com
_____

Ciao a Papa Francesco e a tutti alla Sala sTampa;

Di seguito una copia della corrispondenza inviata all'Arcidiocesi di Toronto per vostra informazione e per intervenire se necessario.

Conosci la mia situazione finanziaria dopo tutti gli abusi che si sono verificati e devi ricordarti che è una priorità assoluta al momento.  Con questo in mente, mi è venuto in mente che potrebbero essere in grado di aiutarvi a raggiungere un accordo e un piano di compensazione con i governi canadese e americano per ciò che è accaduto a tutti noi.

Buona giornata!

Sinceramente,


Alex Martinez
case_am_072015@aol.com
_____

Querida Arquidiócesis de Toronto;

Consulte la cadena de correos electrónicos a continuación; ya que este caso también afecta a su organización.  Ya que no hay un lugar centralizado para hacer un informe que va a todas las Iglesias; una copia tiene que ser enviada a usted también.

Es un caso en el que la policía ha obtenido ilegalmente imágenes y videos que fueron tomados en instituciones del gobierno de Canadá y los han distribuido a la Iglesia; lo que a su vez resultó en escándalo y abuso.

Desafortunadamente, usted es el último en saber e involucrarse y debe revisar sus sistemas a fondo para detener todas las acciones y actividades que podrían estar contribuyendo al abuso y los crímenes que han ocurrido contra mí y mi familia.

Las imágenes fueron tomadas hace más de 40 años y utilizadas de varias maneras y en una campaña para destruir médicamente nuestras vidas y deshumanizarnos.  Desafortunadamente, a medida que se formó la multitud de organizaciones, sus organizaciones también se involucraron y participaron en el abuso.

Las imágenes se distribuyeron por todo el mundo y ahora estamos trabajando lo más rápidamente posible para detener la circulación y enjuiciar a los responsables.

Si usted tiene alguna pregunta; o, preocupaciones, por favor no dude en ponerse en contacto conmigo por correo electrónico de devolución en: case_am_072015@aol.com

Sinceramente,


Alex Martinez
case_am_072015@aol.com
_____

Cara Arcidiocesi di Toronto;

Si prega di consultare la stringa di e-mail qui sotto; come questo caso colpisce la vostra organizzazione pure.  Visto che non c'è un posto centralizzato per fare un rapporto che va a tutte le Chiese; una copia deve essere inviata anche a voi.

È un caso in cui la polizia ha ottenuto illegalmente immagini e video che sono stati presi nelle istituzioni del governo del Canada e li ha diffusi alla Chiesa; che a sua volta ha provocato scandalo e abusi.

Siete purtroppo l'ultimo a conoscere e mettersi in gioco e dovrebbe controllare i sistemi a fondo per fermare tutte le azioni e le attività che potrebbero

contribuire agli abusi e crimini che si sono verificati contro di me e la mia famiglia.

Le immagini sono state scattate 40 più anni fa e utilizzati in diversi modi e in una campagna per distruggere medicalmente le nostre vite e disumanizzare noi.  Purtroppo; come la folla di organizzazioni formate; le vostre organizzazioni sono stati coinvolti e hanno partecipato agli abusi pure.

Le immagini sono state diffuse in tutto il mondo e ora stiamo lavorando il più rapidamente possibile per fermare la circolazione e perseguire i responsabili.

Se avete domande; o, dubbi, non esitate a contattarmi via e-mail di ritorno a: case_am_072015@aol.com

Sinceramente,


Alex Martinez
case_am_072015@aol.com

-----Original Message-----
From: Alex Martinez <case_am_072015@aol.com>
To: reportmisconduct@archtoronto.org <reportmisconduct@archtoronto.org>
Sent: Wed, Sep 15, 2021 2:39 pm
Subject: Fwd: Investigation and Complaint!

Dear Archdiocese of Toronto;

Please see the string of e-mails below; as this case affects your organization as well.  Seeing as there is no centralized place to make a report that goes to all the Churches; a copy needs to be sent to you as well.

It is a case where the Police have obtained images and videos illegally that were taken in government of Canada institutions and circulated them to the Church; which in turn resulted in scandal and abuse.

You are unfortunately the last to know and get involved and should check your systems thoroughly to stop all actions and activity that could be contributing to the abuse and crimes that have occurred against me and my family.

The images were taken 40 plus years ago and used in several ways and in a campaign to medically destroy our lives and dehumanize us. Unfortunately; as the crowd of organizations formed; your organizations got involved and participated in the abuse as well.

The images were circulated throughout the world and now we are working as quickly as possible to stop the circulation and to prosecute those responsible.

Should you have any questions; or, concerns, please do not hesitate to contact me by return e-mail at: case_am_072015@aol.com

Sincerely,


Alex Martinez
case_am_072015@aol.com

-----Original Message-----
From: Alex Martinez <case_am_072015@aol.com>
To: info@ecdq.org <info@ecdq.org>
Sent: Mon, Aug 16, 2021 1:18 pm
Subject: Fwd: Investigation and Complaint!

Dear His Eminence Cardinal Gérald C. Cardinal Lacroix;

Please see the string of e-mail messages below, as you were referred to me by the **Archdiocese of Canada – Orthodox Church in America. (Canadian Orthodox Church)**.

Out of several internal investigations and Court cases, it was found the the Government of Canada, the Military, Police and others had obtained illegal images of me, my brother and his children that have now surfaced in the Churches and Archdiocese' around the world.

These Officers had no legal basis and authority to upload and circulate these images throughout the Canadian government and much less in your organization.  As a result of this crime, severe and irreparable damage has occurred to me and my family through sexual and medical abuse by all of the parties involved and acussed.

Furthermore; these individuals manufactured allegations, deliniated and suppressed us financially and claimed success and awards and were gifted and donated money for claiming that it needed to be done for Criminal Investigations and solving Crime; which is not true.

As such they committed Child Pornography, Pedophilia, Voyeurism and many other crimes that unfortunately have been uncovered after money was donated and awards were issued.  Now they have to be stopped and the assets, money and prizes seized and returned to me, seeing as it has been found to be Homosexual misconduct and other sexual violations against young children and men that occurred to both me and you.

For this, all of the Officers and individuals involved must be stripped of their awards, robes and accreditation for the scheme and scam that they did against the Church, me and my family.

In addition; all of the money, gifts and donations obtained as a result of this false and negligent case must be returned to me as it was done illegally! An example of this would be money donated to the Oratoire Saint-Joseph du Mont-Royal and several other churches in the area for dehumanizing me illegally and for no reason by Warren Buffet and others.

The process of stopping this injustice and restoring it must start now and therefore; you are asked to please contact me immediately; as this must be done as quickly as possible.

Sincerely,

Alex Martinez
case_am_072015@aol.com

-----Original Message-----
From: Alex Martinez <case_am_072015@aol.com>
To: Main Office <office@archdiocese.ca>
Sent: Sun, Aug 15, 2021 11:37 pm
Subject: Re: Investigation and Complaint!

Hello and thank you for your response.

Regards,

Alex Martinez

On Sunday, August 15, 2021, 5:57:29 PM EDT, Main Office <office@archdiocese.ca> wrote:

Dear Mr Martinez,

Permit me to provide clarification to you regarding the **Archdiocese of Canada – Orthodox Church in America. (Canadian Orthodox Church)**

We are members of the world-wide communion of Orthodox Churches. We have no connection with the Roman Catholic Church and its head, the Pope and have no more ability to influence their decisions and actions.

Please contact the Catholic Diocese, the Primate of Canada is Cardinal Gerald Lacroix and also contact the Canadian Conference of Catholic Bishops - link below

https://www.cccb.ca/the-catholic-church-in-canada/directory-of-dioceses-eparchies-ordinariates/

On Sat, Aug 14, 2021 at 3:25 PM Alex Martinez <case_am_072015@aol.com> wrote:
To whom it may concern;

My name is Alex Martinez and it has been uncovered through several internal and professional standards investigations that images of me and my brother and family that were taken as children in Government of Canada institutions have been circulated throughout churches in Canada and abroad.

It was uncovered in an embezzlement, pedophilia and voyeurism investigation involving several municipal and federal police officers that was in connection to illegal activity whereby promotion, awards and donations were used.

The pretense of the Action and investigation was completely false and large amounts of money was donated based on this illegal and false action, which must be returned to me as it appears to be in an amount of 80 million dollars.

The regions and churches used and where the photos and false records and files are located are, the Oratoire Saint-Joseph du Mont-Royal and several churches in Winnipeg, Manitoba such as the Calvary Temple.

It is not only the circulation of illegal images, but also illegal activity using the Churches infrastructure, computers and resources by Police officers and officials with deceitful and malicious intent; which in essence have jeopardized and framed your office and staff.

Unfortunately; in the process, I was not only damaged by the illegal action and activity, but I was completely destroyed and victimized like yourselves.

Therefore; we need to connect to discuss this issue and the damage done, so that it can be stopped immediately as it constitutes fraud!

Thank you for your time.  You may reach me by return e-mail at: case_am_072015@aol.com

Sincerely,

Alex Martinez
case_am_072015@aol.com

--

Canadian Orthodox Church
Archdiocese of Canada (OCA)
3441 15th Avenue
Rawdon, Quebec, Canada
450-834-2870
email: office@archdiocese.ca

**From:** case_am_072015@aol.com,
**To:** info@salastampa.va,
**Subject:** Buon Natale e Buone Feste da Alex Martinez per i Papi e il Vaticano! Merry Christmas and Happy Holidays from Alex Martinez for the Popes and the Vatican! ¡Feliz Navidad y Felices Fiestas de Alex Martínez para los Papas y el Vaticano!
**Date:** Sat, Dec 25, 2021 8:39 am

Caro Papa Francesco e l'ex Papa Benedetto;

Buon Natale e Buone Feste. Speriamo che il Natale ti porti amore, gioia e pace. Tanti auguri a te, alle tue famiglie e al popolo del Vaticano.

Saluti,

Alex Martinez
Figlio di monaca Emilia Marquez Riviera

---

Dear Pope Francis and the Former Pope Benedict;

Merry Christmas and Happy Holidays.   Here's hoping that Christmas brings you love, joy and peace.  All the best to you and your families and the people of the Vatican.

Regards,

Alex Martinez
Son of Nun Emilia Marquez Riviera

---

Queridos Papa Francisco y el ex Papa Benedicto;

Feliz Navidad y Felices Fiestas. Esperamos que la Navidad te traiga amor, alegría y paz. Todo lo mejor para usted, sus familias y la gente del Vaticano.

Saludos,

Alex Martinez
Hijo de Monja Emilia Marquez Riviera

WINNIPEG POLICE SERVICE SUMMARY SUPPLEMENT REPORT

**REPORT NUMBER: E210029462**



## INCIDENT INFORMATION

| INCIDENT CODE | INCIDENT TYPE | INITIAL | DATE/TIME STARTED | DATE/TIME ENDED | DATE/TIME REPORTED |
|---|---|---|---|---|---|
| SR | Supplemental Report | SUPP [X] | 1973-01-16 12:00 AM | 2022-02-22 10:00 PM | 2022-02-22 10:45 PM |

| REPORT FILED FROM | TRACKING NUMBER | LOCATION OF OCCURRENCE | | APPROVED BY: |
|---|---|---|---|---|
| *** | T22006931 | 352 Belmont AVENUE, Winnipeg, MB | | *** |

| LOCATION TYPE | THEFT TYPE | METHOD OF ENTRY | METHOD OF EXIT | PT OF ENTRY | PT OF EXIT | ENTRY LOC |
|---|---|---|---|---|---|---|
| | | | | | | |

## PERSON LISTINGS

| | TYPE | LAST NAME | FIRST NAME | MIDDLE NAME | DOB | RACE | SEX | DRIVER LIC NO | LIC ST |
|---|---|---|---|---|---|---|---|---|---|
| 1 | REP | Martinez | Alex | | *** | | * | | |
| | SSN | ETHNICITY | RESIDENT | EYE COLOR | HAIR COLOR | AGE | HEIGHT | WEIGHT | CELL PHONE |
| | | | | | | | | | |
| | EMAIL | | RESIDENCE ADDRESS | | | | HOME PHONE | | |
| | case_am_072015@aol.com | | *** | | | | *** | | |
| | EMPLOYER NAME | | BUSINESS ADDRESS | | | | BUSINESS PHONE | | |
| | | | *** | | | | | | |

## NARRATIVE

My hope is that this is the last report for as you know; it is a requirement for me at this juncture.

The other organizations to investigate and prosecute for Fraud and other crimes is Passport Canada as the crimes were reported to the Minister's office and Mr. Mendocino; as they failed to meet their mandate.

Immigration, Refugees and Citizenship Canada must also be investigated and prosecuted for Fraud as they attempted to do an illegal "extraction" on me and my family.  The others on the list are Service Canada, Manitoba Public Insurance, Winnipeg Child and Family Services, Manitoba Health (Seven Oaks Hospital (Winnipeg)) and TECK Resources.

For administrative reasons and for a record and file; the Calgary Police Services (Jason Walliser and Ronald Bylow), the Calgary Police Commission, the Toronto Police Department and the Hamilton Police Services, British Columbia Public Service, Government of British Columbia, Ministry of Health for the Government of British Columbia and the Vancouver Police Department.

Some of them also never responded; which is a failure and an admission of guilt.

Finally and as per my previous submissions; Warren Buffett, Bill Gates and Melinda Gates as they have to be listed and told to pay as what they and Microsoft and Apple did resulted in a massive crime against me.  If they had good intentions; then unfortunately, it formed and materialized in a bad way that resulted in devastating loss and crime to my life.  Any others found and discovered by you and your office must be listed as well as you have a legal obligation to dissolve and "dismantle" this case; as per Operation Dismantle and since it was originated by you.

As a reminder; there is no phone number available; so please only correspond by email at: case_am_072015@aol.com

**REPORT NUMBER: E210029462**

**From:** case_am_072015@aol.com,
**To:** minister@cic.gc.ca, nc-complaintsccc-plaintesccp-gd@servicecanada.gc.ca,
**Subject:** Please Provide an Update! Re: ...September 14th, 2021 Re: Application for Reconsideration Arrived! Please Follow and Process Now and Issue the Passport Immediately! Re: Mail Undeliverable; Returned to Sender - Application to the Passport Cancellation Reconsideration...
**Date:** Sun, Feb 6, 2022 7:40 pm

Hello S. Charbonneau and those at nc-complaintsccc-plaintesccp-gd@servicecanada.gc.ca;

There has been no response from you and your office in several months.

Would you please provide me an update and status on when I can expect to receive my Passport?

Alex Martinez
case_am_072015@aol.com


-----Original Message-----
From: Alex Martinez <case_am_072015@aol.com>
To: minister@cic.gc.ca <minister@cic.gc.ca>; nc-complaintsccc-plaintesccp-gd@servicecanada.gc.ca <nc-complaintsccc-plaintesccp-gd@servicecanada.gc.ca>
Sent: Thu, Dec 2, 2021 7:51 pm
Subject: Re: ...September 14th, 2021 Re: Application for Reconsideration Arrived! Please Follow and Process Now and Issue the Passport Immediately! Re: Mail Undeliverable; Returned to Sender - Application to the Passport Cancellation Reconsideration...

Hello S. Charbonneau and those at nc-complaintsccc-plaintesccp-gd@servicecanada.gc.ca;

Do you have any information, news and updates on this matter?  This issue and problem has gone on for too long!
 Please make it a priority to resolve and issue the Passport now!

Regards,


Alex Martinez
case_am_072015@aol.com


On Monday, October 25, 2021, 4:41:25 PM EDT, Alex Martinez <case_am_072015@aol.com> wrote:


Hello S. Charbonneau and those at nc-complaintsccc-plaintesccp-gd@servicecanada.gc.ca;

Do you have any information, news and updates on this matter?  As you know, I am anxious to resolve this as quickly as possible.

Please advise and issue the Passport now!

Regards,


Alex Martinez
case_am_072015@aol.com

On Tuesday, September 14, 2021, 12:17:54 PM EDT, Alex Martinez <case_am_072015@aol.com> wrote:

Hello S. Charbonneau and those at nc-complaintsccc-plaintesccp-gd@servicecanada.gc.ca;

Do you have any information, news and updates on this matter?  At this stage it is an easy issue to resolve.

Please advise and issue the Passport now!

Alex Martinez
case_am_072015@aol.com

On Monday, September 6, 2021, 1:09:39 AM EDT, Alex Martinez <case_am_072015@aol.com> wrote:

Hello S. Charbonneau and those at nc-complaintsccc-plaintesccp-gd@servicecanada.gc.ca;

The letter arrived.  Please follow it and ensure that the Reconsideration request is done properly and successfully, so that the Passport is issued immediately.  Also, a cheque from the Minister of Finance was received that was not identified.  It was for $25.00 dollars and was deposited.  If it is for the Application and you need it returned please advise immediately.

What is occurring is not acceptable and therefore; the case must be watched and overseen carefully by you and your staff.  It cannot fail; because there is no reason and justification for it.  This will be addressed in Court if not done properly now; for it is very simple and straight forward at this stage.

Regards,


Alex Martinez
case_am_072015@aol.com

On Wednesday, August 25, 2021, 6:26:11 PM EDT, Alex Martinez <case_am_072015@aol.com> wrote:

Hello S. Charbonneau and those at nc-complaintsccc-plaintesccp-gd@servicecanada.gc.ca;

The attached letter will be sent as soon as possible regarding this issue as I need the Passport processed and delivered to me immediately.

If you have any issues and concerns; please let me know by return e-mail at: case_am_072015@aol.com

Sincerely,


Alex Martinez
case_am_072015@aol.com


On Tuesday, August 24, 2021, 11:30:07 AM EDT, Alex Martinez <case_am_072015@aol.com> wrote:

Hello S. Charbonneau and those at nc-complaintsccc-plaintesccp-gd@servicecanada.gc.ca;

There is still no response?  That is not appropriate!

There is a 30 day time limit for filing the Application and complaint.

You need to send the new address immediately and as soon as you can.

Alex Martinez
case_am_072015@aol.com

-----Original Message-----
From: Alex Martinez <case_am_072015@aol.com>
To: minister@cic.gc.ca <minister@cic.gc.ca>; nc-complaintsccc-plaintesccp-gd@servicecanada.gc.ca <nc-complaintsccc-plaintesccp-gd@servicecanada.gc.ca>
Sent: Mon, Aug 23, 2021 12:30 pm
Subject: Re: Mail Undeliverable; Returned to Sender - Application to the Passport Cancellation Reconsideration Office Under the Canadian Passport Order

Hello Dear S. Charbonneau and those at nc-complaintsccc-plaintesccp-gd@servicecanada.gc.ca;

There is still no response and reply to this issue?  This Application cannot be late and what is occurring to me over the Passport is an injustice; and therefore; it is a very serious matter and high priority to me.

There is no legitimate reason for the delay and problems in issuing the Passport; as outside of the references, I have no criminal record and pass all security checks.  If not; then there is a problem on your end and someone is committing a fraud and crime.

Therefore; please hurry, as you are in violation of the service agreement and I need to get this issue resolved now and have the passport in my possession as quickly as possible.

Alex Martinez
case_am_072015@aol.com


-----Original Message-----
From: Alex Martinez <case_am_072015@aol.com>
To: minister@cic.gc.ca <minister@cic.gc.ca>; nc-complaintsccc-plaintesccp-gd@servicecanada.gc.ca <nc-complaintsccc-plaintesccp-gd@servicecanada.gc.ca>
Sent: Fri, Aug 20, 2021 4:29 pm
Subject: Re: Mail Undeliverable; Returned to Sender - Application to the Passport Cancellation Reconsideration Office Under the Canadian Passport Order

Dear S. Charbonneau and those at nc-complaintsccc-plaintesccp-gd@servicecanada.gc.ca;

Why have you not responded to this problem?  That is a failure to the mandate of the Complaints department.

Someone should have come back with an answer today and the address for where to send the Application.

What is occurring is fraud and if this issue is not successfully resolved; anyone involved will face prosecution and a personal lawsuit.

Please respond and address this problem immediately.  It cannot wait!

Alex Martinez


-----Original Message-----
From: Alex Martinez <case_am_072015@aol.com>
To: minister@cic.gc.ca <minister@cic.gc.ca>
Cc: nc-complaintsccc-plaintesccp-gd@servicecanada.gc.ca <nc-complaintsccc-plaintesccp-gd@servicecanada.gc.ca>
Sent: Thu, Aug 19, 2021 5:51 pm
Subject: Mail Undeliverable; Returned to Sender - Application to the Passport Cancellation Reconsideration Office Under

the Canadian Passport Order

Dear S. Charbonneau;

Please see the attached.  My Application to the Passport Cancellation Reconsideration Office
Under the Canadian Passport Order has been returned; stating that the Office moved.

The address is correct and as stated on the Application Form; which is the following:

Passport Cancellation Reconsideration Office
Public Safety Canada
PO Box 56040 Minto Place RO
Ottawa, Ontario
Canada  K1R 7Z1

For the moment, there is no other listing for it and seeing as it is now past the 30 day deadline for
submission; this presents a huge issue and problem.  Seeing as it is the fault of the Passport Office
and mismanagement, it is not something that I can be held at fault and responsible for.  Therefore;
you and they are required to accept and process the Application as quickly as possible and deliver
the Passport when finished.

Therefore; would you and your staff look into this and provide me with the updated address?

A copy of this message is being sent to the Complaints Department at Service Canada to assist
you.

Alternatively, if you would like a copy of the Application by e-mail to submit and deal with
electronically; please advise, as no e-mail was provided on the Application form.

Sincerely,


Alex Martinez
case_am_072015@aol.com

WINNIPEG POLICE SERVICE SUMMARY SUPPLEMENT REPORT

**REPORT NUMBER: E210029462**



## INCIDENT INFORMATION

| INCIDENT CODE | INCIDENT TYPE | INITIAL SUPP | | DATE/TIME STARTED | DATE/TIME ENDED | DATE/TIME REPORTED |
|---|---|---|---|---|---|---|
| **SR** | **Supplemental Report** | | X | **1973-01-16 12:00 AM** | **2022-02-23 12:00 PM** | **2022-02-23 12:32 PM** |
| REPORT FILED FROM | TRACKING NUMBER | | LOCATION OF OCCURRENCE | | | APPROVED BY: |
| *** | **T22006990** | | **352 Belmont AVENUE, Winnipeg, MB** | | | *** |
| LOCATION TYPE | | THEFT TYPE | METHOD OF ENTRY | METHOD OF EXIT | PT OF ENTRY | PT OF EXIT | ENTRY LOC |

## PERSON LISTINGS

| | TYPE | LAST NAME | FIRST NAME | MIDDLE NAME | DOB | RACE | SEX | DRIVER LIC NO | LIC ST |
|---|---|---|---|---|---|---|---|---|---|
| 1 | **REP** | **Martinez** | **Alex** | | *** | | * | | |
| | SSN | ETHNICITY | RESIDENT | EYE COLOR | HAIR COLOR | AGE | HEIGHT | WEIGHT | CELL PHONE |
| | EMAIL **case_am_072015@aol.com** | | RESIDENCE ADDRESS *** | | | | | HOME PHONE *** | |
| | EMPLOYER NAME | | BUSINESS ADDRESS *** | | | | | BUSINESS PHONE | |

## NARRATIVE

My apologies for this; but the Canadian Judicial Council has just been caught participating in a "Service Fraud." The attached letter is frivolous and a fake and they did not follow the legislation and rules. The same people involved in this organization are under investigation and accused in the Supreme Court of Canada; and therefore, you have "Collusion" too.

Since they failed their mandate and are involved in a massive government Fraud affecting the Office of the Prime Minister, Her Majesty the Queen, the Government of Israel and Germany, this is an extremely serious crime as they are misusing these organizations and their authority and committing crimes within their positions. Therefore; the Executive Director; Marc A. Giroux has to be investigated and arrested

A report is also being filed against Chief's Clunis, Mcaskill and Krista Boryskavich of the City of Winnipeg Police Service and the City of Winnipeg for not responding and for their participation in the Fraud and encouraging and forcing collusion. This is the legal recommendation at this point as they face international Treason and Treachery charges; which is a lifetime in jail in Canada and the death penalty in the United States of America for their violations against Her Majesty.

You will have to inform the Upper Law Society of Canada as well that Ms. Krista Boryskavich and any one else that is an Attorney must be disbarred and removed from their list immediately.

Sorry for this; but it is a massive government wide crime and fraud which you are required to dismantle because it is a "STATE" crime. That is why foreign Military and Police are so angry; because you have not taken the time to inform them of the mistake and to stop it.



Canadian
Judicial Council
Conseil canadien
de la magistrature

**Personal and Confidential**

CJC File: 21-0516
(21-0301, 17-0026,
16-0542)

February 23, 2022

Mr. Alex Martinez

By email: case_am_072015@aol.com

Dear Mr. Martinez:

This is in regard to your most recent email dated November 18, 2021, in which you write that the decision, being the letter dated November 18, 2021, from the Canadian Judicial Council (Council) is "inappropriate" and ask for an investigation into the conduct of the Executive Director and a review under Section 10.2 of Council's *Review Procedures*.

In its letter to you, dated November 18, 2021, Council was trying to explain that it does not have authority to review a decision rendered by a judge. In other words, Council is not a court; it is simply not within its mandate to sit on appeal from a decision rendered by a judge. Council has no discretion in this matter.

The fact that you find this inappropriate does not entitle you to ask for an investigation based on Section 10.2 of the *Review Procedures*. First, you do not raise any grounds other than the fact that you are unhappy with Council's response that it has no jurisdiction to consider your complaint. Second, section 10.2 of the *Review Procedures* does not apply in this matter.

The process for reviewing complaints involves a number of steps set out in detail in the *Review Procedures* of the Council, available on Council's website. Summarily described, complaints are reviewed at the first level by the Executive Director to determine whether they warrant consideration by the Judicial Conduct Committee. The Executive Director may dispose of a complaint summarily if it does not involve conduct (as in your case, for example, a complaint that seeks a review of a judge's decision rather than a judge's conduct). If the Executive Director finds that the complaint warrants consideration, the matter is referred to the Chairperson or a Vice-Chairperson of the Judicial Conduct Committee.

While Council is the only body authorized to investigate complaints against federally-appointed judges, not every matter brought to its attention qualifies for an investigation. The early stages of review of complaints have been described by the Federal

- 2 -

Court of Appeal as a "screening procedure." In that context, only those matters that warrant further consideration are referred for more fulsome investigation.

In view of your most recent correspondence, it is worth reminding you of Council's mandate as explained in Council's previous letter of November 18, 2021. The extent of Council's mandate in matters of judicial conduct is to determine whether a recommendation should be made to the Minister of Justice, after a formal investigation, that a judge be removed from office by Parliament. The reasons for removal are set out in Part II of the *Judges Act* and address situations where a judge has become incapacitated or disabled from performing the duties of a judge. This can be as a result of age or infirmity, misconduct, a failure to execute the duties of the position, or being in a position incompatible with the functions of a judge. In certain cases, Council may recommend remedial measures or express concern about a judge's conduct.

Therefore, based on the above explanation as to Council's process and mandate, your previous complaint did not raise any judicial conduct issue, as it was not within Council's mandate to review Justice Rennie's decision. Your complaint was about the exercise of judicial discretion with respect to the decision rendered by Justice Rennie and Council has no authority to review such matters.

Therefore, having reviewed your recent correspondence, it is my view that it does not warrant further consideration by Council.

Yours sincerely,

Marc A. Giroux
Interim Executive Director

**From:** case_am_072015@aol.com,
**To:** info@cjc-ccm.ca,
**Subject:** You Have Not Sent Confirmation that the Matter is Under Judicial Review Under Section 10.2! Re: CJC File: 21-0301
**Date:** Wed, Jan 12, 2022 6:27 pm

To whom it may concern;

How much longer do you believe it will take to receive a decision for the Review under Section 10.2?

Please advise.

Regards,

Alex Martinez
case_am_072015@aol.com

-----Original Message-----
From: Alex Martinez <case_am_072015@aol.com>
To: info <info@cjc-ccm.ca>
Sent: Thu, Nov 18, 2021 2:54 pm
Subject: Re: CJC File: 21-0301

To whom it may concern;

This decision is not appropriate and therefore; request an investigation into the conduct of the Executive Director and ask that the Chairperson forward the matter for a Review under Section 10.2 of the Canadian Judicial Council Procedures for the Review of Complaints or Allegations About Federally Appointed Judges.

Regards,

Alex Martinez
case_am_072015@aol.com

On Thursday, November 18, 2021, 8:26:48 AM EST, info <info@cjc-ccm.ca> wrote:

Dear Mr. Martinez,

Please see attached letter from the Canadian Judicial Council.

Thank you,

Josée Gauthier
Registry Officer /
  Greffière
Canadian Judicial Council /
  Conseil canadien de la magistrature
Tel: 613-288-1566

You Have Not Sent Confirmation that the Matter is Under Judicial Revi...                    https://mail.aol.com/webmail-std/en-ca/PrintMes

**From:** case_am_072015@aol.com,
**To:** info@cjc-ccm.ca,
**Subject:** Re: CJC File: 21-0516
**Date:** Wed, Feb 23, 2022 12:02 pm

Hello,

This letter is unacceptable as you took too long to respond if that is all you have to say on the matter.  In addition there were no review procedures in the rules when it was requested and that is all that is required to be followed.  What you have on the internet cannot be used and enforced if not in the rules and referenced in the rules.  Furthermore, you have a very bad reputation and a response like this cannot be trusted.

Therefore you are required to have it pursued and you can no longer be involved.  Moreover, your letter is frivolous and you appear to be absconding as there is no reason for you to not address operational and administrative issues in the Courts when the Chief Justices fail their duties.  You have all of the evidence and information as it was submitted previously, so there is no reason for you to deny service, which is what has occurred.  You also do not require elaborate explanations and are accused of failing your mandate and duties, as it appears to be a fraudulent operation and practice that you are doing.

Therefore, your letter is rejected and now you are required to do the review.  Therefore you have 24 hours to begin and send confirmation that it is being done, as you have made an error in judgment and protocol in this case.

Alex Martinez
case_am_072015@aol.com

On Wednesday, February 23, 2022, 10:33:25 AM EST, info <info@cjc-ccm.ca> wrote:

Dear Alex Martinez,

Please see attached letter from the Canadian Judicial Council.

Thank you,

Re: CJC File: 21-0516                                          https://mail.aol.com/webmail-std/en-ca/PrintMes

Josée Gauthier

Registry Officer /

 Greffière

Canadian Judicial Council /

 Conseil canadien de la magistrature

Tel:  613-288-1566

WINNIPEG POLICE SERVICE SUMMARY SUPPLEMENT REPORT

**REPORT NUMBER: E210029462**



## INCIDENT INFORMATION

| INCIDENT CODE | INCIDENT TYPE | INITIAL SUPP | | DATE/TIME STARTED | DATE/TIME ENDED | DATE/TIME REPORTED |
|---|---|---|---|---|---|---|
| SR | Supplemental Report | | X | 2022-03-07 08:30 PM | 2022-03-07 09:15 PM | 2022-03-07 10:17 PM |

| REPORT FILED FROM | TRACKING NUMBER | LOCATION OF OCCURRENCE | | APPROVED BY: |
|---|---|---|---|---|
| *** | T22008640 | 352 Belmont AVENUE, Winnipeg, MB | | *** |

| LOCATION TYPE | THEFT TYPE | METHOD OF ENTRY | METHOD OF EXIT | PT OF ENTRY | PT OF EXIT | ENTRY LOC |
|---|---|---|---|---|---|---|
| | | | | | | |

## PERSON LISTINGS

| | TYPE | LAST NAME | FIRST NAME | MIDDLE NAME | DOB | RACE | SEX | DRIVER LIC NO | LIC ST |
|---|---|---|---|---|---|---|---|---|---|
| 1 | REP | Martinez | Alex | | *** | | * | | |

| | SSN | ETHNICITY | RESIDENT | EYE COLOR | HAIR COLOR | AGE | HEIGHT | WEIGHT | CELL PHONE |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

| EMAIL | RESIDENCE ADDRESS | HOME PHONE |
|---|---|---|
| case_am_072015@aol.com | *** | *** |

| EMPLOYER NAME | BUSINESS ADDRESS | BUSINESS PHONE |
|---|---|---|
| | *** | |

## NARRATIVE

Please see that attached report as an incident occurred in Toronto and it appears that it is in connection to your offices and officers.  What appeared to be minor; is very serious as he uttered a threat and that he was going to "kill me and put a hit on me."

This is illegal and so is standing in front of me in an intimidating manner and not allowing me to pass.  It is too close and an invasion of space and seeing as a Professional Standards investigation is in place with your police force and we have several legal conflicts; the matter is reported to you for investigation and to do an arrest.

Alex Martinez

**From:** jboothe@PPLGUARD.com,
**To:** case_am_072015@aol.com,
**Subject:** Automatic reply: Secuity Incident Cannot Be Reported - Contact Form Not Working
**Date:** Mon, Mar 7, 2022 10:56 pm
**Attachments:**

This account is no longer active. Please contact Lorina Catabay lcatabay@ppIguard.com 905 443 3600 for any requests. For any immediate response from our management team please contact , Brett MacNeil (416 576 1923) at the Durham Office.   Thank you,

Jessica Boothe
Administrator - Operations, Durham
jboothe@PPLGUARD.com



226 Gibbons Street
Oshawa, ON, L1J 4Y6
T. 905-440-1016 / F. 905-443-9999



https://www.paragonsecurity.ca

**From:** case_am_072015@aol.com,
**To:** lcatabay@pplguard.com,
**Subject:** Fwd: Secuity Incident Cannot Be Reported - Contact Form Not Working
**Date:** Mon, Mar 7, 2022 11:01 pm

Hello Lorina Catabay;

Please see below.  It was advised by Jessica Boothe, Administrator - Operations, Durham at jboothe@PPLGUARD.com to send the complaint below to your office and attention.

Alex Martinez
case_am_072015@aol.com

-----Original Message-----
From: Alex Martinez <case_am_072015@aol.com>
To: paragonacademy@pplguard.com <paragonacademy@pplguard.com>
Sent: Mon, Mar 7, 2022 10:56 pm
Subject: Secuity Incident Cannot Be Reported - Contact Form Not Working

To whom it may concern;

According to the internet (http://www.bing.com/search?q=north+york+centre+security&form=QBLH&sp=-1& pq=north+york+centre+security&sc=1-26&qs=n&sk=&cvid=0978D417CE7E42318CC80D1033E3462F) your company is responsible for the security at the North York Centre where I was accosted by a small male of approximately 5 foot 6 in cm in height at the Dollarama Store at:

5095 Yonge St, Empress Walk, Toronto ON M2N6Z4
416-225-1933
dollarama.com

This occurred at 8:40 p.m., today, March 07th, 2022 and was reported to the staff at the Dollarama who ran to the back to call your officers.

He first asked me for money in the store and then proceeded to stop me from walking by and stood in front of me; which is illegal and an invasion of my personal space.  All of a sudden he started screaming and running out of the store; while screaming obscenities he was saying that he is going to "put a hit on me."

This is a threat and now considered an assault.  Therefore please obtain the security and surveillance video and inform the police and have him removed from the property if you can identify him

This was first reported online and through you contact form; however, the site and form does not appear to work and therefore; it is being sent by e-mail.

Should you have any questions; or, concerns, please do not hesitate to contact me by return e-mail at:
case_am_072015@aol.com

Alex Martinez
case_am_072015@aol.com

**From:** case_am_072015@aol.com,
**To:** paragonacademy@pplguard.com,
**Subject:** Secuity Incident Cannot Be Reported - Contact Form Not Working
**Date:** Mon, Mar 7, 2022 10:56 pm

To whom it may concern;

According to the internet (http://www.bing.com/search?q=north+york+centre+security&form=QBLH&sp=-1&pq=north+york+centre+security&sc=1-26&qs=n&sk=&cvid=0978D417CE7E42318CC80D1033E3462F) your company is responsible for the security at the North York Centre where I was accosted by a small male of approximately 5 foot 6 in cm in height at the Dollarama Store at:

5095 Yonge St, Empress Walk, Toronto ON M2N6Z4
416-225-1933
dollarama.com

This occurred at 8:40 p.m., today, March 07th, 2022 and was reported to the staff at the Dollarama who ran to the back to call your officers.

He first asked me for money in the store and then proceeded to stop me from walking by and stood in front of me; which is illegal and an invasion of my personal space.  All of a sudden he started screaming and running out of the store; while screaming obscenities he was saying that he is going to "put a hit on me."

This is a threat and now considered an assault.  Therefore please obtain the security and surveillance video and inform the police and have him removed from the property if you can identify him

This was first reported online and through you contact form; however, the site and form does not appear to work and therefore; it is being sent by e-mail.

Should you have any questions; or, concerns, please do not hesitate to contact me by return e-mail at:
case_am_072015@aol.com

Alex Martinez
case_am_072015@aol.com

WINNIPEG POLICE SERVICE SUMMARY SUPPLEMENT REPORT

**REPORT NUMBER: E210029462**



## INCIDENT INFORMATION

| INCIDENT CODE | INCIDENT TYPE | INITIAL | | DATE/TIME STARTED | DATE/TIME ENDED | DATE/TIME REPORTED |
|---|---|---|---|---|---|---|
| SR | Supplemental Report | SUPP | X | 2022-04-10 04:00 AM | 2022-04-10 04:15 AM | 2022-04-10 05:18 AM |

| REPORT FILED FROM | TRACKING NUMBER | LOCATION OF OCCURRENCE | | APPROVED BY: |
|---|---|---|---|---|
| *** | T22012847 | 352 BELMONT AVENUE, WINNIPEG, MB | | *** |

| LOCATION TYPE | THEFT TYPE | METHOD OF ENTRY | METHOD OF EXIT | PT OF ENTRY | PT OF EXIT | ENTRY LOC |
|---|---|---|---|---|---|---|
| | | | | | | |

## PERSON LISTINGS

| | TYPE | LAST NAME | FIRST NAME | MIDDLE NAME | DOB | RACE | SEX | DRIVER LIC NO | LIC ST |
|---|---|---|---|---|---|---|---|---|---|
| 1 | REP | Martinez | Alex | | *** | | * | | |
| | SSN | ETHNICITY | RESIDENT | EYE COLOR | HAIR COLOR | AGE | HEIGHT | WEIGHT | CELL PHONE |
| | | | | | | | | | |
| | EMAIL | | RESIDENCE ADDRESS | | | | HOME PHONE | | |
| | case_am_072015@aol.com | | *** | | | | *** | | |
| | EMPLOYER NAME | | BUSINESS ADDRESS | | | | BUSINESS PHONE | | |
| | | | *** | | | | | | |

## NARRATIVE

As part of the ongoing investigations into Fraud and Corruption; you must include the Canadian Security Intelligence Services, Canada Border Services, Communications Security Establishment, the Canada Revenue Agency and the Royal Canadian Mounted Police Services for failing their Mandate and to respond and appear in the Federal Court of Canada; which is considered a violation of their mandate and a service fraud.

In addition; out of harassment another attempt was made to do an unlawful removal at the McDonald's on Bloor Street in Toronto. The address is on the attached receipt. The Manager was asked for his identification and name and he refused. He is of Asian descent and 5 foot and 5 inches in height and with two gold earrings. We believe that is it is in connection to false reports and calls from your Police officers as he approached me approximately 7 minutes after sitting down accusing me of sleeping; which was not true and to which there is no policy against if you do not lay down and rest upright and with your eyes closed. This is therefore frivolous and another attack. You have a cease and desist request against all of the police and military in Canada and therefore; this should not occur. In addition; they should not be comfortable to joke, jest; or, play games in this way. As they are not considered my friends and associates. The last part is a lead and further evidence of Service Fraud in the Ontario Court of Appeal and in the Registry as they are not following the Rules. This is not a job and performance issue; but a clear sign of Fraud.

## INCIDENT IMAGE

**REPORT NUMBER: E210029462**

| INCIDENT IMAGE |
|---|

196 Bloor
196 Bloor Street West
Toronto ON  M5S1T8
Tel#: 416-964-1583

Store#: 40764
TRANS#: 1LNYGV75LW

Thank you for your order. Something
is not right? Call us or email us at
40764@post.mcdonalds.ca so we can
make it right.

# 760-2

KS# 3            04/10/2022 05:03:56 AM
QTY ITEM                          TOTAL
  1 Hash Brown                     1.99
Subtotal                           1.99
HST                                0.10
Eat-In Total                       2.09
Rounding Adjustment                0.01
Total Rounded                      2.10
Cash Tendered                      2.25
Change                             0.15
       GST#: 864178553RT0001
Now Hiring for future opportunities!
Stop by on Tuesdays for an interview.



Canadian    Service
Security    canadien du
Intelligence  renseignement
Service     de sécurité

Our file: 116-2016-189

SEP 2 3 2016

Mr. Ilich Alex Martinez
102A - 1075 Bay Street
Toronto, Ontario
M5S 2B2

Dear Mr. Martinez,

This refers to your *Privacy Act* request of September 15, 2016, received in our office on
September 16, 2016.

Based on information contained in your request, please be advised that personal information bank
**CSIS PPU 045** - **Canadian Security Intelligence Service Investigational Records** was searched on
your behalf. The *Governor-in-Council* has designated this information bank an exempt bank pursuant
to section 18 of the *Privacy Act* . If the type of information described in the bank did exist, it would
qualify for exemption under section 21 (as it relates to the efforts of Canada towards detecting,
preventing or suppressing subversive or hostile activities), or 22(1)(a) and/or (b) of the *Act.*

You may use the contact information located in the footer to contact us should you wish to obtain
clarification concerning your request. Please provide the file number at the top of this letter in any
subsequent correspondence. If you would like us to conduct additional searches, I invite you to
consult our CSIS Web site at www.csis.gc.ca or the Treasury Board Web site at
www.Infosource.gc.ca, on how to file a complete personal information request.

Please be advised that you are entitled to complain to the Privacy Commissioner concerning the
processing of your request. In the event you decide to avail yourself of this right, your notice of
complaint should be addressed to: Privacy Commissioner of Canada, 30 Victoria Street, 1st floor,
Gatineau, Quebec, K1A 1H3

Yours truly,

Coordinator
Access to Information
and Privacy
Attachments

Canadä



**Canadian Security**     Service canadien du
**Intelligence Service**   renseignement de sécurité



Our file: 116-2020-573

Alex Martinez
181 Bay Street
Post Office Box: 30054 Brookfield PO          MAR 1 7 2021
Toronto, Ontario
M5J 0A5

Dear Alex Martinez :

This refers to your *Privacy Act* request of February 17, 2021, for **"To whom it may concern; This request is an
extension to an internal investigation and case that was done in tandem with the past Director of the Canadian
Security Intelligence Services, Michel Coulombe and that has been transferred to the current Director, David
Vigneault. The internal and Professional Standards investigations are coming to an end for a very successful
case and seeing as the matter is before the Courts; all the information and details of their work need to be
aggregated and passed along to me for submission. Therefore; please provide all information, records,
investigation files, officers notes, audio, video, photo, telephone and surveillance records from all sources
within Canada and Internationally, under my name and in the possession of the Canadian Security
Intelligence Services (CSIS). This includes all records and files from all databases and other sources. Seeing as
it is such a big case; please begin the search from my date of birth which is January 16th, 1973. It is important
that as much information as possible be provided; for our success in Court is dependent on the quality of the
information provided from this request and seeing as so many CSIS Agents have dedicated their skill, careers
and lives, it is necessary to win; for they deserve it. Thank you and I look forward to your cooperation.
Regards; Alex Martinez case_am_072015@aol.com"**, received in our office on February 17, 2021.

Based on information contained in your request, please be advised that personal information bank listed below was
searched on your behalf with the following results:

**Canadian Security Intelligence Service Investigational Records** (CSIS PPU 045) - The Governor-in-Council has
designated this information bank an exempt bank pursuant to section 18 of the *Privacy Act*. Further to subsection
16(2) of the *Act*, we neither confirm nor deny the existence of the requested information. If the type of information
described in the bank did exist, it would qualify for exemption under section 21 (as it relates to the efforts of Canada
towards detecting, preventing or suppressing subversive or hostile activities), or 22(1)(a) and/or (b) of the *Act*.

In accordance with the Treasury Board of Canada Secretariat Directive on Privacy Requests and Correction of
Personal Information, I am enclosing a copy of the Duty to Assist Principles for your convenience.

You may use the contact information located in the footer to contact us should you wish to obtain clarification
concerning your request. Please provide the file number at the top of this letter in any subsequent correspondence. If
you would like us to conduct additional searches, I am enclosing herewith a copy of the Service's chapter in Info
Source which describes the various other personal information banks maintained by the Service, along with a
personal information request form. This, as well as additional information about access to information and privacy
can be found at the CSIS portal on the Canada.ca website at **https://www.canada.ca/en/security-intelligence-
service/corporate/transparency/access-to-information-and-privacy.html**.

Please be advised that you are entitled to complain to the Privacy Commissioner concerning the processing of your
request. In the event you decide to avail yourself of this right, your notice of complaint should be addressed to:
**Privacy Commissioner of Canada, 30 Victoria Street, 1st floor, Gatineau, Quebec, K1A 1H3**.

Yours truly,



Head, Disclosures I
Access to Information and Privacy

Encl.





Commissariat
à la protection de la
vie privée du Canada
Office of the
Privacy Commissioner
of Canada

Mr. Alex Martinez
P.O. Box 30054 Brookfield P.O. 181 Bay Street
Toronto ON M5J 0A5

JUL − 6 2021          **PROTECTED**

Our File: PA-059786
CSIS File: 116-2020-573

Dear Mr. Martinez:

This is in response to your correspondence received on 2021-04-29 wherein you complained that the Canadian Security Intelligence Service (CSIS) denied you access to your personal information by not providing any records in response to your request made under the *Privacy Act* (CSIS file 116-2020-573). Given the wording of your request, the CSIS searched for records containing your personal information within its personal information bank CSIS PPU 045.

I wish to inform you that for security reasons, the CSIS has adopted the policy of refusing to neither confirm nor deny whether an individual's personal information is within CSIS PPU 045. The CSIS relies on section 16(2) of the *Privacy Act* to not disclose whether personal information concerning a requestor exists.

CSIS PPU 045 is an exempt bank. For your reference, you may wish to consult Exempt Personal Information Bank Order, No. 14 (CSIS) online at http://laws-lois.justice.gc.ca/eng/regulations/SOR-92-688/FullText.html, which designates the information bank in question as an exempt bank on the basis of section 21 and paragraphs 22(1)(a) and (b) of the *Privacy Act*.

Section 16(2) of the *Privacy Act* states that a government institution is not required to reveal whether personal information exists. Section 16(1) states that the institution must indicate the sections of the *Privacy Act* which could reasonably be used to exempt such information if it did exist. As required by section 16(1), the CSIS has indicated that if information were to exist it could reasonably be expected to be exempted under one or more of sections 21 and/or 22(1)(a) or (b) of the *Privacy Act*. The *Privacy Act* also prohibits the Office of the Privacy Commissioner from either confirming or denying the existence of requested records, where the institution has relied on section 16(2). My Office is of the stance that the CSIS has correctly cited these provisions in its response and dealt with your request appropriately and in accordance with the *Privacy Act*.

30 rue Victoria, 1er étage  |  30 Victoria Street, 1st Floor
Gatineau (Québec)  K1A 1H3
Sans frais/Toll free 1-800-282-1376  Tél./Tel: 819-994-5444  Téléc./Fax: 819-994-5424  www.priv.gc.ca

- 2 -

The decision of the Federal Court of Appeal in *Ruby v. Canada (Solicitor General)*, [2000] 3 F.C. 589 confirms the right of a government institution under section 16(2) to not disclose whether personal information concerning a requestor exists. The court stated that merely revealing the existence or non-existence of information is in itself an act of disclosure: a disclosure that the requestor is or is not the subject of an investigation.  The court further concluded that the *Privacy Act* strikes the right balance between the government institution's duty to disclose and its power to refuse disclosure, including disclosure of the very existence of personal information.

Therefore, the response provided by the CSIS in refusing to reveal whether your personal information exists in PPU 045 would be in accordance with the requirements of the *Privacy Act*.  Under the circumstances, we consider that the CSIS properly responded to your request and that it did not contravene your access rights in this case.  Accordingly, the complaint is **not well-founded**.

Section 41 of the *Privacy Act* provides a right to apply to the Federal Court of Canada for review of the decision of a government institution to refuse to provide access to personal information.  You should be aware that an application under section 41 is limited to establishing that you have been denied a right of access.  Having now received this report, you have the right to apply to the Federal Court under section 41 for review of the decision of the CSIS.  Such an application should name the appropriate Minister responsible for the CSIS as respondent and it must be filed with the Court within 45 days of receiving this letter.  Should you wish to proceed to the Court, we suggest you contact the Court's Registry Office nearest you.  Their locations are listed in the Court's website at https://www.fct-cf.gc.ca/ and a telephone number for the registry office nearest you should be listed in your telephone directory's blue pages.

You should also be aware that the Court has discretion to order that the costs of the other party be paid by you where the Court is of the view that this is appropriate.  While this does not happen often, it is a possibility of which you should be aware.  Conversely, the Court may order that your costs be paid where the Court finds that your application raises an important new principle.

For additional information on Federal Court applications, please check the Fact Sheet, Section 41 of the *Privacy Act* - Court Review of Refusals to Give Access to Personal Information, found on this Office's website at https://www.priv.gc.ca/en/privacy-topics/privacy-laws-in-canada/the-privacy-act/federal-court-applications-under-the-privacy-act/.

30 rue Victoria, 1er étage  |  30 Victoria Street, 1st Floor
Gatineau (Québec)  K1A 1H3
Sans frais/Toll free 1-800-282-1376  Tél./Tel: 819-994-5444  Téléc./Fax: 819-994-5424  www.priv.gc.ca

- 3 -

This concludes this Office's investigation of your complaint.  If you have any questions about this letter, please do not hesitate to contact Brad Carrier, the Senior Privacy Investigator who investigated this complaint at 1-800-282-1376.

Sincerely,

Jason Trudeau
Manager
*Compliance, Intake and Resolution
Directorate*

30 rue Victoria, 1er étage  |  30 Victoria Street, 1st Floor
Gatineau (Québec)  K1A 1H3
Sans frais/Toll free 1-800-282-1376  Tél./Tel: 819-994-5444  Téléc./Fax: 819-994-5424  www.priv.gc.ca

**From:** case_am_072015@aol.com,
**To:** coa.e-file@ontario.ca,
**Subject:** The New Motion for Leave to Appeal Forms you Requested! Re: Notarized Fee Waiver Re: Completed Fee Waiver Form Re: Martinez; Service; Factum & Motion Record NEW FILE – Factum and Motion Record of the Appellant
**Date:** Sun, Mar 27, 2022 10:02 pm
**Attachments:** NEW FILE. MLA.pdf (40K), New File.MLA.pdf (40K),

Hello;

As per your request; attached is the new Motion for Leave to Appeal forms you requested to have completed after the filing due date.  However, it is contingent on the fact that it is evidence of Fraud and Corruption within your Registry and Court, for you cannot change, alter documents after they have been filed and delay; or, not accept the filing fee after the due date; or, delay and ignore sending the Fee Waiver Form and any other document required for the proper filing of Applications and other Court materials.

So that documents may be filed on time; these documents must be made available publicly; either in the Rules; or, on your Website and any other legally acceptable and agreeable method that is legislated by the Province of Ontario.

It is a very serious problem due to the current court case in the Federal Court of Canada that has set precedent over administrative and operational matters such as this; for I cannot be jeopardized, discredited and delayed for your errors and misgivings.

Alex Martinez
case_am_072015@aol.com


-----Original Message-----
From: Alex Martinez <case_am_072015@aol.com>
To: coa.e-file@ontario.ca <coa.e-file@ontario.ca>
Sent: Thu, Mar 24, 2022 4:08 pm
Subject: Notarized Fee Waiver Re: Completed Fee Waiver Form Re: Martinez; Service; Factum & Motion Record NEW FILE – Factum and Motion Record of the Appellant

Good afternoon!

Attached is the Notarized Fee Waiver and Proof of Service.

As for your other comments about the Notice of Motion for Leave to Appeal, again you must use the one that is in the current Rules and is linked to your website.

That form is used for 3 Panel Judges as well and what you are proposing is not appropriate especially since it is "After the Fact" that they have already been filed on an earlier date and on time.

Plus; the Fee Waiver Form was also provided late and "After the Fact" that it is available from the Lower Courts for transfer and was requested prior to the due and end date of the time required to pay the fees.

Now you have to back date it and to do that is not an acceptable business and court practice as it should be made available to the public if it is a requirement and has a deadline.

This is very important; for as I stated earlier, there are Service Fraud investigations in the Registry in several Canadian Courts, whereby as a Registry Officer you can face a prison sentence for ignoring me and the law and Rules of the Court.

Therefore; you must proceed as is and file the documents and send the file numbers immediately.

Regards,


Alex Martinez
case_am_072015@aol.com

The New Motion for Leave to Appeal Forms you Requested! Re: Notariz...                     https://mail.aol.com/webmail-std/en-ca/PrintMes

-----Original Message-----
From: Alex Martinez <case_am_072015@aol.com>
To: JUS-G-MAG-Judicial COA E-file <coa.e-file@ontario.ca>
Sent: Thu, Mar 24, 2022 5:51 am
Subject: Re: Completed Fee Waiver Form Re: Martinez; Service; Factum & Motion Record NEW FILE – Factum and
Motion Record of the Appellant

Good morning;

Are you also aware that the Form you sent must be in the Rules as well and it is not.

Therefore; you are required to accept the Form and Motion provided as is and file everything now; while the Fee
Waiver is sent.

What you are suggesting is Fraud.

Do it now!

Alex Martinez
case_am_072015@aol.com

On Thursday, March 24, 2022, 5:22:36 AM EDT, Alex Martinez <case_am_072015@aol.com> wrote:


Good morning;

No!  You are required by law and the Rules to file them now and using the Form on the website.
 You will be Court Martialed.  You cannot do it that way.  They must be available for download and
access and you cannot provide them late either in the way that you did.

Therefore; you must file them as is and immediately. You will face a complaint that can lead to
criminal charges by the end of the day.  It just happened in the Federal Court of Canada.  Forms
and etc.; must be made available in advance; for you can withhold them and cause a mistrial such
as what you are doing.

As for the Fee Waiver form; I will try to have it notarized and sent as soon as possible.

Alex Martinez
case_am_072015@aol.com


On Wednesday, March 23, 2022, 4:26:04 PM EDT, JUS-G-MAG-Judicial COA E-file <coa.e-file@ontario.ca> wrote:


Good morning,

The Notice of Motion you provided to the Court is for filing a Single Judge Motion. The form I
provided you with is for a Panel Motion. A Motion for Leave to Appeal is a motion considered
brought before a panel of three Judges, as such I had provided you with the correct form. I can only
file documents that are in compliances with the rules.

With respect to time, I had advised that I will preserve the time but I have to have the proper
documents in order to file this motion. If you cannot provide the filing fee, and as noted on page 3
of the fee waiver you are not able to provide the Court with the requestors proof of income

The New Motion for Leave to Appeal Forms you Requested! Re: Notariz... https://mail.aol.com/webmail-std/en-ca/PrintMes:

documents, I am unable to approve the fee waiver request. This request will have to be approved by a Judge of the Court of Appeal (the form is attached).

The Fee Waiver in the Lower Court **cannot** be transferred to the Court of Appeal.

Regards,

Office of the Registrar/Erica

Court of Appeal for Ontario
Osgoode Hall
130 Queen Street West
Toronto, Ontario
M5H 2N5

Toll Free: 1-855-718-1756
Telephone number: (416) 327-5020
Facsimile number: (416) 327-5032
E-Mail: coa.e-file@ontario.ca
Website: http://www.ontariocourts.ca/coa/en/
Business Hours: 8:30 a.m. to 5:00 p.m.

---

**From:** Alex Martinez <case_am_072015@aol.com>
**Sent:** March 18, 2022 2:03 PM
**To:** JUS-G-MAG-Judicial COA E-file <COA.E-file@ontario.ca>
**Subject:** Completed Fee Waiver Form Re: Martinez; Service; Factum & Motion Record NEW FILE – Factum and Motion Record of the Appellant

**CAUTION -- EXTERNAL E-MAIL - Do not click links or open attachments unless you recognize the sender.**

Hello and good afternoon;

Attached is the completed Fee Waiver Form. It has to be Notarized, but since there is a deadline, it should be sent to you immediately, as there is a Fee Waiver in place in the Lower Courts which you can transfer and use. If this is the case; then this one may not need to be Notarized at all; as I will not be able to have it commissioned until next week and that may be too late.

With hope; this is sufficient for you and what you need.

Please confirm!

Alex Martinez
case_am_072015@aol.com

-----Original Message-----
From: JUS-G-MAG-Judicial COA E-file <COA.E-file@ontario.ca>
To: case_am_072015@aol.com <case_am_072015@aol.com>
Cc: Rana, Ambika (MAG) <Ambika.Rana2@ontario.ca>; Shojaei, Morvarid (MAG) <Morvarid.Shojaei@ontario.ca>
Sent: Thu, Mar 17, 2022 9:09 am
Subject: RE: Martinez; Service; Factum & Motion Record NEW FILE – Factum and Motion Record of the Appellant

Good morning,

I am in receipt of the motion material you have submitted for filing. After conducting a Court file search, I note that the Notice of Appeal and Notice of Motion have not been accepted for filing and no file number has been assigned. After review of the notices, it appears that you are appealing an Order of Divisional Court dated **February 9, 2022.**

Pursuant to section 6(1)(a) of the *Courts of Justice Act,* an appeal lies to the Court of appeal from (a) an order of the Divisional Court, on a question that is not a question of fact alone, with leave of the Court of Appeal, as provided in the rules of the Court. As such, a Notice of Motion for Leave to

3 of 7 4/10/2022, 6:07

The New Motion for Leave to Appeal Forms you Requested! Re: Notariz...                    https://mail.aol.com/webmail-std/en-ca/PrintMess

Appeal is required at this time. Once and if leave is granted, then you will file a Notice of Appeal. Please find attached the proper format to process the Notice of Motion for Leave to Appeal. The Court will perverse the time for filing, as you initially submitted materials for filing on February 11, 2022. Once you have completed the attached form please submit for filing, copying all parties for service.

Before I can process the Notice of Motion for Leave to Appeal for filing, a payment of $320.00 is required. If you require a fee waiver, please see attached.

**You can request to have your court fees waived if you match the following criteria:**

1. Your main source of household income is one or more of the following: - income assistance from Ontario Works
- income support from the Ontario Disability Support Program
- Old Age Security Pension and the Guaranteed Income Supplement
- War Veterans Allowance
- Canada Pension Plan benefits
**OR**

2. You are receiving services from Legal Aid Ontario for this case. Please note that receiving assistance from an advice lawyer or duty counsel is not the same as receiving certificate services from Legal Aid Ontario.

**OR**
3. Your gross annual household income and assets are less than: You will have to provide proof of your gross annual household income and indicate on the form which documents you have included. If you can't provide any of these documents, explain why and continue to fill out the rest of the form, where you will write down your household's income information instead.

Regards,

Office of the Registrar/Erica



Court of Appeal for Ontario
Osgoode Hall
130 Queen Street West
Toronto, Ontario
M5H 2N5

Toll Free: 1-855-718-1756
Telephone number: (416) 327-5020
Facsimile number:  (416) 327-5032
E-Mail: coa.e-file@ontario.ca
Website: http://www.ontariocourts.ca/coa/en/
Business Hours: 8:30 a.m. to 5:00 p.m.

---

**From:** Alex Martinez <case_am_072015@aol.com>
**Sent:** March 15, 2022 5:28 PM
**To:** JUS-G-MAG-Judicial COA E-file <COA.E-file@ontario.ca>
**Subject:** Fwd: Service; Factum & Motion Record NEW FILE – Factum and Motion Record of the Appellant

   **CAUTION -- EXTERNAL E-MAIL - Do not click links or open attachments unless you recognize the sender.**
Registry!

Where is the file number for this case?

The New Motion for Leave to Appeal Forms you Requested! Re: Notariz...                    https://mail.aol.com/webmail-std/en-ca/PrintMes

Please see below and the attached.

Alex Martinez
case_am_072015@aol.com

-----Original Message-----
From: Rana, Ambika (MAG) <Ambika.Rana2@ontario.ca>
To: Alex Martinez <case_am_072015@aol.com>
Cc: Shojaei, Morvarid (MAG) <Morvarid.Shojaei@ontario.ca>
Sent: Tue, Mar 15, 2022 10:44 am
Subject: RE: Service; Factum & Motion Record NEW FILE – Factum and Motion Record of the Appellant

Hello Mr. Martinez,

I am doing a follow-up regarding your motion for leave to appeal documents. Would you kindly advise if you have filed these materials with the Court of Appeal and if you have received a file number from the court regarding this matter?

Yours Respectfully,

**Ambika Rana** *(She/Her)*
Law Clerk
Office of the Independent Police Review Director (OIPRD)
Ministry of the Attorney General
655 Bay Street|10th floor|Toronto, Ontario|M7A 2T4
Tel: 437-882-2448   E-mail: ambika.rana2@ontario.ca



**From:** Alex Martinez <case_am_072015@aol.com>
**Sent:** March 11, 2022 8:36 PM
**To:** Shojaei, Morvarid (MAG) <Morvarid.Shojaei@ontario.ca>
**Cc:** Rana, Ambika (MAG) <Ambika.Rana2@ontario.ca>
**Subject:** Re: Service; Factum & Motion Record NEW FILE – Factum and Motion Record of the Appellant

   **CAUTION -- EXTERNAL E-MAIL - Do not click links or open attachments unless you recognize the sender.**
Hello Morvarid Shojaei;

Thank you!

Alex Martinez
case_am_072015@aol.com

On Friday, March 11, 2022, 2:44:04 PM EST, Shojaei, Morvarid (MAG) <morvarid.shojaei@ontario.ca> wrote:

Good afternoon Mr. Martinez,

Thank you for resending your materials. I apologize as it appears that we were having some technical issues and some of your emails had gone to my spam folder, and others were not

received properly due to size limits.  In any event, I can confirm now that I have received the
following documents:

1. Factum ( RE: seeking leave from the Court of Appeal regarding Justice Corbett's direction
   about the OIPRD ROP)
2. Motion Record in 3 parts.


Regards,


**Morvarid Shojaei** (*she/her*)
Counsel
Office of the Independent Police Review Director
655 Bay Street, 10th  Floor
Toronto, Ontario, M7A 2T4
T: (437) 990-7645
Morvarid.shojaei@ontario.ca | www.oiprd.on.ca


This e-mail message and any attachments are intended only for the above mentioned recipient(s) and may contain
information that is confidential and solicitor-client privileged. If you have received this message in error, please notify
me immediately and delete this e-mail and any attachments without viewing, copying, distributing or disclosing its
contents.

---

**From:** Alex Martinez <case_am_072015@aol.com>
**Sent:** March 11, 2022 2:00 AM
**To:** Shojaei, Morvarid (MAG) <Morvarid.Shojaei@ontario.ca>; CCM2_OIPRD_Legal <OIPRD.Legal@ontario.ca>
**Subject:** Service; Factum & Motion Record NEW FILE – Factum and Motion Record of the Appellant

   **CAUTION -- EXTERNAL E-MAIL - Do not click links or open attachments unless you recognize the sender.**
Dear Morvarid Shojaei and Carla Concalves,

Please find enclosed for service upon you; the Factum and the Motion Record for the case of Alex Martinez v. Office of
the Independent Police Review Director (O.I.P.R.D.) that was filed by way of a Notice of Appeal and Notice of Motion
for Leave to Appeal as per Rule 61.01, on February 11th, 2022.

Due to the file size of the documents; the Motion Record has been split into several parts.

Attached is the Factum.  The Motion Record will follow in separate messages.

Please confirm receipt!

Should you have any questions; or concerns, please do not hesitate to contact me by return e-mail at:
case_am_072015@aol.com

Sincerely,


Alex Martinez
case_am_072015@aol.com

----- Forwarded Message -----
**From:** Alex Martinez <case_am_072015@aol.com>
**To:** coa.e-file@ontario.ca <coa.e-file@ontario.ca>
**Sent:** Thursday, March 10, 2022, 7:47:39 PM EST
**Subject:** Factum & Motion Record NEW FILE – Factum and Motion Record of the Appellant

To whom it may concern;

Please find enclosed for filing; the Factum and the Motion Record for the case of Alex Martinez v. Office of the Independent Police Review Director (O.I.P.R.D.) that was filed by way of a Notice of Appeal and Notice of Motion for Leave to Appeal as per Rule 61.01, on February 11th, 2022.

Due to the file size of the documents; the Motion Record has been split into several parts.

Attached is the Factum.  The Motion Record will follow in separate messages.

Please confirm receipt!

Should you have any questions; or concerns, please do not hesitate to contact me by return e-mail at: case_am_072015@aol.com

Sincerely,


Alex Martinez
case_am_072015@aol.com

WINNIPEG POLICE SERVICE SUMMARY SUPPLEMENT REPORT

**REPORT NUMBER: E210029462**



## INCIDENT INFORMATION

| INCIDENT CODE | INCIDENT TYPE | INITIAL SUPP | | DATE/TIME STARTED | DATE/TIME ENDED | DATE/TIME REPORTED |
|---|---|---|---|---|---|---|
| **SR** | **Supplemental Report** | | X | **1980-01-01 12:01 AM** | **2022-05-07 05:00 PM** | **2022-05-07 05:52 PM** |
| REPORT FILED FROM | TRACKING NUMBER | | LOCATION OF OCCURRENCE | | | APPROVED BY: |
| *** | **T22016255** | | **352 Belmont AVENUE, Winnipeg, MB** | | | *** |
| LOCATION TYPE | | THEFT TYPE | METHOD OF ENTRY | METHOD OF EXIT | PT OF ENTRY | PT OF EXIT | ENTRY LOC |

## PERSON LISTINGS

| | TYPE | LAST NAME | FIRST NAME | MIDDLE NAME | DOB | RACE | SEX | DRIVER LIC NO | LIC ST |
|---|---|---|---|---|---|---|---|---|---|
| 1 | **REP** | **Martinez** | **Alex** | | *** | | * | | |
| | SSN | ETHNICITY | RESIDENT | EYE COLOR | HAIR COLOR | AGE | HEIGHT | WEIGHT | CELL PHONE |
| | EMAIL **case_am_072015@aol.com** | | RESIDENCE ADDRESS *** | | | | HOME PHONE *** | | |
| | EMPLOYER NAME | | BUSINESS ADDRESS *** | | | | BUSINESS PHONE | | |

## NARRATIVE

The following must be investigated, charged and prosecuted for Fraud, Collusion, Criminal Harassment, Aggravated Assault, Pedophilia, Child Pornography and the other crimes uncovered in this case for Court and legal purposes and the recovery of all stolen money and assets.  Manitoba Ombudsman' Office, Canadian Forces and Military (Navy, Marines, Air Force, Joint Task Force (JTF) and etc.) the Canadian Forces Ombudsman' Office, Canadian Broadcasting Company (CBC), Associated Press, The City of Winnipeg Police Services, Calgary Police Services, Vancouver Police Services, Toronto Police Services, Montreal Police Services, Manitoba Justice, Alberta Justice, Ottawa Police Services, United States Navy, Air Force and Marines, Central Intelligence Agency (CIA), National Security Association (NSA), Federal Bureau of Investigation (FBI) Homeland Security (HS) U.S. Customs and Border Security, Canada Border Security Agency, Office of Canada' Ambassador to the U.S.A. (Gary Doer's Office) High Commissioner of Canada' office, TECK Resources, Disney and Marvel Studios for vigilantism.

The following countries and governments must be investigated, prosecuted and charged for their role and involvement with the Canadian government, Police and Military:  Governments of the United States, Portugal, Ireland, France, Italy, Israel, Spain, Mexico, Saudi Arabia, India, Poland, Australia, New Zealand, Ukraine, Thailand, Moldova, Czechoslovakia, Taiwan, England, Sweden, Switzerland, Chile, Argentina, Brazil and Germany.  Any others known and not listed must be added by you.  This must be done at this stage.



Canadian   Service
Security   canadien du
Intelligence   renseignement
Service   de sécurité

Our file: 116-2016-189

SEP 2 3 2015

Mr. Ilich Alex Martinez
102A - 1075 Bay Street
Toronto, Ontario
M5S 2B2

Dear Mr. Martinez,

This refers to your *Privacy Act* request of September 15, 2016, received in our office on
September 16, 2016.

Based on information contained in your request, please be advised that personal information bank
**CSIS PPU 045  - Canadian Security Intelligence Service Investigational Records** was searched on
your behalf.  The Governor-in-Council has designated this information bank an exempt bank pursuant
to section 18 of the *Privacy Act* .  If the type of information described in the bank did exist, it would
qualify for exemption under section 21 (as it relates to the efforts of Canada towards detecting,
preventing or suppressing subversive or hostile activities), or 22(1)(a) and/or (b) of the *Act.*

You may use the contact information located in the footer to contact us should you wish to obtain
clarification concerning your request. Please provide the file number at the top of this letter in any
subsequent correspondence.  If you would like us to conduct additional searches, I invite you to
consult our CSIS Web site at www.csis.gc.ca or the Treasury Board Web site at
www.Infosource.gc.ca, on how to file a complete personal information request.

Please be advised that you are entitled to complain to the Privacy Commissioner concerning the
processing of your request.  In the event you decide to avail yourself of this right, your notice of
complaint should be addressed to:  Privacy Commissioner of Canada, 30 Victoria Street, 1st floor,
Gatineau, Quebec, K1A 1H3

Yours truly,

Coordinator
Access to Information
and Privacy
Attachments

Canadä

 **Canadian Security** **Service canadien du**
**Intelligence Service** **renseignement de sécurité**



Our file: 116-2020-573

Alex Martinez
181 Bay Street
Post Office Box: 30054 Brookfield PO            MAR 1 7 2021
Toronto, Ontario
M5J 0A5

Dear Alex Martinez :

This refers to your *Privacy Act* request of February 17, 2021, for **"To whom it may concern; This request is an**
**extension to an internal investigation and case that was done in tandem with the past Director of the Canadian**
**Security Intelligence Services, Michel Coulombe and that has been transferred to the current Director, David**
**Vigneault. The internal and Professional Standards investigations are coming to an end for a very successful**
**case and seeing as the matter is before the Courts; all the information and details of their work need to be**
**aggregated and passed along to me for submission. Therefore; please provide all information, records,**
**investigation files, officers notes, audio, video, photo, telephone and surveillance records from all sources**
**within Canada and Internationally, under my name and in the possession of the Canadian Security**
**Intelligence Services (CSIS). This includes all records and files from all databases and other sources. Seeing as**
**it is such a big case; please begin the search from my date of birth which is January 16th, 1973. It is important**
**that as much information as possible be provided; for our success in Court is dependent on the quality of the**
**information provided from this request and seeing as so many CSIS Agents have dedicated their skill, careers**
**and lives, it is necessary to win; for they deserve it. Thank you and I look forward to your cooperation.**
**Regards; Alex Martinez case_am_072015@aol.com"**, received in our office on February 17, 2021.

Based on information contained in your request, please be advised that personal information bank listed below was
searched on your behalf with the following results:

**Canadian Security Intelligence Service Investigational Records** (CSIS PPU 045) - The Governor-in-Council has
designated this information bank an exempt bank pursuant to section 18 of the *Privacy Act.*  Further to subsection
16(2) of the *Act*, we neither confirm nor deny the existence of the requested information.  If the type of information
described in the bank did exist, it would qualify for exemption under section 21 (as it relates to the efforts of Canada
towards detecting, preventing or suppressing subversive or hostile activities), or 22(1)(a) and/or (b) of the *Act.*

In accordance with the Treasury Board of Canada Secretariat Directive on Privacy Requests and Correction of
Personal Information, I am enclosing a copy of the Duty to Assist Principles for your convenience.

You may use the contact information located in the footer to contact us should you wish to obtain clarification
concerning your request. Please provide the file number at the top of this letter in any subsequent correspondence.  If
you would like us to conduct additional searches, I am enclosing herewith a copy of the Service's chapter in Info
Source which describes the various other personal information banks maintained by the Service, along with a
personal information request form.  This, as well as additional information about access to information and privacy
can be found at the CSIS portal on the Canada.ca website at **https://www.canada.ca/en/security-intelligence-**
**service/corporate/transparency/access-to-information-and-privacy.html**.

Please be advised that you are entitled to complain to the Privacy Commissioner concerning the processing of your
request.  In the event you decide to avail yourself of this right, your notice of complaint should be addressed to:
**Privacy Commissioner of Canada, 30 Victoria Street, 1st floor, Gatineau, Quebec, K1A 1H3**.

Yours truly,

Head, Disclosures I
Access to Information and Privacy

Encl.

**Canadä**



Commissariat
à la protection de la
vie privée du Canada

Office of the
Privacy Commissioner
of Canada

Mr. Alex Martinez
P.O. Box 30054 Brookfield P.O. 181 Bay Street
Toronto ON M5J 0A5

**PROTECTED**

JUL − 6 2021

Our File: PA-059786
CSIS File: 116-2020-573

Dear Mr. Martinez:

This is in response to your correspondence received on 2021-04-29 wherein you complained that the Canadian Security Intelligence Service (CSIS) denied you access to your personal information by not providing any records in response to your request made under the *Privacy Act* (CSIS file 116-2020-573). Given the wording of your request, the CSIS searched for records containing your personal information within its personal information bank CSIS PPU 045.

I wish to inform you that for security reasons, the CSIS has adopted the policy of refusing to neither confirm nor deny whether an individual's personal information is within CSIS PPU 045. The CSIS relies on section 16(2) of the *Privacy Act* to not disclose whether personal information concerning a requestor exists.

CSIS PPU 045 is an exempt bank. For your reference, you may wish to consult Exempt Personal Information Bank Order, No. 14 (CSIS) online at http://laws-lois.justice.gc.ca/eng/regulations/SOR-92-688/FullText.html, which designates the information bank in question as an exempt bank on the basis of section 21 and paragraphs 22(1)(a) and (b) of the *Privacy Act*.

Section 16(2) of the *Privacy Act* states that a government institution is not required to reveal whether personal information exists. Section 16(1) states that the institution must indicate the sections of the *Privacy Act* which could reasonably be used to exempt such information if it did exist. As required by section 16(1), the CSIS has indicated that if information were to exist it could reasonably be expected to be exempted under one or more of sections 21 and/or 22(1)(a) or (b) of the *Privacy Act*. The *Privacy Act* also prohibits the Office of the Privacy Commissioner from either confirming or denying the existence of requested records, where the institution has relied on section 16(2). My Office is of the stance that the CSIS has correctly cited these provisions in its response and dealt with your request appropriately and in accordance with the *Privacy Act*.

30 rue Victoria, 1ᵉʳ étage | 30 Victoria Street, 1ˢᵗ Floor
Gatineau (Québec) K1A 1H3
Sans frais/Toll free 1-800-282-1376 Tél./Tel: 819-994-5444 Téléc./Fax: 819-994-5424 www.priv.gc.ca

- 2 -

The decision of the Federal Court of Appeal in *Ruby v. Canada (Solicitor General)*, [2000] 3 F.C. 589 confirms the right of a government institution under section 16(2) to not disclose whether personal information concerning a requestor exists. The court stated that merely revealing the existence or non-existence of information is in itself an act of disclosure: a disclosure that the requestor is or is not the subject of an investigation.  The court further concluded that the *Privacy Act* strikes the right balance between the government institution's duty to disclose and its power to refuse disclosure, including disclosure of the very existence of personal information.

Therefore, the response provided by the CSIS in refusing to reveal whether your personal information exists in PPU 045 would be in accordance with the requirements of the *Privacy Act*.  Under the circumstances, we consider that the CSIS properly responded to your request and that it did not contravene your access rights in this case.  Accordingly, the complaint is **not well-founded**.

Section 41 of the *Privacy Act* provides a right to apply to the Federal Court of Canada for review of the decision of a government institution to refuse to provide access to personal information.  You should be aware that an application under section 41 is limited to establishing that you have been denied a right of access.  Having now received this report, you have the right to apply to the Federal Court under section 41 for review of the decision of the CSIS.  Such an application should name the appropriate Minister responsible for the CSIS as respondent and it must be filed with the Court within 45 days of receiving this letter.  Should you wish to proceed to the Court, we suggest you contact the Court's Registry Office nearest you.  Their locations are listed in the Court's website at https://www.fct-cf.gc.ca/ and a telephone number for the registry office nearest you should be listed in your telephone directory's blue pages.

You should also be aware that the Court has discretion to order that the costs of the other party be paid by you where the Court is of the view that this is appropriate.  While this does not happen often, it is a possibility of which you should be aware.  Conversely, the Court may order that your costs be paid where the Court finds that your application raises an important new principle.

For additional information on Federal Court applications, please check the Fact Sheet, Section 41 of the *Privacy Act* - Court Review of Refusals to Give Access to Personal Information, found on this Office's website at https://www.priv.gc.ca/en/privacy-topics/privacy-laws-in-canada/the-privacy-act/federal-court-applications-under-the-privacy-act/.

30 rue Victoria, 1er étage  |  30 Victoria Street, 1st Floor
Gatineau (Québec)  K1A 1H3
Sans frais/Toll free 1-800-282-1376  Tél./Tel: 819-994-5444  Téléc./Fax: 819-994-5424  www.priv.gc.ca

- 3 -

    This concludes this Office's investigation of your complaint.  If you have any questions about this letter, please do not hesitate to contact Brad Carrier, the Senior Privacy Investigator who investigated this complaint at 1-800-282-1376.

                    Sincerely,

Jason Trudeau
Manager
*Compliance, Intake and Resolution*
*Directorate*

30 rue Victoria, 1er étage  |  30 Victoria Street, 1st Floor
Gatineau (Québec)  K1A 1H3
Sans frais/Toll free 1-800-282-1376  Tél./Tel: 819-994-5444  Téléc./Fax: 819-994-5424  www.priv.gc.ca

WINNIPEG POLICE SERVICE SUMMARY SUPPLEMENT REPORT

**REPORT NUMBER: E210029462**



## INCIDENT INFORMATION

| INCIDENT CODE | INCIDENT TYPE | INITIAL SUPP | DATE/TIME STARTED | DATE/TIME ENDED | DATE/TIME REPORTED |
|---|---|---|---|---|---|
| **SR** | **Supplemental Report** | X | **1973-01-16 12:00 AM** | **2022-05-08 02:00 PM** | **2022-05-08 02:46 PM** |
| REPORT FILED FROM *** | TRACKING NUMBER **T22016301** | LOCATION OF OCCURRENCE **352 BELMONT AVENUE, WINNIPEG, MB** | | APPROVED BY: *** | |
| LOCATION TYPE | THEFT TYPE | METHOD OF ENTRY | METHOD OF EXIT | PT OF ENTRY | PT OF EXIT | ENTRY LOC |

## PERSON LISTINGS

| | TYPE | LAST NAME | FIRST NAME | MIDDLE NAME | DOB | RACE | SEX | DRIVER LIC NO | LIC ST |
|---|---|---|---|---|---|---|---|---|---|
| 1 | **REP** | **Martinez** | **Alex** | | *** | | * | | |
| | SSN | ETHNICITY | RESIDENT | EYE COLOR | HAIR COLOR | AGE | HEIGHT | WEIGHT | CELL PHONE |
| | EMAIL **case_am_072015@aol.com** | | RESIDENCE ADDRESS *** | | | | HOME PHONE *** | | |
| | EMPLOYER NAME | | BUSINESS ADDRESS *** | | | | BUSINESS PHONE | | |

## NARRATIVE

Further to the Police Report of yesterday, May 07th, 2022; the following also need to be investigated and prosecuted for Fraud, Embezzlement and other crimes and for their involvement in the corruption scandal that has occurred:  Apple Inc., IBM, Cisco Systems, Microsoft, Securitas, Global TV, CTV, CBS, BBC, ABC , NBC, Air Canada, Westjet, Winnipeg, Calgary, Toronto Airport Authorities, Canadian Grenadiere Guards, Military Police Complaints Commission, Queen's Privy Council, Governor General and the Office of David Johnson and the Prince of Wales, Department of National Defence and all Department of Justice and Public Safety Offices; Federally, Nationally and Internationally, including the Government of British Columbia, Ontario, Manitoba, Alberta, Quebec, Nova Scotia, New Brunswick and etc.  You will also have to prosecute and arrest any Canadian and American Military Judges and Tribunal members involved and force them to release all payments from the Canada Revenue Agency and ongoing legal lawsuits and cases.  The Government's of Greece, Honduras, Columbia, Venezuela, Antigua and Barbuda, Bahamas, Belize, Grenada, Jamaica, St. Kitts and Nevis and St. Lucia also need to be checked, prosecuted and charged.

I am also making a report on behalf of Mauricio, Evalina and Jacob Martinez-Larsen as they are victims to Child Pornography, Pedophilia, Infanticide, Accelerations of Death and other crimes with the use of Food Contamination, Police, Military and Medical Sprays, Aerosols and other weapons.  For this; the City of Winnipeg Police Services, Manitoba, British Columbia, Quebec and Ontario Health and any other organization in the possession and involved are subject to prosecution and arrest for abusing them medically and reducing their intellect and for targeting their genitals at the age of 1 - 2 years old.  For this; you must treat me and the children and have our entire family treated medically and have our health files corrected and restored now!



Canadian      Service
Security      canadien du
Intelligence  renseignement
Service       de sécurité

Our file: 116-2016-189

SEP 2 3 2016

Mr. Ilich Alex Martinez
102A - 1075 Bay Street
Toronto, Ontario
M5S 2B2

Dear Mr. Martinez,

This refers to your *Privacy Act* request of September 15, 2016, received in our office on
September 16, 2016.

Based on information contained in your request, please be advised that personal information bank
**CSIS PPU 045 - Canadian Security Intelligence Service Investigational Records** was searched on
your behalf. The Governor-in-Council has designated this information bank an exempt bank pursuant
to section 18 of the *Privacy Act*. If the type of information described in the bank did exist, it would
qualify for exemption under section 21 (as it relates to the efforts of Canada towards detecting,
preventing or suppressing subversive or hostile activities), or 22(1)(a) and/or (b) of the *Act*.

You may use the contact information located in the footer to contact us should you wish to obtain
clarification concerning your request. Please provide the file number at the top of this letter in any
subsequent correspondence. If you would like us to conduct additional searches, I invite you to
consult our CSIS Web site at www.csis.gc.ca or the Treasury Board Web site at
www.Infosource.gc.ca, on how to file a complete personal information request.

Please be advised that you are entitled to complain to the Privacy Commissioner concerning the
processing of your request. In the event you decide to avail yourself of this right, your notice of
complaint should be addressed to: Privacy Commissioner of Canada, 30 Victoria Street, 1st floor,
Gatineau, Quebec, K1A 1H3

Yours truly,

Coordinator
Access to Information
and Privacy
Attachments

Canadä



Canadian Security    Service canadien du
Intelligence Service    renseignement de sécurité



Our file: 116-2020-573

Alex Martinez
181 Bay Street
Post Office Box: 30054 Brookfield PO          MAR 1 7 2021
Toronto, Ontario
M5J 0A5

Dear Alex Martinez :

This refers to your *Privacy Act* request of February 17, 2021, for **"To whom it may concern; This request is an extension to an internal investigation and case that was done in tandem with the past Director of the Canadian Security Intelligence Services, Michel Coulombe and that has been transferred to the current Director, David Vigneault. The internal and Professional Standards investigations are coming to an end for a very successful case and seeing as the matter is before the Courts; all the information and details of their work need to be aggregated and passed along to me for submission. Therefore; please provide all information, records, investigation files, officers notes, audio, video, photo, telephone and surveillance records from all sources within Canada and Internationally, under my name and in the possession of the Canadian Security Intelligence Services (CSIS). This includes all records and files from all databases and other sources. Seeing as it is such a big case; please begin the search from my date of birth which is January 16th, 1973. It is important that as much information as possible be provided; for our success in Court is dependent on the quality of the information provided from this request and seeing as so many CSIS Agents have dedicated their skill, careers and lives, it is necessary to win; for they deserve it. Thank you and I look forward to your cooperation. Regards; Alex Martinez case_am_072015@aol.com"**, received in our office on February 17, 2021.

Based on information contained in your request, please be advised that personal information bank listed below was searched on your behalf with the following results:

**Canadian Security Intelligence Service Investigational Records** (CSIS PPU 045) - The Governor-in-Council has designated this information bank an exempt bank pursuant to section 18 of the *Privacy Act*. Further to subsection 16(2) of the *Act*, we neither confirm nor deny the existence of the requested information. If the type of information described in the bank did exist, it would qualify for exemption under section 21 (as it relates to the efforts of Canada towards detecting, preventing or suppressing subversive or hostile activities), or 22(1)(a) and/or (b) of the *Act*.

In accordance with the Treasury Board of Canada Secretariat Directive on Privacy Requests and Correction of Personal Information, I am enclosing a copy of the Duty to Assist Principles for your convenience.

You may use the contact information located in the footer to contact us should you wish to obtain clarification concerning your request. Please provide the file number at the top of this letter in any subsequent correspondence. If you would like us to conduct additional searches, I am enclosing herewith a copy of the Service's chapter in Info Source which describes the various other personal information banks maintained by the Service, along with a personal information request form. This, as well as additional information about access to information and privacy can be found at the CSIS portal on the Canada.ca website at **https://www.canada.ca/en/security-intelligence-service/corporate/transparency/access-to-information-and-privacy.html**.

Please be advised that you are entitled to complain to the Privacy Commissioner concerning the processing of your request. In the event you decide to avail yourself of this right, your notice of complaint should be addressed to: **Privacy Commissioner of Canada, 30 Victoria Street, 1st floor, Gatineau, Quebec, K1A 1H3**.

Yours truly,

Head, Disclosures I
Access to Information and Privacy

Encl.





Commissariat
à la protection de la
vie privée du Canada

Office of the
Privacy Commissioner
of Canada

Mr. Alex Martinez
P.O. Box 30054 Brookfield P.O. 181 Bay Street
Toronto ON M5J 0A5

JUL − 6 2021     **PROTECTED**

Our File: PA-059786
CSIS File: 116-2020-573

Dear Mr. Martinez:

     This is in response to your correspondence received on 2021-04-29 wherein you complained that the Canadian Security Intelligence Service (CSIS) denied you access to your personal information by not providing any records in response to your request made under the *Privacy Act* (CSIS file 116-2020-573). Given the wording of your request, the CSIS searched for records containing your personal information within its personal information bank CSIS PPU 045.

     I wish to inform you that for security reasons, the CSIS has adopted the policy of refusing to neither confirm nor deny whether an individual's personal information is within CSIS PPU 045. The CSIS relies on section 16(2) of the *Privacy Act* to not disclose whether personal information concerning a requestor exists.

     CSIS PPU 045 is an exempt bank. For your reference, you may wish to consult Exempt Personal Information Bank Order, No. 14 (CSIS) online at <u>http://laws-lois.justice.gc.ca/eng/regulations/SOR-92-688/FullText.html</u>, which designates the information bank in question as an exempt bank on the basis of section 21 and paragraphs 22(1)(a) and (b) of the *Privacy Act*.

     Section 16(2) of the *Privacy Act* states that a government institution is not required to reveal whether personal information exists. Section 16(1) states that the institution must indicate the sections of the *Privacy Act* which could reasonably be used to exempt such information if it did exist. As required by section 16(1), the CSIS has indicated that if information were to exist it could reasonably be expected to be exempted under one or more of sections 21 and/or 22(1)(a) or (b) of the *Privacy Act*. The *Privacy Act* also prohibits the Office of the Privacy Commissioner from either confirming or denying the existence of requested records, where the institution has relied on section 16(2). My Office is of the stance that the CSIS has correctly cited these provisions in its response and dealt with your request appropriately and in accordance with the *Privacy Act*.

30 rue Victoria, 1er étage  |  30 Victoria Street, 1st Floor
Gatineau (Québec) K1A 1H3
Sans frais/Toll free 1-800-282-1376  Tél./Tel: 819-994-5444  Téléc./Fax: 819-994-5424  www.priv.gc.ca

- 2 -

The decision of the Federal Court of Appeal in *Ruby v. Canada (Solicitor General)*, [2000] 3 F.C. 589 confirms the right of a government institution under section 16(2) to not disclose whether personal information concerning a requestor exists. The court stated that merely revealing the existence or non-existence of information is in itself an act of disclosure: a disclosure that the requestor is or is not the subject of an investigation. The court further concluded that the *Privacy Act* strikes the right balance between the government institution's duty to disclose and its power to refuse disclosure, including disclosure of the very existence of personal information.

Therefore, the response provided by the CSIS in refusing to reveal whether your personal information exists in PPU 045 would be in accordance with the requirements of the *Privacy Act*. Under the circumstances, we consider that the CSIS properly responded to your request and that it did not contravene your access rights in this case. Accordingly, the complaint is **not well-founded**.

Section 41 of the *Privacy Act* provides a right to apply to the Federal Court of Canada for review of the decision of a government institution to refuse to provide access to personal information. You should be aware that an application under section 41 is limited to establishing that you have been denied a right of access. Having now received this report, you have the right to apply to the Federal Court under section 41 for review of the decision of the CSIS. Such an application should name the appropriate Minister responsible for the CSIS as respondent and it must be filed with the Court within 45 days of receiving this letter. Should you wish to proceed to the Court, we suggest you contact the Court's Registry Office nearest you. Their locations are listed in the Court's website at https://www.fct-cf.gc.ca/ and a telephone number for the registry office nearest you should be listed in your telephone directory's blue pages.

You should also be aware that the Court has discretion to order that the costs of the other party be paid by you where the Court is of the view that this is appropriate. While this does not happen often, it is a possibility of which you should be aware. Conversely, the Court may order that your costs be paid where the Court finds that your application raises an important new principle.

For additional information on Federal Court applications, please check the Fact Sheet, Section 41 of the *Privacy Act* - Court Review of Refusals to Give Access to Personal Information, found on this Office's website at https://www.priv.gc.ca/en/privacy-topics/privacy-laws-in-canada/the-privacy-act/federal-court-applications-under-the-privacy-act/.

30 rue Victoria, 1er étage  |  30 Victoria Street, 1st Floor
Gatineau (Québec)  K1A 1H3
Sans frais/Toll free 1-800-282-1376  Tél./Tel: 819-994-5444  Téléc./Fax: 819-994-5424  www.priv.gc.ca

- 3 -

This concludes this Office's investigation of your complaint.  If you have any questions about this letter, please do not hesitate to contact Brad Carrier, the Senior Privacy Investigator who investigated this complaint at 1-800-282-1376.

Sincerely,

Jason Trudeau
Manager
*Compliance, Intake and Resolution Directorate*

30 rue Victoria, 1er étage  |  30 Victoria Street, 1st Floor
Gatineau (Québec)  K1A 1H3
Sans frais/Toll free 1-800-282-1376  Tél./Tel: 819-994-5444  Téléc./Fax: 819-994-5424  www.priv.gc.ca

WINNIPEG POLICE SERVICE SUMMARY SUPPLEMENT REPORT

**REPORT NUMBER: E210029462**



## INCIDENT INFORMATION

| INCIDENT CODE | INCIDENT TYPE | INITIAL SUPP | DATE/TIME STARTED | DATE/TIME ENDED | DATE/TIME REPORTED |
|---|---|---|---|---|---|
| SR | Supplemental Report | X | 1973-01-16 12:00 AM | 2022-05-09 01:00 PM | 2022-05-09 01:12 PM |

| REPORT FILED FROM | TRACKING NUMBER | LOCATION OF OCCURRENCE | | APPROVED BY: |
|---|---|---|---|---|
| *** | T22016420 | 352 Belmont AVENUE, Winnipeg, MB | | *** |

| LOCATION TYPE | THEFT TYPE | METHOD OF ENTRY | METHOD OF EXIT | PT OF ENTRY | PT OF EXIT | ENTRY LOC |
|---|---|---|---|---|---|---|
| | | | | | | |

## PERSON LISTINGS

| | TYPE | LAST NAME | FIRST NAME | MIDDLE NAME | DOB | RACE | SEX | DRIVER LIC NO | LIC ST |
|---|---|---|---|---|---|---|---|---|---|
| 1 | REP | Martinez | Alex | | *** | | * | | |
| | SSN | ETHNICITY | RESIDENT | EYE COLOR | HAIR COLOR | AGE | HEIGHT | WEIGHT | CELL PHONE |
| | | | | | | | | | |
| | EMAIL | | RESIDENCE ADDRESS | | | | HOME PHONE | | |
| | case_am_072015@aol.com | | *** | | | | *** | | |
| | EMPLOYER NAME | | BUSINESS ADDRESS | | | | BUSINESS PHONE | | |
| | | | *** | | | | | | |

## NARRATIVE

Hello everyone!

We are getting closer to resolving this case as new information came in yesterday.

The files and records we are  looking for could also be in Alaska, Hawaii, American Samoa, Guam, Northern Mariana Islands, Puerto Rico, U.S. Virgin Islands.  Puerto Rico; they say is a bad one.  Please do a search immediately! Other ones are; Jordan, Oman, Sudan, Egypt, Yemen, Turkey, Iran, Syria, United Arab Emirates, Chad, Mauritius, Sudan, Eritrea, Lebanon, Palestine, Kuwait, Qatar, Bahrain, Gold Coast, Nigeria, Sierra-Leone, Rhodesia, Swaziland, Uganda, Zanzibar, Zimbabwe, Rwanda, Barundi, Afghanistan, Angola, Botswana, Somalia and South Africa.  Please contact their embassies and do a search now!

They are all associated with the Canadian, American and British Army, Air Force, Navy and Marines and someone thought it would be funny and clever to create false and illegal files and records there.

Therefore; investigate, charge and prosecute anyone involved and associated with this activity as it is deemed to be an act of International Terrorism involving the Canadian government and the Province of Manitoba and the City of Winnipeg Police Services and their partners; just like what happened with the Ukrainian Government and Police and the Winnipeg Police Services.

It is an extremely serious violation of the law; so please keep going and charge, arrest any organization and person involved and connected to this case and that has violated me since I was a child.



Canadian          Service
Security          canadien du
Intelligence      renseignement
Service           de sécurité

Our file: 116-2016-189

SEP 2 3 2016

Mr. Ilich Alex Martinez
102A - 1075 Bay Street
Toronto, Ontario
M5S 2B2

Dear Mr. Martinez,

This refers to your *Privacy Act* request of September 15, 2016, received in our office on
September 16, 2016.

Based on information contained in your request, please be advised that personal information bank
**CSIS PPU 045 - Canadian Security Intelligence Service Investigational Records** was searched on
your behalf. The Governor-in-Council has designated this information bank an exempt bank pursuant
to section 18 of the *Privacy Act* . If the type of information described in the bank did exist, it would
qualify for exemption under section 21 (as it relates to the efforts of Canada towards detecting,
preventing or suppressing subversive or hostile activities), or 22(1)(a) and/or (b) of the *Act.*

You may use the contact information located in the footer to contact us should you wish to obtain
clarification concerning your request. Please provide the file number at the top of this letter in any
subsequent correspondence. If you would like us to conduct additional searches, I invite you to
consult our CSIS Web site at www.csis.gc.ca or the Treasury Board Web site at
www.Infosource.gc.ca, on how to file a complete personal information request.

Please be advised that you are entitled to complain to the Privacy Commissioner concerning the
processing of your request. In the event you decide to avail yourself of this right, your notice of
complaint should be addressed to: Privacy Commissioner of Canada, 30 Victoria Street, 1st floor,
Gatineau, Quebec, K1A 1H3

Yours truly,

Coordinator
Access to Information
and Privacy
Attachments

Canadä

  **Canadian Security**    Service canadien du
**Intelligence Service**    renseignement de sécurité



Our file: 116-2020-573

Alex Martinez
181 Bay Street
Post Office Box: 30054 Brookfield PO       MAR 1 7 2021
Toronto, Ontario
M5J 0A5

Dear Alex Martinez :

This refers to your *Privacy Act* request of February 17, 2021, for **"To whom it may concern; This request is an extension to an internal investigation and case that was done in tandem with the past Director of the Canadian Security Intelligence Services, Michel Coulombe and that has been transferred to the current Director, David Vigneault. The internal and Professional Standards investigations are coming to an end for a very successful case and seeing as the matter is before the Courts; all the information and details of their work need to be aggregated and passed along to me for submission. Therefore; please provide all information, records, investigation files, officers notes, audio, video, photo, telephone and surveillance records from all sources within Canada and Internationally, under my name and in the possession of the Canadian Security Intelligence Services (CSIS). This includes all records and files from all databases and other sources. Seeing as it is such a big case; please begin the search from my date of birth which is January 16th, 1973. It is important that as much information as possible be provided; for our success in Court is dependent on the quality of the information provided from this request and seeing as so many CSIS Agents have dedicated their skill, careers and lives, it is necessary to win; for they deserve it. Thank you and I look forward to your cooperation. Regards; Alex Martinez case_am_072015@aol.com"**, received in our office on February 17, 2021.

Based on information contained in your request, please be advised that personal information bank listed below was searched on your behalf with the following results:

**Canadian Security Intelligence Service Investigational Records** (CSIS PPU 045) - The Governor-in-Council has designated this information bank an exempt bank pursuant to section 18 of the *Privacy Act.* Further to subsection 16(2) of the *Act*, we neither confirm nor deny the existence of the requested information. If the type of information described in the bank did exist, it would qualify for exemption under section 21 (as it relates to the efforts of Canada towards detecting, preventing or suppressing subversive or hostile activities), or 22(1)(a) and/or (b) of the *Act.*

In accordance with the Treasury Board of Canada Secretariat Directive on Privacy Requests and Correction of Personal Information, I am enclosing a copy of the Duty to Assist Principles for your convenience.

You may use the contact information located in the footer to contact us should you wish to obtain clarification concerning your request. Please provide the file number at the top of this letter in any subsequent correspondence. If you would like us to conduct additional searches, I am enclosing herewith a copy of the Service's chapter in Info Source which describes the various other personal information banks maintained by the Service, along with a personal information request form. This, as well as additional information about access to information and privacy can be found at the CSIS portal on the Canada.ca website at **https://www.canada.ca/en/security-intelligence-service/corporate/transparency/access-to-information-and-privacy.html**.

Please be advised that you are entitled to complain to the Privacy Commissioner concerning the processing of your request. In the event you decide to avail yourself of this right, your notice of complaint should be addressed to: **Privacy Commissioner of Canada, 30 Victoria Street, 1st floor, Gatineau, Quebec, K1A 1H3**.

Yours truly,

Head, Disclosures I
Access to Information and Privacy

Encl.

**Canada**



Commissariat
à la protection de la
vie privée du Canada

Office of the
Privacy Commissioner
of Canada

Mr. Alex Martinez
P.O. Box 30054 Brookfield P.O. 181 Bay Street
Toronto ON M5J 0A5

JUL - 6 2021    **PROTECTED**

Our File: PA-059786
CSIS File: 116-2020-573

Dear Mr. Martinez:

This is in response to your correspondence received on 2021-04-29 wherein you complained that the Canadian Security Intelligence Service (CSIS) denied you access to your personal information by not providing any records in response to your request made under the *Privacy Act* (CSIS file 116-2020-573). Given the wording of your request, the CSIS searched for records containing your personal information within its personal information bank CSIS PPU 045.

I wish to inform you that for security reasons, the CSIS has adopted the policy of refusing to neither confirm nor deny whether an individual's personal information is within CSIS PPU 045. The CSIS relies on section 16(2) of the *Privacy Act* to not disclose whether personal information concerning a requestor exists.

CSIS PPU 045 is an exempt bank. For your reference, you may wish to consult Exempt Personal Information Bank Order, No. 14 (CSIS) online at http://laws-lois.justice.gc.ca/eng/regulations/SOR-92-688/FullText.html, which designates the information bank in question as an exempt bank on the basis of section 21 and paragraphs 22(1)(a) and (b) of the *Privacy Act*.

Section 16(2) of the *Privacy Act* states that a government institution is not required to reveal whether personal information exists.  Section 16(1) states that the institution must indicate the sections of the *Privacy Act* which could reasonably be used to exempt such information if it did exist.  As required by section 16(1), the CSIS has indicated that if information were to exist it could reasonably be expected to be exempted under one or more of sections 21 and/or 22(1)(a) or (b) of the *Privacy Act*.  The *Privacy Act* also prohibits the Office of the Privacy Commissioner from either confirming or denying the existence of requested records, where the institution has relied on section 16(2). My Office is of the stance that the CSIS has correctly cited these provisions in its response and dealt with your request appropriately and in accordance with the *Privacy Act*.

---

30 rue Victoria, 1er étage  |  30 Victoria Street, 1st Floor
Gatineau (Québec) K1A 1H3
Sans frais/Toll free 1-800-282-1376  Tél./Tel: 819-994-5444  Téléc./Fax: 819-994-5424  www.priv.gc.ca

- 2 -

The decision of the Federal Court of Appeal in *Ruby v. Canada (Solicitor General)*, [2000] 3 F.C. 589 confirms the right of a government institution under section 16(2) to not disclose whether personal information concerning a requestor exists. The court stated that merely revealing the existence or non-existence of information is in itself an act of disclosure: a disclosure that the requestor is or is not the subject of an investigation. The court further concluded that the *Privacy Act* strikes the right balance between the government institution's duty to disclose and its power to refuse disclosure, including disclosure of the very existence of personal information.

Therefore, the response provided by the CSIS in refusing to reveal whether your personal information exists in PPU 045 would be in accordance with the requirements of the *Privacy Act*. Under the circumstances, we consider that the CSIS properly responded to your request and that it did not contravene your access rights in this case. Accordingly, the complaint is **not well-founded**.

Section 41 of the *Privacy Act* provides a right to apply to the Federal Court of Canada for review of the decision of a government institution to refuse to provide access to personal information. You should be aware that an application under section 41 is limited to establishing that you have been denied a right of access. Having now received this report, you have the right to apply to the Federal Court under section 41 for review of the decision of the CSIS. Such an application should name the appropriate Minister responsible for the CSIS as respondent and it must be filed with the Court within 45 days of receiving this letter. Should you wish to proceed to the Court, we suggest you contact the Court's Registry Office nearest you. Their locations are listed in the Court's website at https://www.fct-cf.gc.ca/ and a telephone number for the registry office nearest you should be listed in your telephone directory's blue pages.

You should also be aware that the Court has discretion to order that the costs of the other party be paid by you where the Court is of the view that this is appropriate. While this does not happen often, it is a possibility of which you should be aware. Conversely, the Court may order that your costs be paid where the Court finds that your application raises an important new principle.

For additional information on Federal Court applications, please check the Fact Sheet, Section 41 of the *Privacy Act* - Court Review of Refusals to Give Access to Personal Information, found on this Office's website at https://www.priv.gc.ca/en/privacy-topics/privacy-laws-in-canada/the-privacy-act/federal-court-applications-under-the-privacy-act/.

30 rue Victoria, 1er étage  |  30 Victoria Street, 1st Floor
Gatineau (Québec) K1A 1H3
Sans frais/Toll free 1-800-282-1376  Tél./Tel: 819-994-5444  Téléc./Fax: 819-994-5424  www.priv.gc.ca

- 3 -

This concludes this Office's investigation of your complaint.  If you have any questions about this letter, please do not hesitate to contact Brad Carrier, the Senior Privacy Investigator who investigated this complaint at 1-800-282-1376.

Sincerely,

Jason Trudeau
Manager
*Compliance, Intake and Resolution*
*Directorate*

30 rue Victoria, 1ᵉʳ étage  |  30 Victoria Street, 1ˢᵗ Floor
Gatineau (Québec)  K1A 1H3
Sans frais/Toll free 1-800-282-1376  Tél./Tel: 819-994-5444  Téléc./Fax: 819-994-5424  www.priv.gc.ca

WINNIPEG POLICE SERVICE SUMMARY SUPPLEMENT REPORT

**REPORT NUMBER: E210029462**



## INCIDENT INFORMATION

| INCIDENT CODE | INCIDENT TYPE | INITIAL SUPP | DATE/TIME STARTED | DATE/TIME ENDED | DATE/TIME REPORTED |
|---|---|---|---|---|---|
| SR | Supplemental Report | X | 1973-01-16 12:00 AM | 2022-05-10 04:00 PM | 2022-05-10 04:24 PM |

| REPORT FILED FROM | TRACKING NUMBER | LOCATION OF OCCURRENCE | | APPROVED BY: |
|---|---|---|---|---|
| *** | T22016600 | 352 Belmont AVENUE, Winnipeg, MB | | *** |

| LOCATION TYPE | THEFT TYPE | METHOD OF ENTRY | METHOD OF EXIT | PT OF ENTRY | PT OF EXIT | ENTRY LOC |
|---|---|---|---|---|---|---|
| | | | | | | |

## PERSON LISTINGS

| | TYPE | LAST NAME | FIRST NAME | MIDDLE NAME | DOB | RACE | SEX | DRIVER LIC NO | LIC ST |
|---|---|---|---|---|---|---|---|---|---|
| 1 | REP | Martinez | Alex | | *** | | * | | |
| | SSN | ETHNICITY | RESIDENT | EYE COLOR | HAIR COLOR | AGE | HEIGHT | WEIGHT | CELL PHONE |
| | | | | | | | | | |
| | EMAIL | | RESIDENCE ADDRESS | | | | HOME PHONE | | |
| | case_am_072015@aol.com | | *** | | | | *** | | |
| | EMPLOYER NAME | | BUSINESS ADDRESS | | | | BUSINESS PHONE | | |
| | | | *** | | | | | | |

## NARRATIVE

It has been uncovered that the information and crimes are being done from divisions and organizations in the Monarchy that are in conflict with one another.  Therefore; you will have to proceed with investigations and charges against Her Majesty the Queen of England, King and Queen of France and the King and Queen of Spain, King of Belgium, King and Queen of the Netherlands and the Queen of Denmark.  They will then get involved and have the authority to stop all of the activity from all of their foreign countries and nations involved, as the conflict is believed to be coming from a group that believes that there is a King of Israel; which is not true as it has been dissolved a long time ago.

You also have to investigate and prosecute the Canadian Federal and Provincial Crown as well as any French, British and Spanish Crown and Judges that are responsible for the embezzlement and crimes that have occurred and for delaying my payments from the Canada Revenue Agency, the Royal Canadian Mounted Police Service, the Canadian Security Intelligence Services and all other Defendant's, including the Federal and Supreme Courts of Canada.

The University of Calgary is believed to have profited from the embezzlement and crimes that have occurred and ask that you charge and prosecute the Head of Security; Ken Kress for issuing an illegal trespass ban that was put on several other universities such as the University of Toronto, Alberta, Winnipeg, Manitoba, Victoria and British Columbia.  This is illegal and therefore; I must be removed from their joint network immediately and in turn; they must return all of the money and assets that were obtained illegally and out of their Ponzi scheme and scam.  As for the NSA (National Security Agency); deceit and other crimes occurred, that are international crimes.  Therefore; you must prosecute and arrest Nancy Pelosi and her staff for their involvement and their crimes and have all monies and assets recovered and restrictions removed.



Canadian      Service
Security      canadien du
Intelligence  renseignement
Service       de sécurité

Our file: 116-2016-189

SEP 2 3 2016

Mr. Ilich Alex Martinez
102A - 1075 Bay Street
Toronto, Ontario
M5S 2B2

Dear Mr. Martinez,

This refers to your *Privacy Act* request of September 15, 2016, received in our office on
September 16, 2016.

Based on information contained in your request, please be advised that personal information bank
**CSIS PPU 045 - <u>Canadian Security Intelligence Service Investigational Records</u>** was searched on
your behalf. The Governor-in-Council has designated this information bank an exempt bank pursuant
to section 18 of the *Privacy Act* . If the type of information described in the bank did exist, it would
qualify for exemption under section 21 (as it relates to the efforts of Canada towards detecting,
preventing or suppressing subversive or hostile activities), or 22(1)(a) and/or (b) of the *Act.*

You may use the contact information located in the footer to contact us should you wish to obtain
clarification concerning your request. Please provide the file number at the top of this letter in any
subsequent correspondence. If you would like us to conduct additional searches, I invite you to
consult our CSIS Web site at www.csis.gc.ca or the Treasury Board Web site at
www.Infosource.gc.ca, on how to file a complete personal information request.

Please be advised that you are entitled to complain to the Privacy Commissioner concerning the
processing of your request. In the event you decide to avail yourself of this right, your notice of
complaint should be addressed to: Privacy Commissioner of Canada, 30 Victoria Street, 1st floor,
Gatineau, Quebec, K1A 1H3

Yours truly,

Coordinator
Access to Information
and Privacy
Attachments

Canadä

 **Canadian Security**   Service canadien du
**Intelligence Service**   renseignement de sécurité



Our file: 116-2020-573

Alex Martinez
181 Bay Street
Post Office Box: 30054 Brookfield PO          MAR 1 7 2021
Toronto, Ontario
M5J 0A5

Dear Alex Martinez :

This refers to your *Privacy Act* request of February 17, 2021, for **"To whom it may concern; This request is an extension to an internal investigation and case that was done in tandem with the past Director of the Canadian Security Intelligence Services, Michel Coulombe and that has been transferred to the current Director, David Vigneault. The internal and Professional Standards investigations are coming to an end for a very successful case and seeing as the matter is before the Courts; all the information and details of their work need to be aggregated and passed along to me for submission. Therefore; please provide all information, records, investigation files, officers notes, audio, video, photo, telephone and surveillance records from all sources within Canada and Internationally, under my name and in the possession of the Canadian Security Intelligence Services (CSIS). This includes all records and files from all databases and other sources. Seeing as it is such a big case; please begin the search from my date of birth which is January 16th, 1973. It is important that as much information as possible be provided; for our success in Court is dependent on the quality of the information provided from this request and seeing as so many CSIS Agents have dedicated their skill, careers and lives, it is necessary to win; for they deserve it. Thank you and I look forward to your cooperation. Regards; Alex Martinez case_am_072015@aol.com"**, received in our office on February 17, 2021.

Based on information contained in your request, please be advised that personal information bank listed below was searched on your behalf with the following results:

**Canadian Security Intelligence Service Investigational Records** (CSIS PPU 045) - The Governor-in-Council has designated this information bank an exempt bank pursuant to section 18 of the *Privacy Act*. Further to subsection 16(2) of the *Act*, we neither confirm nor deny the existence of the requested information. If the type of information described in the bank did exist, it would qualify for exemption under section 21 (as it relates to the efforts of Canada towards detecting, preventing or suppressing subversive or hostile activities), or 22(1)(a) and/or (b) of the *Act*.

In accordance with the Treasury Board of Canada Secretariat Directive on Privacy Requests and Correction of Personal Information, I am enclosing a copy of the Duty to Assist Principles for your convenience.

You may use the contact information located in the footer to contact us should you wish to obtain clarification concerning your request. Please provide the file number at the top of this letter in any subsequent correspondence. If you would like us to conduct additional searches, I am enclosing herewith a copy of the Service's chapter in Info Source which describes the various other personal information banks maintained by the Service, along with a personal information request form. This, as well as additional information about access to information and privacy can be found at the CSIS portal on the Canada.ca website at **https://www.canada.ca/en/security-intelligence-service/corporate/transparency/access-to-information-and-privacy.html**.

Please be advised that you are entitled to complain to the Privacy Commissioner concerning the processing of your request. In the event you decide to avail yourself of this right, your notice of complaint should be addressed to: **Privacy Commissioner of Canada, 30 Victoria Street, 1st floor, Gatineau, Quebec, K1A 1H3**.

Yours truly,

Head, Disclosures I
Access to Information and Privacy

Encl.





Commissariat
à la protection de la
vie privée du Canada

Office of the
Privacy Commissioner
of Canada

Mr. Alex Martinez
P.O. Box 30054 Brookfield P.O. 181 Bay Street
Toronto ON M5J 0A5

**PROTECTED**

JUL - 6 2021

Our File: PA-059786
CSIS File: 116-2020-573

Dear Mr. Martinez:

 This is in response to your correspondence received on 2021-04-29 wherein you complained that the Canadian Security Intelligence Service (CSIS) denied you access to your personal information by not providing any records in response to your request made under the *Privacy Act* (CSIS file 116-2020-573). Given the wording of your request, the CSIS searched for records containing your personal information within its personal information bank CSIS PPU 045.

 I wish to inform you that for security reasons, the CSIS has adopted the policy of refusing to neither confirm nor deny whether an individual's personal information is within CSIS PPU 045. The CSIS relies on section 16(2) of the *Privacy Act* to not disclose whether personal information concerning a requestor exists.

 CSIS PPU 045 is an exempt bank. For your reference, you may wish to consult Exempt Personal Information Bank Order, No. 14 (CSIS) online at http://laws-lois.justice.gc.ca/eng/regulations/SOR-92-688/FullText.html, which designates the information bank in question as an exempt bank on the basis of section 21 and paragraphs 22(1)(a) and (b) of the *Privacy Act*.

 Section 16(2) of the *Privacy Act* states that a government institution is not required to reveal whether personal information exists. Section 16(1) states that the institution must indicate the sections of the *Privacy Act* which could reasonably be used to exempt such information if it did exist. As required by section 16(1), the CSIS has indicated that if information were to exist it could reasonably be expected to be exempted under one or more of sections 21 and/or 22(1)(a) or (b) of the *Privacy Act*. The *Privacy Act* also prohibits the Office of the Privacy Commissioner from either confirming or denying the existence of requested records, where the institution has relied on section 16(2). My Office is of the stance that the CSIS has correctly cited these provisions in its response and dealt with your request appropriately and in accordance with the *Privacy Act*.

30 rue Victoria, 1er étage  |  30 Victoria Street, 1st Floor
Gatineau (Québec) K1A 1H3
Sans frais/Toll free 1-800-282-1376  Tél./Tel: 819-994-5444  Téléc./Fax: 819-994-5424  www.priv.gc.ca

- 2 -

The decision of the Federal Court of Appeal in *Ruby v. Canada (Solicitor General)*, [2000] 3 F.C. 589 confirms the right of a government institution under section 16(2) to not disclose whether personal information concerning a requestor exists. The court stated that merely revealing the existence or non-existence of information is in itself an act of disclosure: a disclosure that the requestor is or is not the subject of an investigation. The court further concluded that the *Privacy Act* strikes the right balance between the government institution's duty to disclose and its power to refuse disclosure, including disclosure of the very existence of personal information.

Therefore, the response provided by the CSIS in refusing to reveal whether your personal information exists in PPU 045 would be in accordance with the requirements of the *Privacy Act*. Under the circumstances, we consider that the CSIS properly responded to your request and that it did not contravene your access rights in this case. Accordingly, the complaint is **not well-founded**.

Section 41 of the *Privacy Act* provides a right to apply to the Federal Court of Canada for review of the decision of a government institution to refuse to provide access to personal information. You should be aware that an application under section 41 is limited to establishing that you have been denied a right of access. Having now received this report, you have the right to apply to the Federal Court under section 41 for review of the decision of the CSIS. Such an application should name the appropriate Minister responsible for the CSIS as respondent and it must be filed with the Court within 45 days of receiving this letter. Should you wish to proceed to the Court, we suggest you contact the Court's Registry Office nearest you. Their locations are listed in the Court's website at https://www.fct-cf.gc.ca/ and a telephone number for the registry office nearest you should be listed in your telephone directory's blue pages.

You should also be aware that the Court has discretion to order that the costs of the other party be paid by you where the Court is of the view that this is appropriate. While this does not happen often, it is a possibility of which you should be aware. Conversely, the Court may order that your costs be paid where the Court finds that your application raises an important new principle.

For additional information on Federal Court applications, please check the Fact Sheet, Section 41 of the *Privacy Act* - Court Review of Refusals to Give Access to Personal Information, found on this Office's website at https://www.priv.gc.ca/en/privacy-topics/privacy-laws-in-canada/the-privacy-act/federal-court-applications-under-the-privacy-act/.

30 rue Victoria, 1er étage  |  30 Victoria Street, 1st Floor
Gatineau (Québec)  K1A 1H3
Sans frais/Toll free 1-800-282-1376  Tél./Tel: 819-994-5444  Téléc./Fax: 819-994-5424  www.priv.gc.ca

- 3 -

This concludes this Office's investigation of your complaint.  If you have any questions about this letter, please do not hesitate to contact Brad Carrier, the Senior Privacy Investigator who investigated this complaint at 1-800-282-1376.

Sincerely,

Jason Trudeau
Manager
*Compliance, Intake and Resolution*
*Directorate*

30 rue Victoria, 1er étage  |  30 Victoria Street, 1st Floor
Gatineau (Québec)  K1A 1H3
Sans frais/Toll free 1-800-282-1376  Tél./Tel: 819-994-5444  Téléc./Fax: 819-994-5424  www.priv.gc.ca

WINNIPEG POLICE SERVICE SUMMARY SUPPLEMENT REPORT

**REPORT NUMBER: E210029462**



## INCIDENT INFORMATION

| INCIDENT CODE | INCIDENT TYPE | INITIAL SUPP | DATE/TIME STARTED | DATE/TIME ENDED | DATE/TIME REPORTED |
|---|---|---|---|---|---|
| SR | Supplemental Report | X | 1973-01-16 12:00 AM | 2022-05-11 03:00 PM | 2022-05-11 04:01 PM |

| REPORT FILED FROM | TRACKING NUMBER | LOCATION OF OCCURRENCE | | APPROVED BY: |
|---|---|---|---|---|
| *** | T22016773 | 352 BELMONT AVENUE, WINNIPEG, MB | | *** |

| LOCATION TYPE | THEFT TYPE | METHOD OF ENTRY | METHOD OF EXIT | PT OF ENTRY | PT OF EXIT | ENTRY LOC |
|---|---|---|---|---|---|---|
| | | | | | | |

## PERSON LISTINGS

| | TYPE | LAST NAME | FIRST NAME | MIDDLE NAME | DOB | RACE | SEX | DRIVER LIC NO | LIC ST |
|---|---|---|---|---|---|---|---|---|---|
| 1 | REP | Martinez | Alex | | *** | | * | | |

| SSN | ETHNICITY | RESIDENT | EYE COLOR | HAIR COLOR | AGE | HEIGHT | WEIGHT | CELL PHONE |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

| EMAIL | RESIDENCE ADDRESS | HOME PHONE |
|---|---|---|
| case_am_072015@aol.com | *** | *** |

| EMPLOYER NAME | BUSINESS ADDRESS | BUSINESS PHONE |
|---|---|---|
| | *** | |

## NARRATIVE

Hello to all;

You will have to carry on a little further and investigate and search the United States Department of the Treasury as there appears to be a conflict of some kind that led to the crimes that have occurred and the creation of false and illegal files and records and the interference with the payments from the Canada Revenue Agency, CSIS, RCMP, the Courts in Canada and etc.  Someone there is believed to be suppressing the case and doing financial suppression and a stop payment which is a crime.  Therefore; you will have to do an investigation their too.

The others that have come up is the United States Department of Defence, United States Department of State, United States Department of Justice, the United States Department of Commerce and the United States Secret Service.  Please investigate and ensure that all illegal files and records are closed and expunged from their systems as they are also attacking because of the errors made by the City of Winnipeg Police Services.

As for the other Royal Families that have been impacted and affected by this case and that you must investigate and prosecute for Fraud, Embezzlement and other crimes are: The House of Liechtenstein - Liechtenstein (Prince Hans-Adam II), Luxembourg-Nassau - Luxembourg - Grand Duke Henri, Grimaldi - Monaco (Prince Albert II) and Schleswig-Holstein-Sonderburg-Glücksburg - Norway - (King Harald V).  IT WAS SPREAD TO ALL OF THEM AND IT CAUSED A MASSIVE CONFLICT THAT IS CONSIDERED TERRORISM; SO PLEASE ACT QUICKLY AND ASK THEM TO SEARCH FOR EVIDENCE OF THEIR GOVERNMENT'S INVOLVEMENT IN PEDOPHIIA AND CHILD PORNOGRAPHY IN MY CASE AS THEY ALL HAVE THEM.  We know this already!  So; please clear up all of the mistakes and errors.  Also; contact the embassy of Pakistan.  Check them and do a search and prosecute those responsible.  Moreover; if you have not arrested the employees responsible at the BC Public Service; do this now.  Let us hope that it is not too late.



Canadian        Service
Security        canadien du
Intelligence    renseignement
Service         de sécurité

Our file: 116-2016-189

SEP 2 3 2016

Mr. Ilich Alex Martinez
102A - 1075 Bay Street
Toronto, Ontario
M5S 2B2

Dear Mr. Martinez,

This refers to your *Privacy Act* request of September 15, 2016, received in our office on
September 16, 2016.

Based on information contained in your request, please be advised that personal information bank
**CSIS PPU 045 - <u>Canadian Security Intelligence Service Investigational Records</u>** was searched on
your behalf. The Governor-in-Council has designated this information bank an exempt bank pursuant
to section 18 of the *Privacy Act* . If the type of information described in the bank did exist, it would
qualify for exemption under section 21 (as it relates to the efforts of Canada towards detecting,
preventing or suppressing subversive or hostile activities), or 22(1)(a) and/or (b) of the *Act.*

You may use the contact information located in the footer to contact us should you wish to obtain
clarification concerning your request. Please provide the file number at the top of this letter in any
subsequent correspondence. If you would like us to conduct additional searches, I invite you to
consult our CSIS Web site at www.csis.gc.ca or the Treasury Board Web site at
www.Infosource.gc.ca, on how to file a complete personal information request.

Please be advised that you are entitled to complain to the Privacy Commissioner concerning the
processing of your request. In the event you decide to avail yourself of this right, your notice of
complaint should be addressed to: Privacy Commissioner of Canada, 30 Victoria Street, 1st floor,
Gatineau, Quebec, K1A 1H3

Yours truly,

Coordinator
Access to Information
and Privacy
Attachments

Canadä



Canadian Security        Service canadien du
Intelligence Service     renseignement de sécurité



Our file: 116-2020-573

Alex Martinez
181 Bay Street
Post Office Box: 30054 Brookfield PO                    MAR 1 7 2021
Toronto, Ontario
M5J 0A5

Dear Alex Martinez :

This refers to your *Privacy Act* request of February 17, 2021, for **"To whom it may concern; This request is an
extension to an internal investigation and case that was done in tandem with the past Director of the Canadian
Security Intelligence Services, Michel Coulombe and that has been transferred to the current Director, David
Vigneault. The internal and Professional Standards investigations are coming to an end for a very successful
case and seeing as the matter is before the Courts; all the information and details of their work need to be
aggregated and passed along to me for submission. Therefore; please provide all information, records,
investigation files, officers notes, audio, video, photo, telephone and surveillance records from all sources
within Canada and Internationally, under my name and in the possession of the Canadian Security
Intelligence Services (CSIS). This includes all records and files from all databases and other sources. Seeing as
it is such a big case; please begin the search from my date of birth which is January 16th, 1973. It is important
that as much information as possible be provided; for our success in Court is dependent on the quality of the
information provided from this request and seeing as so many CSIS Agents have dedicated their skill, careers
and lives, it is necessary to win; for they deserve it. Thank you and I look forward to your cooperation.
Regards; Alex Martinez case_am_072015@aol.com"**, received in our office on February 17, 2021.

Based on information contained in your request, please be advised that personal information bank listed below was
searched on your behalf with the following results:

**Canadian Security Intelligence Service Investigational Records** (CSIS PPU 045) - The Governor-in-Council has
designated this information bank an exempt bank pursuant to section 18 of the *Privacy Act*. Further to subsection
16(2) of the *Act*, we neither confirm nor deny the existence of the requested information. If the type of information
described in the bank did exist, it would qualify for exemption under section 21 (as it relates to the efforts of Canada
towards detecting, preventing or suppressing subversive or hostile activities), or 22(1)(a) and/or (b) of the *Act*.

In accordance with the Treasury Board of Canada Secretariat Directive on Privacy Requests and Correction of
Personal Information, I am enclosing a copy of the Duty to Assist Principles for your convenience.

You may use the contact information located in the footer to contact us should you wish to obtain clarification
concerning your request. Please provide the file number at the top of this letter in any subsequent correspondence. If
you would like us to conduct additional searches, I am enclosing herewith a copy of the Service's chapter in Info
Source which describes the various other personal information banks maintained by the Service, along with a
personal information request form. This, as well as additional information about access to information and privacy
can be found at the CSIS portal on the Canada.ca website at **https://www.canada.ca/en/security-intelligence-
service/corporate/transparency/access-to-information-and-privacy.html**.

Please be advised that you are entitled to complain to the Privacy Commissioner concerning the processing of your
request. In the event you decide to avail yourself of this right, your notice of complaint should be addressed to:
**Privacy Commissioner of Canada, 30 Victoria Street, 1st floor, Gatineau, Quebec, K1A 1H3**.

Yours truly,

Head, Disclosures I
Access to Information and Privacy

Encl.

Canada



Commissariat
à la protection de la
vie privée du Canada

Office of the
Privacy Commissioner
of Canada

Mr. Alex Martinez
P.O. Box 30054 Brookfield P.O. 181 Bay Street
Toronto ON M5J 0A5

JUL – 6 2021     **PROTECTED**

Our File: PA-059786
CSIS File: 116-2020-573

Dear Mr. Martinez:

This is in response to your correspondence received on 2021-04-29 wherein you complained that the Canadian Security Intelligence Service (CSIS) denied you access to your personal information by not providing any records in response to your request made under the *Privacy Act* (CSIS file 116-2020-573). Given the wording of your request, the CSIS searched for records containing your personal information within its personal information bank CSIS PPU 045.

I wish to inform you that for security reasons, the CSIS has adopted the policy of refusing to neither confirm nor deny whether an individual's personal information is within CSIS PPU 045. The CSIS relies on section 16(2) of the *Privacy Act* to not disclose whether personal information concerning a requestor exists.

CSIS PPU 045 is an exempt bank. For your reference, you may wish to consult Exempt Personal Information Bank Order, No. 14 (CSIS) online at http://laws-lois.justice.gc.ca/eng/regulations/SOR-92-688/FullText.html, which designates the information bank in question as an exempt bank on the basis of section 21 and paragraphs 22(1)(a) and (b) of the *Privacy Act*.

Section 16(2) of the *Privacy Act* states that a government institution is not required to reveal whether personal information exists. Section 16(1) states that the institution must indicate the sections of the *Privacy Act* which could reasonably be used to exempt such information if it did exist. As required by section 16(1), the CSIS has indicated that if information were to exist it could reasonably be expected to be exempted under one or more of sections 21 and/or 22(1)(a) or (b) of the *Privacy Act*. The *Privacy Act* also prohibits the Office of the Privacy Commissioner from either confirming or denying the existence of requested records, where the institution has relied on section 16(2). My Office is of the stance that the CSIS has correctly cited these provisions in its response and dealt with your request appropriately and in accordance with the *Privacy Act*.

30 rue Victoria, 1er étage  |  30 Victoria Street, 1st Floor
Gatineau (Québec) K1A 1H3
Sans frais/Toll free 1-800-282-1376  Tél./Tel: 819-994-5444  Téléc./Fax: 819-994-5424  www.priv.gc.ca

- 2 -

The decision of the Federal Court of Appeal in *Ruby v. Canada (Solicitor General)*, [2000] 3 F.C. 589 confirms the right of a government institution under section 16(2) to not disclose whether personal information concerning a requestor exists. The court stated that merely revealing the existence or non-existence of information is in itself an act of disclosure: a disclosure that the requestor is or is not the subject of an investigation.  The court further concluded that the *Privacy Act* strikes the right balance between the government institution's duty to disclose and its power to refuse disclosure, including disclosure of the very existence of personal information.

Therefore, the response provided by the CSIS in refusing to reveal whether your personal information exists in PPU 045 would be in accordance with the requirements of the *Privacy Act*.  Under the circumstances, we consider that the CSIS properly responded to your request and that it did not contravene your access rights in this case.  Accordingly, the complaint is **not well-founded**.

Section 41 of the *Privacy Act* provides a right to apply to the Federal Court of Canada for review of the decision of a government institution to refuse to provide access to personal information.  You should be aware that an application under section 41 is limited to establishing that you have been denied a right of access.  Having now received this report, you have the right to apply to the Federal Court under section 41 for review of the decision of the CSIS.  Such an application should name the appropriate Minister responsible for the CSIS as respondent and it must be filed with the Court within 45 days of receiving this letter.  Should you wish to proceed to the Court, we suggest you contact the Court's Registry Office nearest you.  Their locations are listed in the Court's website at https://www.fct-cf.gc.ca/ and a telephone number for the registry office nearest you should be listed in your telephone directory's blue pages.

You should also be aware that the Court has discretion to order that the costs of the other party be paid by you where the Court is of the view that this is appropriate.  While this does not happen often, it is a possibility of which you should be aware.  Conversely, the Court may order that your costs be paid where the Court finds that your application raises an important new principle.

For additional information on Federal Court applications, please check the Fact Sheet, Section 41 of the *Privacy Act* - Court Review of Refusals to Give Access to Personal Information, found on this Office's website at https://www.priv.gc.ca/en/privacy-topics/privacy-laws-in-canada/the-privacy-act/federal-court-applications-under-the-privacy-act/.

30 rue Victoria, 1er étage  |  30 Victoria Street, 1st Floor
Gatineau (Québec)  K1A 1H3
Sans frais/Toll free 1-800-282-1376  Tél./Tel: 819-994-5444  Téléc./Fax: 819-994-5424  www.priv.gc.ca

- 3 -

    This concludes this Office's investigation of your complaint.  If you have any questions about this letter, please do not hesitate to contact Brad Carrier, the Senior Privacy Investigator who investigated this complaint at 1-800-282-1376.

                Sincerely,

Jason Trudeau
Manager
*Compliance, Intake and Resolution
Directorate*

30 rue Victoria, 1er étage  |  30 Victoria Street, 1st Floor
Gatineau (Québec)  K1A 1H3
Sans frais/Toll free 1-800-282-1376  Tél./Tel: 819-994-5444  Téléc./Fax: 819-994-5424  www.priv.gc.ca

WINNIPEG POLICE SERVICE SUMMARY SUPPLEMENT REPORT

**REPORT NUMBER: E210029462**



## INCIDENT INFORMATION

| INCIDENT CODE | INCIDENT TYPE | | INITIAL SUPP | DATE/TIME STARTED | DATE/TIME ENDED | DATE/TIME REPORTED |
|---|---|---|---|---|---|---|
| SR | Supplemental Report | | X | 1973-01-16 12:00 AM | 2022-05-13 12:00 AM | 2022-05-13 12:30 PM |

| REPORT FILED FROM | TRACKING NUMBER | LOCATION OF OCCURRENCE | | APPROVED BY: |
|---|---|---|---|---|
| *** | T22017001 | 352 Belmont AVENUE, Winnipeg, MB | | *** |

| LOCATION TYPE | THEFT TYPE | METHOD OF ENTRY | METHOD OF EXIT | PT OF ENTRY | PT OF EXIT | ENTRY LOC |
|---|---|---|---|---|---|---|
| | | | | | | |

## PERSON LISTINGS

| | TYPE | LAST NAME | FIRST NAME | MIDDLE NAME | DOB | RACE | SEX | DRIVER LIC NO | LIC ST |
|---|---|---|---|---|---|---|---|---|---|
| 1 | REP | Martinez | Alex | | *** | | * | | |
| | SSN | ETHNICITY | RESIDENT | EYE COLOR | HAIR COLOR | AGE | HEIGHT | WEIGHT | CELL PHONE |
| | | | | | | | | | |
| | EMAIL | | | RESIDENCE ADDRESS | | | HOME PHONE | | |
| | case_am_072015@aol.com | | | *** | | | *** | | |
| | EMPLOYER NAME | | | BUSINESS ADDRESS | | | BUSINESS PHONE | | |
| | | | | *** | | | | | |

## NARRATIVE

Hello;

You will also have to investigate, prosecute and charge the United States District Attorney's Office and the United States Embassy in this case for falsifying complaints and making false police reports and allegations.  So please contact them and make sure that you close all of their cases too.

The Embassies of Algeria, Croatia, Ecuador, Finland, Philippines, Georgia, Iceland, Norway, Belarus, Bulgaria, Romania and Vietnam also have been victimized by the false reports, allegations and complaints that were made, so please contact them and have all the records corrected and the content removed and those responsible arrested.

Believe it or not, we also believe that the false information and files were wrongfully circulated to Kuwait and Azerbaijan.  So you must check this too and contact their embassies and have it clarified and removed and the people responsible in Canada and the United States of America arrested.
As for the Houses and Royal Families; please make sure that they are not lied too and that you do not try to form a new group and investigation because most have been aware of your mistakes for a long time now and therefore; you have been duly warned not to do this and carry on in mischief and embarrassing behaviour.



Canadian      Service
Security      canadien du
Intelligence  renseignement
Service       de sécurité

Our file: 116-2016-189

SEP 2 3 2016

Mr. Ilich Alex Martinez
102A - 1075 Bay Street
Toronto, Ontario
M5S 2B2

Dear Mr. Martinez,

This refers to your *Privacy Act* request of September 15, 2016, received in our office on
September 16, 2016.

Based on information contained in your request, please be advised that personal information bank
**CSIS PPU 045  - Canadian Security Intelligence Service Investigational Records** was searched on
your behalf.  The Governor-in-Council has designated this information bank an exempt bank pursuant
to section 18 of the *Privacy Act* .  If the type of information described in the bank did exist, it would
qualify for exemption under section 21 (as it relates to the efforts of Canada towards detecting,
preventing or suppressing subversive or hostile activities), or 22(1)(a) and/or (b) of the *Act.*

You may use the contact information located in the footer to contact us should you wish to obtain
clarification concerning your request. Please provide the file number at the top of this letter in any
subsequent correspondence.  If you would like us to conduct additional searches, I invite you to
consult our CSIS Web site at www.csis.gc.ca or the Treasury Board Web site at
www.Infosource.gc.ca, on how to file a complete personal information request.

Please be advised that you are entitled to complain to the Privacy Commissioner concerning the
processing of your request.  In the event you decide to avail yourself of this right, your notice of
complaint should be addressed to:  Privacy Commissioner of Canada, 30 Victoria Street, 1st floor,
Gatineau, Quebec, K1A 1H3

Yours truly,

Coordinator
Access to Information
and Privacy
Attachments

Canadä

   **Canadian Security   Service canadien du
Intelligence Service   renseignement de sécurité**



Our file: 116-2020-573

Alex Martinez
181 Bay Street
Post Office Box: 30054 Brookfield PO                    MAR 1 7 2021
Toronto, Ontario
M5J 0A5

Dear Alex Martinez :

This refers to your *Privacy Act* request of February 17, 2021, for **"To whom it may concern; This request is an
extension to an internal investigation and case that was done in tandem with the past Director of the Canadian
Security Intelligence Services, Michel Coulombe and that has been transferred to the current Director, David
Vigneault. The internal and Professional Standards investigations are coming to an end for a very successful
case and seeing as the matter is before the Courts; all the information and details of their work need to be
aggregated and passed along to me for submission. Therefore; please provide all information, records,
investigation files, officers notes, audio, video, photo, telephone and surveillance records from all sources
within Canada and Internationally, under my name and in the possession of the Canadian Security
Intelligence Services (CSIS). This includes all records and files from all databases and other sources. Seeing as
it is such a big case; please begin the search from my date of birth which is January 16th, 1973. It is important
that as much information as possible be provided; for our success in Court is dependent on the quality of the
information provided from this request and seeing as so many CSIS Agents have dedicated their skill, careers
and lives, it is necessary to win; for they deserve it. Thank you and I look forward to your cooperation.
Regards; Alex Martinez case_am_072015@aol.com"**, received in our office on February 17, 2021.

Based on information contained in your request, please be advised that personal information bank listed below was
searched on your behalf with the following results:

**Canadian Security Intelligence Service Investigational Records** (CSIS PPU 045) - The Governor-in-Council has
designated this information bank an exempt bank pursuant to section 18 of the *Privacy Act*. Further to subsection
16(2) of the *Act*, we neither confirm nor deny the existence of the requested information. If the type of information
described in the bank did exist, it would qualify for exemption under section 21 (as it relates to the efforts of Canada
towards detecting, preventing or suppressing subversive or hostile activities), or 22(1)(a) and/or (b) of the *Act*.

In accordance with the Treasury Board of Canada Secretariat Directive on Privacy Requests and Correction of
Personal Information, I am enclosing a copy of the Duty to Assist Principles for your convenience.

You may use the contact information located in the footer to contact us should you wish to obtain clarification
concerning your request. Please provide the file number at the top of this letter in any subsequent correspondence. If
you would like us to conduct additional searches, I am enclosing herewith a copy of the Service's chapter in Info
Source which describes the various other personal information banks maintained by the Service, along with a
personal information request form. This, as well as additional information about access to information and privacy
can be found at the CSIS portal on the Canada.ca website at **https://www.canada.ca/en/security-intelligence-
service/corporate/transparency/access-to-information-and-privacy.html**.

Please be advised that you are entitled to complain to the Privacy Commissioner concerning the processing of your
request. In the event you decide to avail yourself of this right, your notice of complaint should be addressed to:
**Privacy Commissioner of Canada, 30 Victoria Street, 1st floor, Gatineau, Quebec, K1A 1H3**.

Yours truly,

Head, Disclosures I
Access to Information and Privacy

Encl.





Commissariat
à la protection de la
vie privée du Canada

Office of the
Privacy Commissioner
of Canada

Mr. Alex Martinez
P.O. Box 30054 Brookfield P.O. 181 Bay Street
Toronto ON M5J 0A5

JUL - 6 2021        **PROTECTED**

Our File: PA-059786
CSIS File: 116-2020-573

Dear Mr. Martinez:

     This is in response to your correspondence received on 2021-04-29 wherein you complained that the Canadian Security Intelligence Service (CSIS) denied you access to your personal information by not providing any records in response to your request made under the *Privacy Act* (CSIS file 116-2020-573). Given the wording of your request, the CSIS searched for records containing your personal information within its personal information bank CSIS PPU 045.

     I wish to inform you that for security reasons, the CSIS has adopted the policy of refusing to neither confirm nor deny whether an individual's personal information is within CSIS PPU 045. The CSIS relies on section 16(2) of the *Privacy Act* to not disclose whether personal information concerning a requestor exists.

     CSIS PPU 045 is an exempt bank. For your reference, you may wish to consult Exempt Personal Information Bank Order, No. 14 (CSIS) online at http://laws-lois.justice.gc.ca/eng/regulations/SOR-92-688/FullText.html, which designates the information bank in question as an exempt bank on the basis of section 21 and paragraphs 22(1)(a) and (b) of the *Privacy Act*.

     Section 16(2) of the *Privacy Act* states that a government institution is not required to reveal whether personal information exists. Section 16(1) states that the institution must indicate the sections of the *Privacy Act* which could reasonably be used to exempt such information if it did exist. As required by section 16(1), the CSIS has indicated that if information were to exist it could reasonably be expected to be exempted under one or more of sections 21 and/or 22(1)(a) or (b) of the *Privacy Act*. The *Privacy Act* also prohibits the Office of the Privacy Commissioner from either confirming or denying the existence of requested records, where the institution has relied on section 16(2). My Office is of the stance that the CSIS has correctly cited these provisions in its response and dealt with your request appropriately and in accordance with the *Privacy Act*.

30 rue Victoria, 1er étage  |  30 Victoria Street, 1st Floor
Gatineau (Québec) K1A 1H3
Sans frais/Toll free 1-800-282-1376  Tél./Tel: 819-994-5444  Téléc./Fax: 819-994-5424  www.priv.gc.ca

- 2 -

The decision of the Federal Court of Appeal in *Ruby v. Canada (Solicitor General)*, [2000] 3 F.C. 589 confirms the right of a government institution under section 16(2) to not disclose whether personal information concerning a requestor exists. The court stated that merely revealing the existence or non-existence of information is in itself an act of disclosure: a disclosure that the requestor is or is not the subject of an investigation. The court further concluded that the *Privacy Act* strikes the right balance between the government institution's duty to disclose and its power to refuse disclosure, including disclosure of the very existence of personal information.

Therefore, the response provided by the CSIS in refusing to reveal whether your personal information exists in PPU 045 would be in accordance with the requirements of the *Privacy Act*. Under the circumstances, we consider that the CSIS properly responded to your request and that it did not contravene your access rights in this case. Accordingly, the complaint is **not well-founded**.

Section 41 of the *Privacy Act* provides a right to apply to the Federal Court of Canada for review of the decision of a government institution to refuse to provide access to personal information. You should be aware that an application under section 41 is limited to establishing that you have been denied a right of access. Having now received this report, you have the right to apply to the Federal Court under section 41 for review of the decision of the CSIS. Such an application should name the appropriate Minister responsible for the CSIS as respondent and it must be filed with the Court within 45 days of receiving this letter. Should you wish to proceed to the Court, we suggest you contact the Court's Registry Office nearest you. Their locations are listed in the Court's website at https://www.fct-cf.gc.ca/ and a telephone number for the registry office nearest you should be listed in your telephone directory's blue pages.

You should also be aware that the Court has discretion to order that the costs of the other party be paid by you where the Court is of the view that this is appropriate. While this does not happen often, it is a possibility of which you should be aware. Conversely, the Court may order that your costs be paid where the Court finds that your application raises an important new principle.

For additional information on Federal Court applications, please check the Fact Sheet, Section 41 of the *Privacy Act* - Court Review of Refusals to Give Access to Personal Information, found on this Office's website at https://www.priv.gc.ca/en/privacy-topics/privacy-laws-in-canada/the-privacy-act/federal-court-applications-under-the-privacy-act/.

30 rue Victoria, 1er étage  |  30 Victoria Street, 1st Floor
Gatineau (Québec)  K1A 1H3
Sans frais/Toll free 1-800-282-1376  Tél./Tel: 819-994-5444  Téléc./Fax: 819-994-5424  www.priv.gc.ca

- 3 -

This concludes this Office's investigation of your complaint.  If you have any questions about this letter, please do not hesitate to contact Brad Carrier, the Senior Privacy Investigator who investigated this complaint at 1-800-282-1376.

Sincerely,

Jason Trudeau
Manager
*Compliance, Intake and Resolution*
*Directorate*

30 rue Victoria, 1er étage  |  30 Victoria Street, 1st Floor
Gatineau (Québec)  K1A 1H3
Sans frais/Toll free 1-800-282-1376  Tél./Tel: 819-994-5444  Téléc./Fax: 819-994-5424  www.priv.gc.ca

WINNIPEG POLICE SERVICE SUMMARY SUPPLEMENT REPORT

**REPORT NUMBER: E210029462**



## INCIDENT INFORMATION

| INCIDENT CODE | INCIDENT TYPE | INITIAL SUPP | DATE/TIME STARTED | DATE/TIME ENDED | DATE/TIME REPORTED |
|---|---|---|---|---|---|
| SR | Supplemental Report | X | 1973-01-16 12:00 AM | 2022-05-16 04:00 PM | 2022-05-23 05:17 PM |

| REPORT FILED FROM | TRACKING NUMBER | LOCATION OF OCCURRENCE | | APPROVED BY: |
|---|---|---|---|---|
| *** | T22018170 | 352 Belmont AVENUE, Winnipeg, MB | | *** |

| LOCATION TYPE | THEFT TYPE | METHOD OF ENTRY | METHOD OF EXIT | PT OF ENTRY | PT OF EXIT | ENTRY LOC |
|---|---|---|---|---|---|---|
| | | | | | | |

## PERSON LISTINGS

| | TYPE | LAST NAME | FIRST NAME | MIDDLE NAME | DOB | RACE | SEX | DRIVER LIC NO | LIC ST |
|---|---|---|---|---|---|---|---|---|---|
| 1 | REP | Martinez | Alex | | *** | | * | | |
| | SSN | ETHNICITY | RESIDENT | EYE COLOR | HAIR COLOR | AGE | HEIGHT | WEIGHT | CELL PHONE |
| | | | | | | | | | |
| | EMAIL | | RESIDENCE ADDRESS | | | | HOME PHONE | | |
| | case_am_072015@aol.com | | *** | | | | *** | | |
| | EMPLOYER NAME | | BUSINESS ADDRESS | | | | BUSINESS PHONE | | |
| | | | *** | | | | | | |

## NARRATIVE

For more Court formalities; you must prosecute and charge Her Majesty, The Queen of England' Government and the King, Queen and Prince of France and Spain for the misuse of their Police and Armies in this case; who committed crimes against children in Canada, including me and my brother.

Also pursue charges and an investigation against Danny Gallagher and Kelly Parker and their associates for their involvement in this case.  It appears that they are listed in the attached letters; along with the actions of the King and Queen operations listed above.

Also charge the government of Greece, Spain, Italy, USA and France for their involvement and for the Pedophilia and Child Pornography that has occurred.

Lastly; and again it is listed in the CSIS letter; Prosecute Commission d'accès à l'information du Québec, Social Security Tribunal of Canada, Service Canada and the Manitoba Ombudsman' Office for their involvement in the scandal and corruption and for failing their mandate and for privacy violations.

As for my family; you will have to prosecute anyone that is connected and associated to the case that is communicating with them; such as the Police, Crown, Social Worker and Public Safety Minister and this is for creating false reports, harassment, illegal monitoring, embezzlement and for "Deceit" and abusing my family and children; which resulted in medical abuse and mental health issues for them.

CONFIDENTIEL



**Service de l'accès et de la protection de l'information**

1701, rue Parthenais, UO1510
Montréal (Québec) H2K 3S7

CAI référence : 1023918
Notre référence : 2008 086

Le 18 septembre 2020

Monsieur Alex Martinez
P.O. Box 30054, Brookfield P.O. 181 Bay Street
Toronto (Ontario) M5J 0A5

**OBJET :**   **Votre demande en vertu de la *Loi sur l'accès aux documents des organismes publics et sur la protection des renseignements personnels* (c. A-2.1) qui vise à obtenir les informations vous concernant, contenues dans les banques de données policières de la Sûreté du Québec.**

Monsieur,

Conformément à la *Loi sur l'accès aux documents des organismes publics et sur la protection des renseignements personnels* (RLRQ, c. A-2.1, ci-après nommée « Loi sur l'accès »), nous avons effectué l'étude de vos deux demandes d'accès reçues, le 6 août 2020, en vertu des articles 9 et 83, lesquelles étaient libellées ainsi :

**Demande 1**
« [...] I hereby request a copy of all records and files from all databanks and information banks that are under the name of Alex Martinez, from The Sûreté du Québec.

**Demande 2**
« [...] I hereby request a copy of all documents concerning me and all records and files from all databanks and information banks that are under the name of Alex Martinez, from The Sûreté du Québec. »
[...]
« please produce all investigation files, officer's note and audio and surveillance records, photos and videos and anything else that might be available. The search needs to date back to the date of birth which is from 1973 to present »
[...]
« If there are files and records with the National Assembly, please search and include and produce those files as well. [...]»

(Transcriptions intégrales)

SQ-3504 (2016-08-10)

**CONFIDENTIEL**

Nous comprenons de vos demandes que vous désirez obtenir :

1. tous documents vous concernant, M. Alex Martinez (16-01-1973), contenus dans toutes les banques de données et d'information de la Sûreté du Québec (SQ) pour la période de 1973 à ce jour.

L'article 28 de la *Loi sur l'accès* oblige un organisme public, dans certaines circonstances, à refuser de confirmer ou d'infirmer l'existence de renseignements contenus dans un document qu'il détient dans l'exercice d'une fonction prévue par la loi, de prévention, de détection ou de répression du crime ou des infractions aux lois.

Également, l'article 28.1 de la *Loi sur l'accès* prévoit que nous devons refuser de confirmer l'existence ou de donner communication d'un renseignement dont la divulgation aurait pour effet de porter atteinte à la sécurité de l'État.

De plus, l'article 29 de *la Loi sur l'accès* prévoit que nous devons refuser de confirmer l'existence ou de donner communication d'un renseignement dont la divulgation aurait pour effet de réduire l'efficacité d'un dispositif de sécurité destiné à la protection d'un bien ou d'une personne.

Suivant ces articles, nous ne pouvons vous confirmer ou infirmer l'existence, au sein de la Sûreté, des renseignements visés par votre demande puisque cette seule confirmation ou non risquerait d'entraîner l'une des conséquences prévues par ces dispositions.

2. Tous les fichiers et dossiers détenus par l'Assemblée Nationale à votre égard.

Concernant ce point, nous vous informons que nous ne pouvons pas y donner suite. Étant donné que vos demandes visent des documents de l'Assemblée Nationale, nous vous invitons à formuler vos demandes auprès du responsable de l'accès aux documents, aux coordonnées suivantes :

**ASSEMBLÉE NATIONALE**
Me Valérie Roy
Directrice des affaires juridiques et législatives
1035, rue des Parlementaires #3.42
Québec (QC) G1A 1A3
Tél. : 418 528-0020
Téléc. : 418 528-0993
af.juridiques@assnat.qc.ca

Vous trouverez, ci-joint, les articles de loi et l'avis relatif au recours en révision prévu à la section III du chapitre IV de la *Loi sur l'accès*.

Veuillez agréer, Monsieur, nos salutations distinguées.

Hamid Feddag
Responsable de l'accès aux documents
et de la protection des renseignements personnels

CONFIDENTIEL



**Service de l'accès et de la protection de l'information**

1701, rue Parthenais, UO1510
Montréal (Québec) H2K 3S7

CAI reference : 1023918
Our reference : 2008 086

September 18, 2020

Mr Alex Martinez
P.O. Box 30054, Brookfield P.O. 181 Bay Street
Toronto (Ontario) M5J 0A5

**Subject**     **Your request according to an Act respecting access to documents held by public bodies and the Protection of personal information ( c. A-2.1) to get the information about you contained in the police databases of the Sûreté du Québec.**

Mister,

In accordance to the Act respecting Access to documents held by public bodies and the Protection of personal information (R.S.Q., c. A-2.1, called below "Access Information Act"), we have study your two access requests, received on August 6 2020, under sections 9 and 83, which were as follow :

> **Request 1**
> « [...] I hereby request a copy of all records and files from all databanks and information banks that are under the name of Alex Martinez, from The Sûreté du Québec.
>
> **Request 2**
> « [...] I hereby request a copy of all documents concerning me and all records and files from all databanks and information banks that are under the name of Alex Martinez, from The Sûreté du Québec. »
> [...]
> « please produce all investigation files, officer's note and audio and surveillance records, photos and videos and anything else that might be available. The search needs to date back to the date of birth which is from 1973 to present »
> [...]
> « If there are files and records with the National Assembly, please search and include and produce those files as well. [...]»

CONFIDENTIEL

We understand from your requests that you would like to get :

1. All documents concening you, Mr Alex Martinez (16-01-1973), from all databanks and information banks from the Sûreté du Québec (SQ) from 1973 to present.

Section 28 of the Access information Act said that a public body must, under certain circumstances,  refuse to release or to confirm the existence of information contained in a document that it keeps in the exercise of a duty provided for by law involving the prevention, detection or repression of crime or statutory offences.

Also, section 28.1 of the Access information Act said that a public body must refuse to release or confirm the existence of information if disclosure would jeopardize state security.

As well, section 29 of the Access information Act said that a public body must also refuse to release or to confirm the existence of information if disclosure would impair the efficiency of a security system designed for the protection of persons or property.

In accordance with these sections, we cannot release or confirm the existence of information detained by the Sûreté du Québec as requested because this confirmation alone or not could lead to one of the consequences described on these sections.

2. All records and files with the National Assembly concerning you.

Regarding this section of your request, unfortunately we cannot process it. As your request concerns documents from another public body we suggest you to send it to the person in charge of access to documents in that body. Please find the address below:

**ASSEMBLÉE NATIONALE**
Me Valérie Roy
Directrice des affaires juridiques et législatives
1035, rue des Parlementaires #3.42
Québec (QC) G1A 1A3
Tél. : 418 528-0020
Téléc. : 418 528-0993
af.juridiques@assnat.qc.ca

Please find enclosed the articles above mentioned and the notice of appeal governed by section III of chapter IV of the Access Information Act.

Best regards,

Hamid Feddag
Responsable de l'accès aux documents
et de la protection des renseignements personnels

## Loi sur l'accès aux documents des organismes publics et sur la protection des renseignements personnels, chapitre A-21

**Article 28 –** Un organisme public doit refuser de confirmer l'existence ou de donner communication d'un renseignement contenu dans un document qu'il détient dans l'exercice d'une fonction, prévue par la loi, de prévention, de détection ou de répression du crime ou des infractions aux lois ou dans l'exercice d'une collaboration, à cette fin, avec une personne ou un organisme chargé d'une telle fonction, lorsque sa divulgation serait susceptible:

1° d'entraver le déroulement d'une procédure devant une personne ou un organisme exerçant des fonctions juridictionnelles;

2° d'entraver une enquête à venir, en cours ou sujette à réouverture;

3° de révéler une méthode d'enquête, une source confidentielle d'information, un programme ou un plan d'action destiné à prévenir, détecter ou réprimer le crime ou les infractions aux lois;

4° de mettre en péril la sécurité d'une personne;

5° de causer un préjudice à une personne qui est l'auteur du renseignement ou qui en est l'objet;

6° de révéler les composantes d'un système de communication destiné à l'usage d'une personne chargée d'assurer l'observation de la loi;

7° de révéler un renseignement transmis à titre confidentiel par un corps de police ayant compétence hors du Québec;

8° de favoriser l'évasion d'un détenu; ou

9° de porter atteinte au droit d'une personne à une audition impartiale de sa cause.

**Renseignement obtenu par un service de sécurité interne.**

Il en est de même pour un organisme public, que le gouvernement peut désigner par règlement conformément aux normes qui y sont prévues, à l'égard d'un renseignement que cet organisme a obtenu par son service de sécurité interne, dans le cadre d'une enquête faite par ce service et ayant pour objet de prévenir, détecter ou réprimer le crime ou les infractions aux lois, susceptibles d'être commis ou commis au sein de l'organisme par ses membres, ceux de son conseil d'administration ou de son personnel ou par ceux de ses agents ou mandataires, lorsque sa divulgation serait susceptible d'avoir l'un des effets mentionnés aux paragraphes 1° à 9° du premier alinéa.

**Loi sur l'accès aux documents des organismes publics et sur la protection des renseignements personnels, chapitre A-21**

**Article 28.1 –** Un organisme public doit refuser de confirmer l'existence ou de donner communication d'un renseignement dont la divulgation aurait pour effet de porter atteinte à la sécurité de l'État.

**Article 29 –** Un organisme public doit refuser de confirmer l'existence ou de donner communication d'un renseignement portant sur une méthode ou une arme susceptible d'être utilisée pour commettre un crime ou une infraction à une loi.

Il doit aussi refuser de confirmer l'existence ou de donner communication d'un renseignement dont la divulgation aurait pour effet de réduire l'efficacité d'un programme, d'un plan d'action ou d'un dispositif de sécurité destiné à la protection d'un bien ou d'une personne.

**AVIS DE RECOURS**

À la suite d'une décision rendue en vertu de la *Loi sur l'accès aux documents des organismes publics et sur la protection des renseignements personnels*.

### Révision par la Commission d'accès à l'information

**a) Pouvoir:** L'article 135 de la Loi prévoit qu'une personne dont la demande écrite a été refusée en tout ou en partie par le responsable de l'accès aux documents ou de la protection des renseignements personnels peut demander à la Commission d'accès à l'information de réviser cette décision.
La demande de révision doit être faite par écrit; elle peut exposer brièvement les raisons pour lesquelles la décision devrait être révisée (art. 137).

L'adresse de la Commission d'accès à l'information est la suivante:

| **Québec** | Siège social | Tél.: 418 528-7741 | Télécopieur: 418 529-3102 |
|---|---|---|---|
| | 525, boulevard René-Lévesque-Est<br>Bureau 2.36<br>Québec (Québec) G1R 5S9 | | |
| **Montréal** | 500, boulevard René-Lévesque Ouest<br>Bureau 18.200<br>Montréal (Québec)  H2Z 1W7 | Tél.: 514 873-4196 | Télécopieur: 514 844-6170 |

Téléphone sans frais pour les deux bureaux : Tél. : 1 888 528-7741

cai.communications@cai.gouv.qc.ca

**b) Motifs:** Les motifs relatifs à la révision peuvent porter sur la décision, sur le délai de traitement de la demande, sur le mode d'accès à un document ou à un renseignement, sur les frais exigibles ou sur l'application de l'article 9 (notes personnelles inscrites sur un document, esquisses, ébauches, brouillons, notes préparatoires ou autres documents de même nature qui ne sont pas considérés comme des documents d'un organisme public).

**c) Délais:** Les demandes de révision doivent être adressées à la Commission d'accès à l'information dans les 30 jours suivant la date de la décision ou de l'expiration du délai accordé au responsable pour répondre à une demande (art. 135).
La Loi prévoit spécifiquement que la Commission d'accès à l'information peut, pour motif raisonnable, relever le requérant du défaut de respecter le délai de 30 jours (art. 135).

### Appel devant la Cour du Québec

**a) Pouvoir:** L'article 147 de la Loi édicte qu'une personne directement intéressée peut porter la décision de la Commission d'accès à l'information en appel devant un juge de la Cour du Québec, sur toute question de droit ou de compétence. Cet appel ne peut toutefois être porté qu'avec la permission d'un juge de la Cour du Québec. Ce juge accorde la permission s'il est d'avis qu'il s'agit d'une question qui devrait être examinée en appel.

**b) Délais et frais:** L'article 149 de la Loi prévoit que la requête pour permission d'appeler doit être déposée au greffe de la Cour du Québec, à Montréal ou à Québec, dans les 30 jours de la décision, après avis aux parties et à la Commission d'accès à l'information. Les frais de cette demande sont à la discrétion du juge.

**c) Procédure:** L'appel est formé, selon l'article 150 de la Loi, par le dépôt auprès de la Commission d'accès à l'information d'un avis à cet effet signifié aux parties, dans les 10 jours qui suivant la date de la décision qui l'autorise. Le dépôt de cet avis tient lieu de signification à la Commission d'accès à l'information.

***Délai prescrit pour le traitement des demandes***

*Loi sur l'accès aux documents des organismes publics*
*et sur la protection des renseignements personnels (L.R.Q., c. A-2.1)*

**Article 46.** Le responsable doit donner à la personne qui lui a fait une demande écrite un avis de la date de la réception de sa demande.

Contenu.

Cet avis est écrit; il indique les délais prescrits pour donner suite à la demande et l'effet que la présente loi attache au défaut, par le responsable, de les respecter. Il informe, en outre, le requérant du recours en révision prévu à la section III du chapitre IV.

**Article 47.** Le responsable doit, avec diligence et au plus tard dans les vingt jours qui suivent la date de la réception d'une demande:

1° donner accès au document, lequel peut alors être accompagné d'informations sur les circonstances dans lesquelles il a été produit;

1.1° donner accès au document par des mesures d'accommodement raisonnables lorsque le requérant est une personne handicapée;

2° informer le requérant des conditions particulières auxquelles l'accès est soumis, le cas échéant;

3° informer le requérant que l'organisme ne détient pas le document demandé ou que l'accès ne peut lui y être donné en tout ou en partie;

4° informer le requérant que sa demande relève davantage de la compétence d'un autre organisme ou est relative à un document produit par un autre organisme ou pour son compte;

5° informer le requérant que l'existence des renseignements demandés ne peut être confirmée;

6° informer le requérant qu'il s'agit d'un document auquel le chapitre II de la présente loi ne s'applique pas en vertu du deuxième alinéa de l'article 9;

7° informer le requérant que le tiers concerné par la demande ne peut être avisé par courrier et qu'il le sera par avis public;

 8° informer le requérant que l'organisme demande à la Commission de ne pas tenir compte de sa demande conformément à l'article 137.1.

Traitement de la demande.

Si le traitement de la demande dans le délai prévu par le premier alinéa ne lui paraît pas possible sans nuire au déroulement normal des activités de l'organisme public, le responsable peut, avant l'expiration de ce délai, le prolonger d'une période n'excédant pas 10 jours. Il doit alors en donner avis au requérant par courrier dans le délai prévu par le premier alinéa.

**Article 97.** Le responsable doit donner au requérant un avis de la date de la réception de sa demande.

Contenu.

Cet avis est écrit; il indique les délais prescrits pour donner suite à la demande et l'effet que cette loi attache au défaut, par le responsable, de les respecter. En outre, il informe le requérant du recours en révision prévu par la section III du chapitre IV.

**Article 98.** Le responsable doit donner suite à une demande de communication ou de rectification avec diligence et au plus tard dans les vingt jours qui suivent la date de sa réception.

Délai prolongé.

Si le traitement de la demande dans le délai prévu par le premier alinéa ne lui paraît pas possible sans nuire au déroulement normal des activités de l'organisme public, le responsable peut, avant l'expiration de ce délai, le prolonger d'une période n'excédant pas dix jours. Il doit alors en donner avis au requérant, par courrier, dans le délai prévu au premier alinéa.

**Article 102.** À défaut de répondre à une demande dans les délais applicables, le responsable est réputé avoir refusé d'y accéder et ce défaut donne ouverture au recours en révision prévu par la section III du chapitre IV, comme s'il s'agissait d'un refus d'accéder à la demande.

**cai communications - Demande de révision - L'organisme public, la Sûreté du Québec n'a pas répondu dans le délai prévu par la loi / Application for Review - The Public Body, the Sûreté du Québec did not respond within the time limit provided by law**

| | |
|---|---|
| **De :** | Alex Martinez <case_am_072015@aol.com> |
| **À :** | <cai.communications@cai.gouv.qc.ca> |
| **Date :** | 2020-05-06 16:50 |
| **Objet :** | Demande de révision - L'organisme public, la Sûreté du Québec n'a pas répondu dans le délai prévu par la loi / Application for Review - The Public Body, the Sûreté du Québec did not respond within the time limit provided by law |
| **Pièces jointes :** | CAI_FO_complete_revision_org_pub_eng_signed.pdf; The Sûreté du Québec FOI Search CAI_FO_acces_doc_org_pub_eng.pdf; The Sûreté du Québec PIR CAI_FO_acces_rens_org_pub_eng.pdf; Commission d'accès à l'information du Québec Montréal - Application for Review.pdf |

To whom it may concern;

Please see the attached Application for Review.

Sincerely,


Alex Martinez
case_am_072015@aol.com

---

À qui cela concerne;

Veuillez consulter la demande de révision ci-jointe.

Cordialement,


Alex Martinez
case_am_072015@aol.com

City, date: <u>Toronto, May 05th, 2020</u>

General Secretariat
Commission d'accès à l'information
Suite 2.36
525, boulevard René-Lévesque Est
Québec (Québec) G1R 5S9
Fax number: 418 529-3102

**SUBJECT:   Application for review**

Madam, Sir,

Under Section 135 of the Act respecting access to documents held by public bodies and the protection of personal information, I hereby submit an application for review to the Commission d'accès à l'information because:

or

☐   My request was refused totally or partially

☒   I did not receive a response within the time limit provided by law

It is compulsory to provide:

☐   a copy of my request **and**          ☐   a copy of the response from the person in charge of access for the public body

or

☒   a copy of my request address to the person in charge of access for the public body, which has remained unanswered.

Best regards,

Signature: _____

Last name, first name: <u>Martinez, Alex</u>

Address: <u>P.O. Box 30054 Brookfield P.O.  181 Bay Street</u>

<u>Toronto, Ontario, Canada  M5J 0A5</u>

~~Tel. (daytime):~~ Courriel: case_am_072015@aol.com

N.B.:  The legal time limits must be observed.
A legal person (in particular, a company, an association, a union) must have its application prepared and submitted by an advocate.

Toronto, Ontario, March 06, 2019

Name of person responsible for access to documents

The Sûreté du Québec
Grand quartier général
Direction des communications et des relations internationales
1701, rue Parthenais
Montréal (Québec)
Canada  H2K 3S7

**SUBJECT** :    Request for document access

Dear Sir or Madam,

Under section 9 of the Act respecting access to documents held by public bodies and the protection of personal information, I hereby request a copy of all records and files from all databanks and information banks that are under the name of Alex Martinez, from The Sûreté du Québec.

This request is part of a massive internal investigation as we have detected criminal activity, fraud, embezzlement, misconduct, corruption and negligence; which has caused conflict between several police services and led us to the illegal use of the public reporting system, police information system, surveillance equipment, cameras and audio equipment.

Therefore; please produce all investigation files, officer's notes and audio and surveillance records, photos and videos and anything else that might be available.  The search needs to date back to the date of birth, which is from 1973 to present.

This investigation is part of a massive police error that has been corrected and apologized for.  Please search all your branches and offices nationally and internationally, including: British Columbia, Alberta, Manitoba, the United States, South America, Europe, Asia, France and anywhere else that files may reside.

If there are files and records with the National Assembly, please search and include and produce those files as well.

This request is part of a very successful internal investigation that has intercepted and stopped several national and international crimes that has put the Government of Canada and its Justice system in jeopardy and disrepute.

Please do not contact by phone.  There is no phone number that I may be

reached at.  You may reach me only by email at: case_am_072015@aol.com

Thank you for your assistance in this matter.

Sincerely,

Signature :    _____

Last name, first name : Martinez, Alex_____

Address :       P.O. Box 865, Station Desjardins_____

                      Montreal, Quebec_____

                      Canada  H5B 1B9_____

Email :         case_am_072015@aol.com_____

Toronto, Ontario, March 07th, 2019

Name of person responsible for access to documents

The Sûreté du Québec
Grand quartier général
Direction des communications et des relations internationales
1701, rue Parthenais
Montréal (Québec)
Canada  H2K 3S7

**SUBJECT** :   Request for access to
personal information

Dear Sir or Madam,

Under section 83 of the Act respecting access to documents held by public bodies and the protection of personal information, I hereby request a copy of all documents concerning me and all records and files from all databanks and information banks that are under the name of Alex Martinez, from The Sûreté du Québec.

This request is part of a massive internal investigation as we have detected criminal activity, fraud, embezzlement, misconduct, corruption and negligence; which has caused conflict between several police services and led us to the illegal use of the public reporting system, police information system, surveillance equipment, cameras and audio equipment.

Therefore; please produce all investigation files, officer's notes and audio and surveillance records, photos and videos and anything else that might be available. The search needs to date back to the date of birth, which is from 1973 to present.

This investigation is part of a massive police error that has been corrected and apologized for.  Please search all your branches and offices nationally and internationally, including: British Columbia, Alberta, Manitoba, the United States, South America, Europe, Asia, France and anywhere else that files may reside.

If there are files and records with the National Assembly, please search and include and produce those files as well.

This request is part of a very successful internal investigation that has intercepted and stopped several national and international crimes that has put the Government of Canada and its Justice system in jeopardy and disrepute.

Please do not contact by phone.  There is no phone number that I may be reached at. You may reach me only by email at: case_am_072015@aol.com

Thank you for your assistance in this matter.

Sincerely,



Signature :   _____

Last name, first name : Martinez, Alex_____

Address :   P.O. Box 865, Station Desjardins_____

Montreal, Quebec_____

Canada  H5B 1B9_____

Email:   case_am_072015@aol.com_____

May 06th, 2020

Commission d'accès à l'information du Québec
Montréal
Bureau 18.200
500, boul. René-Lévesque Ouest
Montréal (Québec)
Canada  H2Z 1W7

Telephone/ Téléphone : (514) 873-4196
Facsimile/ Télécopieur : (514) 844-6170
E-mail/ Courriel : cai.communications@cai.gouv.qc.ca

*Sent via Email: cai.communications@cai.gouv.qc.ca*

**Re:**       *Application for Review - The Public Body, the Sûreté du Québec did not respond within the time limit provided by law*

To whom it may concern;

Please find enclosed the attached Application for Review for investigation and send all responses and correspondence to my mailing address in Toronto, Ontario; as indicated on the Application for Review and below.

Should you have any questions or concerns; please do not hesitate to contact me by mail or by e-mail at: case_am_072015@aol.com

Sincerely,

Alex Martinez
AM/am

Enclosure:     i.       Application for Review

               ii.      FOI - Request for Document Access

               iii.     PIR - Request for Personal Information

Alex Martinez  P.O. Box 30054 Brookfield P.O.  181 Bay Street  Toronto, Ontario M5J 0A5  Canada
Email: case_am_072015@aol.com

May 06th, 2020

Commission d'accès à l'information du Québec
Montréal
Bureau 18.200
500, boul. René-Lévesque Ouest
Montréal (Québec)
Canada  H2Z 1W7

Téléphone/Telephone : (514) 873-4196
Télécopieur/Facsimile : (514) 844-6170
Courriel/E-mail : cai.communications@cai.gouv.qc.ca

*Envoyé via Courriel: cai.communications@cai.gouv.qc.ca*

**Re:**        ***Demande de révision - L'organisme public, la Sûreté du Québec n'a pas
répondu dans le délai prévu par la loi***

À qui cela concerne;

Veuillez trouver ci-joint la demande de révision ci-jointe pour enquête et envoyer toutes les
réponses et la correspondance à mon adresse postale à Toronto (Ontario); comme indiqué sur la
demande de révision et ci-dessous.

Si vous avez des questions ou des préoccupations; n'hésitez pas à me contacter par mail ou par e-
mail à: case_am_072015@aol.com

Cordialement,

Alex Martinez
AM/am

Pièce jointe:        i.        Demande de révision

                     ii.        Demande d'accès aux documents

                     iii.        Demande d'informations personnelles

Alex Martinez  P.O. Boîte 30054 Brookfield P.O.  181 Bay Street  Toronto, Ontario M5J 0A5  Canada
Courriel: case_am_072015@aol.com

Page 2 of 2



Canadian      Service
Security      canadien du
Intelligence  renseignement
Service       de sécurité

Our file: 116-2016-189

SEP 2 3 2016

Mr. Ilich Alex Martinez
102A - 1075 Bay Street
Toronto, Ontario
M5S 2B2

Dear Mr. Martinez,

This refers to your *Privacy Act* request of September 15, 2016, received in our office on
September 16, 2016.

Based on information contained in your request, please be advised that personal information bank
**CSIS PPU 045  -  Canadian Security Intelligence Service Investigational Records** was searched on
your behalf.  The Governor-in-Council has designated this information bank an exempt bank pursuant
to section 18 of the *Privacy Act* .  If the type of information described in the bank did exist, it would
qualify for exemption under section 21 (as it relates to the efforts of Canada towards detecting,
preventing or suppressing subversive or hostile activities), or 22(1)(a) and/or (b) of the *Act.*

You may use the contact information located in the footer to contact us should you wish to obtain
clarification concerning your request. Please provide the file number at the top of this letter in any
subsequent correspondence.  If you would like us to conduct additional searches, I invite you to
consult our CSIS Web site at www.csis.gc.ca or the Treasury Board Web site at
www.Infosource.gc.ca, on how to file a complete personal information request.

Please be advised that you are entitled to complain to the Privacy Commissioner concerning the
processing of your request.  In the event you decide to avail yourself of this right, your notice of
complaint should be addressed to:  Privacy Commissioner of Canada, 30 Victoria Street, 1st floor,
Gatineau, Quebec, K1A 1H3

Yours truly,

Coordinator
Access to Information
and Privacy
Attachments

Canadä

 Canadian Security      Service canadien du
Intelligence Service   renseignement de sécurité



Our file: 116-2020-573

Alex Martinez
181 Bay Street
Post Office Box: 30054 Brookfield PO                    MAR 1 7 2021
Toronto, Ontario
M5J 0A5

Dear Alex Martinez :

This refers to your *Privacy Act* request of February 17, 2021, for **"To whom it may concern; This request is an extension to an internal investigation and case that was done in tandem with the past Director of the Canadian Security Intelligence Services, Michel Coulombe and that has been transferred to the current Director, David Vigneault. The internal and Professional Standards investigations are coming to an end for a very successful case and seeing as the matter is before the Courts; all the information and details of their work need to be aggregated and passed along to me for submission. Therefore; please provide all information, records, investigation files, officers notes, audio, video, photo, telephone and surveillance records from all sources within Canada and Internationally, under my name and in the possession of the Canadian Security Intelligence Services (CSIS). This includes all records and files from all databases and other sources. Seeing as it is such a big case; please begin the search from my date of birth which is January 16th, 1973. It is important that as much information as possible be provided; for our success in Court is dependent on the quality of the information provided from this request and seeing as so many CSIS Agents have dedicated their skill, careers and lives, it is necessary to win; for they deserve it. Thank you and I look forward to your cooperation. Regards; Alex Martinez case_am_072015@aol.com"**, received in our office on February 17, 2021.

Based on information contained in your request, please be advised that personal information bank listed below was searched on your behalf with the following results:

**Canadian Security Intelligence Service Investigational Records** (CSIS PPU 045) - The Governor-in-Council has designated this information bank an exempt bank pursuant to section 18 of the *Privacy Act*. Further to subsection 16(2) of the *Act*, we neither confirm nor deny the existence of the requested information. If the type of information described in the bank did exist, it would qualify for exemption under section 21 (as it relates to the efforts of Canada towards detecting, preventing or suppressing subversive or hostile activities), or 22(1)(a) and/or (b) of the *Act*.

In accordance with the Treasury Board of Canada Secretariat Directive on Privacy Requests and Correction of Personal Information, I am enclosing a copy of the Duty to Assist Principles for your convenience.

You may use the contact information located in the footer to contact us should you wish to obtain clarification concerning your request. Please provide the file number at the top of this letter in any subsequent correspondence. If you would like us to conduct additional searches, I am enclosing herewith a copy of the Service's chapter in Info Source which describes the various other personal information banks maintained by the Service, along with a personal information request form. This, as well as additional information about access to information and privacy can be found at the CSIS portal on the Canada.ca website at **https://www.canada.ca/en/security-intelligence-service/corporate/transparency/access-to-information-and-privacy.html**.

Please be advised that you are entitled to complain to the Privacy Commissioner concerning the processing of your request. In the event you decide to avail yourself of this right, your notice of complaint should be addressed to: **Privacy Commissioner of Canada, 30 Victoria Street, 1st floor, Gatineau, Quebec, K1A 1H3**.

Yours truly,

Head, Disclosures I
Access to Information and Privacy

Encl.





Commissariat
à la protection de la
vie privée du Canada

Office of the
Privacy Commissioner
of Canada

Mr. Alex Martinez
P.O. Box 30054 Brookfield P.O. 181 Bay Street
Toronto ON M5J 0A5

**PROTECTED**

JUL − 6 2021

Our File: PA-059786
CSIS File: 116-2020-573

Dear Mr. Martinez:

This is in response to your correspondence received on 2021-04-29 wherein you complained that the Canadian Security Intelligence Service (CSIS) denied you access to your personal information by not providing any records in response to your request made under the *Privacy Act* (CSIS file 116-2020-573). Given the wording of your request, the CSIS searched for records containing your personal information within its personal information bank CSIS PPU 045.

I wish to inform you that for security reasons, the CSIS has adopted the policy of refusing to neither confirm nor deny whether an individual's personal information is within CSIS PPU 045. The CSIS relies on section 16(2) of the *Privacy Act* to not disclose whether personal information concerning a requestor exists.

CSIS PPU 045 is an exempt bank. For your reference, you may wish to consult Exempt Personal Information Bank Order, No. 14 (CSIS) online at http://laws-lois.justice.gc.ca/eng/regulations/SOR-92-688/FullText.html, which designates the information bank in question as an exempt bank on the basis of section 21 and paragraphs 22(1)(a) and (b) of the *Privacy Act*.

Section 16(2) of the *Privacy Act* states that a government institution is not required to reveal whether personal information exists. Section 16(1) states that the institution must indicate the sections of the *Privacy Act* which could reasonably be used to exempt such information if it did exist. As required by section 16(1), the CSIS has indicated that if information were to exist it could reasonably be expected to be exempted under one or more of sections 21 and/or 22(1)(a) or (b) of the *Privacy Act*. The *Privacy Act* also prohibits the Office of the Privacy Commissioner from either confirming or denying the existence of requested records, where the institution has relied on section 16(2). My Office is of the stance that the CSIS has correctly cited these provisions in its response and dealt with your request appropriately and in accordance with the *Privacy Act*.

30 rue Victoria, 1er étage  |  30 Victoria Street, 1st Floor
Gatineau (Québec)  K1A 1H3
Sans frais/Toll free 1-800-282-1376  Tél./Tel: 819-994-5444  Téléc./Fax: 819-994-5424  www.priv.gc.ca

- 2 -

The decision of the Federal Court of Appeal in *Ruby v. Canada (Solicitor General)*, [2000] 3 F.C. 589 confirms the right of a government institution under section 16(2) to not disclose whether personal information concerning a requestor exists. The court stated that merely revealing the existence or non-existence of information is in itself an act of disclosure: a disclosure that the requestor is or is not the subject of an investigation. The court further concluded that the *Privacy Act* strikes the right balance between the government institution's duty to disclose and its power to refuse disclosure, including disclosure of the very existence of personal information.

Therefore, the response provided by the CSIS in refusing to reveal whether your personal information exists in PPU 045 would be in accordance with the requirements of the *Privacy Act*. Under the circumstances, we consider that the CSIS properly responded to your request and that it did not contravene your access rights in this case. Accordingly, the complaint is **not well-founded**.

Section 41 of the *Privacy Act* provides a right to apply to the Federal Court of Canada for review of the decision of a government institution to refuse to provide access to personal information. You should be aware that an application under section 41 is limited to establishing that you have been denied a right of access. Having now received this report, you have the right to apply to the Federal Court under section 41 for review of the decision of the CSIS. Such an application should name the appropriate Minister responsible for the CSIS as respondent and it must be filed with the Court within 45 days of receiving this letter. Should you wish to proceed to the Court, we suggest you contact the Court's Registry Office nearest you. Their locations are listed in the Court's website at https://www.fct-cf.gc.ca/ and a telephone number for the registry office nearest you should be listed in your telephone directory's blue pages.

You should also be aware that the Court has discretion to order that the costs of the other party be paid by you where the Court is of the view that this is appropriate. While this does not happen often, it is a possibility of which you should be aware. Conversely, the Court may order that your costs be paid where the Court finds that your application raises an important new principle.

For additional information on Federal Court applications, please check the Fact Sheet, Section 41 of the *Privacy Act* - Court Review of Refusals to Give Access to Personal Information, found on this Office's website at https://www.priv.gc.ca/en/privacy-topics/privacy-laws-in-canada/the-privacy-act/federal-court-applications-under-the-privacy-act/.

30 rue Victoria, 1er étage  |  30 Victoria Street, 1st Floor
Gatineau (Québec)  K1A 1H3
Sans frais/Toll free 1-800-282-1376  Tél./Tel: 819-994-5444  Téléc./Fax: 819-994-5424  www.priv.gc.ca

- 3 -

     This concludes this Office's investigation of your complaint.  If you have any questions about this letter, please do not hesitate to contact Brad Carrier, the Senior Privacy Investigator who investigated this complaint at 1-800-282-1376.

                  Sincerely,

Jason Trudeau
Manager
*Compliance, Intake and Resolution
Directorate*

30 rue Victoria, 1er étage  |  30 Victoria Street, 1st Floor
Gatineau (Québec)  K1A 1H3
Sans frais/Toll free 1-800-282-1376  Tél./Tel: 819-994-5444  Téléc./Fax: 819-994-5424  www.priv.gc.ca

WINNIPEG POLICE SERVICE SUMMARY SUPPLEMENT REPORT

**REPORT NUMBER: E210029462**



## INCIDENT INFORMATION

| INCIDENT CODE | INCIDENT TYPE | INITIAL SUPP | | DATE/TIME STARTED | DATE/TIME ENDED | DATE/TIME REPORTED |
|---|---|---|---|---|---|---|
| SR | Supplemental Report | | X | 1973-01-16 12:00 AM | 2022-05-25 05:00 PM | 2022-05-25 06:10 PM |

| REPORT FILED FROM | TRACKING NUMBER | LOCATION OF OCCURRENCE | | | APPROVED BY: |
|---|---|---|---|---|---|
| *** | T22018520 | 352 BELMONT AVENUE, WINNIPEG, MB | | | *** |

| LOCATION TYPE | THEFT TYPE | METHOD OF ENTRY | METHOD OF EXIT | PT OF ENTRY | PT OF EXIT | ENTRY LOC |
|---|---|---|---|---|---|---|
| | | | | | | |

## PERSON LISTINGS

| | TYPE | LAST NAME | FIRST NAME | MIDDLE NAME | DOB | RACE | SEX | DRIVER LIC NO | LIC ST |
|---|---|---|---|---|---|---|---|---|---|
| 1 | REP | Martinez | Alex | | *** | | * | | |

| | SSN | ETHNICITY | RESIDENT | EYE COLOR | HAIR COLOR | AGE | HEIGHT | WEIGHT | CELL PHONE |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

| | EMAIL | RESIDENCE ADDRESS | HOME PHONE |
|---|---|---|---|
| | case_am_072015@aol.com | *** | *** |
| | EMPLOYER NAME | BUSINESS ADDRESS | BUSINESS PHONE |
| | | *** | |

## NARRATIVE

Hello;

The case keeps expanding!  Now you have to add the International Court of Justice to check and cancel as they apparently were informed and involved long before they were contacted and now it has been discovered that they are a victim to Fraud as their employees participated and committed crimes on the basis that they will be paid and to expand and extend British, American, Israeli and German interests; which is illegal!

This was discovered when they violated their legislation by not responding to my issues and complaints; which is a violation of their mandate.  This has to be documented as it is evidence of 'Collusion,' which is supported by the CSIS letter and a violation of Canadian law.

The Government of Morocco also appears to have been defrauded and therefore; you have to contact them immediately and get them to stop all actions.  Check Austria, Denmark and Iceland too as they say that there is a connection at the University of Manitoba as that is where the information and scandal originated from.

Also check and charge LERA (Law Enforcement Review Agency for Manitoba) and the Royal Canadian Mounted Police Service, Civilian Review and Complaints Commission and Ian McPhail for they are a victim and failure too as they did not fulfill their mandates either.

This is all evidence of Fraud as the case should have been stopped immediately and compensated by the Courts and all of the organizations involved.  That is why it is a Queen case and problem as per the Supreme Court of Canada.

5/25/22, 6:43 PM          Update of May 16th, 2022 Re: No Reply from the Information Office! Re: The Doctrine of Res Judicata has Failed; the Courts are …

**From:** case_am_072015@aol.com,
**To:** library@icj-cij.org, information@icj-cij.org,
**Subject:** Update of May 16th, 2022 Re: No Reply from the Information Office! Re: The Doctrine of Res Judicata has Failed; the Courts are Also Failing to Properly Adjudicate and Process the Judicial Review Involving the Canadian Security Intelligence Service (C.S.I.S)
**Date:** Mon, May 16, 2022 10:11 pm

To whom it may concern;

My hope was that I would qualify for intervention by your court on the basis that the 'State may take up the case of one of its nationals and invoke against another State the wrongs which its national claims to have suffered at the hands of the latter; the dispute then becomes one between States;' because the Courts in Canada have started ignoring me and will not respond.

As such organizations such as the Canada Revenue Agency, The Royal Canadian Mounted Police Service and the Canadian Security Intelligence Services have defaulted for failing to appear and for not responding and now they will not pay the damages and awards that have been incurred against them.

Several Police Reports have been filed against them with the City of Winnipeg Police Service; the offending party, to investigate this and to prosecute them for Fraud for this and yet they still will not respond and pay.

Therefore; this may qualify for your involvement and support for the corruption that has been uncovered.

Please advise.

Regards,

Alex Martinez
case_am_072015@aol.com

-----Original Message-----
From: Alex Martinez <case_am_072015@aol.com>
To: library@icj-cij.org <library@icj-cij.org>
Sent: Thu, Dec 16, 2021 8:06 pm
Subject: No Reply from the Information Office! Re: The Doctrine of Res Judicata has Failed; the Courts are Also Failing to Properly Adjudicate and Process the Judicial Review Involving the Canadian Security Intelligence Service (C.S.I.S)

To whom it may concern;

There has been no response from your information office and it is not to rush the case; however, I am being persecuted in Canada for uncovering a Scam in the Police, Military, Courts and Government and exposing the Failure of the Doctrine of Res Judicata.

My access to benefits has been cut off and as a result a Judicial Review has been initiated whereby the Court has failed to respond and appears to be ignoring me and the Rules.  The Chief Justices are involved and informed of the situation and appear to be ignoring me as well as a way of avoiding compensation; for I have proven that I qualify for benefits.

The cases are a Her Majesty The Queen issue now; which is a State conflict and therefore; I qualify for your intervention and involvement and financial support.

If you do not know, the Offices of Her Majesty the Queen are aware and have the evidence and are expected to support a settlement and compensation for me and for this case.

Therefore, please investigate and begin with your intervention and involvement and initiate the financial support program that you offer for cases and circumstances such as mine.

Thank you and please confirm receipt as quickly as possible.

Regards;


Alex Martinez
case_am_072015@aol.com



-----Original Message-----
From: Alex Martinez <case_am_072015@aol.com>
To: information@icj-cij.org <information@icj-cij.org>
Sent: Sat, Sep 4, 2021 12:16 pm
Subject: Another Case for you to Intervene With; ONTARIO SUPERIOR COURT OF JUSTICE (DIVISIONAL COURT) -- Re: You have consent to get involved now in the Court cases in the United States of America as well! Re: If you need consent; feel free to begin at your convenience! Re: New Case for Filing - Alex Martinez v. Her Majesty the Queen, Canada, United States of America and Others

To whom it may concern;

For when you intervene; you will also need the information for the case in the ONTARIO SUPERIOR COURT OF JUSTICE (DIVISIONAL COURT).  The file number is: CVD-TOR-53-20JR  and the parties involved are ALEX MARTINEZ v. OFFICE OF THE INDEPENDENT POLICE REVIEW DIRECTOR (OIPRD).

This case is also an "internal investigation" where the Police and other government organizations have failed and were found to be participating in Pedophilia and circulating Child Pornography; based on images taken in a Public School of my brother. The other images are nude and semi-nude of his children. They were obtained illegally and so have my images; which are not inappropriate for a family to take and possess; but illegal for the Government to posses and circulate in a dehumanizing and de-monstrous fashion; with the intent of destroying my life through medical abuse and other acts of the maltreatment of children, which in this case includes sprays, aerosols and contaminants.

Therefore; in total all of the cases are in the Federal Court, Federal Court of Appeal for the Courts of Canada, the Supreme Court of Canada, the Ontario Superior Court of Justice and in the District Courts of Columbia in the United States of America.

The images; were circulated throughout the world in a illegal and dehumanizing fashion.  As evidence of this, the images were found in several churches and the Vatican.  Those employees from these organization; were found to be participating in the abuse and are rumoured to have profited from it in several ways.

Evidence of this is in the attached correspondence to the Vatican and the Popes regarding the whole affair and that they may be being blamed for being in the possession of the images; which were forwarded to them from Canadian and American sources.  This is good for them as then they were not involved in the illegal acts of taking and circulating the images; however, they are at fault for participating in the abuse that took place and for abusing us medically and destroying our lives, bodies and mind.

That is all for now.  Should you have any questions; or, concerns, please contact me immediately at: case_am_072015@aol.com

Otherwise; you have the consent to intervene and get involved now.

Sincerely,


Alex Martinez
case_am_072015@aol.com

5/25/22, 6:43 PM          Update of May 16th, 2022 Re: No Reply from the Information Office! Re: The Doctrine of Res Judicata has Failed; the Courts are …

-----Original Message-----
From: Alex Martinez <case_am_072015@aol.com>
To: information@icj.org <information@icj-cij.org>
Sent: Fri, Sep 3, 2021 2:03 pm
Subject: You have consent to get involved now in the Court cases in the United States of America as well! Re: If you need consent; feel free to begin at your convenience! Re: New Case for Filing - Alex Martinez v. Her Majesty the Queen, Canada, United States of America and Others

To whom it may concern;

You are welcome and have consent to intervene in the Court cases in the United States of America; for the doctrine of Res Judicata is also failing.  This for a case that is a confirmed error that has been corrected and apologized for and is an Internal Investigation and Judicial Review.

The cases are Alex Martinez v. United States Customs and Border Protection and Alex Martinez v. The United States of America, et al.

The Defendants case and responses are deemed to be fraudulent and therefore you should get involved as well.  If you are not aware; the Defendants have been found to be in the possession of illegal nude and semi-nude images of my brother and his daughter and son and myself as children; which have been used to abuse us medically.

This has been found to be Child pornography and Pedophilia; for they were taken in a Government daycare, obtained illegally and circulated in a sick, malicious and dehumanizing fashion.  Therefore; since the results are not justified and justice has not been restored for a case that is proven to be a corrected error and mistake; then you have consent and are welcome to get involved as well.

Sincerely;


Alex Martinez
case_am_072015@aol.com

On Wednesday, August 18, 2021, 8:30:47 PM EDT, Alex Martinez <case_am_072015@aol.com> wrote:


To whom it may concern;

Further to my e-mail correspondence below; if you require consent to begin as per the Website, then you may do so at your convenience.

The entire matter has been frustrated and as stated; one of the cases in the Supreme Court of Canada is out of time and the others are ongoing and in Appeal.

Her Majesty' Departments are aware and are in support of my lawsuit and cases and so are their Courts and therefore; you should not have any problems starting.

The matter has become such a disgrace for the Canadian and American governments that the Canadian Judicial Council has been involved and so has the Governor General of Canada and the Queen's Privy Council for Canada; as they were informed that they needed to intervene and take over for too many violations have occurred.

The Queen's Privy Council has also been advised that they need to settle so as to not disturb, disrupt, disappoint and put Her Majesty's Resources in disrepute.

If that is what you require; begin and contact me by e-mail when you are available.  However, I am in desperate circumstances financially for dissolving and catching several Courts, Police and Military officers and officials; and for this I am now being persecuted and require financial support.

Since I have done so well, several Kings offices have come to learn of my cases and taken notice; as they have fallen victim to seditious and slanderous comments and statements themselves; just like Her Majesty the Queen.

For this reason; I would rather persevere on my own and not rely on anyone, but the financial support you offer.  This; I am sure you understand and see the potential for success for your Court when you begin to take on the case; however, I will need financial help just as soon as you begin.

Have a nice day!

Sincerely,


Alex Martinez
case_am_072015@aol.com


-----Original Message-----
From: Alex Martinez <case_am_072015@aol.com>
To: information@icj-cij.org <information@icj-cij.org>
Sent: Mon, Aug 16, 2021 4:24 pm
Subject: New Case for Filing - Alex Martinez v. Her Majesty the Queen, Canada, United States of America and Others

To whom it may concern;

My cases have all fallen apart as the Courts in Canada have failed to properly respond and adjudicate them.  Therefore; there is no other alternative for me but to continue in your Court, as per the Court Rules in Canada, for the Doctrine of Res Judicata has failed and the Courts are out of time.

To do this Financial Assistance is required, which you offer, however, there is no Application form.  Therefore, what is it that you require for me to proceed in your court and in this regard.

Thank you and I look forward to your prompt response as it is necessary for me to file as quickly as possible.

Sincerely,


Alex Martinez
case_am_072015@aol.com



Canadian      Service
Security      canadien du
Intelligence  renseignement
Service       de sécurité

Our file: 116-2016-189

SEP 2 3 2016

Mr. Ilich Alex Martinez
102A - 1075 Bay Street
Toronto, Ontario
M5S 2B2

Dear Mr. Martinez,

This refers to your *Privacy Act* request of September 15, 2016, received in our office on
September 16, 2016.

Based on information contained in your request, please be advised that personal information bank
**CSIS PPU 045 - <u>Canadian Security Intelligence Service Investigational Records</u>** was searched on
your behalf. The Governor-in-Council has designated this information bank an exempt bank pursuant
to section 18 of the *Privacy Act* . If the type of information described in the bank did exist, it would
qualify for exemption under section 21 (as it relates to the efforts of Canada towards detecting,
preventing or suppressing subversive or hostile activities), or 22(1)(a) and/or (b) of the *Act.*

You may use the contact information located in the footer to contact us should you wish to obtain
clarification concerning your request. Please provide the file number at the top of this letter in any
subsequent correspondence. If you would like us to conduct additional searches, I invite you to
consult our CSIS Web site at www.csis.gc.ca or the Treasury Board Web site at
www.Infosource.gc.ca, on how to file a complete personal information request.

Please be advised that you are entitled to complain to the Privacy Commissioner concerning the
processing of your request. In the event you decide to avail yourself of this right, your notice of
complaint should be addressed to: Privacy Commissioner of Canada, 30 Victoria Street, 1st floor,
Gatineau, Quebec, K1A 1H3

Yours truly,

Coordinator
Access to Information
and Privacy
Attachments

Canadä



Canadian Security       Service canadien du
Intelligence Service    renseignement de sécurité



Our file: 116-2020-573

Alex Martinez
181 Bay Street
Post Office Box: 30054 Brookfield PO          MAR 1 7 2021
Toronto, Ontario
M5J 0A5

Dear Alex Martinez :

This refers to your *Privacy Act* request of February 17, 2021, for **"To whom it may concern; This request is an extension to an internal investigation and case that was done in tandem with the past Director of the Canadian Security Intelligence Services, Michel Coulombe and that has been transferred to the current Director, David Vigneault. The internal and Professional Standards investigations are coming to an end for a very successful case and seeing as the matter is before the Courts; all the information and details of their work need to be aggregated and passed along to me for submission. Therefore; please provide all information, records, investigation files, officers notes, audio, video, photo, telephone and surveillance records from all sources within Canada and Internationally, under my name and in the possession of the Canadian Security Intelligence Services (CSIS). This includes all records and files from all databases and other sources. Seeing as it is such a big case; please begin the search from my date of birth which is January 16th, 1973. It is important that as much information as possible be provided; for our success in Court is dependent on the quality of the information provided from this request and seeing as so many CSIS Agents have dedicated their skill, careers and lives, it is necessary to win; for they deserve it. Thank you and I look forward to your cooperation. Regards; Alex Martinez case_am_072015@aol.com"**, received in our office on February 17, 2021.

Based on information contained in your request, please be advised that personal information bank listed below was searched on your behalf with the following results:

**Canadian Security Intelligence Service Investigational Records** (CSIS PPU 045) - The Governor-in-Council has designated this information bank an exempt bank pursuant to section 18 of the *Privacy Act*. Further to subsection 16(2) of the *Act*, we neither confirm nor deny the existence of the requested information. If the type of information described in the bank did exist, it would qualify for exemption under section 21 (as it relates to the efforts of Canada towards detecting, preventing or suppressing subversive or hostile activities), or 22(1)(a) and/or (b) of the *Act*.

In accordance with the Treasury Board of Canada Secretariat Directive on Privacy Requests and Correction of Personal Information, I am enclosing a copy of the Duty to Assist Principles for your convenience.

You may use the contact information located in the footer to contact us should you wish to obtain clarification concerning your request. Please provide the file number at the top of this letter in any subsequent correspondence. If you would like us to conduct additional searches, I am enclosing herewith a copy of the Service's chapter in Info Source which describes the various other personal information banks maintained by the Service, along with a personal information request form. This, as well as additional information about access to information and privacy can be found at the CSIS portal on the Canada.ca website at **https://www.canada.ca/en/security-intelligence-service/corporate/transparency/access-to-information-and-privacy.html**.

Please be advised that you are entitled to complain to the Privacy Commissioner concerning the processing of your request. In the event you decide to avail yourself of this right, your notice of complaint should be addressed to: **Privacy Commissioner of Canada, 30 Victoria Street, 1st floor, Gatineau, Quebec, K1A 1H3**.

Yours truly,

Head, Disclosures I
Access to Information and Privacy

Encl.





Commissariat
à la protection de la
vie privée du Canada

Office of the
Privacy Commissioner
of Canada

Mr. Alex Martinez
P.O. Box 30054 Brookfield P.O. 181 Bay Street
Toronto ON M5J 0A5

JUL - 6 2021    **PROTECTED**

Our File: PA-059786
CSIS File: 116-2020-573

Dear Mr. Martinez:

        This is in response to your correspondence received on 2021-04-29 wherein you complained that the Canadian Security Intelligence Service (CSIS) denied you access to your personal information by not providing any records in response to your request made under the *Privacy Act* (CSIS file 116-2020-573). Given the wording of your request, the CSIS searched for records containing your personal information within its personal information bank CSIS PPU 045.

        I wish to inform you that for security reasons, the CSIS has adopted the policy of refusing to neither confirm nor deny whether an individual's personal information is within CSIS PPU 045. The CSIS relies on section 16(2) of the *Privacy Act* to not disclose whether personal information concerning a requestor exists.

        CSIS PPU 045 is an exempt bank. For your reference, you may wish to consult Exempt Personal Information Bank Order, No. 14 (CSIS) online at http://laws-lois.justice.gc.ca/eng/regulations/SOR-92-688/FullText.html, which designates the information bank in question as an exempt bank on the basis of section 21 and paragraphs 22(1)(a) and (b) of the *Privacy Act*.

        Section 16(2) of the *Privacy Act* states that a government institution is not required to reveal whether personal information exists. Section 16(1) states that the institution must indicate the sections of the *Privacy Act* which could reasonably be used to exempt such information if it did exist. As required by section 16(1), the CSIS has indicated that if information were to exist it could reasonably be expected to be exempted under one or more of sections 21 and/or 22(1)(a) or (b) of the *Privacy Act*. The *Privacy Act* also prohibits the Office of the Privacy Commissioner from either confirming or denying the existence of requested records, where the institution has relied on section 16(2). My Office is of the stance that the CSIS has correctly cited these provisions in its response and dealt with your request appropriately and in accordance with the *Privacy Act*.

30 rue Victoria, 1er étage  |  30 Victoria Street, 1st Floor
Gatineau (Québec) K1A 1H3
Sans frais/Toll free 1-800-282-1376  Tél./Tel: 819-994-5444  Téléc./Fax: 819-994-5424  www.priv.gc.ca

- 2 -

The decision of the Federal Court of Appeal in *Ruby v. Canada (Solicitor General)*, [2000] 3 F.C. 589 confirms the right of a government institution under section 16(2) to not disclose whether personal information concerning a requestor exists. The court stated that merely revealing the existence or non-existence of information is in itself an act of disclosure: a disclosure that the requestor is or is not the subject of an investigation.  The court further concluded that the *Privacy Act* strikes the right balance between the government institution's duty to disclose and its power to refuse disclosure, including disclosure of the very existence of personal information.

Therefore, the response provided by the CSIS in refusing to reveal whether your personal information exists in PPU 045 would be in accordance with the requirements of the *Privacy Act*.  Under the circumstances, we consider that the CSIS properly responded to your request and that it did not contravene your access rights in this case.  Accordingly, the complaint is **not well-founded**.

Section 41 of the *Privacy Act* provides a right to apply to the Federal Court of Canada for review of the decision of a government institution to refuse to provide access to personal information.  You should be aware that an application under section 41 is limited to establishing that you have been denied a right of access.  Having now received this report, you have the right to apply to the Federal Court under section 41 for review of the decision of the CSIS.  Such an application should name the appropriate Minister responsible for the CSIS as respondent and it must be filed with the Court within 45 days of receiving this letter.  Should you wish to proceed to the Court, we suggest you contact the Court's Registry Office nearest you.  Their locations are listed in the Court's website at https://www.fct-cf.gc.ca/ and a telephone number for the registry office nearest you should be listed in your telephone directory's blue pages.

You should also be aware that the Court has discretion to order that the costs of the other party be paid by you where the Court is of the view that this is appropriate.  While this does not happen often, it is a possibility of which you should be aware.  Conversely, the Court may order that your costs be paid where the Court finds that your application raises an important new principle.

For additional information on Federal Court applications, please check the Fact Sheet, Section 41 of the *Privacy Act* - Court Review of Refusals to Give Access to Personal Information, found on this Office's website at https://www.priv.gc.ca/en/privacy-topics/privacy-laws-in-canada/the-privacy-act/federal-court-applications-under-the-privacy-act/.

30 rue Victoria, 1er étage  |  30 Victoria Street, 1st Floor
Gatineau (Québec)  K1A 1H3
Sans frais/Toll free 1-800-282-1376  Tél./Tel: 819-994-5444  Téléc./Fax: 819-994-5424  www.priv.gc.ca

- 3 -

  This concludes this Office's investigation of your complaint.  If you have any questions about this letter, please do not hesitate to contact Brad Carrier, the Senior Privacy Investigator who investigated this complaint at 1-800-282-1376.

             Sincerely,

             Jason Trudeau
             Manager
             *Compliance, Intake and Resolution*
             *Directorate*

30 rue Victoria, 1er étage  |  30 Victoria Street, 1st Floor
Gatineau (Québec)  K1A 1H3
Sans frais/Toll free 1-800-282-1376  Tél./Tel: 819-994-5444  Téléc./Fax: 819-994-5424  www.priv.gc.ca

CONFIDENTIEL



**Service de l'accès et de la protection de l'information**

1701, rue Parthenais, UO1510
Montréal (Québec) H2K 3S7

CAI référence : 1023918
Notre référence : 2008 086

Le 18 septembre 2020

Monsieur Alex Martinez
P.O. Box 30054, Brookfield P.O. 181 Bay Street
Toronto (Ontario) M5J 0A5

**OBJET :** **Votre demande en vertu de la *Loi sur l'accès aux documents des organismes publics et sur la protection des renseignements personnels* (c. A-2.1) qui vise à obtenir les informations vous concernant, contenues dans les banques de données policières de la Sûreté du Québec.**

Monsieur,

Conformément à la *Loi sur l'accès aux documents des organismes publics et sur la protection des renseignements personnels* (RLRQ, c. A-2.1, ci-après nommée « Loi sur l'accès »), nous avons effectué l'étude de vos deux demandes d'accès reçues, le 6 août 2020, en vertu des articles 9 et 83, lesquelles étaient libellées ainsi :

> **Demande 1**
> « [...] I hereby request a copy of all records and files from all databanks and information banks that are under the name of Alex Martinez, from The Sûreté du Québec.

> **Demande 2**
> « [...] I hereby request a copy of all documents concerning me and all records and files from all databanks and information banks that are under the name of Alex Martinez, from The Sûreté du Québec. »
> [...]
> « please produce all investigation files, officer's note and audio and surveillance records, photos and videos and anything else that might be available. The search needs to date back to the date of birth which is from 1973 to present »
> [...]
> « If there are files and records with the National Assembly, please search and include and produce those files as well. [...]»

> (Transcriptions intégrales)

SQ-3504 (2016-08-10)

CONFIDENTIEL

Nous comprenons de vos demandes que vous désirez obtenir :

1. tous documents vous concernant, M. Alex Martinez (16-01-1973), contenus dans toutes les banques de données et d'information de la Sûreté du Québec (SQ) pour la période de 1973 à ce jour.

L'article 28 de la *Loi sur l'accès* oblige un organisme public, dans certaines circonstances, à refuser de confirmer ou d'infirmer l'existence de renseignements contenus dans un document qu'il détient dans l'exercice d'une fonction prévue par la loi, de prévention, de détection ou de répression du crime ou des infractions aux lois.

Également, l'article 28.1 de la *Loi sur l'accès* prévoit que nous devons refuser de confirmer l'existence ou de donner communication d'un renseignement dont la divulgation aurait pour effet de porter atteinte à la sécurité de l'État.

De plus, l'article 29 de *la Loi sur l'accès* prévoit que nous devons refuser de confirmer l'existence ou de donner communication d'un renseignement dont la divulgation aurait pour effet de réduire l'efficacité d'un dispositif de sécurité destiné à la protection d'un bien ou d'une personne.

Suivant ces articles, nous ne pouvons vous confirmer ou infirmer l'existence, au sein de la Sûreté, des renseignements visés par votre demande puisque cette seule confirmation ou non risquerait d'entraîner l'une des conséquences prévues par ces dispositions.

2. Tous les fichiers et dossiers détenus par l'Assemblée Nationale à votre égard.

Concernant ce point, nous vous informons que nous ne pouvons pas y donner suite. Étant donné que vos demandes visent des documents de l'Assemblée Nationale, nous vous invitons à formuler vos demandes auprès du responsable de l'accès aux documents, aux coordonnées suivantes :

ASSEMBLÉE NATIONALE
Me Valérie Roy
Directrice des affaires juridiques et législatives
1035, rue des Parlementaires #3.42
Québec (QC) G1A 1A3
Tél. : 418 528-0020
Téléc. : 418 528-0993
af.juridiques@assnat.qc.ca

Vous trouverez, ci-joint, les articles de loi et l'avis relatif au recours en révision prévu à la section III du chapitre IV de la *Loi sur l'accès*.

Veuillez agréer, Monsieur, nos salutations distinguées.

Hamid Feddag
Responsable de l'accès aux documents
et de la protection des renseignements personnels

SQ-3504 (2016-08-10)

CONFIDENTIEL



**Service de l'accès et de la protection de l'information**

1701, rue Parthenais, UO1510
Montréal (Québec) H2K 3S7

CAI reference : 1023918
Our reference : 2008 086

September 18, 2020

Mr Alex Martinez
P.O. Box 30054, Brookfield P.O. 181 Bay Street
Toronto (Ontario) M5J 0A5

**Subject**      **Your request according to an Act respecting access to documents held by public bodies and the Protection of personal information ( c. A-2.1) to get the information about you contained in the police databases of the Sûreté du Québec.**

Mister,

In accordance to the Act respecting Access to documents held by public bodies and the Protection of personal information (R.S.Q., c. A-2.1, called below "Access Information Act"), we have study your two access requests, received on August 6 2020, under sections 9 and 83, which were as follow :

> **Request 1**
> « […] I hereby request a copy of all records and files from all databanks and information banks that are under the name of Alex Martinez, from The Sûreté du Québec.

> **Request 2**
> « […] I hereby request a copy of all documents concerning me and all records and files from all databanks and information banks that are under the name of Alex Martinez, from The Sûreté du Québec. »
> […]
> « please produce all investigation files, officer's note and audio and surveillance records, photos and videos and anything else that might be available. The search needs to date back to the date of birth which is from 1973 to present »
> […]
> « If there are files and records with the National Assembly, please search and include and produce those files as well. […]»

CONFIDENTIEL

We understand from your requests that you would like to get :

1.  All documents concening you, Mr Alex Martinez (16-01-1973), from all databanks and information banks from the Sûreté du Québec (SQ) from 1973 to present.

Section 28 of the Access information Act said that a public body must, under certain circumstances,  refuse to release or to confirm the existence of information contained in a document that it keeps in the exercise of a duty provided for by law involving the prevention, detection or repression of crime or statutory offences.

Also, section 28.1 of the Access information Act said that a public body must refuse to release or confirm the existence of information if disclosure would jeopardize state security.

As well, section 29 of the Access information Act said that a public body must also refuse to release or to confirm the existence of information if disclosure would impair the efficiency of a security system designed for the protection of persons or property.

In accordance with these sections, we cannot release or confirm the existence of information detained by the Sûreté du Québec as requested because this confirmation alone or not could lead to one of the consequences described on these sections.

2.  All records and files with the National Assembly concerning you.

Regarding this section of your request, unfortunately we cannot process it. As your request concerns documents from another public body we suggest you to send it to the person in charge of access to documents in that body. Please find the address below:

**ASSEMBLÉE NATIONALE**
Me Valérie Roy
Directrice des affaires juridiques et législatives
1035, rue des Parlementaires #3.42
Québec (QC) G1A 1A3
Tél. : 418 528-0020
Téléc. : 418 528-0993
af.juridiques@assnat.qc.ca

Please find enclosed the articles above mentioned and the notice of appeal governed by section III of chapter IV of the Access Information Act.

Best regards,

Hamid Feddag
Responsable de l'accès aux documents
et de la protection des renseignements personnels

SQ-3504 (2016-08-10)

**Loi sur l'accès aux documents des organismes publics et sur la protection des renseignements personnels, chapitre A-21**

**Article 28 –** Un organisme public doit refuser de confirmer l'existence ou de donner communication d'un renseignement contenu dans un document qu'il détient dans l'exercice d'une fonction, prévue par la loi, de prévention, de détection ou de répression du crime ou des infractions aux lois ou dans l'exercice d'une collaboration, à cette fin, avec une personne ou un organisme chargé d'une telle fonction, lorsque sa divulgation serait susceptible:

 1° d'entraver le déroulement d'une procédure devant une personne ou un organisme exerçant des fonctions juridictionnelles;

 2° d'entraver une enquête à venir, en cours ou sujette à réouverture;

 3° de révéler une méthode d'enquête, une source confidentielle d'information, un programme ou un plan d'action destiné à prévenir, détecter ou réprimer le crime ou les infractions aux lois;

 4° de mettre en péril la sécurité d'une personne;

 5° de causer un préjudice à une personne qui est l'auteur du renseignement ou qui en est l'objet;

 6° de révéler les composantes d'un système de communication destiné à l'usage d'une personne chargée d'assurer l'observation de la loi;

 7° de révéler un renseignement transmis à titre confidentiel par un corps de police ayant compétence hors du Québec;

 8° de favoriser l'évasion d'un détenu; ou

 9° de porter atteinte au droit d'une personne à une audition impartiale de sa cause.

**Renseignement obtenu par un service de sécurité interne.**

Il en est de même pour un organisme public, que le gouvernement peut désigner par règlement conformément aux normes qui y sont prévues, à l'égard d'un renseignement que cet organisme a obtenu par son service de sécurité interne, dans le cadre d'une enquête faite par ce service et ayant pour objet de prévenir, détecter ou réprimer le crime ou les infractions aux lois, susceptibles d'être commis ou commis au sein de l'organisme par ses membres, ceux de son conseil d'administration ou de son personnel ou par ceux de ses agents ou mandataires, lorsque sa divulgation serait susceptible d'avoir l'un des effets mentionnés aux paragraphes 1° à 9° du premier alinéa.

**Loi sur l'accès aux documents des organismes publics et sur la protection des renseignements personnels, chapitre A-21**

**Article 28.1 –** Un organisme public doit refuser de confirmer l'existence ou de donner communication d'un renseignement dont la divulgation aurait pour effet de porter atteinte à la sécurité de l'État.

**Article 29 –** Un organisme public doit refuser de confirmer l'existence ou de donner communication d'un renseignement portant sur une méthode ou une arme susceptible d'être utilisée pour commettre un crime ou une infraction à une loi.

Il doit aussi refuser de confirmer l'existence ou de donner communication d'un renseignement dont la divulgation aurait pour effet de réduire l'efficacité d'un programme, d'un plan d'action ou d'un dispositif de sécurité destiné à la protection d'un bien ou d'une personne.

**AVIS DE RECOURS**

À la suite d'une décision rendue en vertu de la *Loi sur l'accès aux documents des organismes publics et sur la protection des renseignements personnels*.

### Révision par la Commission d'accès à l'information

**a) Pouvoir:** L'article 135 de la Loi prévoit qu'une personne dont la demande écrite a été refusée en tout ou en partie par le responsable de l'accès aux documents ou de la protection des renseignements personnels peut demander à la Commission d'accès à l'information de réviser cette décision.
La demande de révision doit être faite par écrit; elle peut exposer brièvement les raisons pour lesquelles la décision devrait être révisée (art. 137).

L'adresse de la Commission d'accès à l'information est la suivante:

| **Québec** | Siège social | Tél.: 418 528-7741 | Télécopieur: 418 529-3102 |
|---|---|---|---|
| | 525, boulevard René-Lévesque-Est<br>Bureau 2.36<br>Québec (Québec) G1R 5S9 | | |
| **Montréal** | 500, boulevard René-Lévesque Ouest<br>Bureau 18.200<br>Montréal (Québec)  H2Z 1W7 | Tél.: 514 873-4196 | Télécopieur: 514 844-6170 |
| | Téléphone sans frais pour les deux bureaux : Tél. : 1 888 528-7741 | | |
| | cai.communications@cai.gouv.qc.ca | | |

**b) Motifs:** Les motifs relatifs à la révision peuvent porter sur la décision, sur le délai de traitement de la demande, sur le mode d'accès à un document ou à un renseignement, sur les frais exigibles ou sur l'application de l'article 9 (notes personnelles inscrites sur un document, esquisses, ébauches, brouillons, notes préparatoires ou autres documents de même nature qui ne sont pas considérés comme des documents d'un organisme public).

**c) Délais:** Les demandes de révision doivent être adressées à la Commission d'accès à l'information dans les 30 jours suivant la date de la décision ou de l'expiration du délai accordé au responsable pour répondre à une demande (art. 135).
La Loi prévoit spécifiquement que la Commission d'accès à l'information peut, pour motif raisonnable, relever le requérant du défaut de respecter le délai de 30 jours (art. 135).

### Appel devant la Cour du Québec

**a) Pouvoir:** L'article 147 de la Loi édicte qu'une personne directement intéressée peut porter la décision de la Commission d'accès à l'information en appel devant un juge de la Cour du Québec, sur toute question de droit ou de compétence. Cet appel ne peut toutefois être porté qu'avec la permission d'un juge de la Cour du Québec. Ce juge accorde la permission s'il est d'avis qu'il s'agit d'une question qui devrait être examinée en appel.

**b) Délais et frais:** L'article 149 de la Loi prévoit que la requête pour permission d'appeler doit être déposée au greffe de la Cour du Québec, à Montréal ou à Québec, dans les 30 jours de la décision, après avis aux parties et à la Commission d'accès à l'information. Les frais de cette demande sont à la discrétion du juge.

**c) Procédure:** L'appel est formé, selon l'article 150 de la Loi, par le dépôt auprès de la Commission d'accès à l'information d'un avis à cet effet signifié aux parties, dans les 10 jours qui suivent la date de la décision qui l'autorise. Le dépôt de cet avis tient lieu de signification à la Commission d'accès à l'information.

### *Délai prescrit pour le traitement des demandes*

*Loi sur l'accès aux documents des organismes publics
et sur la protection des renseignements personnels (L.R.Q., c. A-2.1)*

**Article 46.** Le responsable doit donner à la personne qui lui a fait une demande écrite un avis de la date de la réception de sa demande.

Contenu.

Cet avis est écrit; il indique les délais prescrits pour donner suite à la demande et l'effet que la présente loi attache au défaut, par le responsable, de les respecter. Il informe, en outre, le requérant du recours en révision prévu à la section III du chapitre IV.

**Article 47.** Le responsable doit, avec diligence et au plus tard dans les vingt jours qui suivent la date de la réception d'une demande:

1° donner accès au document, lequel peut alors être accompagné d'informations sur les circonstances dans lesquelles il a été produit;

1.1° donner accès au document par des mesures d'accommodement raisonnables lorsque le requérant est une personne handicapée;

2° informer le requérant des conditions particulières auxquelles l'accès est soumis, le cas échéant;

3° informer le requérant que l'organisme ne détient pas le document demandé ou que l'accès ne peut lui y être donné en tout ou en partie;

4° informer le requérant que sa demande relève davantage de la compétence d'un autre organisme ou est relative à un document produit par un autre organisme ou pour son compte;

5° informer le requérant que l'existence des renseignements demandés ne peut être confirmée;

6° informer le requérant qu'il s'agit d'un document auquel le chapitre II de la présente loi ne s'applique pas en vertu du deuxième alinéa de l'article 9;

7° informer le requérant que le tiers concerné par la demande ne peut être avisé par courrier et qu'il le sera par avis public;

 8° informer le requérant que l'organisme demande à la Commission de ne pas tenir compte de sa demande conformément à l'article 137.1.

Traitement de la demande.

Si le traitement de la demande dans le délai prévu par le premier alinéa ne lui paraît pas possible sans nuire au déroulement normal des activités de l'organisme public, le responsable peut, avant l'expiration de ce délai, le prolonger d'une période n'excédant pas 10 jours. Il doit alors en donner avis au requérant par courrier dans le délai prévu par le premier alinéa.

**Article 97.** Le responsable doit donner au requérant un avis de la date de la réception de sa demande.

Contenu.

Cet avis est écrit; il indique les délais prescrits pour donner suite à la demande et l'effet que cette loi attache au défaut, par le responsable, de les respecter. En outre, il informe le requérant du recours en révision prévu par la section III du chapitre IV.

**Article 98.** Le responsable doit donner suite à une demande de communication ou de rectification avec diligence et au plus tard dans les vingt jours qui suivent la date de sa réception.

Délai prolongé.

Si le traitement de la demande dans le délai prévu par le premier alinéa ne lui paraît pas possible sans nuire au déroulement normal des activités de l'organisme public, le responsable peut, avant l'expiration de ce délai, le prolonger d'une période n'excédant pas dix jours. Il doit alors en donner avis au requérant, par courrier, dans le délai prévu au premier alinéa.

**Article 102.** À défaut de répondre à une demande dans les délais applicables, le responsable est réputé avoir refusé d'y accéder et ce défaut donne ouverture au recours en révision prévu par la section III du chapitre IV, comme s'il s'agissait d'un refus d'accéder à la demande.

**cai communications - Demande de révision - L'organisme public, la Sûreté du Québec n'a pas répondu dans le délai prévu par la loi / Application for Review - The Public Body, the Sûreté du Québec did not respond within the time limit provided by law**

| | |
|---|---|
| **De :** | Alex Martinez <case_am_072015@aol.com> |
| **À :** | <cai.communications@cai.gouv.qc.ca> |
| **Date :** | 2020-05-06 16:50 |
| **Objet :** | Demande de révision - L'organisme public, la Sûreté du Québec n'a pas répondu dans le délai prévu par la loi / Application for Review - The Public Body, the Sûreté du Québec did not respond within the time limit provided by law |
| **Pièces jointes :** | CAI_FO_complete_revision_org_pub_eng_signed.pdf; The Sûreté du Québec FOI Search CAI_FO_acces_doc_org_pub_eng.pdf; The Sûreté du Québec PIR CAI_FO_acces_rens_org_pub_eng.pdf; Commission d'accès à l'information du Québec Montréal - Application for Review.pdf |

To whom it may concern;

Please see the attached Application for Review.

Sincerely,

Alex Martinez
case_am_072015@aol.com

---

À qui cela concerne;

Veuillez consulter la demande de révision ci-jointe.

Cordialement,

Alex Martinez
case_am_072015@aol.com

City, date: _Toronto, May 05th, 2020_____

General Secretariat
Commission d'accès à l'information
Suite 2.36
525, boulevard René-Lévesque Est
Québec (Québec) G1R 5S9
Fax number: 418 529-3102

**SUBJECT:   Application for review**

Madam, Sir,

    Under Section 135 of the Act respecting access to documents held by public bodies and the protection of personal information, I hereby submit an application for review to the Commission d'accès à l'information because:

    ☐  My request was refused totally or partially

or

    ☒  I did not receive a response within the time limit provided by law

It is compulsory to provide:

    ☐  a copy of my request **and**    ☐  a copy of the response from the person in charge of access for the public body

or

    ☒  a copy of my request address to the person in charge of access for the public body, which has remained unanswered.

Best regards,

Signature: _____

Last name, first name: _Martinez, Alex_____

Address: _P.O. Box 30054 Brookfield P.O.  181 Bay Street_

_____Toronto, Ontario, Canada  M5J 0A5_____

~~Tel. (daytime):~~ Courriel: case_am_072015@aol.com

N.B.:  The legal time limits must be observed.
A legal person (in particular, a company, an association, a union) must have its application prepared and submitted by an advocate.

Toronto, Ontario, March 06, 2019


Name of person responsible for access to documents

The Sûreté du Québec
Grand quartier général
Direction des communications et des relations internationales
1701, rue Parthenais
Montréal (Québec)
Canada  H2K 3S7


**SUBJECT** :    Request for document access

Dear Sir or Madam,

Under section 9 of the Act respecting access to documents held by public bodies and the protection of personal information, I hereby request a copy of all records and files from all databanks and information banks that are under the name of Alex Martinez, from The Sûreté du Québec.

This request is part of a massive internal investigation as we have detected criminal activity, fraud, embezzlement, misconduct, corruption and negligence; which has caused conflict between several police services and led us to the illegal use of the public reporting system, police information system, surveillance equipment, cameras and audio equipment.

Therefore; please produce all investigation files, officer's notes and audio and surveillance records, photos and videos and anything else that might be available.  The search needs to date back to the date of birth, which is from 1973 to present.

This investigation is part of a massive police error that has been corrected and apologized for.  Please search all your branches and offices nationally and internationally, including: British Columbia, Alberta, Manitoba, the United States, South America, Europe, Asia, France and anywhere else that files may reside.

If there are files and records with the National Assembly, please search and include and produce those files as well.

This request is part of a very successful internal investigation that has intercepted and stopped several national and international crimes that has put the Government of Canada and its Justice system in jeopardy and disrepute.

Please do not contact by phone.  There is no phone number that I may be

reached at.  You may reach me only by email at: case_am_072015@aol.com

Thank you for your assistance in this matter.

Sincerely,

Signature :       _____

Last name, first name : Martinez, Alex _____

Address :        P.O. Box 865, Station Desjardins _____

                 Montreal, Quebec _____

                 Canada  H5B 1B9 _____

Email :          case_am_072015@aol.com_____

Toronto, Ontario, March 07th, 2019

Name of person responsible for access to documents

The Sûreté du Québec
Grand quartier général
Direction des communications et des relations internationales
1701, rue Parthenais
Montréal (Québec)
Canada  H2K 3S7

**SUBJECT** :   Request for access to
                personal information

Dear Sir or Madam,

Under section 83 of the Act respecting access to documents held by public bodies and the protection of personal information, I hereby request a copy of all documents concerning me and all records and files from all databanks and information banks that are under the name of Alex Martinez, from The Sûreté du Québec.

This request is part of a massive internal investigation as we have detected criminal activity, fraud, embezzlement, misconduct, corruption and negligence; which has caused conflict between several police services and led us to the illegal use of the public reporting system, police information system, surveillance equipment, cameras and audio equipment.

Therefore; please produce all investigation files, officer's notes and audio and surveillance records, photos and videos and anything else that might be available. The search needs to date back to the date of birth, which is from 1973 to present.

This investigation is part of a massive police error that has been corrected and apologized for.  Please search all your branches and offices nationally and internationally, including: British Columbia, Alberta, Manitoba, the United States, South America, Europe, Asia, France and anywhere else that files may reside.

If there are files and records with the National Assembly, please search and include and produce those files as well.

This request is part of a very successful internal investigation that has intercepted and stopped several national and international crimes that has put the Government of Canada and its Justice system in jeopardy and disrepute.

Please do not contact by phone.  There is no phone number that I may be reached at. You may reach me only by email at: case_am_072015@aol.com

Thank you for your assistance in this matter.

Sincerely,



Signature :  _____

Last name, first name : Martinez, Alex_____

Address :     P.O. Box 865, Station Desjardins_____

Montreal, Quebec_____

Canada  H5B 1B9_____

Email:         case_am_072015@aol.com_____

May 06th, 2020

Commission d'accès à l'information du Québec
Montréal
Bureau 18.200
500, boul. René-Lévesque Ouest
Montréal (Québec)
Canada  H2Z 1W7

Telephone/ Téléphone : (514) 873-4196
Facsimile/ Télécopieur : (514) 844-6170
E-mail/ Courriel : cai.communications@cai.gouv.qc.ca

*Sent via Email: cai.communications@cai.gouv.qc.ca*

**Re:**        *Application for Review - The Public Body, the Sûreté du Québec did not respond within the time limit provided by law*

To whom it may concern;

Please find enclosed the attached Application for Review for investigation and send all responses and correspondence to my mailing address in Toronto, Ontario; as indicated on the Application for Review and below.

Should you have any questions or concerns; please do not hesitate to contact me by mail or by e-mail at: case_am_072015@aol.com

Sincerely,

Alex Martinez
AM/am

Enclosure:    i.        Application for Review

ii.        FOI - Request for Document Access

iii.        PIR - Request for Personal Information

Alex Martinez  P.O. Box 30054 Brookfield P.O.  181 Bay Street  Toronto, Ontario M5J 0A5  Canada
Email: case_am_072015@aol.com
Page 1 of 2

May 06th, 2020

Commission d'accès à l'information du Québec
Montréal
Bureau 18.200
500, boul. René-Lévesque Ouest
Montréal (Québec)
Canada  H2Z 1W7

Téléphone/Telephone : (514) 873-4196
Télécopieur/Facsimile : (514) 844-6170
Courriel/E-mail : cai.communications@cai.gouv.qc.ca

*Envoyé via Courriel: cai.communications@cai.gouv.qc.ca*

**Re:**   ***Demande de révision - L'organisme public, la Sûreté du Québec n'a pas répondu dans le délai prévu par la loi***

À qui cela concerne;

Veuillez trouver ci-joint la demande de révision ci-jointe pour enquête et envoyer toutes les réponses et la correspondance à mon adresse postale à Toronto (Ontario); comme indiqué sur la demande de révision et ci-dessous.

Si vous avez des questions ou des préoccupations; n'hésitez pas à me contacter par mail ou par e-mail à: case_am_072015@aol.com

Cordialement,

Alex Martinez
AM/am

Pièce jointe:   i.   Demande de révision

ii.   Demande d'accès aux documents

iii.   Demande d'informations personnelles

Alex Martinez  P.O. Boîte 30054 Brookfield P.O.  181 Bay Street  Toronto, Ontario M5J 0A5  Canada
Courriel: case_am_072015@aol.com

WINNIPEG POLICE SERVICE SUMMARY SUPPLEMENT REPORT

**REPORT NUMBER: E210029462**



## INCIDENT INFORMATION

| INCIDENT CODE | INCIDENT TYPE | INITIAL SUPP | DATE/TIME STARTED | DATE/TIME ENDED | DATE/TIME REPORTED |
|---|---|---|---|---|---|
| SR | Supplemental Report | X | 1973-01-16 12:00 AM | 2022-05-31 09:00 AM | 2022-05-31 11:01 AM |

| REPORT FILED FROM | TRACKING NUMBER | LOCATION OF OCCURRENCE | | APPROVED BY: |
|---|---|---|---|---|
| *** | T22019252 | 352 Belmont AVENUE, Winnipeg, MB | | *** |

| LOCATION TYPE | THEFT TYPE | METHOD OF ENTRY | METHOD OF EXIT | PT OF ENTRY | PT OF EXIT | ENTRY LOC |
|---|---|---|---|---|---|---|
| | | | | | | |

## PERSON LISTINGS

| | TYPE | LAST NAME | FIRST NAME | MIDDLE NAME | DOB | RACE | SEX | DRIVER LIC NO | LIC ST |
|---|---|---|---|---|---|---|---|---|---|
| 1 | REP | Martinez | Alex | | *** | | * | | |

| | SSN | ETHNICITY | RESIDENT | EYE COLOR | HAIR COLOR | AGE | HEIGHT | WEIGHT | CELL PHONE |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

| EMAIL | RESIDENCE ADDRESS | HOME PHONE |
|---|---|---|
| case_am_072015@aol.com | *** | *** |

| EMPLOYER NAME | BUSINESS ADDRESS | BUSINESS PHONE |
|---|---|---|
| | *** | |

## NARRATIVE

Hello!

Go and arrest the Canadian Judicial Council.  They just committed a Service Fraud in the attached correspondence!  They must process the complaint as per the Rules at the time that the complaint was filed.  They cannot come back with other requests and with a new process if it was not posted at the time that the original complaint was made.  This is a "Service Fraud" and used to cause delays and support crime and mischief in the Courts.  It is also a failure in the Mandate which is cause for immediate termination.  Remember; the government of Chile is also under investigation and I am a Chilean Citizen also; so they cannot disregard the Rules and fail for any foreign government and dignitary including a Royal Family member.  They have to be arrested if they do.  The CSIS letter supports this and also the fact that hacking and unlawful access is occurring to my computer.  Please prosecute and charge for this as they could be doing it directly from AOL; the service provider and submitting errors.  Remember Microsoft and Apple are involved and accused and it is admitted too in the letter; so you have to arrest with the supporting evidence and documentation and remove all evaluations and comments associated with writing, spelling, language and other remarks that damage my reputation from your files and records and focus on the fact that during my employment; I had no errors in all of the years that I worked as a Consultant.



Canadian
Judicial Council
Conseil canadien
de la magistrature

**Personal and Confidential**

CJC File: 21-0776
(21-0516, 21-0301,
17-0026, 16-0542)

May 30, 2022

Mr. Alex Martinez

By email: case_am_072015@aol.com

Dear Mr. Martinez,

I am responding to your most recent emails regarding your complaint against the Honourable Donald J. Rennie of the Federal Court of Appeal and Council's most recent letter of dismissal of February 23, 2022.

I have carefully reviewed your correspondence and you do not add anything new to your previous complaint that would change the previous decision. I maintain Council's decision to dismiss your complaint.

For the reasons outlined above, I am of the view that the issues you raise do not warrant further consideration by the Council pursuant to its mandate under the *Judges Act*. Also, I have decided that Council will not respond to any future correspondence related to this matter.

Yours sincerely,

Jacqueline Corado
Acting Executive Director

5/31/22, 11:36 AM                                          CJC File: 21-0776

     **From:** info@cjc-ccm.ca,
       **To:** case_am_072015@aol.com,
  **Subject:** CJC File: 21-0776
     **Date:** Mon, May 30, 2022 7:38 am
**Attachments:** 21-0776 (21-0516, 21-0301, 17-0026, 16-0542) Letter to Mr. Alex Martinez 2022-05-30.pdf (263K)

---

Mr. Martinez,


Please see attached letter from the Canadian Judicial Council.


Thank you,


Josée Gauthier

Registry Officer /

  Greffière

Canadian Judicial Council /

  Conseil canadien de la magistrature

Tel:  613-288-1566

5/31/22, 11:45 AM                                                Re: CJC File: 21-0776

**From:** case_am_072015@aol.com,
**To:** info@cjc-ccm.ca,
**Subject:** Re: CJC File: 21-0776
**Date:** Tue, May 31, 2022 11:40 am

Hello;

In response to your letter; the procedure was followed as directed when the complaint was originally made; which you are mandated to use.

Your subsequent request; is outside of the Rules and therefore; your response is moot and subject to a criminal complaint for "Fraud."

You have no legal right to come back with your request and then dismiss it when it is not adhered too because of you faulted.  Therefore; you are required to rescind this response immediately and do your job and follow the rules as posted at the time that the original complaint was filed.  This is as per the Criminal Code of Canada.  I do not have to do anything more after.

Do it now and adjudicate it properly!

Alex Martinez
case_am_072015@aol.com


-----Original Message-----
From: info <info@cjc-ccm.ca>
To: case_am_072015@aol.com <case_am_072015@aol.com>
Sent: Mon, May 30, 2022 7:38 am
Subject: CJC File: 21-0776

Mr. Martinez,

Please see attached letter from the Canadian Judicial Council.

Thank you,

Josée Gauthier
Registry Officer /
  Greffière
Canadian Judicial Council /
  Conseil canadien de la magistrature
Tel:  613-288-1566



Canadian        Service
Security        canadien du
Intelligence    renseignement
Service         de sécurité

Our file: 116-2016-189

SEP 2 3 2016

Mr. Ilich Alex Martinez
102A - 1075 Bay Street
Toronto, Ontario
M5S 2B2

Dear Mr. Martinez,

This refers to your *Privacy Act* request of September 15, 2016, received in our office on September 16, 2016.

Based on information contained in your request, please be advised that personal information bank **CSIS PPU 045 - Canadian Security Intelligence Service Investigational Records** was searched on your behalf. The Governor-in-Council has designated this information bank an exempt bank pursuant to section 18 of the *Privacy Act* . If the type of information described in the bank did exist, it would qualify for exemption under section 21 (as it relates to the efforts of Canada towards detecting, preventing or suppressing subversive or hostile activities), or 22(1)(a) and/or (b) of the *Act.*

You may use the contact information located in the footer to contact us should you wish to obtain clarification concerning your request. Please provide the file number at the top of this letter in any subsequent correspondence. If you would like us to conduct additional searches, I invite you to consult our CSIS Web site at www.csis.gc.ca or the Treasury Board Web site at www.Infosource.gc.ca, on how to file a complete personal information request.

Please be advised that you are entitled to complain to the Privacy Commissioner concerning the processing of your request. In the event you decide to avail yourself of this right, your notice of complaint should be addressed to: Privacy Commissioner of Canada, 30 Victoria Street, 1st floor, Gatineau, Quebec, K1A 1H3

Yours truly,

Coordinator
Access to Information
and Privacy
Attachments

Canada

 **Canadian Security** **Service canadien du**
**Intelligence Service** **renseignement de sécurité**



Our file: 116-2020-573

Alex Martinez
181 Bay Street
Post Office Box: 30054 Brookfield PO          MAR 1 7 2021
Toronto, Ontario
M5J 0A5

Dear Alex Martinez :

This refers to your *Privacy Act* request of February 17, 2021, for **"To whom it may concern; This request is an extension to an internal investigation and case that was done in tandem with the past Director of the Canadian Security Intelligence Services, Michel Coulombe and that has been transferred to the current Director, David Vigneault. The internal and Professional Standards investigations are coming to an end for a very successful case and seeing as the matter is before the Courts; all the information and details of their work need to be aggregated and passed along to me for submission. Therefore; please provide all information, records, investigation files, officers notes, audio, video, photo, telephone and surveillance records from all sources within Canada and Internationally, under my name and in the possession of the Canadian Security Intelligence Services (CSIS). This includes all records and files from all databases and other sources. Seeing as it is such a big case; please begin the search from my date of birth which is January 16th, 1973. It is important that as much information as possible be provided; for our success in Court is dependent on the quality of the information provided from this request and seeing as so many CSIS Agents have dedicated their skill, careers and lives, it is necessary to win; for they deserve it. Thank you and I look forward to your cooperation. Regards; Alex Martinez case_am_072015@aol.com"**, received in our office on February 17, 2021.

Based on information contained in your request, please be advised that personal information bank listed below was searched on your behalf with the following results:

**Canadian Security Intelligence Service Investigational Records** (CSIS PPU 045) - The Governor-in-Council has designated this information bank an exempt bank pursuant to section 18 of the *Privacy Act*. Further to subsection 16(2) of the *Act*, we neither confirm nor deny the existence of the requested information. If the type of information described in the bank did exist, it would qualify for exemption under section 21 (as it relates to the efforts of Canada towards detecting, preventing or suppressing subversive or hostile activities), or 22(1)(a) and/or (b) of the *Act*.

In accordance with the Treasury Board of Canada Secretariat Directive on Privacy Requests and Correction of Personal Information, I am enclosing a copy of the Duty to Assist Principles for your convenience.

You may use the contact information located in the footer to contact us should you wish to obtain clarification concerning your request. Please provide the file number at the top of this letter in any subsequent correspondence. If you would like us to conduct additional searches, I am enclosing herewith a copy of the Service's chapter in Info Source which describes the various other personal information banks maintained by the Service, along with a personal information request form. This, as well as additional information about access to information and privacy can be found at the CSIS portal on the Canada.ca website at **https://www.canada.ca/en/security-intelligence-service/corporate/transparency/access-to-information-and-privacy.html**.

Please be advised that you are entitled to complain to the Privacy Commissioner concerning the processing of your request. In the event you decide to avail yourself of this right, your notice of complaint should be addressed to: **Privacy Commissioner of Canada, 30 Victoria Street, 1st floor, Gatineau, Quebec, K1A 1H3**.

Yours truly,

Head, Disclosures I
Access to Information and Privacy

Encl.





Commissariat
à la protection de la
vie privée du Canada

Office of the
Privacy Commissioner
of Canada

Mr. Alex Martinez
P.O. Box 30054 Brookfield P.O. 181 Bay Street
Toronto ON M5J 0A5

JUL - 6 2021      **PROTECTED**

Our File: PA-059786
CSIS File: 116-2020-573

Dear Mr. Martinez:

 This is in response to your correspondence received on 2021-04-29 wherein you complained that the Canadian Security Intelligence Service (CSIS) denied you access to your personal information by not providing any records in response to your request made under the *Privacy Act* (CSIS file 116-2020-573). Given the wording of your request, the CSIS searched for records containing your personal information within its personal information bank CSIS PPU 045.

 I wish to inform you that for security reasons, the CSIS has adopted the policy of refusing to neither confirm nor deny whether an individual's personal information is within CSIS PPU 045. The CSIS relies on section 16(2) of the *Privacy Act* to not disclose whether personal information concerning a requestor exists.

 CSIS PPU 045 is an exempt bank. For your reference, you may wish to consult Exempt Personal Information Bank Order, No. 14 (CSIS) online at http://laws-lois.justice.gc.ca/eng/regulations/SOR-92-688/FullText.html, which designates the information bank in question as an exempt bank on the basis of section 21 and paragraphs 22(1)(a) and (b) of the *Privacy Act*.

 Section 16(2) of the *Privacy Act* states that a government institution is not required to reveal whether personal information exists. Section 16(1) states that the institution must indicate the sections of the *Privacy Act* which could reasonably be used to exempt such information if it did exist. As required by section 16(1), the CSIS has indicated that if information were to exist it could reasonably be expected to be exempted under one or more of sections 21 and/or 22(1)(a) or (b) of the *Privacy Act*. The *Privacy Act* also prohibits the Office of the Privacy Commissioner from either confirming or denying the existence of requested records, where the institution has relied on section 16(2). My Office is of the stance that the CSIS has correctly cited these provisions in its response and dealt with your request appropriately and in accordance with the *Privacy Act*.

30 rue Victoria, 1ᵉʳ étage  |  30 Victoria Street, 1ˢᵗ Floor
Gatineau (Québec) K1A 1H3
Sans frais/Toll free 1-800-282-1376  Tél./Tel: 819-994-5444  Téléc./Fax: 819-994-5424  www.priv.gc.ca

- 2 -

The decision of the Federal Court of Appeal in *Ruby v. Canada (Solicitor General)*, [2000] 3 F.C. 589 confirms the right of a government institution under section 16(2) to not disclose whether personal information concerning a requestor exists. The court stated that merely revealing the existence or non-existence of information is in itself an act of disclosure: a disclosure that the requestor is or is not the subject of an investigation. The court further concluded that the *Privacy Act* strikes the right balance between the government institution's duty to disclose and its power to refuse disclosure, including disclosure of the very existence of personal information.

Therefore, the response provided by the CSIS in refusing to reveal whether your personal information exists in PPU 045 would be in accordance with the requirements of the *Privacy Act*. Under the circumstances, we consider that the CSIS properly responded to your request and that it did not contravene your access rights in this case. Accordingly, the complaint is **not well-founded**.

Section 41 of the *Privacy Act* provides a right to apply to the Federal Court of Canada for review of the decision of a government institution to refuse to provide access to personal information. You should be aware that an application under section 41 is limited to establishing that you have been denied a right of access. Having now received this report, you have the right to apply to the Federal Court under section 41 for review of the decision of the CSIS. Such an application should name the appropriate Minister responsible for the CSIS as respondent and it must be filed with the Court within 45 days of receiving this letter. Should you wish to proceed to the Court, we suggest you contact the Court's Registry Office nearest you. Their locations are listed in the Court's website at https://www.fct-cf.gc.ca/ and a telephone number for the registry office nearest you should be listed in your telephone directory's blue pages.

You should also be aware that the Court has discretion to order that the costs of the other party be paid by you where the Court is of the view that this is appropriate. While this does not happen often, it is a possibility of which you should be aware. Conversely, the Court may order that your costs be paid where the Court finds that your application raises an important new principle.

For additional information on Federal Court applications, please check the Fact Sheet, Section 41 of the *Privacy Act* - Court Review of Refusals to Give Access to Personal Information, found on this Office's website at https://www.priv.gc.ca/en/privacy-topics/privacy-laws-in-canada/the-privacy-act/federal-court-applications-under-the-privacy-act/.

30 rue Victoria, 1er étage  |  30 Victoria Street, 1st Floor
Gatineau (Québec)  K1A 1H3
Sans frais/Toll free 1-800-282-1376  Tél./Tel: 819-994-5444  Téléc./Fax: 819-994-5424  www.priv.gc.ca

- 3 -

  This concludes this Office's investigation of your complaint.  If you have any questions about this letter, please do not hesitate to contact Brad Carrier, the Senior Privacy Investigator who investigated this complaint at 1-800-282-1376.

           Sincerely,

           Jason Trudeau
           Manager
           *Compliance, Intake and Resolution*
           *Directorate*

30 rue Victoria, 1er étage  |  30 Victoria Street, 1st Floor
Gatineau (Québec)  K1A 1H3
Sans frais/Toll free 1-800-282-1376  Tél./Tel: 819-994-5444  Téléc./Fax: 819-994-5424  www.priv.gc.ca

WINNIPEG POLICE SERVICE SUMMARY SUPPLEMENT REPORT

**REPORT NUMBER: E210029462**



## INCIDENT INFORMATION

| INCIDENT CODE | INCIDENT TYPE | | INITIAL | DATE/TIME STARTED | DATE/TIME ENDED | DATE/TIME REPORTED |
|---|---|---|---|---|---|---|
| SR | Supplemental Report | | SUPP [X] | 1973-01-16 12:00 AM | 2022-05-31 06:00 PM | 2022-05-31 07:03 PM |
| REPORT FILED FROM | TRACKING NUMBER | | LOCATION OF OCCURRENCE | | | APPROVED BY: |
| *** | T22019346 | | 352 Belmont AVENUE, Winnipeg, MB | | | *** |
| LOCATION TYPE | THEFT TYPE | | METHOD OF ENTRY | METHOD OF EXIT | PT OF ENTRY / PT OF EXIT | ENTRY LOC |

## PERSON LISTINGS

| | TYPE | LAST NAME | FIRST NAME | MIDDLE NAME | DOB | RACE | SEX | DRIVER LIC NO | LIC ST |
|---|---|---|---|---|---|---|---|---|---|
| 1 | REP | Martinez | Alex | | *** | | * | | |
| | SSN | ETHNICITY | RESIDENT | EYE COLOR | HAIR COLOR | AGE | HEIGHT | WEIGHT | CELL PHONE |
| | EMAIL case_am_072015@aol.com | | | RESIDENCE ADDRESS *** | | | | HOME PHONE *** | |
| | EMPLOYER NAME | | | BUSINESS ADDRESS *** | | | | BUSINESS PHONE | |

## NARRATIVE

In order to recover the embezzled money another Police report needs to be created as the money has been moved and placed in several national and international bank accounts and trust accounts.  Some examples of this are the Vatican and Vatican state banks and banks across America and Switzerland.  A witness and accomplice to the payments is Cory Hryhorzuck of Winnipeg Manitoba; who resided on Bannerman Avenue and was last living in Vancouver.  He could have information and may have participated in the embezzlement and crimes that occurred.

The money from Microsoft and Apple are believed to be in foreign trust accounts and given illegally and for harassment and crimes done to me.  The same with the money derived out of abuse and crimes done to me that involve Warren Buffet and Bill and Melinda Gates that was donated to the L'Oratoire Saint-Joseph du Mont-Royal in Montreal.

The $80 million dollars given involve the creation of illegal and illicit videos and images of me and where explosives and lethal chemicals and gases were used.  Therefore; it must be returned to me.  In recent developments; it is believed that the money is being investigated by the Iglesias de Chile.  So ask them to seize it and return it to me; if they have it and have access to it. Seeing as it is fast becoming a Security Exchange style investigation, this report will release the money so that you can return it to me as their administration will need it for their Trusts and Bankers to recover it.

The money from Apple and Microsoft is believed to be managed by a group associated to Dr. Piñera, who holds a Master' and a Ph.D. degree in Economics.  They manage trusts, funds and investments and will be able to release and return them to me with the Police Report.

He can be reached at: 202-789-5200

Seeing as it is more than $80 million dollars that must be returned to me; please let me know if you need anything else.  This is also referenced in the CSIS and Sûreté du Québec letters.



Canadian        Service
Security        canadien du
Intelligence    renseignement
Service         de sécurité

Our file: 116-2016-189

SEP 2 3 2016

Mr. Ilich Alex Martinez
102A - 1075 Bay Street
Toronto, Ontario
M5S 2B2

Dear Mr. Martinez,

This refers to your *Privacy Act* request of September 15, 2016, received in our office on
September 16, 2016.

Based on information contained in your request, please be advised that personal information bank
**CSIS PPU 045 - <u>Canadian Security Intelligence Service Investigational Records</u>** was searched on
your behalf. The Governor-in-Council has designated this information bank an exempt bank pursuant
to section 18 of the *Privacy Act* . If the type of information described in the bank did exist, it would
qualify for exemption under section 21 (as it relates to the efforts of Canada towards detecting,
preventing or suppressing subversive or hostile activities), or 22(1)(a) and/or (b) of the *Act*.

You may use the contact information located in the footer to contact us should you wish to obtain
clarification concerning your request. Please provide the file number at the top of this letter in any
subsequent correspondence. If you would like us to conduct additional searches, I invite you to
consult our CSIS Web site at www.csis.gc.ca or the Treasury Board Web site at
www.Infosource.gc.ca, on how to file a complete personal information request.

Please be advised that you are entitled to complain to the Privacy Commissioner concerning the
processing of your request. In the event you decide to avail yourself of this right, your notice of
complaint should be addressed to: Privacy Commissioner of Canada, 30 Victoria Street, 1st floor,
Gatineau, Quebec, K1A 1H3

Yours truly,

Coordinator
Access to Information
and Privacy
Attachments

Canadä

 **Canadian Security** **Service canadien du**
**Intelligence Service** **renseignement de sécurité**



Our file: 116-2020-573

Alex Martinez
181 Bay Street                                                    MAR 1 7 2021
Post Office Box: 30054 Brookfield PO
Toronto, Ontario
M5J 0A5

Dear Alex Martinez :

This refers to your *Privacy Act* request of February 17, 2021, for **"To whom it may concern; This request is an extension to an internal investigation and case that was done in tandem with the past Director of the Canadian Security Intelligence Services, Michel Coulombe and that has been transferred to the current Director, David Vigneault. The internal and Professional Standards investigations are coming to an end for a very successful case and seeing as the matter is before the Courts; all the information and details of their work need to be aggregated and passed along to me for submission. Therefore; please provide all information, records, investigation files, officers notes, audio, video, photo, telephone and surveillance records from all sources within Canada and Internationally, under my name and in the possession of the Canadian Security Intelligence Services (CSIS). This includes all records and files from all databases and other sources. Seeing as it is such a big case; please begin the search from my date of birth which is January 16th, 1973. It is important that as much information as possible be provided; for our success in Court is dependent on the quality of the information provided from this request and seeing as so many CSIS Agents have dedicated their skill, careers and lives, it is necessary to win; for they deserve it. Thank you and I look forward to your cooperation. Regards; Alex Martinez case_am_072015@aol.com"**, received in our office on February 17, 2021.

Based on information contained in your request, please be advised that personal information bank listed below was searched on your behalf with the following results:

**Canadian Security Intelligence Service Investigational Records** (CSIS PPU 045) - The Governor-in-Council has designated this information bank an exempt bank pursuant to section 18 of the *Privacy Act*. Further to subsection 16(2) of the *Act*, we neither confirm nor deny the existence of the requested information. If the type of information described in the bank did exist, it would qualify for exemption under section 21 (as it relates to the efforts of Canada towards detecting, preventing or suppressing subversive or hostile activities), or 22(1)(a) and/or (b) of the *Act*.

In accordance with the Treasury Board of Canada Secretariat Directive on Privacy Requests and Correction of Personal Information, I am enclosing a copy of the Duty to Assist Principles for your convenience.

You may use the contact information located in the footer to contact us should you wish to obtain clarification concerning your request. Please provide the file number at the top of this letter in any subsequent correspondence. If you would like us to conduct additional searches, I am enclosing herewith a copy of the Service's chapter in Info Source which describes the various other personal information banks maintained by the Service, along with a personal information request form. This, as well as additional information about access to information and privacy can be found at the CSIS portal on the Canada.ca website at **https://www.canada.ca/en/security-intelligence-service/corporate/transparency/access-to-information-and-privacy.html**.

Please be advised that you are entitled to complain to the Privacy Commissioner concerning the processing of your request. In the event you decide to avail yourself of this right, your notice of complaint should be addressed to: **Privacy Commissioner of Canada, 30 Victoria Street, 1st floor, Gatineau, Quebec, K1A 1H3**.

Yours truly,

Head, Disclosures I
Access to Information and Privacy

Encl.





Commissariat
à la protection de la
vie privée du Canada

Office of the
Privacy Commissioner
of Canada

Mr. Alex Martinez
P.O. Box 30054 Brookfield P.O. 181 Bay Street
Toronto ON M5J 0A5

JUL - 6 2021     **PROTECTED**

Our File: PA-059786
CSIS File: 116-2020-573

Dear Mr. Martinez:

     This is in response to your correspondence received on 2021-04-29 wherein you complained that the Canadian Security Intelligence Service (CSIS) denied you access to your personal information by not providing any records in response to your request made under the *Privacy Act* (CSIS file 116-2020-573). Given the wording of your request, the CSIS searched for records containing your personal information within its personal information bank CSIS PPU 045.

     I wish to inform you that for security reasons, the CSIS has adopted the policy of refusing to neither confirm nor deny whether an individual's personal information is within CSIS PPU 045. The CSIS relies on section 16(2) of the *Privacy Act* to not disclose whether personal information concerning a requestor exists.

     CSIS PPU 045 is an exempt bank. For your reference, you may wish to consult Exempt Personal Information Bank Order, No. 14 (CSIS) online at http://laws-lois.justice.gc.ca/eng/regulations/SOR-92-688/FullText.html, which designates the information bank in question as an exempt bank on the basis of section 21 and paragraphs 22(1)(a) and (b) of the *Privacy Act*.

     Section 16(2) of the *Privacy Act* states that a government institution is not required to reveal whether personal information exists. Section 16(1) states that the institution must indicate the sections of the *Privacy Act* which could reasonably be used to exempt such information if it did exist. As required by section 16(1), the CSIS has indicated that if information were to exist it could reasonably be expected to be exempted under one or more of sections 21 and/or 22(1)(a) or (b) of the *Privacy Act*. The *Privacy Act* also prohibits the Office of the Privacy Commissioner from either confirming or denying the existence of requested records, where the institution has relied on section 16(2). My Office is of the stance that the CSIS has correctly cited these provisions in its response and dealt with your request appropriately and in accordance with the *Privacy Act*.

30 rue Victoria, 1ᵉʳ étage | 30 Victoria Street, 1ˢᵗ Floor
Gatineau (Québec) K1A 1H3
Sans frais/Toll free 1-800-282-1376  Tél./Tel: 819-994-5444  Téléc./Fax: 819-994-5424  www.priv.gc.ca

- 2 -

The decision of the Federal Court of Appeal in *Ruby v. Canada (Solicitor General)*, [2000] 3 F.C. 589 confirms the right of a government institution under section 16(2) to not disclose whether personal information concerning a requestor exists. The court stated that merely revealing the existence or non-existence of information is in itself an act of disclosure: a disclosure that the requestor is or is not the subject of an investigation. The court further concluded that the *Privacy Act* strikes the right balance between the government institution's duty to disclose and its power to refuse disclosure, including disclosure of the very existence of personal information.

Therefore, the response provided by the CSIS in refusing to reveal whether your personal information exists in PPU 045 would be in accordance with the requirements of the *Privacy Act*. Under the circumstances, we consider that the CSIS properly responded to your request and that it did not contravene your access rights in this case. Accordingly, the complaint is **not well-founded**.

Section 41 of the *Privacy Act* provides a right to apply to the Federal Court of Canada for review of the decision of a government institution to refuse to provide access to personal information. You should be aware that an application under section 41 is limited to establishing that you have been denied a right of access. Having now received this report, you have the right to apply to the Federal Court under section 41 for review of the decision of the CSIS. Such an application should name the appropriate Minister responsible for the CSIS as respondent and it must be filed with the Court within 45 days of receiving this letter. Should you wish to proceed to the Court, we suggest you contact the Court's Registry Office nearest you. Their locations are listed in the Court's website at https://www.fct-cf.gc.ca/ and a telephone number for the registry office nearest you should be listed in your telephone directory's blue pages.

You should also be aware that the Court has discretion to order that the costs of the other party be paid by you where the Court is of the view that this is appropriate. While this does not happen often, it is a possibility of which you should be aware. Conversely, the Court may order that your costs be paid where the Court finds that your application raises an important new principle.

For additional information on Federal Court applications, please check the Fact Sheet, Section 41 of the *Privacy Act* - Court Review of Refusals to Give Access to Personal Information, found on this Office's website at https://www.priv.gc.ca/en/privacy-topics/privacy-laws-in-canada/the-privacy-act/federal-court-applications-under-the-privacy-act/.

30 rue Victoria, 1er étage  |  30 Victoria Street, 1st Floor
Gatineau (Québec)  K1A 1H3
Sans frais/Toll free 1-800-282-1376  Tél./Tel: 819-994-5444  Téléc./Fax: 819-994-5424  www.priv.gc.ca

- 3 -

This concludes this Office's investigation of your complaint.  If you have any questions about this letter, please do not hesitate to contact Brad Carrier, the Senior Privacy Investigator who investigated this complaint at 1-800-282-1376.

Sincerely,

Jason Trudeau
Manager
*Compliance, Intake and Resolution*
*Directorate*

30 rue Victoria, 1er étage  |  30 Victoria Street, 1st Floor
Gatineau (Québec)  K1A 1H3
Sans frais/Toll free 1-800-282-1376  Tél./Tel: 819-994-5444  Téléc./Fax: 819-994-5424  www.priv.gc.ca

CONFIDENTIEL



**Service de l'accès et de la protection de l'information**

1701, rue Parthenais, UO1510
Montréal (Québec) H2K 3S7

CAI référence : 1023918
Notre référence : 2008 086

Le 18 septembre 2020

Monsieur Alex Martinez
P.O. Box 30054, Brookfield P.O. 181 Bay Street
Toronto (Ontario) M5J 0A5

**OBJET :**   **Votre demande en vertu de la *Loi sur l'accès aux documents des organismes publics et sur la protection des renseignements personnels* (c. A-2.1) qui vise à obtenir les informations vous concernant, contenues dans les banques de données policières de la Sûreté du Québec.**

Monsieur,

Conformément à la *Loi sur l'accès aux documents des organismes publics et sur la protection des renseignements personnels* (RLRQ, c. A-2.1, ci-après nommée « Loi sur l'accès »), nous avons effectué l'étude de vos deux demandes d'accès reçues, le 6 août 2020, en vertu des articles 9 et 83, lesquelles étaient libellées ainsi :

**Demande 1**
« [...] I hereby request a copy of all records and files from all databanks and information banks that are under the name of Alex Martinez, from The Sûreté du Québec.

**Demande 2**
« [...] I hereby request a copy of all documents concerning me and all records and files from all databanks and information banks that are under the name of Alex Martinez, from The Sûreté du Québec. »
[...]
« please produce all investigation files, officer's note and audio and surveillance records, photos and videos and anything else that might be available. The search needs to date back to the date of birth which is from 1973 to present »
[...]
« If there are files and records with the National Assembly, please search and include and produce those files as well. [...]»

(Transcriptions intégrales)

SQ-3504 (2016-08-10)

**CONFIDENTIEL**

Nous comprenons de vos demandes que vous désirez obtenir :

1.  tous documents vous concernant, M. Alex Martinez (16-01-1973), contenus dans toutes les banques de données et d'information de la Sûreté du Québec (SQ) pour la période de 1973 à ce jour.

L'article 28 de la *Loi sur l'accès* oblige un organisme public, dans certaines circonstances, à refuser de confirmer ou d'infirmer l'existence de renseignements contenus dans un document qu'il détient dans l'exercice d'une fonction prévue par la loi, de prévention, de détection ou de répression du crime ou des infractions aux lois.

Également, l'article 28.1 de la *Loi sur l'accès* prévoit que nous devons refuser de confirmer l'existence ou de donner communication d'un renseignement dont la divulgation aurait pour effet de porter atteinte à la sécurité de l'État.

De plus, l'article 29 de *la Loi sur l'accès* prévoit que nous devons refuser de confirmer l'existence ou de donner communication d'un renseignement dont la divulgation aurait pour effet de réduire l'efficacité d'un dispositif de sécurité destiné à la protection d'un bien ou d'une personne.

Suivant ces articles, nous ne pouvons vous confirmer ou infirmer l'existence, au sein de la Sûreté, des renseignements visés par votre demande puisque cette seule confirmation ou non risquerait d'entraîner l'une des conséquences prévues par ces dispositions.

2.  Tous les fichiers et dossiers détenus par l'Assemblée Nationale à votre égard.

Concernant ce point, nous vous informons que nous ne pouvons pas y donner suite. Étant donné que vos demandes visent des documents de l'Assemblée Nationale, nous vous invitons à formuler vos demandes auprès du responsable de l'accès aux documents, aux coordonnées suivantes :

**ASSEMBLÉE NATIONALE**
Me Valérie Roy
Directrice des affaires juridiques et législatives
1035, rue des Parlementaires #3.42
Québec (QC) G1A 1A3
Tél. : 418 528-0020
Téléc. : 418 528-0993
af.juridiques@assnat.qc.ca

Vous trouverez, ci-joint, les articles de loi et l'avis relatif au recours en révision prévu à la section III du chapitre IV de la *Loi sur l'accès*.

Veuillez agréer, Monsieur, nos salutations distinguées.

Hamid Feddag
Responsable de l'accès aux documents
et de la protection des renseignements personnels

CONFIDENTIEL



**Service de l'accès et de la protection de l'information**

1701, rue Parthenais, UO1510
Montréal (Québec) H2K 3S7

CAI reference : 1023918
Our reference : 2008 086

September 18, 2020

Mr Alex Martinez
P.O. Box 30054, Brookfield P.O. 181 Bay Street
Toronto (Ontario) M5J 0A5

**Subject**      **Your request according to an Act respecting access to documents held by public bodies and the Protection of personal information ( c. A-2.1) to get the information about you contained in the police databases of the Sûreté du Québec.**

Mister,

In accordance to the Act respecting Access to documents held by public bodies and the Protection of personal information (R.S.Q., c. A-2.1, called below "Access Information Act"), we have study your two access requests, received on August 6 2020, under sections 9 and 83, which were as follow :

> **Request 1**
> « […] I hereby request a copy of all records and files from all databanks and information banks that are under the name of Alex Martinez, from The Sûreté du Québec.

> **Request 2**
> « […] I hereby request a copy of all documents concerning me and all records and files from all databanks and information banks that are under the name of Alex Martinez, from The Sûreté du Québec. »
> […]
> « please produce all investigation files, officer's note and audio and surveillance records, photos and videos and anything else that might be available. The search needs to date back to the date of birth which is from 1973 to present »
> […]
> « If there are files and records with the National Assembly, please search and include and produce those files as well. […] »

CONFIDENTIEL

We understand from your requests that you would like to get :

1.  All documents concening you, Mr Alex Martinez (16-01-1973), from all databanks and information banks from the Sûreté du Québec (SQ) from 1973 to present.

Section 28 of the Access information Act said that a public body must, under certain circumstances,   refuse to release or to confirm the existence of information contained in a document that it keeps in the exercise of a duty provided for by law involving the prevention, detection or repression of crime or statutory offences.

Also, section 28.1 of the Access information Act said that a public body must refuse to release or confirm the existence of information if disclosure would jeopardize state security.

As well, section 29 of the Access information Act said that a public body must also refuse to release or to confirm the existence of information if disclosure would impair the efficiency of a security system designed for the protection of persons or property.

In accordance with these sections, we cannot release or confirm the existence of information detained by the Sûreté du Québec as requested because this confirmation alone or not could lead to one of the consequences described on these sections.

2.  All records and files with the National Assembly concerning you.

Regarding this section of your request, unfortunately we cannot process it. As your request concerns documents from another public body we suggest you to send it to the person in charge of access to documents in that body. Please find the address below:

**ASSEMBLÉE NATIONALE**
Me Valérie Roy
Directrice des affaires juridiques et législatives
1035, rue des Parlementaires #3.42
Québec (QC) G1A 1A3
Tél. : 418 528-0020
Téléc. : 418 528-0993
af.juridiques@assnat.qc.ca

Please find enclosed the articles above mentioned and the notice of appeal governed by section III of chapter IV of the Access Information Act.

Best regards,

Hamid Feddag
Responsable de l'accès aux documents
et de la protection des renseignements personnels

**Loi sur l'accès aux documents des organismes publics et sur la protection des renseignements personnels, chapitre A-21**

**Article 28 –** Un organisme public doit refuser de confirmer l'existence ou de donner communication d'un renseignement contenu dans un document qu'il détient dans l'exercice d'une fonction, prévue par la loi, de prévention, de détection ou de répression du crime ou des infractions aux lois ou dans l'exercice d'une collaboration, à cette fin, avec une personne ou un organisme chargé d'une telle fonction, lorsque sa divulgation serait susceptible:

1° d'entraver le déroulement d'une procédure devant une personne ou un organisme exerçant des fonctions juridictionnelles;

2° d'entraver une enquête à venir, en cours ou sujette à réouverture;

3° de révéler une méthode d'enquête, une source confidentielle d'information, un programme ou un plan d'action destiné à prévenir, détecter ou réprimer le crime ou les infractions aux lois;

4° de mettre en péril la sécurité d'une personne;

5° de causer un préjudice à une personne qui est l'auteur du renseignement ou qui en est l'objet;

6° de révéler les composantes d'un système de communication destiné à l'usage d'une personne chargée d'assurer l'observation de la loi;

7° de révéler un renseignement transmis à titre confidentiel par un corps de police ayant compétence hors du Québec;

8° de favoriser l'évasion d'un détenu; ou

9° de porter atteinte au droit d'une personne à une audition impartiale de sa cause.

**Renseignement obtenu par un service de sécurité interne.**

Il en est de même pour un organisme public, que le gouvernement peut désigner par règlement conformément aux normes qui y sont prévues, à l'égard d'un renseignement que cet organisme a obtenu par son service de sécurité interne, dans le cadre d'une enquête faite par ce service et ayant pour objet de prévenir, détecter ou réprimer le crime ou les infractions aux lois, susceptibles d'être commis ou commis au sein de l'organisme par ses membres, ceux de son conseil d'administration ou de son personnel ou par ceux de ses agents ou mandataires, lorsque sa divulgation serait susceptible d'avoir l'un des effets mentionnés aux paragraphes 1° à 9° du premier alinéa.

**Loi sur l'accès aux documents des organismes publics et sur la protection des renseignements personnels, chapitre A-21**

**Article 28.1 –** Un organisme public doit refuser de confirmer l'existence ou de donner communication d'un renseignement dont la divulgation aurait pour effet de porter atteinte à la sécurité de l'État.

**Article 29 –** Un organisme public doit refuser de confirmer l'existence ou de donner communication d'un renseignement portant sur une méthode ou une arme susceptible d'être utilisée pour commettre un crime ou une infraction à une loi.

Il doit aussi refuser de confirmer l'existence ou de donner communication d'un renseignement dont la divulgation aurait pour effet de réduire l'efficacité d'un programme, d'un plan d'action ou d'un dispositif de sécurité destiné à la protection d'un bien ou d'une personne.

**AVIS DE RECOURS**

À la suite d'une décision rendue en vertu de la *Loi sur l'accès aux documents des organismes publics et sur la protection des renseignements personnels*.

**Révision par la Commission d'accès à l'information**

**a) Pouvoir:** L'article 135 de la Loi prévoit qu'une personne dont la demande écrite a été refusée en tout ou en partie par le responsable de l'accès aux documents ou de la protection des renseignements personnels peut demander à la Commission d'accès à l'information de réviser cette décision.
La demande de révision doit être faite par écrit; elle peut exposer brièvement les raisons pour lesquelles la décision devrait être révisée (art. 137).

L'adresse de la Commission d'accès à l'information est la suivante:

| **Québec** | Siège social | Tél.: 418 528-7741 | Télécopieur: 418 529-3102 |
|---|---|---|---|
| | 525, boulevard René-Lévesque-Est<br>Bureau 2.36<br>Québec (Québec) G1R 5S9 | | |
| **Montréal** | 500, boulevard René-Lévesque Ouest<br>Bureau 18.200<br>Montréal (Québec)  H2Z 1W7 | Tél.: 514 873-4196 | Télécopieur: 514 844-6170 |
| | Téléphone sans frais pour les deux bureaux : Tél. : 1 888 528-7741 | | |
| | cai.communications@cai.gouv.qc.ca | | |

**b) Motifs:** Les motifs relatifs à la révision peuvent porter sur la décision, sur le délai de traitement de la demande, sur le mode d'accès à un document ou à un renseignement, sur les frais exigibles ou sur l'application de l'article 9 (notes personnelles inscrites sur un document, esquisses, ébauches, brouillons, notes préparatoires ou autres documents de même nature qui ne sont pas considérés comme des documents d'un organisme public).

**c) Délais:** Les demandes de révision doivent être adressées à la Commission d'accès à l'information dans les 30 jours suivant la date de la décision ou de l'expiration du délai accordé au responsable pour répondre à une demande (art. 135).
La Loi prévoit spécifiquement que la Commission d'accès à l'information peut, pour motif raisonnable, relever le requérant du défaut de respecter le délai de 30 jours (art. 135).

**Appel devant la Cour du Québec**

**a) Pouvoir:** L'article 147 de la Loi édicte qu'une personne directement intéressée peut porter la décision de la Commission d'accès à l'information en appel devant un juge de la Cour du Québec, sur toute question de droit ou de compétence. Cet appel ne peut toutefois être porté qu'avec la permission d'un juge de la Cour du Québec. Ce juge accorde la permission s'il est d'avis qu'il s'agit d'une question qui devrait être examinée en appel.

**b) Délais et frais:** L'article 149 de la Loi prévoit que la requête pour permission d'appeler doit être déposée au greffe de la Cour du Québec, à Montréal ou à Québec, dans les 30 jours de la décision, après avis aux parties et à la Commission d'accès à l'information. Les frais de cette demande sont à la discrétion du juge.

**c) Procédure:** L'appel est formé, selon l'article 150 de la Loi, par le dépôt auprès de la Commission d'accès à l'information d'un avis à cet effet signifié aux parties, dans les 10 jours qui suivant la date de la décision qui l'autorise. Le dépôt de cet avis tient lieu de signification à la Commission d'accès à l'information.

*Délai prescrit pour le traitement des demandes*

*Loi sur l'accès aux documents des organismes publics
et sur la protection des renseignements personnels (L.R.Q., c. A-2.1)*

**Article 46.** Le responsable doit donner à la personne qui lui a fait une demande écrite un avis de la date de la réception de sa demande.

Contenu.

Cet avis est écrit; il indique les délais prescrits pour donner suite à la demande et l'effet que la présente loi attache au défaut, par le responsable, de les respecter. Il informe, en outre, le requérant du recours en révision prévu à la section III du chapitre IV.

**Article 47.** Le responsable doit, avec diligence et au plus tard dans les vingt jours qui suivent la date de la réception d'une demande:

1° donner accès au document, lequel peut alors être accompagné d'informations sur les circonstances dans lesquelles il a été produit;

1.1° donner accès au document par des mesures d'accommodement raisonnables lorsque le requérant est une personne handicapée;

2° informer le requérant des conditions particulières auxquelles l'accès est soumis, le cas échéant;

3° informer le requérant que l'organisme ne détient pas le document demandé ou que l'accès ne peut lui y être donné en tout ou en partie;

4° informer le requérant que sa demande relève davantage de la compétence d'un autre organisme ou est relative à un document produit par un autre organisme ou pour son compte;

5° informer le requérant que l'existence des renseignements demandés ne peut être confirmée;

6° informer le requérant qu'il s'agit d'un document auquel le chapitre II de la présente loi ne s'applique pas en vertu du deuxième alinéa de l'article 9;

7° informer le requérant que le tiers concerné par la demande ne peut être avisé par courrier et qu'il le sera par avis public;

 8° informer le requérant que l'organisme demande à la Commission de ne pas tenir compte de sa demande conformément à l'article 137.1.

Traitement de la demande.

Si le traitement de la demande dans le délai prévu par le premier alinéa ne lui paraît pas possible sans nuire au déroulement normal des activités de l'organisme public, le responsable peut, avant l'expiration de ce délai, le prolonger d'une période n'excédant pas 10 jours. Il doit alors en donner avis au requérant par courrier dans le délai prévu par le premier alinéa.

**Article 97.** Le responsable doit donner au requérant un avis de la date de la réception de sa demande.

Contenu.

Cet avis est écrit; il indique les délais prescrits pour donner suite à la demande et l'effet que cette loi attache au défaut, par le responsable, de les respecter. En outre, il informe le requérant du recours en révision prévu par la section III du chapitre IV.

**Article 98.** Le responsable doit donner suite à une demande de communication ou de rectification avec diligence et au plus tard dans les vingt jours qui suivent la date de sa réception.

Délai prolongé.

Si le traitement de la demande dans le délai prévu par le premier alinéa ne lui paraît pas possible sans nuire au déroulement normal des activités de l'organisme public, le responsable peut, avant l'expiration de ce délai, le prolonger d'une période n'excédant pas dix jours. Il doit alors en donner avis au requérant, par courrier, dans le délai prévu au premier alinéa.

**Article 102.** À défaut de répondre à une demande dans les délais applicables, le responsable est réputé avoir refusé d'y accéder et ce défaut donne ouverture au recours en révision prévu par la section III du chapitre IV, comme s'il s'agissait d'un refus d'accéder à la demande.

**cai communications - Demande de révision - L'organisme public, la Sûreté du Québec n'a pas répondu dans le délai prévu par la loi / Application for Review - The Public Body, the Sûreté du Québec did not respond within the time limit provided by law**

| | |
|---|---|
| **De :** | Alex Martinez <case_am_072015@aol.com> |
| **À :** | <cai.communications@cai.gouv.qc.ca> |
| **Date :** | 2020-05-06 16:50 |
| **Objet :** | Demande de révision - L'organisme public, la Sûreté du Québec n'a pas répondu dans le délai prévu par la loi / Application for Review - The Public Body, the Sûreté du Québec did not respond within the time limit provided by law |
| **Pièces jointes :** | CAI_FO_complete_revision_org_pub_eng_signed.pdf; The Sûreté du Québec FOI Search CAI_FO_acces_doc_org_pub_eng.pdf; The Sûreté du Québec PIR CAI_FO_acces_rens_org_pub_eng.pdf; Commission d'accès à l'information du Québec Montréal - Application for Review.pdf |

To whom it may concern;

Please see the attached Application for Review.

Sincerely,

Alex Martinez
case_am_072015@aol.com

---

À qui cela concerne;

Veuillez consulter la demande de révision ci-jointe.

Cordialement,

Alex Martinez
case_am_072015@aol.com

City, date: Toronto, May 05th, 2020

General Secretariat
Commission d'accès à l'information
Suite 2.36
525, boulevard René-Lévesque Est
Québec (Québec) G1R 5S9
Fax number: 418 529-3102

**SUBJECT:  Application for review**

Madam, Sir,

Under Section 135 of the Act respecting access to documents held by public bodies and the protection of personal information, I hereby submit an application for review to the Commission d'accès à l'information because:

☐  My request was refused totally or partially

or

☒  I did not receive a response within the time limit provided by law

It is compulsory to provide:

☐  a copy of my request **and**          ☐  a copy of the response from the person in charge of access for the public body

or

☒  a copy of my request address to the person in charge of access for the public body, which has remained unanswered.

Best regards,

Signature: _____

Last name, first name: Martinez, Alex

Address: P.O. Box 30054 Brookfield P.O.  181 Bay Street

_____ Toronto, Ontario, Canada  M5J 0A5

~~Tel. (daytime):~~ Courriel: case_am_072015@aol.com

N.B.:  The legal time limits must be observed.
A legal person (in particular, a company, an association, a union) must have its application prepared and submitted by an advocate.

Toronto, Ontario, March 06, 2019

Name of person responsible for access to documents

The Sûreté du Québec
Grand quartier général
Direction des communications et des relations internationales
1701, rue Parthenais
Montréal (Québec)
Canada  H2K 3S7

**SUBJECT** :    Request for document access

Dear Sir or Madam,

Under section 9 of the Act respecting access to documents held by public bodies and the protection of personal information, I hereby request a copy of all records and files from all databanks and information banks that are under the name of Alex Martinez, from The Sûreté du Québec.

This request is part of a massive internal investigation as we have detected criminal activity, fraud, embezzlement, misconduct, corruption and negligence; which has caused conflict between several police services and led us to the illegal use of the public reporting system, police information system, surveillance equipment, cameras and audio equipment.

Therefore; please produce all investigation files, officer's notes and audio and surveillance records, photos and videos and anything else that might be available.  The search needs to date back to the date of birth, which is from 1973 to present.

This investigation is part of a massive police error that has been corrected and apologized for.  Please search all your branches and offices nationally and internationally, including: British Columbia, Alberta, Manitoba, the United States, South America, Europe, Asia, France and anywhere else that files may reside.

If there are files and records with the National Assembly, please search and include and produce those files as well.

This request is part of a very successful internal investigation that has intercepted and stopped several national and international crimes that has put the Government of Canada and its Justice system in jeopardy and disrepute.

Please do not contact by phone.  There is no phone number that I may be

reached at.  You may reach me only by email at: case_am_072015@aol.com

Thank you for your assistance in this matter.

Sincerely,

Signature :   _____

Last name, first name : Martinez, Alex_____

Address :        P.O. Box 865, Station Desjardins_____

                        Montreal, Quebec_____

                        Canada  H5B 1B9_____

Email :            case_am_072015@aol.com_____

Toronto, Ontario, March 07th, 2019

Name of person responsible for access to documents

The Sûreté du Québec
Grand quartier général
Direction des communications et des relations internationales
1701, rue Parthenais
Montréal (Québec)
Canada  H2K 3S7

**SUBJECT** :    Request for access to
                        personal information

Dear Sir or Madam,

Under section 83 of the Act respecting access to documents held by public bodies and the protection of personal information, I hereby request a copy of all documents concerning me and all records and files from all databanks and information banks that are under the name of Alex Martinez, from The Sûreté du Québec.

This request is part of a massive internal investigation as we have detected criminal activity, fraud, embezzlement, misconduct, corruption and negligence; which has caused conflict between several police services and led us to the illegal use of the public reporting system, police information system, surveillance equipment, cameras and audio equipment.

Therefore; please produce all investigation files, officer's notes and audio and surveillance records, photos and videos and anything else that might be available. The search needs to date back to the date of birth, which is from 1973 to present.

This investigation is part of a massive police error that has been corrected and apologized for.  Please search all your branches and offices nationally and internationally, including: British Columbia, Alberta, Manitoba, the United States, South America, Europe, Asia, France and anywhere else that files may reside.

If there are files and records with the National Assembly, please search and include and produce those files as well.

This request is part of a very successful internal investigation that has intercepted and stopped several national and international crimes that has put the Government of Canada and its Justice system in jeopardy and disrepute.

Please do not contact by phone.  There is no phone number that I may be reached at. You may reach me only by email at: case_am_072015@aol.com

Thank you for your assistance in this matter.

Sincerely,



Signature :     _____

Last name, first name :  Martinez, Alex _____

Address :     P.O. Box 865, Station Desjardins _____

Montreal, Quebec _____

Canada  H5B 1B9 _____

Email:     case_am_072015@aol.com_____

May 06th, 2020

Commission d'accès à l'information du Québec
Montréal
Bureau 18.200
500, boul. René-Lévesque Ouest
Montréal (Québec)
Canada  H2Z 1W7

Telephone/ Téléphone : (514) 873-4196
Facsimile/ Télécopieur : (514) 844-6170
E-mail/ Courriel : cai.communications@cai.gouv.qc.ca

*Sent via Email: cai.communications@cai.gouv.qc.ca*

**Re:**      *Application for Review - The Public Body, the Sûreté du Québec did not respond within the time limit provided by law*

To whom it may concern;

Please find enclosed the attached Application for Review for investigation and send all responses and correspondence to my mailing address in Toronto, Ontario; as indicated on the Application for Review and below.

Should you have any questions or concerns; please do not hesitate to contact me by mail or by e-mail at: case_am_072015@aol.com

Sincerely,

Alex Martinez
AM/am

Enclosure:     i.      Application for Review

ii.     FOI - Request for Document Access

iii.    PIR - Request for Personal Information

Alex Martinez  P.O. Box 30054 Brookfield P.O.  181 Bay Street  Toronto, Ontario M5J 0A5  Canada
Email: case_am_072015@aol.com

May 06th, 2020

Commission d'accès à l'information du Québec
Montréal
Bureau 18.200
500, boul. René-Lévesque Ouest
Montréal (Québec)
Canada  H2Z 1W7

Téléphone/Telephone : (514) 873-4196
Télécopieur/Facsimile : (514) 844-6170
Courriel/E-mail : cai.communications@cai.gouv.qc.ca

*Envoyé via Courriel: cai.communications@cai.gouv.qc.ca*

**Re:**  *Demande de révision - L'organisme public, la Sûreté du Québec n'a pas répondu dans le délai prévu par la loi*

À qui cela concerne;

Veuillez trouver ci-joint la demande de révision ci-jointe pour enquête et envoyer toutes les réponses et la correspondance à mon adresse postale à Toronto (Ontario); comme indiqué sur la demande de révision et ci-dessous.

Si vous avez des questions ou des préoccupations; n'hésitez pas à me contacter par mail ou par e-mail à: case_am_072015@aol.com

Cordialement,

Alex Martinez
AM/am

Pièce jointe:    i.    Demande de révision

ii.    Demande d'accès aux documents

iii.    Demande d'informations personnelles

Alex Martinez  P.O. Boîte 30054 Brookfield P.O.  181 Bay Street  Toronto, Ontario M5J 0A5  Canada
Courriel: case_am_072015@aol.com



**This incident has been reported to the
Winnipeg Police Service
and is pending approval**

Winnipeg Police Service
245 Smith St
Winnipeg, MB R3C2Z7
204-986-6222

**General Information**

Incident Type                          Supplemental Report
Tracking Number                        T22019564
Original Report Number                 T22004597
Report Date                            2022-06-02 01:44 PM

**Reporting Person Information**

Name                                   Martinez, Alex
Home Address                           352 Belmont AVENUE, Winnipeg, MB , CA
Home Phone                             204-339-4921
Email                                  case_am_072015@aol.com
Sex                                    Male
DOB                                    1973-01-16

**Incident Information**

Incident Location                      352 Belmont AVENUE, Winnipeg, MB
Incident Time (start)                  1973-01-16 12:00 AM
Incident Time (end)                    2022-06-02 12:00 PM

**Narrative**

Hello;

Attached is an update for the Prosecution of the staff at the Canadian Judicial Council (CJC) for Fraud and Collusion. In the response; you will see that they must accept the complaint as is and that they did not have any other forms available for use and download for this issue and the staff did not respond immediately with a request to complete additional forms. This is important because the Rules are structured for a simplified format for prisoners, police officers, doctors and the poor who are in confinement and have experienced an injustice and are experiencing strife, an attack; or, some other issue that would impede and interfere with the filing of a complaint within the timelines set out in the legislation.

Incident Description

Moving on to other governments and nations involved and responsible in this case; you will have to investigate and charge the Agents and staff from the government' of Japan, Greece, England, Poland, Italy, France, Spain, Chile, Argentina, Brazil, Portugal, Germany, America, Canada, Russia, China, Taiwan, Thailand, Moldova, Romania, Australia, Columbia, Venezuela, Mexico, Honduras, Ecuador, El Salvador, Jamaica, New Zealand, Malaysia, Philippines and any other governments that are responsible for the crimes and illegal actions that have occurred in this case.

This includes the General Council of Portugal and Chile for Manitoba, British Columbia and Canada; or, any other part of Canada that has been found guilty in this case; as they not only injured me with the use of contaminants, illegal sprays and aerosols, but also my niece and nephew; which is an act of pedophilia and infanticide.

**Print This Report**

**From:** case_am_072015@aol.com,
**To:** info@cjc-ccm.ca
**Subject:** Re: CJC File: 21-0776
**Date:** Wed, Jun 1, 2022 11:31 am

Hello;

As a further comment to this issue, the reason that you must accept it as is and as per the rules is because it is designed for a simple complaint from potentially a "Prisoner" that is facing an injustice. It is also for the Police, Medical Doctors and other Justice officials so that it can be filed and processed quickly in the event of an emergency and when you have limited resources. It is also for the impoverished and since there was no other stipulations at the time that it was filed and no forms for use and download; then you are required to accept it, as per the rules.

All other requests are after the fact and moot and were implemented after the filing of the original complaint; which is a common pattern of a Fraudulent person and organization.

Therefore; you are required to accept it and rescind that letter immediately under the law and legislation that govern the organization.

Alex Martinez
case_am_072015@aol.com


-----Original Message-----
From: Alex Martinez <case_am_072015@aol.com>
To: info@cjc-ccm.ca <info@cjc-ccm.ca>
Sent: Tue, May 31, 2022 11:40 am
Subject: Re: CJC File: 21-0776

Hello;

In response to your letter; the procedure was followed as directed when the complaint was originally made; which you are mandated to use.

Your subsequent request; is outside of the Rules and therefore; your response is moot and subject to a criminal complaint for "Fraud."

You have no legal right to come back with your request and then dismiss it when it is not adhered too because of you faulted. Therefore; you are required to rescind this response immediately and do your job and follow the rules as posted at the time that the original complaint was filed. This is as per the Criminal Code of Canada. I do not have to do anything more after.

Do it now and adjudicate it properly!

Alex Martinez
case_am_072015@aol.com



-----Original Message-----
From: info <info@cjc-ccm.ca>
To: case_am_072015@aol.com <case_am_072015@aol.com>
Sent: Mon, May 30, 2022 7:38 am
Subject: CJC File: 21-0776

Mr. Martinez,

Please see attached letter from the Canadian Judicial Council.

Thank you,

Josée Gauthier
Registry Officer /
  Greffière
Canadian Judicial Council /
  Conseil canadien de la magistrature
Tel:  613-288-1566